| | |
|---|---|
| RYAN DILLON-CAPPS<br><br>*Plaintiff-Appellant,*<br><br>vs.<br><br>OHANA GROWTH PARTNERS, LLC *et al*<br><br>*Defendants-Appellees.* | No. **25-1162**<br><br>On Appeal from the U.S. District Court<br>Northern District of Maryland<br>No. 1:24-CV-3744 |

# EMERGENCY MOTION OF APPELLANT FOR INJUNCTION PENDING APPEAL

## LOCAL RULE 26.1 DISCLOSURE STATEMENT

No. 25-1162   Ryan Dillon-Capps, Plaintiff-Appellant, v. Ohana Growth Partners, LLC, Defendant Appellee. A "Party" has been limited to those appellants or appellees who are directly affected or named in this motion.

Pursuant to FRAP 26.1 and Local Rule 26.1, Ryan Dillon-Capps, Appellant in this case, makes the following disclosures:

1. NO - Is the party a publicly held corporation or other publicly held entity?
2. NO - Does party have any parent corporations?
3. NO - Is 10% or more of the stock of a party owned by a publicly held corporation or other publicly held entity?
4. NO - Is there any other publicly held corporation or other publicly held entity that had a direct financial interest in the outcome of the litigation?
5. NO - Is party a trade association?
6. NO - Does the case arise out of a bankruptcy proceeding?

Signature: /S/ Ryan Dillon-Capps_____ (Pro Se)    Date: February 24, 2025

## CERTIFICATE OF SERVICE

I certify that on February 24, 2025, the foregoing document was served to Jay Lenrow, General Counsel for Ohana Growth Partners, LLC, via email at jay.lenrow@ohanagp.com.

| | |
|---|---|
| **February 24, 2025**<br><br>     /s/ Ryan Dillon-Capps<br>     **Ryan Dillon-Capps** | 1334 Maple Avenue<br>Essex, Maryland 21221<br>ryan@mxt3.com<br>703-303-1113 |

## Table of Contents

**EMERGENCY MOTION OF APPELLANT FOR INJUNCTION PENDING APPEAL** ............................................... 1
**LOCAL RULE 26.1 DISCLOSURE STATEMENT** ............................................................................................ 1

| | |
|---|---|
| **CERTIFICATE OF SERVICE** | 1 |
| **INTRODUCTION** | 2 |
| **NOTICE** | 4 |
| **ARGUMENT** | 5 |
| A RYAN DILLON-CAPPS IS LIKELY TO SUCCEED ON THE MERITS | 5 |
| B BALANCE OF HARM SWINGS STRONGLY IN RYAN DILLON-CAPPS FAVOR | 7 |
| C RYAN DILLON-CAPPS FACES SEVERE AND IRREPARABLE HARM | 8 |
| D PUBLIC INTEREST | 9 |
| **MEMORANDUM AND ORDER OF FEBRUARY 12, 2025 [ECF 27-0]** | 10 |
| A ALTERING THE STATUS QUO | 10 |
| B SUCCESS ON THE MERITS | 11 |
| C IRREPARABLE HARM | 13 |
| D INJUNCTIVE RELIEF | 15 |
| **SUPPLEMENTAL ARGUMENT: REQUEST FOR INTERIM STATUTORY RELIEF DUE TO ONGOING AND COMPOUNDING FINANCIAL HARM** | 18 |
| **CONCLUSION** | 20 |
| **RESPECTFULLY SUBMITTED** | 20 |

## INTRODUCTION

Pursuant to Fed. R. App. 8(a)(2), Ryan Dillon-Capps respectfully moves this Court to enjoin Ohana Growth Partners, LLC pending appeal, compelling the company to:

1       Equitably adjust compensation to account for the wrongful disruption of the annual review process, specifically: (1) Recognizing that the annual review process was unlawfully interrupted before it could be finalized, and that compensation adjustments were reasonably anticipated. (2) Applying an appropriate salary adjustment consistent with historical and expected increases. (3) Recalculating all unpaid wages at the adjusted rate to reflect what would have been earned absent the wrongful termination. (4) Implementing the adjusted rate for all future payroll, ensuring it reflects what would have been applied had the review process been fairly completed. (5) Reinstate Ryan Dillon-Capps to payroll following his wrongful termination. (6) Restore all benefits previously provided to him. (7) Cease withholding any benefits or future wages for the duration of this litigation. (8) Issue full payment of all unpaid compensation,

including wages, bonuses, and any other earnings owed. (9) Make interim payments as necessary to prevent irreparable harm while the appeal is pending.

