Friday, Dec 22, 2023



### Holly Butler

Good morning, Mr. Wagner. My name is Holly Butler; I am an attorney with the law firm of Miles & Stockbridge. I have been engaged by Obama Growth Partners to conduct an independent investigation relating to your recent allegations regarding potential violations of the law.

I am contacting you by text as I have been informed that this is your preferred method of communication to coordinate a meeting.

Please advise as to whether you are willing to speak with me and when you would be available for a videoconference meeting during early January.

10:52 AM



### Holly Butler

Please understand that I am an attorney for the company. I do not represent anyone, including you, in his or her individual capacity.

10:53 AM



### Holly Butler

For confidentiality purposes, please do not respond by text as to the substance of your allegations.

I request that you only provide confirmation as to your willingness to meet and your availability in early January.

11:00 AM

EXHIBIT 100

Ryan Dillon-Capps

Yes, but please understand....

There appears to be a misunderstanding because it is far too soon into the process to be making formal allegations. I reported things that are suspicious and with the last update provided saying that I did not want to continue being the sole investigator.

Last known state, logging and eDiscovery holds were in place so an investigator can see who is accessing the system managing the hold and if changes are made  The holds should be preserving source data and be verifiable by a digital forensic investigator.

My last email requested to be notified if Ohana does not want to pursue investigation.

Hopefully that clarifies things

1:02 PM



Holly Butler

Thank you for the background information. It will be helpful to discuss and understand the context of your concerns.

If you are willing to discuss, please let me know when you are available in early January.

Best wishes for the holiday season.

1:11 PM

Ryan Dillon-Capps

thank you for confirming that you understand that no allegations have been made. Do you have a copy of both emails from yesterday. They are the only two emails that I sent out on 21 December 2023. These with the previous two emails should provide context, I want to be helpful but I am not sure whatelse I can add to them because I am have removed myself from the investigation and requested an expert take over. I am a little confused because even the decision to pursue this was left to ownership, and they have not responded to provide me with their decision. Woudln't it be better for a 3rd party digital forensic expert to tell us?

My answer remains a yes

1:46 PM

---

Tuesday, Jan 2, 2024

 Holly Butler

Would you please let me know your availability for a brief call tomorrow? We can do by phone or videoconference. Please select a time where you can have a private conversation. Thank you.

9:35 AM



Ryan Dillon-Capps

Tomorrow and Thursday are going to be the two most difficult days. We have people flying in today, wedding stuff tomorrow, and birthday festivities on Thursday. My partner and our families have been exceptionally understanding with me working 20+ hours a day 7 days a week since september, but I have been promising them this entire time that I would wouldn't be working constantly for this week. They understand how important Ohana is to me, and so they let me get away with working all the time - most of the time, and all they ask is that I don't make them wait 2 months to celebrate their birthday, like we did in 2022. That I take off at least 7 consecutive days for the wedding in april, and the 3 planned trips this year are not cancelled or delayed like has occurred in previous years.

Is there something that I can get for you in the meantime? I have not recieved an update on the investigation, and it isn't like us to put off investigating something.

When you didn't message me to coordinate a time last week, I hoped this was because we were bringing in a digital forensic expert to take over the investigation. We should be okay because the data should be protected with a legal hold and the expert should be able to digitally tag and categorize the data from source to ensure a clean chain. However, I am concerned that inaction coupled with our current financial restructuring could be problematic. I am not a lawyer, and not saying it is or is not a problem, but I am concerned how it will look when we have been so active, proactive, and responsive in the past I.

Please let me know, if there is an update.

I am assuming late at night when everyone is sleeping and I am sneaking in work is not an option, but it sounds like you still want to meet with me -- can we do Monday?

1:33 PM

 **Holly Butler**

If Monday is the day which best suits your schedule, we can meet then. I am flexible on timing on 1/8. Please advise when a videoconference is feasible for you.

1:38 PM

 **Holly Butler**

In the interim, please provide me with copies of the December 21, 2023 emails referenced above, as well as any documents in your possession which gave rise to your suspicions. My email is hbutler@milesstockbridge.com

2:24 PM

———— Wednesday, Jan 3, 2024 ————

**Ryan Dillon-Capps**

I think the word suspicions is one that implies assignment. Not sure it is one I would use.

I sent you an email.

Please let me know if you still want to meet on Monday.

3:08 AM

 **Holly Butler**

A videoconference meeting has been scheduled for 10 am on Monday based on your availability. I look forward to speaking with you then.

9:01 AM

EXHIBIT 100

Ryan Dillon-Capps 
sent, thank you
3:06 PM

 Justin Drummond
Received. I'll have to jump at 2:30
3:07 PM

Ryan Dillon-Capps 
understood
3:15 PM

─────────── Tuesday, Jun 11, 2024 ───────────

Ryan Dillon-Capps 
I understand you both likely have a lot to do today. I would like to have a unrecorded phone call today with both of you.  No one else, only the three of us having a private unrecorded and unmonitored phone call.  I need 15 minutes to speak and do not need a response.  Let me know when we can do this today
12:00 PM

 Glenn Norris
Can you call us at 3 pm on our cell phone?
12:46 PM

Ryan Dillon-Capps 
Yes. I will call you both at 3
1:43 PM

 Glenn Norris
I have been on with DC govt for 30 minutes. They are almost done.
3:00 PM

Ryan Dillon-Capps 
okay, 3:10?
3:00 PM



**Justin Drummond**
I am still available
3:01 PM



**Glenn Norris**
I am free now
3:04 PM



**Justin Drummond**
Same
3:04 PM

## Ryan Dillon-Capps

| | |
|---|---|
| **From:** | Ryan Dillon-Capps |
| **Sent:** | Thursday, June 13, 2024 7:12 AM |
| **To:** | IT.Support; IT.BusinessIntelligence; Glenn Norris; Rich Hartman; Justin Drummond |
| **Subject:** | FMLA Time |

Team, please prepare for tonight. Ann will confirm later today if you are available for 1ˢᵗ thing tomorrow morning checks.

