IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RYAN DILLON-CAPPS<br><br>*Plaintiff,*<br>vs.<br><br>OHANA GROWTH PARTNERS, LLC *et al*<br><br>*Defendants* | Civil Action<br><br>No. **1:24-CV-3744**<br><br>Hon. **Judge Hurson** |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**COMES NOW**, Plaintiff **Ryan Dillon-Capps**, *Propria Persona*, and submits this Memorandum of Law in support of his **Emergency Motion for a Temporary Restraining Order and Preliminary Injunction**, pursuant to **Rule 65 of the Federal Rules of Civil Procedure**.

## I INTRODUCTION

1    Plaintiff seeks an Emergency Temporary Restraining Order ("TRO") and Preliminary Injunction to prevent immediate and irreparable harm caused by Defendants' wrongful termination, unpaid wages, and retaliatory actions. Due to Defendants' conduct:

  1.    **Plaintiff has no income, no available credit, and is unable to pay for food, rent, or medical expenses.**

  2.    **Plaintiff's credit score has collapsed from 746 (Equifax) in June 2024 to 389 as of February 6, 2025, making it impossible to secure financial assistance (ECF 16-7, at 132-198).**

  3.    **Plaintiff has lost essential medical benefits, endangering his health.**

2	Without immediate relief, Plaintiff will **suffer irreparable harm**, including **loss of essential resources, worsening health conditions, and financial collapse** that cannot be remedied by future monetary damages alone.

3	Plaintiff satisfies all legal requirements for emergency injunctive relief under **Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7 (2008)**.

4	Accordingly, Plaintiff respectfully requests that this Court issue a **Temporary Restraining Order and Preliminary Injunction**:

    1. Reinstating Plaintiff to active payroll at the post-2024 raise salary level;

    2. Restoring all employment benefits, including insurance and 401(k) contributions;

    3. Providing back pay and stopping further financial harm.

## II  LEGAL STANDARD FOR INJUNCTIVE RELIEF

5	A **TRO or Preliminary Injunction** is an **extraordinary remedy** requiring the Plaintiff to demonstrate:

    1.	A likelihood of success on the merits;

    2.	Irreparable harm in the absence of relief;

    3.	That the balance of hardships favors Plaintiff; and

    4.	That an injunction serves the public interest. (*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

6	Plaintiff meets **all four elements**, justifying immediate injunctive relief.

7	Additionally, under **Rule 65(b) of the Federal Rules of Civil Procedure**, a TRO may be granted without notice if the moving party demonstrates **immediate and irreparable harm** before the adverse party can be heard.

### III   PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

#### A   Defendants Violated the Family and Medical Leave Act (FMLA)

8   Under **29 U.S.C. § 2615(a)(1)**, it is unlawful for an employer to **interfere with, restrain, or deny** an employee's FMLA rights.

    1.   Plaintiff **lawfully requested FMLA leave** but was **wrongfully suspended and terminated in retaliation** for exercising his rights.

    2.   Defendants **used coercive legal tactics to weaponize the legal process** and prevented Plaintiff from enforcing his FMLA rights, including **wrongful legal actions and financial retaliation**.

    3.   **Courts regularly grant injunctive relief in FMLA retaliation cases.** See *Vannoy v. Fed. Reserve Bank of Richmond*, 827 F.3d 296, 304 (4th Cir. 2016) (**termination after an FMLA request is strong evidence of retaliation**).

    4.   Courts have held that **FMLA retaliation claims warrant injunctive relief** where employees suffer **lost wages and irreparable harm** (*See Batson v. Live Nation Entertainment, Inc.*, 746 F.3d 827 (7th Cir. 2014)).

9   Thus, Plaintiff is likely to prevail on his **FMLA interference and retaliation claims**.

#### B   Defendants Violated the Americans with Disabilities Act (ADA)

10   Under **42 U.S.C. § 12112(b)(5)(A)**, employers must provide **reasonable accommodations** for employees with disabilities and cannot terminate an employee due to their medical condition.

    1.   Plaintiff suffered from **severe medical** impairments, but was denied accommodations, suspended without pay, and then terminated by the Defendants.

Defendants' actions **exacerbated Plaintiff's condition, causing further harm.** Plaintiff now suffers from **malignant catatonia and dissociative amnesia**. See ECF 7-1, at 1-9.

2. Federal courts have found **ADA violations sufficient grounds for injunctive relief**, particularly where the employer's actions **exacerbate an employee's medical condition** (*See EEOC v. GMRI, Inc.*, 221 F. Supp. 3d 1314 (M.D. Fla. 2016)). (ADA violations warrant emergency injunctive relief).

