IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RYAN DILLON-CAPPS, | * |
| Plaintiff, | * |
| v. | * |
| | *   Civil No. 24-3744-BAH |
| OHANA GROWTH PARTNERS, LLC, ET AL., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is a motion for a temporary restraining order ("TRO") and preliminary injunction, ECF 25 (the "motion"), filed by Plaintiff Ryan Dillon-Capps ("Plaintiff"). While Plaintiff requests a hearing, the Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, Plaintiff's motion is DENIED.

The Court has previously denied a motion for a TRO filed by Plaintiff, finding that Plaintiff had not provided the procedural prerequisites necessary for the Court to issue an ex parte TRO. *See* ECF 18, at 19–20. As explained in that memorandum and order, TROs, as well as preliminary injunctions, are governed by Federal Rule of Civil Procedure 65. "The purpose of a TRO is to 'preserve the status quo only until a preliminary injunction hearing can be held.'" *ClearOne Advantage, LLC v. Kersen*, 710 F. Supp. 3d 425, 431 (D. Md. 2024) (quoting *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999)). Preliminary injunctions and TROs are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). They are not "awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.,* 555

U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, at 689–90 (2008)).  To succeed on a motion for a preliminary injunction or TRO, a movant "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (alteration in original) (citing *Winter,* 555 U.S. at 20).

Further, Plaintiff appears to seek a preliminary injunction altering the status quo.  *See* ECF 25, at 10–12 (seeking reinstatement to payroll and benefits, as well as damages).  While it is not entirely clear to the Court when Plaintiff was terminated, *compare* ECF 25, at 11 (measuring back pay from June 13, 2024)*, with* ECF 24, at 35 ¶ 80 (explaining that Plaintiff was terminated on July 30, 2024), it is clear that Plaintiff has not been employed by Ohana Growth Partners, LLC, for at least six months, so the injunction requested here would necessarily alter the status quo.  "[M]andatory injunctions alter the status quo . . . ."  *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014)).  "Mandatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances."  *Taylor v. Freeman*, 34 F.3d 266, 270 n.2 (4th Cir. 1994).

Plaintiff asserts that they will succeed on their retaliation claim brought under the Family and Medical Leave Act ("FMLA"), their failure to accommodate claim brought under the Americans with Disabilities Act ("ADA"), and their claim for wages owed under Maryland's Wage Payment and Collection Law ("MWPCL").  ECF 25, at 4.  Plaintiff further asserts that the financial difficulties they are now facing constitute irreparable harm, ECF 25, at 5–7, that the balance of equities weigh in Plaintiff's favor, *id.* at 7, and that the injunction is in the public interest,  *id.*

Plaintiff seeks "[i]mmediate[] reinstate[ment of] Plaintiff to active payroll at the post-2024 raise salary level, including full salary payments beginning from the date of this Court's order and continuing until this matter is resolved," ECF 25, at 10; "back pay from the date of termination through the present, including wages, bonuses, and reimbursements, to be paid in full within **[3] business days** of this Court's order,"[1] *id.* at 11 (emphasis in original); "[s]tatutory damages," *id.* at 12; "[r]estor[ation of] all of Plaintiff's insurance policies," *id.*; and "[r]einstate[ment of] all employment benefits," *id.*; and that the Court order the defendants to "[c]ease all coercive legal and financial actions, including any further interference with Plaintiff's wages, credit, or financial stability, until this matter is fully litigated," *id.*, and to "preserve all evidence," *id.* at 14.

While the Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this leniency has its limits. "A court may not construct the plaintiff's legal arguments for [the plaintiff], nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, No. CIVA 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd,* 368 F. App'x 361 (4th Cir. 2010)).

The Court finds that Plaintiff has not demonstrated likelihood of success on the merits of their FMLA, ADA, or MWPCL claims. Plaintiff argues that they are likely to succeed on the merits of their claims because "Plaintiff presents overwhelming evidence that he[2] was . . .

---

[1] As noted above, Plaintiff appears to measure back pay from June 13, 2024, *see* ECF 25, at 11, even though an affidavit submitted separately notes that Plaintiff was terminated on July 30, 2024, *see* ECF 24, at 35 ¶ 80.

[2] Plaintiff appears to use both "he" and "they" pronouns in the motion. *See generally* ECF 25. Because the Court initially referred to Plaintiff with "they" pronouns, *see* ECF 18, it will continue to do so here.

[r]etaliated against for exercising FMLA rights," "[w]rongfully denied reasonable accommodations under the ADA," and is "[o]wed wages under [the MWPCL]." ECF 25, at 4. Without tying any factual allegations to the elements of these claims, Plaintiff then asserts that "[t]hese claims substantiate Plaintiff's likelihood of success on the merits and justify injunctive relief." *Id.* Such a conclusory argument, even affording Plaintiff liberal construction, falls well below what is necessary to warrant the extraordinary remedy of a TRO or preliminary injunction, especially a mandatory one.

Further, while Plaintiff has certainly detailed financial hardship, Plaintiff has not demonstrated irreparable harm. Black's Law Dictionary defines "irreparable harm" (or "irreparable injury") as "[a]n injury that cannot be adequately measured or compensated by money and is therefore often considered remediable by injunction." *Irreparable Injury*, Black's Law Dictionary (12th ed. 2024).[3] While Plaintiff frames their request for a TRO and preliminary injunction as a request for injunctive relief, what they really seek is plainly an award of monetary damages prior to a judgment, prior to any defendants having responded to the complaint, and prior to any defendants having been served with process. *See* ECF 25, at 10–14.

Neither a temporary restraining order nor a preliminary injunction are appropriate in such circumstances as here, where there is an adequate legal remedy for the causes of action alleged, i.e., an award of damages, even if that award were to come much later in time. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) (explaining that a statutory right to back pay "affords monetary relief which will prevent the loss of earnings on a periodic basis from being 'irreparable injury' in this type of case"); *id.* at 88 (reiterating that the Supreme Court "has stated that '(t)he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal

---

[3] Black's Law Dictionary explicitly equates "irreparable harm" with "irreparable injury."

remedies' . . . ." (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506–507 (1959))); *id.* at 90 ("[I]t seems clear that the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury.").[4]

Because Plaintiff has not likelihood of success on the merits or irreparable harm, no preliminary injunction or TRO is warranted, and the Court need not determine whether Plaintiff has met the other two factors.[5] For the reasons stated herein, it is this 12th day of February, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that Plaintiff's motion for a TRO and preliminary injunction, ECF 25, is DENIED.

_____/s/_____
Brendan A. Hurson
United States District Judge

---

[4] Plaintiff does not appear to seek reinstatement of their job, only their pay and benefits. *See generally* ECF 25. Even if Plaintiff did seek reinstatement of their job, *Sampson*'s reasoning still applies. *See Ferrell v. Durham Tech. Inst.*, 569 F. Supp. 16, 20 (M.D.N.C. 1983) ("The losses [the plaintiff] claims she will suffer are factors common to all discharge cases which the Supreme Court has specifically ruled cannot form the basis of preliminary injunctive relief.").

[5] Failure to establish just one of these factors dooms a motion for a TRO or preliminary injunction. *See Mountain Valley Pipeline, LLC v. 6.56 Acres of Land, Owned by Sandra Townes Powell*, 915 F.3d 197, 215 n.7 (4th Cir. 2019) (noting that *Winter* "requires a party seeking preliminary relief to satisfy all four prongs of the preliminary-injunction standard, and does not employ a sliding scale" (citing *Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013); *Winter*, 555 U.S. at 20)).