# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

| | |
|---|---|
| RYAN DILLON-CAPPS<br><br>*Plaintiff-Appellant,*<br>vs.<br><br>OHANA GROWTH PARTNERS, LLC *et al*<br><br>*Defendants-Appellees.* | No. **25-1162**<br><br><br>On Appeal from the U.S. District Court<br>Northern District of Maryland<br>No. 1:24-CV-3744 |

## MOTION OF APPELLANT FOR COURT APPOINTED REPRESENTATION AND INFORMAL BRIEF EXTENSION

## Table of Contents

Motion of Appellant For Court Appointed Representation and Informal Brief Extension...1
Table of Contents ................................................................................................................1
Table of Authorities ............................................................................................................1
Introduction ........................................................................................................................2
Whisenant Test ...................................................................................................................2
Argument ............................................................................................................................3
    THE DISTRICT COURT FAILED TO APPLY THE WHISENANT TEST ...........................3
    MANDATORY REVERSIBLE ERROR REQUIRING REMAND .........................................4
    UNDISPUTED ADMISSIONS: FMLA INTERFERENCE, FMLA RETALIATION, ADA ACCOMMODATIONS, ADA RETALIATION ...............................................................6
    DISTRICT COURT'S FACTUAL & LEGAL ERRORS REQUIRE REVERSAL ....................9
    ALL CLAIMS WOULD HAVE TO BE FOUND LACKING MERIT ...............................11
    SUMMARY ..............................................................................................................12
Prayer for Relief ...............................................................................................................14
Respectfully Submitted ....................................................................................................14

## TABLE OF AUTHORITIES

### Cases

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ------------------------------------------ 9

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) ------------------------------- 9
Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)----------------------------------- 9
Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-92 (2005) --- 11
Jenkins v. Woodard, 74 F.4th 123, 132 (4th Cir. 2024) ----------------------- 3, 4
Johnson v. Pomeroy, 899 F.3d 368, 374 (4th Cir. 2018) ------------------------------ 4
Johnson v. United States, 576 U.S. 591, 606 (2015)------------------------------------ 5
Salley v. Myers, 971 F.3d 308, 312 (4th Cir. 2020) ------------------------------------ 4
United States v. Blue, 869 F.3d 309, 315 (4th Cir. 2017)------------------------------ 4
*Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) ------------------------------ 2, 3

Statutes
28 U.S.C. § 1915(e)(1)---------------------------------------------------------------- 2, 4
4th Cir. R. 31(c) ------------------------------------------------------------------------- 2

## INTRODUCTION

1      Pursuant to 28 U.S.C. § 1915(e)(1), Ryan Dillon-Capps, Plaintiff-Appellant, respectfully moves this Court to appoint counsel in this matter. The District Court erred by failing to apply the proper legal standard under Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), when it denied Ryan Dillon-Capps's request for appointed counsel; constituting an abuse of discretion.

2      Under 4th Cir. R. 31(c), this court only grants briefing extensions when extraordinary circumstances exist, and *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) puts forth the test to determine if extraordinary circumstances exist for court appointed representation.

## WHISENANT TEST

This court uses the two-part Whisenant Test in determining whether the case presents exceptional circumstances. (1) Whether the plaintiff "has a colorable

claim", and (2) Considering the claim's objective complexity and the plaintiff's subjective abilities whether the plaintiff "lacks the capacity to present it". If both questions are answered affirmatively, the case presents exceptional circumstances.

In Jenkins v. Woodard, 74 F.4th 123, 132 (4th Cir. 2024) (citing Whisenant v. Yuam, 739 F.2d 160, 162 (4th Cir. 1984), *abrogated on other grounds by* Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296 (1989) (per curiam)), this court defines a colorable claim as one that is not frivolous, and applied various criteria, including limitations in legal training, knowledge, and external factors that may impact the case. The Whisenant Test only requires the court to find a singular colorable claim that meets both factors of the test.

## **ARGUMENT**

### The District Court Failed to Apply the Whisenant Test

The District Court's order, in relevant part, states only:

> *"Motion to Proceed in Forma Pauperis with Limited Attorney Designation (ECF 2). The motion to proceed in forma pauperis, to the extent it seeks to proceed without prepayment of the filing fee, will be granted. The Court declines to designate Plaintiff a 'limited attorney.' First, [the] meaning of this designation is not clear. Second, under this Court's Local Rules, except in limited circumstances not applicable here, 'only members of the Bar of this Court may appear as counsel in civil cases.' Loc. R. 101.1(a)."* See District ECF 18-0, at 2.

