ryan@mxt3.com

| | |
|---|---|
| **From:** | Ryan Wagner <ryan@mxt3.com> |
| **Sent:** | Tuesday, June 18, 2024 5:30 PM |
| **To:** | Brennen, Robert S. |
| **Subject:** | Re: [EXTERNAL] Notification of Service for Case: C-03-CV-24-002264, Ohana Growth Partners, LLC vs. Ryan Dillon-Capps for filing Writ/Summons/Pleading – Electronic Service, Envelope Number: 16870699 |

I am writing to confirm that the share link to the encrypted envelope and file should have been received. The password has been texted to you separately for security purposes.

In my haste, I did not request a copy of my submission from the clerk. It was signed, and today's chamber judge was named. Due to the urgency of the situation, I was rushing, but assuming everything was printed correctly, the attachment should be what the judge has. I apologize for any delay. Earlier in the week, I informed Justin and Glenn that I could no longer sustain the current situation and required assistance. Glenn mentioned what I assume to be Hartman Executive Advisors. My recent email to Mr. Leadore reiterates my openness to support.

I should clarify that the plaintiffs are not technical experts, and their response to my concerns has consistently been, "I disagree." Throughout this process, I have provided numerous options and proactively suggested solutions to maintain PCI compliance while accommodating their requests. My current state is barely functional, and my wife, a licensed therapist with extensive trauma counseling experience, is primarily taking care of me. I have been in and out of a non-functional state for days now, and leading up to this, I have repeatedly requested contact information from their attorney. When I asked Holly Butler, her instruction was that I go through Ohana, which is confusing given that you are all part of the same law firm. They have refused to provide me with your information, and I had to obtain it from the filing.

There have been two formal written requests for your information because I want this to end. They persist, and when not targeting me, they go after Darren, Ann, and the help desk. Ann requested time off for mental health reasons yesterday. When I inquired about her well-being, she disclosed that she had experienced a panic attack but did not recognize it until she saw a doctor.

On Thursday, I sent emails about Rich's actions against Darren, spoke with Victor and Lynne, and had a lengthy text chain with Justin. At no point did anyone say I was suspended, and I believed Rich was dangerous for hours. I sent my wife away, I sent Ann home, and I reached out to two senior directors for backup before someone responded to me. I would greatly appreciate anything you could do to help us negotiate an end to this. The only condition that is not acceptable is that anyone is left unprotected, and in the last 30 days alone, it has been clearly documented in writing that they are also targeting Ann, Darren, and Cielo. There are more examples stretching back even further for all of us.

Thank you for your attention to this matter. I am doing the best I can, and technically, since I said I would tell them when I was back, my FMLA leave is still active. If they believe something else to be true, please inform them that as a result of the escalated hostility, I will be on FMLA leave until further notice. The

statement about there being no other administrators is incorrect. LeeAnn continues to hold the role of Billing Administrator, and the support team continues to hold the privileged role of User Administrator. Since Darren was removed, there have been some gaps in Azure administration. I would like to provide this access to Dante Martinez, who is the Help Desk Manager. The gap in understanding what the Global Administrator role does underscores how their statements do not qualify as expert testimony.

Thank you for your attention to this matter.


with gratitude and appreciation,

RDC


On Tue, Jun 18, 2024 at 1:41 PM Ryan Wagner <ryan@mxt3.com> wrote:
I am in my car, and I definitly can give you the letter. I do not know the proceedure for the rest of it.

I would have sent it you soon sooner, but I have been non-functioning for most of the time since the suspension. I do not think you would have filed the case at all if you had been given even the full emails where the make coercive threats and supporting emails and texts. For example, the cease and desist was because I had been on FMLA leave time for less than 2 hours before the 6hour demand letter to work or else. I cant think of a reason to not give it to you because it was supposed to be our filing against multiple people at Ohana in our own TRO, preliminary injunction, and Peace Order along with other documents supporting what we are requesting.

Please give me a moment to stop shaking and get to a computer

On Tue, Jun 18, 2024, 1:30 PM Brennen, Robert S. <RBRENNEN@milesstockbridge.com> wrote:

> Are you going to send me a copy of what you presented to the Court?
>
>
> **Robert Brennen**  *Principal*
> Miles & Stockbridge
> direct: +1 (410) 385-3653
>
>
> **From:** Ryan Wagner <ryan@mxt3.com>
> **Sent:** Tuesday, June 18, 2024 1:26 PM
> **To:** Brennen, Robert S. <RBRENNEN@MilesStockbridge.com>
> **Subject:** Re: [EXTERNAL] Notification of Service for Case: C-03-CV-24-002264, Ohana Growth Partners, LLC vs. Ryan Dillon-Capps for filing Writ/Summons/Pleading – Electronic Service, Envelope Number: 16870699

**Via Email to ryan@mxt3.com and Federal Express**
Ryan Dillon-Capps
1334 Maple Avenue
Essex, MD 21221

July 30, 2024

Dear Ryan:

This letter is to notify you that your employment with Ohana Growth Partners (the "Company") is being terminated effective immediately.