2	Ryan Dillon-Capps challenged the interference with his FMLA leave, unpaid suspension, termination of his employment, and withholding of wages under FMLA Interference: 29 U.S.C. § 2615(a)(1), FMLA Retaliation: 29 U.S.C. § 2615(a)(2), Failure to Accommodate: 42 U.S.C. § 12112(b)(5)(A), ADA Retaliation: 42 U.S.C. § 12203, Payment of Wages: Md. Code, Labor & Employment § 3-501, Payment Upon Termination: Md. Code, Labor & Employment § 3-505, and Deductions from Wages: Md. Code, Labor & Employment § 3-503 by Ohana Growth Partners, LLC. Ryan Dillon-Capps was approved for and entitled to use intermittent FMLA leave related to his ADA-qualifying disability and was suspended without pay, then terminated while on FMLA leave after providing notice to Ohana Growth Partners, LLC.

3	On February 7, 2025, Ryan Dillon-Capps moved the District Court for Emergency Temporary Restraining Order and Preliminary Injunction. Without holding an evidentiary hearing, the District Court issued an opinion (See ECF 27-0) on February 12, 2025, ruling that Ryan Dillon-Capps had neither a likelihood of success on the merits nor irreparable harm. Denying both the temporary restraining order and the preliminary injunction. On February 13, 2025, Ryan Dillon-Capps filed an emergency motion for reconsideration and request for expedited review. On February 20, 2025, the District Court ordered that the action be stayed pending resolution of the interlocutory appeal (See ECF 39-0).

4	Despite the urgency of the matter, the District Court has had ample opportunity to issue a ruling but has failed to do so. While awaiting the court's decision, Ryan Dillon-Capps' vehicle was repossessed.

5       The original motion was filed with a memorandum of law in support, referenced the affidavit for the amended complaint (which the District Court misstated the facts of), and included an extensive evidentiary record. The record contains an expert affidavit on physical harm, an affidavit of financial harm, and three additional affidavits filed with notices of line filing to further support the merits of the claim. The District Court record contains over 2,000 pages of supporting evidence.

6       The District Court's refusal to rule on the motion or grant an evidentiary hearing to clarify the misstated facts—combined with its decision to stay the entire action despite the extensive record of supporting evidence—further supports the legal reasoning that requesting substantially similar relief through a renewed motion in the District Court would be futile.

7       Ryan Dillon-Capps now asks this Court for an injunction pending appeal.  Immediate action is necessary because Ohana Growth Partners, LLC has refused to negotiate a resolution, even temporarily.

8       The relief is necessary to restore and protect the status quo and preserve Ryan Dillon-Capps ability to obtain an effective remedy on appeal.  Absent an injunction Ryan Dillon-Capps faces the disconnection of utilities, termination of critical phone and email services, closure of bank accounts, and closure of credit accounts. Ryan Dillon-Capps creditworthiness continues to decline, is under the looming threat of foreclosure, and without immediate medical intervention, is at risk of loss of life.

NOTICE

9       On November 1, 2024, Ryan Dillon-Capps provided notice to Ohana Growth Partners, LLC through their legal counsel of his intention to seek: (1) Injunctive Relief (See ECF 32-2, at 1-7). (2) Evidentiary hearing, which could be Ex Parte, to adjudicate the facts (See ECF 32-2, at

8-15). (3) Judgement against them (See ECF 16-40). (4) On November 7, 2024, Ryan Dillon-Capps provided notice to Ohana Growth Partners, LLC through their legal counsel of his intention to file his claim in the United Stated District Court for the District of Maryland.

ARGUMENT

10     In determining whether to grant an injunction pending appeal under Rule 8(a), this Court considers four basic factors: (1) likelihood of success on the merits of the appeal; (2) irreparable injury; (3) substantial harm to other parties; and (4) the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The first two factors are "the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

11     On the first factor, Ryan Dillon-Capps need only demonstrate that it has "'a reasonable chance, or probability, of winning.'" *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc); *see R.R. Yardmasters of Am. v. Pa. R.R. Co.*, 224 F.2d 226, 229 (3d Cir. 1955) (in assessing first factor, court is "concerned only to find out if" the movant has "raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation" (citation omitted)). On the second, the Ryan Dillon-Capps must show "likely" irreparable harm. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 & n.2 (3d Cir. 2017). The greater the moving party's showing of irreparable harm, the less it need show on the merits. *In re Revel AC, Inc.*, 802 F.3d 558, 569-70 (3d Cir. 2015) This Court then "determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly*, 858 F.3d at 179. Each factor favors an injunction here.