I did most of the prep and testing last night, but I am going to be out for a few hours today and not sure when I will be back on. It depends on how well things go today.

@Glenn Norris @Rich Hartman @Justin Drummond This is FMLA. However, Rich, as you know from yesterday's emails, I didn't end up taking the time expected, and since Friday, I have worked every hour except for the 14 hours of sleep and roughly 10 hours of non-work related tasks, which I think is 139 hours. Not sure how you want to track that.

This message may include text created with the help of natural language processing.

 Book time to meet with me

**Ryan Dillon-Capps**
Vice President of IT
Ohana Growth Partners, LLC



office 410-252-8058 x109
212 W. Padonia Rd
Timonium, MD 21093

www.planetfitness.com

**"Culture eats strategy for breakfast"**

1

EXHIBIT 100

Ryan Dillon-Capps

| | |
|---|---|
| **From:** | Ryan Dillon-Capps |
| **Sent:** | Thursday, June 13, 2024 2:48 PM |
| **To:** | Justin Drummond; Stacey Wittelsberger (ESC); C. Victor Brick; Lynne Brick B.S.N. M.A.; Terry Woods (Planet Fitness); Earl Ihle |
| **Subject:** | Re: CRITICAL! READ ME NOW!! Rich Hartman Critical Situation! |
| **Attachments:** | 2023-06-16 1430 RichSuspendedDarren - ClaimingITAudit.pdf |

# OHANA
## Growth Partners

Ohana Growth Partners, LLC
212 W. Padonia Rd.
Timonium, MD 21093

June 13, 2024

Dear Darren,

Effective immediately, June 13, 2024, you are being placed on leave of absence until further notice with full pay and full benefits while the company undergoes a review of IT operations.

During this time, you will not have access to company systems or any of the facilities and are not authorized to do work on behalf of the company.

We will update you once our review is complete.

Sincerely,

Rich Hartman
VP of People and Culture

This message may include text created with the help of natural language processing.

1 of 10

EXHIBIT 100

 Book time to meet with me

**Ryan Dillon-Capps**
Vice President of IT
Ohana Growth Partners, LLC



office 410-252-8058 x109
212 W. Padonia Rd
Timonium, MD 21093

www.planetfitness.com

**"Culture eats strategy for breakfast"**

---

**From:** Ryan Dillon-Capps <Ryan.DillonCapps@ohanagp.com>
**Sent:** Thursday, June 13, 2024 2:46 PM
**To:** Justin Drummond <Justin.Drummond@ohanagp.com>; Stacey Wittelsberger (ESC) <srector@exeterstreetcapital.com>; C. Victor Brick <Victor@ohanagp.com>; Lynne Brick B.S.N. M.A. <lynne@ohanagp.com>; Terry Woods (Planet Fitness) <Terry.Woods@ohanagp.com>; Earl Ihle <Earl.Ihle@ohanagp.com>
**Subject:** CRITICAL! READ ME NOW!! Rich Hartman Critical Situation!

I am writing to inform you of a critical situation that requires your immediate attention and action.

Today, Rich Hartman suspended Darren and handed him a note that Rich created and signed. This action is highly irregular and concerning. In response to this situation, I have instructed my team members to go home immediately for their safety and well-being. I have also texted a picture of the note to Victor, Lynne, and Justin for your reference. I am sending my wife to another location and am working on having security arrive at my home immediately.

In addition to these steps, Rich Hartman's account has been disabled, and all his sessions have been revoked to prevent any further unauthorized actions.

**Immediate Actions Required**

1. **Confirm Receipt and Immediate Attention**: Please confirm that you have received this email and are taking immediate action.
2. **Review of Darren's Suspension**: An urgent review of Darren's suspension and its circumstances is necessary.
3. **Security Measures**: Ensure that all necessary security measures are in place to prevent any further unauthorized actions by Rich Hartman.
4. **Legal Counsel**: If you do not currently have legal representation for this matter, please confirm this in your response and secure an attorney by the first available moment. If you do have legal representation, please provide the contact information of your attorney immediately.

**Next Steps**

We need to address this situation with the utmost urgency to prevent any further disruptions or potential liabilities. Ryan's actions continue to demonstrate attempts to limit damage, while Rich's actions are making this more difficult and continue to jeopardize Ryan's health and Ohana.

Please confirm that you are on this immediately and provide an update on the steps being taken to address this situation.

This message may include text created with the help of natural language processing.