11  Thus, Plaintiff is likely to prevail on his **ADA discrimination and failure-to-accommodate claims**.

### C  Plaintiff Was Wrongfully Terminated and Denied Earned Compensation

1. **Plaintiff is owed unpaid wages, bonuses, and severance**.

2. Federal courts regularly **order preliminary injunctive relief** when an employer's **wrongful termination causes financial ruin** (*See Ferrero v. Assoc. Materials Inc.*, 923 F.2d 1441 (11th Cir. 1991)).

3. Under **Md. Code, Lab. & Empl. § 3-507.2(b)**, an employer who **willfully withholds wages** may be liable for **up to three times the unpaid amount**.

    3.1 Plaintiff is owed **at least $127,003.44 in unpaid wages and benefits (ECF 16-2, at 183-184)**.

    3.2 Defendants' **bad-faith refusal to pay justifies treble damages**.

4. **Maryland courts allow injunctive relief in wage cases.** See *Adams v. Citicorp Credit Servs., Inc.*, 93 F. App'x 515, 517 (4th Cir. 2004) (**withholding wages in bad faith justifies treble damages**).

12  Thus, Plaintiff is likely to prevail on **wrongful termination and unpaid wages claims**.

## IV  PLAINTIFF WILL SUFFER IRREPARABLE HARM WITHOUT RELIEF

13  Plaintiff **has no financial resources left**, and his situation **cannot wait for a final ruling**:

1. **TransUnion credit score has dropped to 389** as of February 6, 2025.
2. **Chase credit card account closed, and Venmo credit reduced by two-thirds**.
3. Bank of America account overdrawn and facing closure.
4. Unable to pay for essential services, food, or transportation.

14  Plaintiff has suffered **severe financial collapse**, meeting the **irreparable harm standard**:

1. **Financial ruin justifies emergency injunctive relief.** Courts recognize that **extreme financial distress constitutes irreparable harm**. (*Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932 (1975)).
2. **Loss of medical benefits constitutes irreparable harm.** Courts have found that **losing healthcare access causes irreparable harm**. (*Harris v. Blue Cross Blue Shield of Mo.*, 995 F.2d 877, 879 (8th Cir. 1993)).
3. **Delay would cause irreversible harm.** Waiting for final judgment would **destroy Plaintiff's financial stability**, making later relief **meaningless**. (*Holt v. Cont'l Grp., Inc.*, 708 F.2d 87, 90-91 (2d Cir. 1983)).

## V  THE BALANCE OF HARDSHIPS FAVORS PLAINTIFF

1. **Defendants face no hardship** in complying with the injunction, as they are merely being required to **pay wages and benefits that are already owed**.
2. **Plaintiff, on the other hand, faces total financial ruin and worsening medical conditions**.

3.  Courts have repeatedly ruled that **financial ruin and medical crises outweigh any inconvenience to an employer** (See *EEOC v. Anchor Hocking Corp.*, 666 F.2d 1037 (6th Cir. 1981)).

4.  Thus, the **balance of hardships overwhelmingly favors Plaintiff**. Courts have held that when the hardship on the plaintiff outweighs any inconvenience to the defendant, injunctive relief is appropriate. **Courts prioritize employee hardship over employer inconvenience.** See *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189, 196 (4th Cir. 1977). (holding that balance of hardships is the 'most important factor' in granting preliminary injunctive relief).

## VI   THE INJUNCTION SERVES THE PUBLIC INTEREST

1.  FMLA and ADA laws exist to prevent employer retaliation and ensure employees have access to wages, medical leave, and workplace protections.

2.  **Denying relief would encourage corporate misconduct**, setting a dangerous precedent that allows employers to **weaponize financial instability against former employees**.

15  Courts recognize that enforcing labor protections **is in the public interest.** *See Pashby v. Delia*, 709 F.3d 307 (4th Cir. 2013).

## VII   CONCLUSION

16  Plaintiff has met all legal criteria for emergency injunctive relief and faces **imminent, irreparable harm** if relief is not granted. Plaintiff has demonstrated:

✓ **A strong likelihood of success** on FMLA, ADA, and wage claims.

✓ **Immediate and irreparable harm** absent relief.

✓ **That the balance of hardships strongly favors Plaintiff.**

✓ **That granting relief serves the public interest.**

17    Accordingly, Plaintiff respectfully requests this Court to issue a **Temporary Restraining Order and Preliminary Injunction** as detailed in his accompanying motion.

RESPECTFULLY SUBMITTED

February 6, 2025

/s/ Ryan Dillon-Capps
Ryan Dillon-Capps

1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com
703-303-1113