This brief ruling makes no reference to **Whisenant v. Yuam**, 739 F.2d 160 (4th Cir. 1984), nor to the applicable two-part test for appointing counsel in civil IFP proceedings. Nor does it address the availability of counsel under **28 U.S.C. §**

3

**1915(e)(1)**. Instead, it merely grants IFP status (waiving fees) and rejects the so-called "limited attorney designation" for reasons that do not engage the **Whisenant** inquiry. Specifically, there is no discussion regarding whether: (1) Ryan Dillon-Capps claims are colorable, or (2) Ryan Dillon-Capps has the capacity to present them pro se, given their complexity and Appellant's own limitations.

By omitting any analysis of these essential factors, the District Court never reached the core of Appellant's request for appointed counsel—an omission that constitutes legal error under **Whisenant**.

## MANDATORY REVERSIBLE ERROR REQUIRING REMAND

The Fourth Circuit has long held that failing to apply the correct legal standard is an abuse of discretion requiring reversal. See Jenkins v. Woodard, 74 F.4th 123, 132 (4th Cir. 2024) (reversing where the District Court failed to apply Whisenant); Johnson v. Pomeroy, 899 F.3d 368, 374 (4th Cir. 2018) (holding that failure to apply the governing legal framework constitutes an abuse of discretion); Salley v. Myers, 971 F.3d 308, 312 (4th Cir. 2020) (reversing where the District Court failed to engage in the necessary analysis).

The Supreme Court has likewise held that failure to apply controlling precedent is not a discretionary oversight—it is a legal error requiring reversal. See United States v. Blue, 869 F.3d 309, 315 (4th Cir. 2017) ("Failure to apply the proper legal standard is an error of law requiring reversal."); Johnson v. United

States, 576 U.S. 591, 606 (2015) ("Failure to apply the correct legal framework constitutes reversible error.").

Here, as the Fourth Circuit reiterated in Jenkins, the District Court failed to reference—let alone apply—the Whisenant criteria, depriving itself of the necessary legal framework to determine whether Appellant merited appointed counsel. The cursory order contains no fact-finding or legal reasoning on either prong. Consequently, there is nothing for this Court to review on those points, underscoring the District Court's abuse of discretion and warranting a remand for proper consideration under Whisenant—or the direct appointment of counsel by this Court.

Accordingly, because the District Court failed to apply the governing standard, this Court should either (1) appoint counsel at the appellate level and direct that representation continue in the District Court or (2) reverse and remand with instructions for the District Court to issue summonses, direct the U.S. Marshal to effect personal service pursuant to Plaintiff's IFP status, and conduct an evidentiary hearing on all claims and sub-claims. These steps are necessary to ensure that the disabled, pro se Plaintiff-Appellant is not required to proceed against judges and attorneys accused of perjury, fraud upon the court, tampering with official records, witness tampering, forgery of an affidavit, and related misconduct—without the benefit of legal representation.

5

The procedural and substantive complexities of this case, spanning multiple federal statutes and significant due process concerns, require proper adjudication under the correct legal standard. The District Court's failure to apply Whisenant deprived Dillon-Capps of that safeguard, imposing an undue burden on a litigant facing overwhelming legal, medical, and financial challenges. This Court must remedy that error by either appointing counsel immediately or remanding with instructions for the District Court to conduct the proper legal analysis before requiring Dillon-Capps to litigate without representation.

### UNDISPUTED ADMISSIONS: FMLA INTERFERENCE, FMLA RETALIATION, ADA ACCOMMODATIONS, ADA RETALIATION

These claims do not depend on factual disputes—they are based on the employer's own admissions of liability. Ohana Growth Partners admits it violated Ryan Dillon-Capps FMLA, forced him to work, and provided a justification that has since been proven as intentionally false and misleading (See District ECF 16-0, at 159). Ohana Growth Partners admits that restoring Dillon-Capps to his position would cause no harm (District ECF 16-3, at 4-7). Ohana Growth Partners admits his ADA-covered disability required reasonable accommodations, and ADA eligibility for reasonable accommodations is supported by two health care

providers (See District ECF 16-3, at 18-22).[1] Yet, despite these admissions, Ohana Growth Partners refused to comply with federal law. Rather than accommodate Dillon-Capps' leave, they unlawfully compelled him to work, engaged in targeted retaliation, stripped him of his role, and ultimately terminated him—while he still had six weeks of unused FMLA leave (District ECF 16-0, at 123-124, 142-143). Dillon-Capps' income in 2024 was below the high-income threshold, reinforcing his eligibility for relief under federal employment laws.