Attached is a copy of the Employment and Non-Disclosure Agreement that you signed on January 8, 2020 (the "Agreement"). Please be certain that you carefully review and fully comply with each and every obligation set forth in the Agreement, including but not limited to the provisions regarding:

- Non-solicitation (Section 4)
- Agreement to Not Disclose Confidential Information and Trade Secrets (Section 5)
- Work Product (Section 6)
- Non-Disparagement (Section 7)

You have property belonging to (1) the Company or any affiliate, entity, or person associated with the Company, or (2) investors in the Company, or (3) Brick Bodies Fitness Services, Inc. ("BBFSI") or any affiliate, entity, or person associated with BBSFI (collectively, the "Companies.") . This letter demands that you immediately return of all property belonging to the Companies. This includes, but is not limited to the following:

- All electronic and hard copies of any documents or information.
- All email or other electronic records downloaded, transferred, or otherwise obtained directly or indirectly from the Companies.
- All devices belonging to or provided by, on behalf of, or through the Companies, directly or indirectly:

    o Dell Latitude 3520
        - Device Name: 2023-BRN91B3
        - Device Serial Number: BRN91B3
    o Dell Latitude 3520
        - Device Name: DESKTOP-F2FLT9M
        - Device Serial Number: DLZ9S93
    o Dell Latitude 7730
        - Device Name: 2023-FBTY1Z2
        - Device Serial Number: FBTY1Z2
    o Microsoft Surface Pro

> This looks like a list from intune. These are the devices that were setup by the Plaintiff.
>
> This isn't a reliable resource for determining who was assigned the asset.

- - Device Name: PFMD-SURFACE-04
    - Device Serial Number: 005300684253
  - Microsoft Surface Laptop 5
    - Device Name: 2023-FK10MIU
    - Device Serial Number: 0F00WRJ23263FB
  - Mobile Device
    - Phone number: +1 703-303-1113

Please contact me immediately to arrange for the return of all of these items.

The Company expects strict compliance with these and all other pertinent provisions of the Agreement. The Company will seek injunctive relief and full attorneys' fees, costs, and expenses, including but not limited to those expressly provided in Sections 9 and 10 of the Agreement if you fail to strictly comply with your obligations under the Agreement.

Sincerely,

*[signature]*

Rich Hartman
Vice President of People and Culture

```
 1  to any of this.
 2                  The facts, which are established in the
 3  record that's already before the Court, and I don't
 4  think there's any dispute of it is, this concept that
 5  the -- a demand was made to, uh, the defendant on
 6  June 13th, an hour after he'd asked for -- for FMLA
 7  leave, uh, and we're forcing him to work, ignores the
 8  fact that he's been asked to do this going to at
 9  least May 20th, when he terminated the only -- the
10  only other admin access, uh, for the -- the
11  consultant Ryan Brooks from, erm, Baltimore
12  Consulting.
13                  So this was not the first time he'd been
14  asked, uh, this was multiple times he'd been asked.
15  There's no dispute about that.
16                  So the -- the concept that -- that the
17  question, erm, directive from, erm, various, uh,
18  members of senior management at Ohana to the
19  defendant, uh, is in retaliation for his request on
20  June 13th to take additional leave is completely base
21  less.
22                  MR. DILLON-CAPPS:  Hmm, I can respond to
23  all of those with details, and I can provide evidence
24  in --
25                  THE COURT:  Sir, I gave you your chance
```

```
 1   you right now, that the Court disagrees.
 2              The Court has jurisdiction over the
 3   State court claims.  The case hasn't, I'm not sure
 4   that the -- it's not brought under federal law.
 5              MR. DILLON-CAPPS:  Okay.
 6              THE COURT:  So even if -- even if there
 7   were -- hold on.  Even if there were federal
 8   defenses, I'm not sure the case is removable 'cause
 9   it doesn't -- the complaint doesn't, on its face
10   state any federal claim, it hasn't been removed to
11   federal court.
12              The Court has jurisdiction over the
13   claim, so that's not an argument, I'm just telling
14   you right now.
15              Erm, and I haven't heard, as far as any
16   family law leave issue, if you contend that they're
17   violating the law, and I'm not sure I even need to
18   hear about that, but if they did, then if you have a
19   federal claim, assuming they're violating the law,
20   I'm making no such finding, fine, you can pursue that
21   claim either administratively or -- or by law.
22              You can go down to federal court and
23   file a -- a, if there is such a private cause of
24   action for violation of the FLMA (sic), you can do
25   that, that's not a defense to the, uh, claims here,
```