A     Ryan Dillon-Capps is Likely to Succeed on the Merits

12     Ryan Dillon-Capps is likely to succeed on the merits because he has met his burden of establishing a prima facie case by demonstrating, among other things, that: (1) Ohana Growth

Partners, LLC determined that he was entitled to intermittent FMLA leave on January 8, 2024, and reaffirmed on June 13, 2024, that he was entitled to use his intermittent FMLA leave. (2) Ryan Dillon-Capps' healthcare provider notified Ohana Growth Partners, LLC that he had a permanent and chronic condition requiring the reasonable accommodation of working from home, which Ohana Growth Partners, LLC had been providing for his ADA-qualifying condition. (3) On June 13, 2024, Ryan Dillon-Capps provided notice to Ohana Growth Partners, LLC of his intention and need to use FMLA leave. (4) Ohana Growth Partners, LLC responded with threats of adverse action and demanded that he return to work just two hours after receiving notice. (5) Ryan Dillon-Capps sent a cease-and-desist letter reinforcing his right to use FMLA leave without interference. (6) That same night, Ohana Growth Partners, LLC suspended him without pay, citing his failure to comply with their coercive demand as the reason for the suspension. (7) On June 14, 2024, Ohana Growth Partners, LLC affirmed under oath that they had intentionally interfered with Ryan Dillon-Capps' FMLA leave and that they believed they were entitled to do so, as well as to suspend him without pay. (8) On June 18, 2024, Ryan Dillon-Capps notified Ohana Growth Partners, LLC's legal counsel of his intention and need to use FMLA leave until further notice. (9) On June 26, 2024, Ohana Growth Partners, LLC's legal counsel confirmed under oath that the company had intentionally interfered with Ryan Dillon-Capps' FMLA leave and that they believed they were entitled to do so, as well as to suspend him without pay. (10) Ohana Growth Partners, LLC terminated Ryan Dillon-Capps on July 30, 2024, while he was still on FMLA leave.

13 This sequence of events demonstrates clear, intentional interference with and retaliation for the exercise of FMLA rights, failure to provide a reasonable accommodation for time off in

connection with a qualifying ADA disability, and unlawful withholding of compensation and benefits, making it likely that Ryan Dillon-Capps will prevail on the merits.

14  Ryan Dillon-Capps has provided an extensive evidentiary record with detailed factual allegations, which further strengthens his claim under the plausibility standard set forth in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and G.G. ex rel. Grimm v. Gloucester Cty. Sch. Bd., 822 F.3d 709, 724 (4th Cir. 2016), vacated on other grounds, 137 S. Ct. 1239 (2017). As established in these cases, "*while pleadings must contain sufficient factual matter to state a plausible claim, detailed factual allegations strengthen a plaintiff's position and contribute to meeting the plausibility standard.*" Additionally, "*when a plaintiff submits an extensive evidentiary record, courts should take it into account when evaluating the likelihood of success on the merits in preliminary injunction determinations.*"

### B [Balance of Harm Swings Strongly in Ryan Dillon-Capps Favor](#)

15  The Balance of Harm swings strongly in Ryan Dillon-Capps favor because: (1) Ohana Growth Partners, LLC has determined that restoring employment would not cause substantial and grievous economic harm to them. (2) Ryan Dillon-Capps is suffering from financial default, facing the imminent risk of electricity being disconnected during winter, termination of internet, phone, and email services, which will obstruct his ability to pursue his appeal, closure of bank accounts, closure of credit accounts, further collapse of creditworthiness preventing access to funding, and looming foreclosure that will result in homelessness. (3) Ryan Dillon-Capps is unable to afford insurance or necessary medical and psychiatric treatment while experiencing dissociative episodes, dissociative amnesia, and malignant catatonia—conditions that present a life-threatening risk and prevent him from securing employment.