 Book time to meet with me

**Ryan Dillon-Capps**
**Vice President of IT**
**Ohana Growth Partners, LLC**



office 410-252-8058 x109
212 W. Padonia Rd
Timonium, MD 21093
www.planetfitness.com

**"Culture eats strategy for breakfast"**

---

**From:** Ryan Dillon-Capps <Ryan.DillonCapps@ohanagp.com>
**Sent:** Thursday, June 13, 2024 2:05 PM
**To:** Rich Hartman <Rich.Hartman@ohanagp.com>
**Cc:** Karen Debus <karen.debus@ohanagp.com>; Justin Drummond <Justin.Drummond@ohanagp.com>; Stacey Wittelsberger (ESC) <srector@exeterstreetcapital.com>; C. Victor Brick <Victor@ohanagp.com>; Lynne Brick B.S.N. M.A. <lynne@ohanagp.com>; Terry Woods (Planet Fitness) <Terry.Woods@ohanagp.com>; Earl Ihle <Earl.Ihle@ohanagp.com>; Glenn Norris <glenn@ohanagp.com>
**Subject:** Urgent: Legal Risks Associated with Inaction and Third-Party Vendor Activities

Dear Owners,

I hope this message finds you well. I am writing to outline the significant legal risks associated with the current handling of our internal investigation into fraud and hostile workplace claims. Additionally, I want to highlight the potential liabilities arising from the actions of our third-party vendors, and to stress our duty to stop workplace harassment.

Please note that the following points address only the items we have discussed so far. We have repeatedly provided sufficient notification of these issues and have requested proper investigation with an independent third party, along with lawyers who act in good faith with transparency and honesty. We have also requested to know who is representing you in several possible matters.

**Potential Legal Risks from Inaction**

5. **Retaliation Claims**

3 of 10

Under both Federal and Maryland law, it is unlawful to retaliate against an employee for reporting misconduct. Our failure to adequately address Ryan's complaints could be interpreted as retaliation, particularly if adverse actions follow his reports.

- **Federal Law:** Title VII of the Civil Rights Act of 1964
- **Maryland Law:** MD Fair Employment Practices Act
- **Case Citation:** *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

6. **Hostile Work Environment Claims**

Ignoring the allegations of a hostile work environment, especially those involving discrimination or harassment, can lead to significant legal consequences. The allegations of fabricated documents and unauthorized use of Ryan's name may support such a claim.

- **Federal Law:** Title VII of the Civil Rights Act of 1964
- **Maryland Law:** MD Fair Employment Practices Act
- **Case Citation:** *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993).

7. **Whistleblower Protections**

Our obligations under the Sarbanes-Oxley Act (SOX) and Maryland's Whistleblower Law require that we properly investigate reports of fraudulent activities. Failure to do so may be construed as retaliation against Ryan for his whistleblowing activities.

- **Federal Law:** Sarbanes-Oxley Act (SOX)
- **Maryland Law:** MD Whistleblower Law
- **Case Citation:** *Lawson v. FMR LLC*, 571 U.S. 429 (2014).

8. **FMLA Interference and Retaliation**

Ryan has been on intermittent FMLA leave since January 4, 2024. Any adverse actions or failure to properly investigate his complaints during this period could constitute FMLA interference or retaliation.

- **Federal Law:** Family and Medical Leave Act (FMLA)
- **Case Citation:** *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238 (6th Cir. 2004).

**Duty to Stop Harassment**

Employers have a legal duty to take reasonable steps to prevent and promptly correct any harassment in the workplace. The continued employment of Andrew Dinh, despite allegations of misconduct, creates liability for the company. Failure to address these allegations adequately could be seen as neglecting this duty.

1. **Liability for Failing to Act**

   o **Federal Law:** Title VII of the Civil Rights Act of 1964 mandates employers to maintain a workplace free of harassment and discrimination.
   o **Case Citation:** *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) established that employers are liable for failing to exercise reasonable care to prevent and correct promptly any discriminatory or harassing behavior.
   o **Case Citation:** *Ellerth v. Burlington Industries, Inc.*, 524 U.S. 742 (1998) affirmed that an employer can be held liable if it does not take proper steps to address harassment.

**Potential Liabilities from Third-Party Vendor Activities**

The unauthorized use of Ryan's name by a third-party vendor can create significant legal liabilities for our company. Below are the relevant laws and case citations:

1. **Wire Fraud**

Submitting false attestations via an online form by third-party vendors could implicate our company if part of a scheme to defraud.

- **Federal Law:** 18 U.S.C. § 1343 (Wire Fraud)
- **Case Citation:** *Pasquantino v. United States*, 544 U.S. 349 (2005).

2. **Identity Theft**

The unauthorized use of personal identifying information by third-party vendors could lead to identity theft charges against the company.

- **Federal Law:** 18 U.S.C. § 1028A (Identity Theft)
- **Case Citation:** *United States v. Blixt*, 548 F.3d 882 (9th Cir. 2008).

3. **Unauthorized Access (Computer Fraud)**

Any unauthorized access to our computer systems by third-party vendors to submit false information could be considered computer fraud, for which the company may also be held liable.

- **Federal Law:** 18 U.S.C. § 1030 (Computer Fraud)
- **Case Citation:** *United States v. Nosal*, 676 F.3d 854 (9th Cir. 2012).

4. **Negligent Hiring and Supervision**

If a company fails to properly vet third-party vendors and those vendors engage in unlawful activities, the company can be held liable for negligent hiring and supervision. This includes the unauthorized use of an employee's personal identifying information, which can create direct liability for the company due to its negligence in hiring and oversight.