At a hearing on June 26, 2024, Judge Michael S. Barranco of the Circuit Court of Baltimore County declined to make any findings on the merits of Dillon-Capps' claims and remanded the plaintiff-appellant to federal court (See District ECF 16-0, at 160) The employer has no legal merit and has never had legal merit. After the court remanded Ryan Dillon-Capps to federal court, Dillon-Capps applied the unclean hands doctrine as a defense to the equitable injunctive relief which barred the lawsuit that was filed as injunctive relief. The lawsuit

---

[1] Taking FMLA leave for a condition that also qualifies as a disability under the ADA is itself a form of reasonable accommodation. An employer's obligations under the FMLA and ADA can overlap, and denying or interfering with FMLA leave in such cases may also constitute a failure to accommodate under the ADA. See *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 781 (6th Cir. 1998) (holding that medical leave can be a reasonable accommodation under the ADA).

evidence shows that named legal professionals engaged in court record tampering, which necessarily implies collusion between the law firm and select judges.

Evidence of Insurance Fraud that is substantial enough for a criminal investigation, but seemingly white noise among thousands of pages of exhibits that are necessary to support such a broad spectrum of complex bodies of law and circumstances which are by their own definition exceptionally complex.

The actions of Ohana Growth Partners, LLC have driven Dillon-Capps into complete financial and professional ruin. He faces default, account closures, vehicle repossession, impending foreclosure, and termination of essential utilities, phone, internet, and email services—all substantiated by documentary evidence. See Appeal ECF 4-2, at 37-42. District ECF 7-2. District ECF 34-0, at 45-56.

In addition, the employer's misconduct has directly triggered a medical emergency that prevents him from pursuing similar work, as confirmed by an expert eyewitness affidavit. See Appeal ECF 4-2, at 33-37. District ECF 7-1. District ECF 34-0, at 30-45.

Meanwhile, Ohana Growth Partners, LLC is opening new clubs.

This is not just a colorable claim; it's an indisputable one. Yet, somehow, the District Court saw no urgency, no merit, no harm, and no reason to restore the status quo. It denied an Emergency Motion for a Temporary Restraining Order and

Preliminary Injunction without a hearing, citing a lack of likelihood of success on the merits—despite the employer's own admissions of liability.

The District Court's ruling is legally indefensible because it directly contradicts controlling Supreme Court precedent, which prohibits dismissing claims where factual allegations are uncontested. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) ('A court may not disregard uncontested factual allegations that establish a plausible claim.'). Similarly, in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court held that a claim must be dismissed only if it is 'facially implausible.' Here, the employer's own admissions remove any basis for a plausibility challenge, making the claims not only plausible but legally valid as a matter of law. The District Court's conclusion is thus not merely incorrect but an express violation of Supreme Court precedent and a failure to adhere to binding legal standards.

## DISTRICT COURT'S FACTUAL & LEGAL ERRORS REQUIRE REVERSAL

The District Court improperly equated Dillon-Capps' life-threatening, career-ending financial devastation with the routine consequences of job loss. This ruling ignored uncontested evidence that Dillon-Capps' financial collapse—including the complete dissolution of MXT3 LLC, credit default, vehicle repossession, and impending foreclosure—was directly caused by Ohana Growth

Partners' unlawful actions. The District Court's reasoning contradicts the principle that courts must consider the full scope of harm when evaluating injunctive relief.

The District Court cited a paragraph confirming Dillon-Capps' multi-year employment history but then inexplicably concluded that he had worked for Ohana Growth Partners, LLC for less than six months. This directly contradicts the very evidence the court relied upon. Based on this misreading, the court wrongly held that reinstating Dillon-Capps would not restore the status quo—an assertion flatly refuted by the record. This fundamental misinterpretation of the evidence further underscores the need for appointed counsel to ensure that factual and legal errors of this magnitude do not persist on appeal.

Further exacerbating the harm, this Court has left a similar motion for injunctive pending appeal since February 24, 2025—now over two weeks without action. See Appeal ECF 4-1. Each day of delay deepens Dillon-Capps' financial devastation and increases the irreparable harm he faces. The urgency of this case demands immediate intervention.