16      Ohana Growth Partners, LLC filed a fraudulent lawsuit against Ryan Dillon-Capps on June 14, 2024, where Justin Drummond (President) and Richard Hartman (VP of HR) perjured themselves numerous times.  The pleadings containing over 68 counts of perjury, and they pursued the lawsuit against Ryan Dillon-Capps until their dismissal without prejudice was improperly granted on November 2, 2024, then docketed on November 6, 2024.  Ohana Growth Partners, LLC Abusive Use of the Judicial System resulted in Ryan Dillon-Capps financial default, dissociative amnesia, and malignant catatonia.

### C  Ryan Dillon-Capps faces severe and irreparable harm

17      The harm Ryan Dillon-Capps faces is not only irreparable but also severe, as it threatens his immediate survival, long-term financial stability, and ability to meaningfully participate in his appeal. The loss of basic utilities, internet, phone, and email services will severely obstruct his access to legal resources and prevent effective litigation, depriving him of due process. Financial default, the closure of bank and credit accounts, and the collapse of his creditworthiness create severe and lasting consequences, making it nearly impossible for him to secure stable housing, transportation, or medical care, even if he ultimately prevails on appeal. Most critically, his inability to afford necessary medical and psychiatric treatment while experiencing dissociative episodes, dissociative amnesia, and malignant catatonia presents an immediate, severe, and life-threatening risk. These conditions, if left untreated, could cause permanent cognitive and physical impairment or even death, making any future legal remedy moot and meaningless. The severity and irreversibility of these harms place this case within the highest category of urgency, further underscoring the immediate necessity for injunctive relief.

18      Under the well-established standard for irreparable harm in injunctive relief cases, Ryan Dillon-Capps meets the threshold for immediate intervention. Courts have consistently held that

harm is irreparable when it threatens an individual's life, health, ability to secure basic necessities, or legal rights in a way that cannot be remedied after the fact. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (holding that a plaintiff seeking preliminary relief must show that irreparable harm is "likely" in the absence of an injunction); Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (noting that irreparable harm occurs where monetary damages are inadequate to remedy the harm, such as loss of health insurance or financial ruin); League of Women Voters of N.C. v. North Carolina, 769 F.3d 224, 247 (4th Cir. 2014) (finding irreparable harm where an injury "cannot be undone"). Courts have also found that the loss of medical care and basic necessities, particularly where life-threatening conditions are present, constitutes severe and irreparable harm warranting immediate injunctive relief. See Pashby v. Delia, 709 F.3d 307, 328 (4th Cir. 2013) (finding irreparable harm where denial of assistance would cause plaintiffs to lose essential care and services). Here, Ryan Dillon-Capps is experiencing an ongoing loss of necessary medical treatment, financial default, and the imminent risk of homelessness, all of which create severe and irreparable harm under this well-established legal framework.

### D  Public Interest

19    The public interest strongly favors granting injunctive relief in this case. Courts have long recognized that the enforcement of federal protections under the FMLA, ADA, and wage laws serves an essential public interest by ensuring that employers do not unlawfully interfere with statutory rights or retaliate against employees for exercising them. See EEOC v. Astra USA, Inc., 94 F.3d 738, 744 (1st Cir. 1996) (holding that the public interest is served by the enforcement of federal employment protections). Moreover, preventing wrongful termination and ensuring access to wages and medical care for employees with disabilities aligns with public policy

interests in protecting workers from economic and medical crises. See Pashby v. Delia, 709 F.3d 307, 331 (4th Cir. 2013) (holding that preventing the loss of necessary services promotes the public interest).

20 Additionally, the public interest is furthered by maintaining judicial integrity and ensuring that individuals facing retaliation and financial distress are able to meaningfully participate in their legal proceedings. See League of Women Voters of N.C. v. North Carolina, 769 F.3d 224, 248 (4th Cir. 2014) (finding that the public interest favors preventing policies that obstruct individuals from exercising their legal rights). The denial of relief would not only cause irreversible harm to Ryan Dillon-Capps but would also signal to other employers that they can engage in retaliatory conduct with impunity, undermining the fundamental purposes of federal employment protections.

21 Granting injunctive relief would uphold the statutory rights Congress enacted to protect workers, prevent life-threatening harm, and ensure that wrongful termination, interference with leave, and retaliation do not deprive employees of their fundamental protections under the law.