- **Maryland Law:** An employer can be held liable for negligent hiring if it fails to exercise reasonable care in selecting an independent contractor who is incompetent or unfit for the work, and this negligence causes harm.
- **Case Citation:** *Latty v. St. Joseph's Soc. of Sacred Heart, Inc.*, 198 Md. App. 254 (2011).

**Immediate Actions Required**

Given the serious nature of these issues, we require an update on the steps being taken to address them. It is now past 2 p.m., and Rich indicated action would be taken after 3 p.m. It is critical that Rich's actions are stopped immediately.

If you currently do not have legal representation for these matters, please confirm this in your response. You will have until [specific date, e.g., Monday, June 19, 2024] to secure an attorney. If you do have legal representation, please provide the contact information of your attorney by the same deadline.

**Next Steps**

We are preparing to take the next steps to ensure that these issues are addressed properly. We do not require a member of ownership to agree with the facts as presented, but we do expect acknowledgment that we will be speaking with an attorney about the items disclosed here and potentially other items that have not yet been disclosed. We need assurance that you will come to the table in good faith.

**Conclusion**

Ryan's actions continue to demonstrate attempts to limit damage, while Rich and Glenn's actions are making this more difficult and continue to jeopardize Ryan's health and Ohana. It is imperative that we take immediate and comprehensive actions to address these issues. Inaction or insufficient responses may lead to significant legal and financial liabilities for our organization.

Thank you for your attention to this critical issue.

This message may include text created with the help of natural language processing.

 Book time to meet with me

**Ryan Dillon-Capps**
Vice President of IT
Ohana Growth Partners, LLC


office 410-252-8058 x109
212 W. Padonia Rd
Timonium, MD 21093
www.planetfitness.com

**"Culture eats strategy for breakfast"**

---

**From:** Ryan Dillon-Capps <Ryan.DillonCapps@ohanagp.com>
**Sent:** Thursday, June 13, 2024 12:02 PM
**To:** Ryan Dillon-Capps <Ryan.DillonCapps@ohanagp.com>; Rich Hartman <Rich.Hartman@ohanagp.com>
**Cc:** Karen Debus <karen.debus@ohanagp.com>; Justin Drummond <Justin.Drummond@ohanagp.com>; Stacey Wittelsberger (ESC) <srector@exeterstreetcapital.com>; C. Victor Brick <Victor@ohanagp.com>; Lynne Brick B.S.N. M.A. <lynne@ohanagp.com>; Terry Woods (Planet Fitness) <Terry.Woods@ohanagp.com>; Earl Ihle <Earl.Ihle@ohanagp.com>; Glenn Norris <glenn@ohanagp.com>
**Subject:** Re: Immediate Response to Rich Hartman Addressing Illegality and Cease and Desist

@Rich Hartman Silly Forms I will try this again with the form corrected

I hope this message finds you well.

I am writing to formally address and respond to the recent directives and communications that have raised significant legal and ethical concerns.

**Illegal Directives and Retaliatory Actions**

The email you sent today, June 13, 2024, demanding the addition of Global Administrators within a six-hour window under threat of insubordination charges, is not only inappropriate but also illegal. These actions constitute retaliation under the Family and Medical Leave Act (FMLA) and relevant Maryland state laws. Specifically:

5. **Family and Medical Leave Act (FMLA) Violations**:

   o   Under 29 U.S.C. § 2615(a), it is unlawful for an employer to retaliate against an employee for exercising their rights under the FMLA. The directives and threats issued in your email are clear acts of retaliation against me for taking FMLA leave.

6. **Maryland Retaliation Laws**:

   o   According to Md. Code Ann., Lab. & Empl. § 3-801 et seq., retaliation against employees for reporting workplace violations or exercising their rights is prohibited. Your actions have created a hostile work environment and have directly undermined my professional responsibilities.

**Cease and Desist Demand**

Effective immediately, I demand that you cease and desist from any further retaliatory actions and coercive threats. This includes, but is not limited to, the following:

1. **Retaliatory Directives**: Any orders or demands that threaten disciplinary action or undermine my role and responsibilities.
2. **Coercive Threats**: Any communications that use threats of insubordination or other punitive measures as a means of compliance.

Failure to comply with this cease and desist demand will leave me with no option but to pursue all available legal remedies to protect my rights and ensure a safe and fair working environment.

**Notification of Request for Confirmation**    There never was any refusal

Please be aware that I have requested Hartman Executive Advisors, including Phil Leadore and Dan Levett , to confirm their qualifications and involvement in the PCI DSS v4 review. Ownership have been included in this communication thread to ensure full transparency and oversight.

**Request for Confirmation**

**Please confirm in writing by 1:30 pm EST** that you have **received this cease and desist notice** and that you **will comply with its terms**. Failure to provide this confirmation will be taken as a refusal to comply, and I will proceed accordingly.

Thank you for your immediate attention to this serious matter.

This message may include text created with the help of natural language processing.