The District Court's application of the Rooker-Feldman doctrine was not just incorrect—it was premised on a fundamental misidentification of the parties. The court wrongly classified Dillon-Capps as the losing state-court defendant when, in reality, the employer's case was dismissed, and Dillon-Capps' claims were remanded to federal court without adjudication. Rooker-Feldman applies only

when a federal plaintiff seeks to overturn a final state-court judgment. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-92 (2005). No such judgment exists here, rendering the District Court's reasoning entirely inapplicable.

The District Court's misapplication of this doctrine is yet another instance of its failure to engage in the correct legal analysis, further justifying reversal and appointment of counsel.

This case exemplifies why Whisenant requires appointed counsel. The District Court's factual misinterpretations, legal errors, and procedural delays all confirm that Dillon-Capps cannot adequately litigate this case without representation. The Court must intervene now to prevent further injustice

## ALL CLAIMS WOULD HAVE TO BE FOUND LACKING MERIT

To deny appointed counsel, this Court would need to conclude that all 170+ claims lack merit. Not some of them. Not most of them. All of them. That includes claims under FMLA, ADA, civil rights statutes, RICO, and consumer protection laws, spanning multiple bodies of federal and state law—each with distinct legal standards, evidentiary burdens, and procedural frameworks.

The District Court did not undertake this analysis. Instead, it failed to apply the Whisenant test altogether and dismissed the request for counsel without engaging in the legal framework that governs such decisions. That omission alone warrants reversal.

Even if some claims were deemed weak, Whisenant does not require a litigant to prevail on every claim—only that at least one colorable claim exists, and that the plaintiff lacks the capacity to litigate it. Here, employer admissions, documentary evidence, and procedural missteps by the District Court all establish a strong likelihood that multiple claims are viable. At a minimum, there is no legitimate basis to conclude that every claim is nonviable.

This Court is thus left with two options: either engage in a full merit's determination of all 170+ claims itself or acknowledge that at least some of them warrant further litigation—litigation that a disabled, pro se litigant cannot reasonably handle alone. If the Court chooses the latter, Whisenant mandates the appointment of counsel.

## SUMMARY

The District Court committed clear legal error by failing to apply the Whisenant test, which governs the appointment of counsel in in forma pauperis proceedings. Instead of analyzing whether Dillon-Capps' claims were colorable and whether he lacked the capacity to present them, the District Court ignored the standard entirely. This alone constitutes an abuse of discretion requiring reversal.

Beyond this procedural failure, the substance of the case makes the need for counsel undeniable. Ohana Growth Partners admits to violating FMLA, admits Dillon-Capps' ADA-covered disability required reasonable accommodations, and

admits that reinstating him would cause no harm—yet he was still suspended without pay, terminated, and unable to petition the court to restore the status quo successfully. The employer's own admissions eliminate any real factual dispute, leaving only procedural stalling and legal maneuvering as their defense. Meanwhile, Dillon-Capps has suffered catastrophic financial and medical harm—harm that is not merely expected employment consequences but the result of direct retaliation, interference, and other violations under federal and state law.

Even beyond these specific employment violations, the case involves exceptionally complex legal issues, spanning FMLA, ADA, civil rights violations, RICO, and consumer protection laws. These claims are legally and factually interwoven, requiring a level of procedural expertise that a pro se litigant—especially one facing financial ruin and medical crises—cannot reasonably manage alone.

To deny appointed counsel, this Court would need to find that all 170+ claims lack merit—a position unsupported by the record, employer admissions, or the governing legal standards. Whisenant does not require all claims to be strong—only one colorable claim, plus incapacity to litigate it, is enough. By any reasonable measure, that threshold is easily met here.

For these reasons, Dillon-Capps respectfully requests that this Court reverse the District Court's denial of counsel and appoint representation for both this appeal and the proceedings below.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiff-Appellant Ryan Dillon-Capps respectfully requests that this Court:

1. Appoint counsel to represent Plaintiff-Appellant in this appeal and all further proceedings, ensuring that the legal and factual complexities of the case are properly adjudicated in accordance with *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), and the interests of justice; and

2. Grant a 30-day extension of time, or more if this Court determines more is necessary, to file Plaintiff-Appellant's Informal Brief, moving the deadline from March 17, 2025, to April 16, 2025, to ensure adequate preparation and meaningful appellate review.

## **RESPECTFULLY SUBMITTED**

**March 13, 2025**

/s/ Ryan Dillon-Capps
**Ryan Dillon-Capps**

1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com
703-303-1113