## MEMORANDUM AND ORDER OF FEBRUARY 12, 2025 [ECF 27-0]

### A  Altering the Status Quo

22 The District Court misrepresented the facts and erred in determining that the motion would alter the status quo.

23 The District Court misrepresented the length of Ryan Dillon-Capps' employment, incorrectly stating that he had not been employed by Ohana Growth Partners, LLC for at least six months. See *ECF 27-0, at 2*.

24 To support this misstatement, the District Court cited *ECF 24-0, at 35 ¶ 80*, which does state: *"On July 30, 2024, Ohana Growth Partners, LLC terminated my employment."* However,

the court failed to acknowledge that the same paragraph explicitly references the January 8, 2020, employment agreement, which the termination letter required Dillon-Capps to adhere to. This directly contradicts the court's assertion and confirms that Dillon-Capps had been employed for over four years at the time of termination.

25  Further, the District Court cited *ECF 25, at 11*, which is part of ¶ *22, beginning on page 10*. This paragraph explicitly references the 2022 and 2023 employment agreement addendums, cited as *ECF 16-2, at 183-184*. These addendums further confirm the continuity of his employment and directly refute the court's erroneous conclusion that he had not been employed for at least six months.

26  The District Court's factual misrepresentation materially impacted its legal analysis, leading to an erroneous conclusion that Dillon-Capps was not entitled to FMLA protections or injunctive relief. Under de novo review, this Court should correct these factual errors and find that the requested injunction seeks to preserve the actual status quo, not alter it. See *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994) ("The status quo to be preserved is the last uncontested status between the parties.").

### B  Success on the Merits

27  The District Court erroneously dismissed Ryan Dillon-Capps' claims as conclusory, failing to engage with extensive evidence supporting violations of the FMLA (29 U.S.C. § 2615(a)), ADA (42 U.S.C. § 12112(b)(5)(A)), and Maryland wage law (Md. Code, Lab. & Empl. § 3-507.2(b)). The Emergency Motion (ECF 25-0) and Memorandum of Law (ECF 25-1) clearly outlined the legal elements of each claim, with over 2,000 pages of supporting evidence which includes employer emails and health care provider completed documentation. The District Court failed to engage with this evidence, leading to clear legal error requiring reversal.

28      The FMLA prohibits employers from interfering with or retaliating against employees for using protected leave (29 U.S.C. § 2615(a)(1)-(2)). To prove interference, a plaintiff must show (1) entitlement to leave, (2) employer interference, and (3) resulting prejudice (*Adams v. Anne Arundel Cnty. Pub. Schs.*, 789 F.3d 422, 427 (4th Cir. 2015)).

29      Ryan Dillon-Capps requested FMLA leave for a serious medical condition on January 4, 2024, which Ohana Growth Partners, LLC approved on January 8, 2024 (ECF 16-3, at 10-13). However, on June 13, 2024, after invoking leave at 7:12 AM (ECF 16-0, at 14), he was ordered to work by 3:00 PM under threat of insubordination (ECF 16-0, at 25-26). That same evening, he was suspended without pay (ECF 16-0, at 120). Additional notice provided to their legal on June 18, 2024 (ECF 16-0, at 123), and later terminated on July 30, 2024 (ECF 16-0. At 26-27).

30      Suspension shortly after an FMLA notice creates a presumption of retaliation (*Vannoy v. Fed. Reserve Bank of Richmond*, 827 F.3d 296, 304 (4th Cir. 2016)). The District Court ignored this precedent and misapplied the legal framework, improperly dismissing the claim.

31      The ADA requires employers to provide reasonable accommodations (42 U.S.C. § 12112(b)(5)(A)). To establish retaliation, a plaintiff must show (1) protected activity, (2) adverse action, and (3) a causal connection (*EEOC v. GMRI, Inc.*, 221 F. Supp. 3d 1314 (M.D. Fla. 2016)).

32      Ryan Dillon-Capps was a qualified individual with a disability, as confirmed by his medical provider (ECF 16-3, at 10-21). His employer acknowledged his need for FMLA leave as an accommodation to work from home. When he provided notice of leave on June 13, 2024, Ohana Growth Partners, LLC demanded that he work, then suspended him without pay the same day.

33      Courts recognize that denying leave for a qualifying disability violates the ADA (*EEOC v. GMRI, Inc.*, 221 F. Supp. 3d 1314 (M.D. Fla. 2016)). The District Court failed to consider this precedent or acknowledge the clear evidence of retaliation for asserting ADA rights.