📅 Book time to meet with me

**Ryan Dillon-Capps**
**Vice President of IT**
**Ohana Growth Partners, LLC**

7 of 10



office 410-252-8058 x109
212 W. Padonia Rd
Timonium, MD 21093
www.planetfitness.com

**"Culture eats strategy for breakfast"**

---

**From:** Ryan Dillon-Capps <Ryan.DillonCapps@ohanagp.com>
**Sent:** Thursday, June 13, 2024 11:57 AM
**To:** Rich Hartman <Rich.Hartman@ohanagp.com>
**Cc:** Karen Debus <karen.debus@ohanagp.com>; Justin Drummond <Justin.Drummond@ohanagp.com>; Stacey Wittelsberger (ESC) <srector@exeterstreetcapital.com>; C. Victor Brick <Victor@ohanagp.com>; Lynne Brick B.S.N. M.A. <lynne@ohanagp.com>; Terry Woods (Planet Fitness) <Terry.Woods@ohanagp.com>; Earl Ihle <Earl.Ihle@ohanagp.com>; Glenn Norris <glenn@ohanagp.com>
**Subject:** Immediate Response to Rich Hartman Addressing Illegality and Cease and Desist

@Rich Hartman

I hope this message finds you well.

I am writing to formally address and respond to the recent directives and communications that have raised significant legal and ethical concerns.

**Illegal Directives and Retaliatory Actions**

The email you sent today, June 13, 2024, demanding the addition of Global Administrators within a six-hour window under threat of insubordination charges, is not only inappropriate but also illegal. These actions constitute retaliation under the Family and Medical Leave Act (FMLA) and relevant Maryland state laws. Specifically:

3. **Family and Medical Leave Act (FMLA) Violations:**

   o   Under 29 U.S.C. § 2615(a), it is unlawful for an employer to retaliate against an employee for exercising their rights under the FMLA. The directives and threats issued in your email are clear acts of retaliation against me for taking FMLA leave.

4. **Maryland Retaliation Laws:**

   o   According to Md. Code Ann., Lab. & Empl. § 3-801 et seq., retaliation against employees for reporting workplace violations or exercising their rights is prohibited. Your actions have created a hostile work environment and have directly undermined my professional responsibilities.

**Cease and Desist Demand**

Effective immediately, I demand that you cease and desist from any further retaliatory actions and coercive threats. This includes, but is not limited to, the following:

1. **Retaliatory Directives:** Any orders or demands that threaten disciplinary action or undermine my role and responsibilities.



office 410-252-8058 x109
212 W. Padonia Rd
Timonium, MD 21093
www.planetfitness.com

**"Culture eats strategy for breakfast"**

---

**From:** Ryan Dillon-Capps <Ryan.DillonCapps@ohanagp.com>
**Sent:** Thursday, June 13, 2024 11:57 AM
**To:** Rich Hartman <Rich.Hartman@ohanagp.com>
**Cc:** Karen Debus <karen.debus@ohanagp.com>; Justin Drummond <Justin.Drummond@ohanagp.com>; Stacey
Wittelsberger (ESC) <srector@exeterstreetcapital.com>; C. Victor Brick <Victor@ohanagp.com>; Lynne Brick B.S.N. M.A.
<lynne@ohanagp.com>; Terry Woods (Planet Fitness) <Terry.Woods@ohanagp.com>; Earl Ihle
<Earl.Ihle@ _____ agp.com>; Glenn Norris <glenn@ohanagp.com>
**Subject:** _____ Response to Rich Hartman Addressing Illegality and Cease and Desist

@Rich Hartm _____

I hope this messa _____ ll.

I am writing to formally _____ spond to the recent directives _____ ations that have raised
significant legal and ethica _____

**Illegal Directives and Retaliato _____**

The email you sent today, June 13, 20 _____ th _____ obal Administrators within a six-hour
window under threat of insubordination _____ opriate but also illegal. These actions constitute
retaliation under the Family and Medical L _____ elevant Maryland state laws. Specifically:

3. **Family and Medical Leave Act (FM _____**

    o  Under 29 U.S.C. § 2615 _____ er to retaliate against an employee for
       exercising their right _____ LA. Th _____ d threats issued in your email are clear acts
       of retaliation aga _____ ng FMLA lea _____

4. **Maryland Retaliati _____**

    o  Accord _____ e Ann., Lab. & Empl. § 3-801 et se _____ gainst employees for
       rep _____ e violations or exercising their rights is p _____ r actions have created a
       _____ vironment and have directly undermined my p _____ ponsibilities.

**Cease an _____ nd**

Effectiv _____ ly, I demand that you cease and desist from any further retaliatory a _____ coercive
threats. _____ udes, but is not limited to, the following:

1. **Retaliatory Directive**s: Any orders or demands that threaten disciplinary action or undermine my role and
   responsibilities.



**ercive Threats**: Any communications that use threats of insubordinatio[...] punitive measures as [...]s of compliance.

Failu[...] [...]th this cease and desist demand will leave me with n[...] [...] pursue all available legal remedie[...] [...] rights and ensure a safe and fair working enviro[...]

**Notification** [...] **Confirmation**

Please be aware th[...] [...]sted Hartman Executive A[...] [...]ng [specific names], to confirm their qualifications and inv[...] [...] PCI DSS v4 review. [...] [...]e be[...] munication thread to ensure full tran[...] [...]oversight.

> This email is a duplicate because the "specific names" were not stated.

**Request for Confirmation**

# Please confirm in writin[...] [...]ST that you have **received this cease and desist notice** and that you **will** [...]th its terms**. Failure to provide this confirmation will be taken as a refusal to comply, an[...] [...]gly.