34      The Maryland Wage Payment and Collection Law (MWPCL) prohibits employers from willfully withholding wages and allows for treble damages (Md. Code, Lab. & Empl. § 3-507.2(b)). The District Court dismissed this claim without analyzing clear evidence of unpaid wages, including employer communications explicitly stating the retaliatory suspension was without pay. Maryland courts routinely award treble damages for willful wage withholding (*Adams v. Citicorp Credit Servs.*, 93 F. App'x 515, 517 (4th Cir. 2004)). The District Court ignored this well-established precedent.

35      The District Court's findings were clearly erroneous because they ignored substantial affidavit evidence (ECF 24-0), misapplied legal standards under the FMLA, ADA, and MWPCL, and disregarded controlling case law supporting injunctive relief. The Affidavit (ECF 24-0), Emergency Motion (ECF 25-0), and Memorandum of Law (ECF 25-1) provide sworn statements and evidentiary documents that fully substantiate each claim.

36      Because these errors substantially affected the denial of injunctive relief, Ryan Dillon-Capps respectfully requests that this Court reverse the District Court's findings and grant the requested injunction pending appeal.

### C   Irreparable Harm

37      The District Court misapplied the irreparable harm standard, dismissing overwhelming evidence of severe financial, medical, and career consequences. To establish irreparable harm, a plaintiff must show that the harm cannot be adequately remedied by monetary damages alone (*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Courts recognize financial ruin,

loss of medical benefits, and career harm as irreparable injuries (*Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932 (1975) (financial devastation); *Harris v. Blue Cross Blue Shield of Mo.*, 995 F.2d 877, 879 (8th Cir. 1993) (loss of medical coverage)). The District Court ignored uncontested evidence of these harms, requiring reversal.

38        Ryan Dillon-Capps has had no income since June 13, 2024, forcing him to rely on high-interest credit and loans to cover rent, food, and medical care. His credit score collapsed from 746 to 389, has since dropped to 355, leaving him unable to secure financial assistance or alternative employment. His bank accounts are overdrawn, and he faces foreclosure and utility shutoffs. *See ECF 16-7, at 132-198.*

39        Courts recognize that financial distress leading to an inability to afford basic necessities constitutes irreparable harm (*Doran*, 422 U.S. at 932). The District Court ignored this binding precedent, dismissing clear evidence of financial ruin.

40        Due to Ohana Growth Partners, LLC's unlawful termination and wage withholding, Ryan Dillon-Capps lost health insurance coverage, making it impossible to afford necessary medical care.

41        Ryan Dillon-Capps suffers from malignant catatonia and dissociative amnesia, conditions requiring ongoing treatment (ECF 7-1). The sudden loss of medical care has worsened his condition, increasing the risk of hospitalization or death (ECF 28-3). Courts consistently hold that loss of medical benefits constitutes irreparable harm (*Harris*, 995 F.2d at 879). The District Court failed to engage with undisputed medical evidence of his life-threatening condition.

42        Malignant catatonia and dissociative amnesia make it impossible for Ryan Dillon-Capps to find comparable employment. Withholding wages and destroying his credit score further prevent him from securing new opportunities. Courts recognize that career harm and long-term

damage to employment prospects constitute irreparable harm (*Holt v. Cont'l Grp., Inc.*, 708 F.2d 87, 90-91 (2d Cir. 1983)). The District Court failed to recognize the lasting impact of Ohana Growth Partners, LLC's misconduct.

43     The District Court wrongly concluded that monetary damages were an adequate remedy, despite clear case law holding that financial devastation, loss of medical benefits, and career harm are irreparable injuries. Courts reject the argument that back pay alone can compensate for these harms (*Sampson v. Murray*, 415 U.S. 61, 90 (1974)). The Fourth Circuit similarly holds that irreparable harm exists where a plaintiff cannot afford basic living expenses or medical care (*Pashby v. Delia*, 709 F.3d 307 (4th Cir. 2013)). The court also failed to consider the cumulative impact of multiple forms of irreparable harm, which strengthens the case for injunctive relief (*EEOC v. Anchor Hocking Corp.*, 666 F.2d 1037 (6th Cir. 1981)).

44     The District Court's ruling was fundamentally flawed because it ignored extensive record evidence, misapplied controlling precedent, and erroneously concluded that monetary damages were sufficient despite case law recognizing the immediate and catastrophic nature of these harms.