Thank you for your immediate [...] [...]s ser[...]

This message may includ[...] [...] the help of natural language process[...]

📅 Book ti[...] [...]th me

**Rya[...] [...]ps**
**Vi[...] [...]t of IT**
[...]**wth Partners, LLC**

**OHANA**
Growth Partners

office 410-252-5058 x109
212 W. Padonia Rd
Timonium, MD 21093
www.planetfitness.com

**"Culture eats strategy for breakfast"**

---

**From:** Rich Hartman <Rich.Hartman@ohanagp.com>
**Sent:** Thursday, June 13, 2024 9:01 AM
**To:** Ryan Dillon-Capps <Ryan.Wagner@ohanagp.com>
**Cc:** Karen Debus <karen.debus@ohanagp.com>
**Subject:** Acknowledgement Required

Ryan,
You have received repeated and multiple demands from your supervisor, the company president, and the owner of Ohana Growth Partners (OGP) since May 21, 2024 to add them and other individuals as Global Administrators. You have repeatedly refused and failed to obey these directives. Such conduct constitutes insubordination which violates Section 1 of your January 8, 2020 Employment and Non-Disclosure Agreement requiring that you "faithfully and diligently perform . . . duties as may be assigned by management from time to time." In addition, the

EXHIBIT 100

2. **Coercive Threats**: Any communications that use threats of insubordination or other punitive measures as a means of compliance.

Failure to comply with this cease and desist demand will leave me with no option but to pursue all available legal remedies to protect my rights and ensure a safe and fair working environment.

**Notification of Request for Confirmation**

Please be aware that I have requested Hartman Executive Advisors, including [specific names], to confirm their qualifications and involvement in the PCI DSS v4 review. Ownership have been included in this communication thread to ensure full transparency and oversight.

**Request for Confirmation**

**Please confirm in writing by 1:30 pm EST** that you have **received this cease and desist notice** and that you **will comply with its terms**. Failure to provide this confirmation will be taken as a refusal to comply, and I will proceed accordingly.

Thank you for your immediate attention to this serious matter.

This message may include text created with the help of natural language processing.

 Book time to meet with me

**Ryan Dillon-Capps**
**Vice President of IT**
**Ohana Growth Partners, LLC**


office 410-252-8058 x109
212 W. Padonia Rd
Timonium, MD 21093
www.planetfitness.com

**"Culture eats strategy for breakfast"**

---

**From:** Rich Hartman <Rich.Hartman@ohanagp.com>
**Sent:** Thursday, June 13, 2024 9:01 AM
**To:** Ryan Dillon-Capps <Ryan.Wagner@ohanagp.com>
**Cc:** Karen Debus <karen.debus@ohanagp.com>
**Subject:** Acknowledgement Required

Ryan,
You have received repeated and multiple demands from your supervisor, the company president, and the owner of Ohana Growth Partners (OGP) since May 21, 2024 to add them and other individuals as Global Administrators. You have repeatedly refused and failed to obey these directives. Such conduct constitutes insubordination which violates Section 1 of your January 8, 2020 Employment and Non-Disclosure Agreement requiring that you "faithfully and diligently perform . . . duties as may be assigned by management from time to time." In addition, the

          EXHIBIT   100

refusals violate Section 6.1 of the Ohana Associates Handbook ("Standards of Conduct") which prohibits the "failure to follow lawful instructions of a supervisor."

There are countless reasons why a company should have several Global Administrators, whether being tied up in business meetings, vacations, leaves of absence, or other activities that cause a single Global Administrator to be unavailable. Your communication yesterday about your need for FMLA time off, to which you are entitled, makes self-evident the reasons for the company's demand to have several Global Administrators.

Glenn has signed an agreement on behalf of OGP with Hartman Executive Advisors (HEA) and demands that you add Phil Leadore from HEA as a Global Administrator by 3 pm today. We also instruct you to hold off on any major updates or changes to the system until HEA has had a chance to evaluate Ohana's IT systems.

We have evaluated the multitude of reasons for your refusal to obey management's directives. We are not looking to debate these reasons any further, rather we require a simple acknowledgment that you will follow the directive or not and then do so immediately by 3:00 pm today. Failure to acknowledge this directive and to add Phil Leadore as a Global Administrator by 3:00 pm today will require the company to take appropriate action.

**Rich Hartman**
VP of People and Culture
Ohana Growth Partners, LLC



office 410-252-8058 x114
212 W. Padonia Rd
Timonium, MD 21093
www.planetfitness.com

**"Culture eats strategy for breakfast"**

——————— Thursday, Jun 13, 2024 ———————

 **Darren Koritzka**



2:20 PM

Delivered

 **Darren Koritzka**
I'm taking this as I'm being let go
2:23 PM

**Ryan Dillon-Capps** 
document what they took  who is there
2:23 PM

**Ryan Dillon-Capps** 
i sent it to the owners
2:23 PM

 **Darren Koritzka**
Left my computer there and they told me to sign out of anything at home
2:25 PM

 **Darren Koritzka**
And not to do any support if anybody comes bugging me
2:25 PM

Ryan Dillon-Capps

I believe that I may have found a way for you to have access to a Global Admin account. Can you review the PCI DSS 4 documentation before 5 pm on Monday and talk with me on Tuesday?