45     Because these errors substantially affected the denial of injunctive relief, Ryan Dillon-Capps respectfully requests that this Court reverse the District Court's findings and grant the requested injunction pending appeal.

### D    Injunctive Relief

46     The District Court mischaracterized Ryan Dillon-Capps' request as monetary damages rather than injunctive relief, leading to the erroneous conclusion that relief was inappropriate at this stage. This ruling ignored binding precedent recognizing reinstatement, restoration of benefits, and prevention of ongoing financial retaliation as proper forms of injunctive relief.

47       Under Rule 65 of the Federal Rules of Civil Procedure, injunctive relief is warranted when a plaintiff seeks to: (1) Prevent further violations of the law, (2) Restore the last uncontested status before the unlawful action, and (3) Prevent irreparable harm while litigation is pending.

48       Ryan Dillon-Capps' Emergency Motion (ECF 25-0) explicitly sought injunctive relief, including: (1) Immediate restoration of wages unlawfully withheld since June 13, 2024, (2) Reinstatement to active payroll, and (3) Restoration of health insurance and other benefits, which includes life insurance policies. This request does not seek compensation for past harm but aims to halt an ongoing violation, restore the status quo, and prevent further financial devastation.

49       Unlike a typical back pay claim, this request seeks to remedy a continuing unlawful act—wage withholding—that grows more harmful each day. Courts recognize that when an employer's actions cause ongoing financial devastation, reinstatement and wage restoration are appropriate injunctive remedies (*Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013); *EEOC v. Anchor Hocking Corp.*, 666 F.2d 1037 (6th Cir. 1981)). The relief sought here is injunctive in nature because it aims to prevent continued harm, not obtain a final award of damages.

50       The District Court mischaracterized the requested relief as monetary damages, leading to an erroneous denial of the injunction. This ruling ignored the fact that wage withholding is an ongoing violation, not a past harm.

51       Ohana Growth Partners, LLC has withheld wages since June 13, 2024, causing severe financial harm, including credit collapse, housing instability, and the inability to pay for medical care. Each day wages remain unpaid further compounds the harm, making an injunction necessary to stop the employer's continued violation. Courts consistently distinguish injunctive relief to prevent ongoing wage violations from compensatory back pay (*Harris v. Blue Cross*

*Blue Shield of Mo.*, 995 F.2d 877, 879 (8th Cir. 1993); *EEOC v. Anchor Hocking Corp.*, 666 F.2d 1037 (6th Cir. 1981)). The District Court ignored this distinction, leading to an erroneous denial of relief.

52      By misclassifying the ongoing wage withholding as damages claim, the District Court improperly denied the injunction, reasoning that monetary damages could be awarded later. This ruling conflicts with controlling precedent, which holds that delayed monetary damages cannot remedy immediate financial devastation (*Sampson v. Murray*, 415 U.S. 61, 90 (1974)).

53      The District Court failed to apply the balance of hardships test properly. The harm to Ohana Growth Partners, LLC in restoring wages already owed is minimal, while Ryan Dillon-Capps faces catastrophic financial harm without immediate relief. Courts recognize that when an injunction imposes little burden on the defendant but prevents severe harm to the plaintiff, relief is warranted (*Holt v. Cont'l Grp., Inc.*, 708 F.2d 87, 90-91 (2d Cir. 1983)).

54      The District Court's ruling was based on a fundamental misunderstanding of wage withholding and its classification as injunctive relief, requiring reversal and reconsideration under the correct legal framework. The court ignored well-established precedent recognizing that wage restoration constitutes injunctive relief when financial harm is ongoing. It misapplied the distinction between back pay for past harm and injunctive relief aimed at preventing continued wage withholding. The court also erroneously concluded that monetary damages would be an adequate remedy, despite clear case law holding otherwise.

55      Because these errors substantially affected the denial of injunctive relief, Ryan Dillon-Capps respectfully requests that this Court reverse the District Court's findings and grant the requested injunction pending appeal.

## SUPPLEMENTAL ARGUMENT: REQUEST FOR INTERIM STATUTORY RELIEF DUE TO ONGOING AND COMPOUNDING FINANCIAL HARM

56      In addition to restoring unpaid wages, Ryan Dillon-Capps seeks interim statutory relief due to the ongoing and compounding financial harm caused by Ohana Growth Partners, LLC's wage withholding, litigation misconduct, and the financial burdens of complex federal litigation. Immediate relief is necessary because merely restoring wages does not account for the accumulated financial damage, including interest accrual, credit deterioration, and legal expenses.