5:35 PM



Justin Drummond

Hi Ryan.
I should be able to review this before Tuesday.

6:19 PM

Ryan Dillon-Capps

Sounds Great! Let me know on Monday and we can coordinate the time for Tuesday

6:19 PM

Justin Drummond

Did you already send the documentation to review?

6:21 PM

EXHIBIT   100

Ryan Dillon-Capps



| Document Title | Date of Publication | | |
|---|---|---|---|
| Standard | | | |
| PCI DSS | v4.0 - Mar. 2022 | English ˅ | 📥 |

I sent a link in teams to the docs page which has requirements document.

here is the link
https://www.pcisecuritystandards.org/document _library/

and the first one is the primary doc
https://docs-prv.pcisecuritystandards.org/PCI%20DSS /Standard/PCI-DSS-v4_0.pdf

6:24 PM

Ryan Dillon-Capps



there are other docs that are helpful but not essential

6:24 PM



Justin Drummond

Understood

6:25 PM

Written Accord - There was no issue, there was no refusal

Ryan Dillon-Capps

have you ever heard me talk about the 3 CEO letter story before? I was just thinking about that, and this is not a coded message but just a random thought keeps popping up in my head lately

6:27 PM



Ryan Dillon-Capps

have a good weekend 🍻

6:27 PM

EXHIBIT 100



Ohana Growth Partners, LLC
212 W. Padonia Rd.
Timonium, MD 21093

June 13, 2024

Dear Ryan,

Effective immediately, June 13, 2024, you are suspended from your employment
with Ohana Growth Partners until further notice. This is due to your
insubordination and failure to comply with directives from superiors, described
in part to you in the email sent to you earlier today, and continuing since you
received the email. The suspension is without pay. During the suspension, you
will continue to have access to your medical benefits.

During this period of suspension, you are relieved of all of your duties and
are not authorized to work on behalf of the company or have any electronic,
internet, physical, or other access to or connection with any company property
or systems, including but not limited to company IT systems and equipment. In
addition, you are not authorized to enter any company facility.

You will be notified in writing of any further changes.

Sincerely,

Rich Hartman
VP of People and Culture

ryan@mxt3.com

| | |
|---|---|
| **From:** | Ryan Wagner <ryan@mxt3.com> |
| **Sent:** | Tuesday, June 18, 2024 5:30 PM |
| **To:** | Brennen, Robert S. |
| **Subject:** | Re: [EXTERNAL] Notification of Service for Case: C-03-CV-24-002264, Ohana Growth Partners, LLC vs. Ryan Dillon-Capps for filing Writ/Summons/Pleading – Electronic Service, Envelope Number: 16870699 |

I am writing to confirm that the share link to the encrypted envelope and file should have been received. The password has been texted to you separately for security purposes.

In my haste, I did not request a copy of my submission from the clerk. It was signed, and today's chamber judge was named. Due to the urgency of the situation, I was rushing, but assuming everything was printed correctly, the attachment should be what the judge has. I apologize for any delay. Earlier in the week, I informed Justin and Glenn that I could no longer sustain the current situation and required assistance. Glenn mentioned what I assume to be Hartman Executive Advisors. My recent email to Mr. Leadore reiterates my openness to support.

I should clarify that the plaintiffs are not technical experts, and their response to my concerns has consistently been, "I disagree." Throughout this process, I have provided numerous options and proactively suggested solutions to maintain PCI compliance while accommodating their requests. My current state is barely functional, and my wife, a licensed therapist with extensive trauma counseling experience, is primarily taking care of me. I have been in and out of a non-functional state for days now, and leading up to this, I have repeatedly requested contact information from their attorney. When I asked Holly Butler, her instruction was that I go through Ohana, which is confusing given that you are all part of the same law firm. They have refused to provide me with your information, and I had to obtain it from the filing.

There have been two formal written requests for your information because I want this to end. They persist, and when not targeting me, they go after Darren, Ann, and the help desk. Ann requested time off for mental health reasons yesterday. When I inquired about her well-being, she disclosed that she had experienced a panic attack but did not recognize it until she saw a doctor.

On Thursday, I sent emails about Rich's actions against Darren, spoke with Victor and Lynne, and had a lengthy text chain with Justin. At no point did anyone say I was suspended, and I believed Rich was dangerous for hours. I sent my wife away, I sent Ann home, and I reached out to two senior directors for backup before someone responded to me. I would greatly appreciate anything you could do to help us negotiate an end to this. The only condition that is not acceptable is that anyone is left unprotected, and in the last 30 days alone, it has been clearly documented in writing that they are also targeting Ann, Darren, and Cielo. There are more examples stretching back even further for all of us.

Thank you for your attention to this matter. I am doing the best I can, and technically, since I said I would tell them when I was back, my FMLA leave is still active. If they believe something else to be true, please inform them that as a result of the escalated hostility, I will be on FMLA leave until further notice. The

**Via Email to ryan@mxt3.com and Federal Express**
Ryan Dillon-Capps
1334 Maple Avenue
Essex, MD 21221

July 30, 2024

Dear Ryan:

This letter is to notify you that your employment with Ohana Growth Partners (the "Company")
is being terminated effective immediately.