57      Since June 13, 2024, Ryan Dillon-Capps has had no income, forcing reliance on high-interest credit and loans for rent, food, and medical care. These debts have grown significantly over eight months, meaning that even full wage restoration would not return him to his prior financial standing. Unpaid mortgages and other obligations continue to accrue interest, worsening financial instability.

58      Ohana Growth Partners, LLC has engaged in bad-faith litigation, filing a lawsuit with over 68 perjured statements, leading to unnecessary legal expenses. Though Judge Stringer dismissed their claims on November 6, 2024, they continue to withhold compensation, preventing Ryan Dillon-Capps from covering these litigation costs. Despite being liable for legal expenses, Ohana Growth Partners, LLC refuses to comply with its obligations, compounding financial distress.

59      Despite formal notice of pending claims and hearings since November 1, 2024, including evidentiary hearings, injunctive relief requests, and a judgment request, Ohana Growth Partners, LLC persists in withholding wages and obstructing relief.

60      The ongoing federal litigation involves RICO violations, insurance fraud, whistleblower retaliation, and constitutional violations (42 U.S.C. §§ 1983, 1985, and 1986), including

violations of the 1st, 5th, 6th, 8th, 9th, 13th, and 14th Amendments. It also includes consumer protection violations in multiple states (Washington, California, Tennessee, Florida, the District of Columbia, and Maryland) and employment law violations under the ADA, Rehabilitation Act, Maryland Anti-Discrimination Law, and Fair Labor Standards Act.

61      Ohana Growth Partners, LLC's ongoing misconduct has created an extraordinary financial burden, preventing Ryan Dillon-Capps from effectively litigating the case while also suffering from wage withholding. Given the complexity of the case and the compounding harm from unpaid wages and mounting legal costs, additional interim relief is warranted.

62      Since wage restoration alone will not fully remedy the harm, Ryan Dillon-Capps seeks statutory damages to compensate for interest-bearing debts, credit damage, and financial instability caused by Ohana Growth Partners, LLC's wage withholding. He also requests an injunction requiring immediate reimbursement for litigation expenses incurred due to fraudulent and abusive legal actions and an order preventing further financial retaliation, including continued interference with wages, benefits, and legal claims.

63      The District Court failed to account for the escalating financial harm caused by eight months of unpaid wages, accumulating debt, fraudulent litigation costs, and the burdens of federal litigation. Back pay alone is insufficient because the damage extends beyond simple wage nonpayment. Without immediate statutory relief and additional injunctive measures, Ryan Dillon-Capps faces further financial devastation and legal disadvantage.

64      Ohana Growth Partners, LLC has engaged in bad-faith tactics, obstructing relief while escalating financial harm. The Court must intervene immediately to prevent further injustice. For these reasons, Ryan Dillon-Capps respectfully requests that this Court grant statutory damages and an injunction against continued financial retaliation, in addition to the restoration of wages.

## CONCLUSION

Ryan Dillon-Capps respectfully requests that the Court grant an injunction pending appeal and enjoin Ohana Growth Partners, LLC pending appeal, compelling the company to:

1. Immediately pay $264,537.36 in unpaid compensation;
2. Immediate reinstate Ryan Dillon-Capps employment status;
3. Immediately restore all benefits previously provided to Ryan Dillon-Capps;
4. Immediately apply the following annual compensation adjustments:
    4.1 $150,185.20 Base Pay,
    4.2 $1,210.00 ($14,520.00 annually) Monthly Bonus,
    4.3 $24,000.00 Annual Bonus,
    4.4 $150.00 ($1,800 annually) Monthly Phone Reimbursement,
    Total Adjusted Compensation: $190,502.20;
5. Immediately reinstate Ryan Dillon-Capps to active payroll at the adjusted compensation rate of $7,327.01 per pay period, with payments issued on the 1st and 15th of each month, ensuring that he is paid in full on March 1, 2025;
6. Cease withholding any benefits or future wages for the duration of this litigation;
7. Immediately pay $527,074.72 in interim compensation.

## RESPECTFULLY SUBMITTED

**February 24, 2025**

/s/ Ryan Dillon-Capps
**Ryan Dillon-Capps**

1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com
703-303-1113