Attached is a copy of the Employment and Non-Disclosure Agreement that you signed on
January 8, 2020 (the "Agreement"). Please be certain that you carefully review and fully comply
with each and every obligation set forth in the Agreement, including but not limited to the
provisions regarding:

- Non-solicitation (Section 4)
- Agreement to Not Disclose Confidential Information and Trade Secrets (Section 5)
- Work Product (Section 6)
- Non-Disparagement (Section 7)

You have property belonging to (1) the Company or any affiliate, entity, or person associated
with the Company, or (2) investors in the Company, or (3) Brick Bodies Fitness Services, Inc.
("BBFSI") or any affiliate, entity, or person associated with BBSFI (collectively, the
"Companies.") . This letter demands that you immediately return of all property belonging to the
Companies. This includes, but is not limited to the following:

- All electronic and hard copies of any documents or information.
- All email or other electronic records downloaded, transferred, or otherwise obtained
directly or indirectly from the Companies.
- All devices belonging to or provided by, on behalf of, or through the Companies, directly
or indirectly:

    o Dell Latitude 3520
        ▪ Device Name: 2023-BRN91B3
        ▪ Device Serial Number: BRN91B3
    o Dell Latitude 3520
        ▪ Device Name: DESKTOP-F2FLT9M
        ▪ Device Serial Number: DLZ9S93
    o Dell Latitude 7730
        ▪ Device Name: 2023-FBTY1Z2
        ▪ Device Serial Number: FBTY1Z2
    o Microsoft Surface Pro

> This looks like a list from intune. These are the devices that were setup by the Plaintiff.
>
> This isn't a reliable resource for determining who was assigned the asset.

- ▪ Device Name: PFMD-SURFACE-04
- ▪ Device Serial Number: 005300684253
- ○ Microsoft Surface Laptop 5
  - ▪ Device Name: 2023-FK10MIU
  - ▪ Device Serial Number: 0F00WRJ23263FB
- ○ Mobile Device
  - ▪ Phone number: +1 703-303-1113

Please contact me immediately to arrange for the return of all of these items.

The Company expects strict compliance with these and all other pertinent provisions of the Agreement. The Company will seek injunctive relief and full attorneys' fees, costs, and expenses, including but not limited to those expressly provided in Sections 9 and 10 of the Agreement if you fail to strictly comply with your obligations under the Agreement.

Sincerely,

Rich Hartman
Vice President of People and Culture

August 2, 2024    Days After RDC

Darren Koritzka
1737 Eastern Boulevard
Essex, Maryland 21221

I regret to inform you that your position as IT Coordinator is being eliminated, effective today, August 2, 2024. The elimination of your position is the result of a department review and subsequent restructuring.

We understand that this news is difficult, and we are committed to providing some support. To assist you, we are offering the following:

1. **Severance Package**: You will receive a severance package that includes three weeks of severance pay according to your tenure with the company (one week for every year). We request that you carefully review the severance agreement and consider its terms. You have seven (7) days from the date of this letter **(August 9, 2024)** to decide whether you accept the terms and sign the agreement and return it to us. We encourage you to seek legal advice before making your decision.

2. **Benefits Continuation**: Your health insurance and other benefits will continue through August 31, 2024, and you will have the option to extend coverage under COBRA.

3. **Unemployment Assistance**: You may be eligible for unemployment benefits. We encourage you to contact your local unemployment office for more information.

Attached is a copy of the Employment and Non-Disclosure Agreement that you signed on July 21, 2021 (the "Agreement"). Please be certain that you carefully review and fully comply with each and every obligation set forth in the Agreement, including but not limited to the provisions regarding:

- Non-solicitation (Section 4)
- Agreement to Not Disclose Confidential Information and Trade Secrets (Section 5)
- Work Product (Section 6)
- Non-Disparagement (Section 7)

As part of the termination process, you are required to return all company property in your possession by **August 9, 2024**. This includes, but is not limited to, your company laptop, access fobs, keys, files (both physical and electronic), and any other equipment or materials issued to you during your employment.

Please contact me if you have any questions about your severance package and/or to address any questions or concerns you may have. You can reach me by phone at 410-252-8058 x114 or by email at rich.hartman@ohanagp.com.

EXHIBIT  100

On behalf of Ohana Growth Partners, I want to thank you for your service during your time with us. We wish you the very best in your future endeavors.

Sincerely,

Rich Hartman
Vice President of People & Culture

56

1    you right now, that the Court disagrees.

2              The Court has jurisdiction over the

3    State court claims.  The case hasn't, I'm not sure

4    that the -- it's not brought under federal law.

5              MR. DILLON-CAPPS:  Okay.

6              THE COURT:  So even if -- even if there

7    were -- hold on.  Even if there were federal

8    defenses, I'm not sure the case is removable 'cause

9    it doesn't -- the complaint doesn't, on its face

10   state any federal claim, it hasn't been removed to

11   federal court.

12             The Court has jurisdiction over the

13   claim, so that's not an argument, I'm just telling

14   you right now.

15             Erm, and I haven't heard, as far as any

16   family law leave issue, if you contend that they're

17   violating the law, and I'm not sure I even need to

18   hear about that, but if they did, then if you have a

19   federal claim, assuming they're violating the law,

20   I'm making no such finding, fine, you can pursue that

21   claim either administratively or -- or by law.

22             You can go down to federal court and

23   file a -- a, if there is such a private cause of

24   action for violation of the FLMA (sic), you can do

25   that, that's not a defense to the, uh, claims here,