# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

| | |
|---|---|
| RYAN DILLON-CAPPS<br><br>*Plaintiff-Appellant,*<br>vs.<br><br>OHANA GROWTH PARTNERS, LLC *et al*<br><br>*Defendants-Appellees.* | No. **25-1162**<br><br>On Appeal from the U.S. District Court<br>Northern District of Maryland<br>No. 1:24-CV-3744 |

## Plaintiff-Appellant's Motion for Clarification of Order Denying Emergency Motion for Injunction Pending Appeal

## TABLE OF CONTENTS

Plaintiff-Appellant's Motion For Clarification Of Order Denying Emergency Motion For Injunction Pending Appeal ...................................................................................................1
Table of Contents ........................................................................................................1
Table of Authorities ....................................................................................................1
Introduction .................................................................................................................2
Request for Clarification of the Basis for Denial .......................................................3
    1.   LIKELIHOOD OF SUCCESS ON THE MERITS.......................................................3
    2.   IRREPARABLE HARM .........................................................................................6
    3.   BALANCE OF EQUITIES .....................................................................................7
    4.   PUBLIC INTEREST .............................................................................................8
Request For Clarification On Single-Judge Review...................................................9
Respectfully Submitted .............................................................................................10

## TABLE OF AUTHORITIES & EXHIBITS

### Cases

EEOC v. Cons. Energy, Inc., 884 F.3d 579, 589 (6th Cir. 2018).............................8
League of Women Voters of N.C. v. North Carolina, 769 F.3d 224, 247 (4th Cir. 2014) ...........................................................................................................................8
Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970) ...............................................6

Meyer v. Berkshire Life Ins. Co., 372 F.3d 261, 264 (4th Cir. 2004)........................4
Nken v. Holder, 556 U.S. 418 (2009) ............................................................... 2, 3, 5
Pashby v. Delia, 709 F.3d 307, 329 (4th Cir. 2013) ................................................7
Sole v. Wyner, 551 U.S. 74, 85 (2007)....................................................................4
United States v. South Carolina, 720 F.3d 518, 529 (4th Cir. 2013)........................5
Yashenko v. Harrah's NC Casino Co., 446 F.3d 541, 551 (4th Cir. 2006)...............5

Rules

Fed. R. Civ. P. 60(a)...............................................................................................2
Federal Rule of Appellate Procedure 27(a)(3)(B) ..................................................3
Fourth Circuit Local Rule 27(e)..............................................................................9

Exhibits

District ECF 16-0, at 159 ........................................................................................4
District ECF 16-0, at 26 ..........................................................................................4

# INTRODUCTION

In *Sartin v. McNair Law Firm, P.A.*, 756 F.3d 259, 266 (4th Cir. 2014), this Court recognized that a motion under *Fed. R. Civ. P. 60(a)* applies not only to clerical mistakes but also to unintended ambiguities that obscure the court's original intent. Although *Sartin* addressed district court orders, the same principle applies to appellate courts' inherent authority to clarify procedural rulings and ensure their decisions are properly understood.

Clarification is necessary because the March 14, 2025, Order denying Plaintiff-Appellant's Emergency Motion for Injunction Pending Appeal and Emergency Motion for Review by a Single Judge does not specify whether the denial was with or without prejudice. Additionally, the Court's Order does not indicate the specific basis for denial under the four-factor test from *Nken v. Holder, 556 U.S. 418 (2009)*.

Under *Federal Rule of Appellate Procedure 27(a)(3)(B),* a motion must state with particularity the grounds for the request and the relief sought. Further explanation will aid judicial efficiency by clarifying whether Plaintiff-Appellant may file a renewed emergency motion addressing the concerns raised by the Court or whether further relief must be sought through alternative procedural means.

### **REQUEST FOR CLARIFICATION OF THE BASIS FOR DENIAL**

The Order cites *United States v. Texas*, 144 S. Ct. 797 (2024), which reaffirms the four-factor test for injunctive relief set forth in *Nken v. Holder*, 556 U.S. 418 (2009). Plaintiff-Appellant respectfully seeks clarification on whether the Court found that he failed to satisfy one or more of the four factors:

1. <u>Likelihood of Success on the Merits</u>

    Plaintiff-Appellant seeks clarification on whether the Court determined that his claims lack merit despite Defendants' own admissions of FMLA interference and contradictory claims regarding retaliation.

    Defendants' former lead counsel, Robert Brennan, admitted that Ohana Growth Partners, LLC interfered with Ryan Dillon-Capps FMLA leave.

> *"The facts, which are established in the record that's already before the Court, and I don't think there's any dispute of it is, this concept that the - - a demand was made to , uh , the defendant on June 13th , an hour after he'd asked for -- for FMLA leave, uh , and we're forcing him to work."*[1] See District ECF 16-0, at 159.

Despite this admission, Defendants falsely claimed that retaliation was "baseless." However, the suspension letter itself contradicts this claim, as it explicitly states that Plaintiff-Appellant was suspended for failing to comply with an email that unlawfully interfered with his FMLA leave. That email, which referenced Plaintiff-Appellant's June 12, 2024, notice of intent to use FMLA leave, confirms that the demand placed on Plaintiff-Appellant was directly tied to his protected leave:

> "Your communication yesterday about your need for FMLA time off, to which you are entitled, makes self-evident the reasons for the company's demand to have several Global Administrators." See District ECF 16-0, at 26

---

[1] After Robert Brennen admits to the FMLA interference he declares retaliation is baseless.  Except the suspension letter clearly stated Ryan Dillon-Capps was being suspended because of a failure to comply with the email that directly interfered with Ryan Dillon-Capps FMLA leave, and the email that interfered with Ryan Dillon-Capps FMLA leave said that Glenn Norris had just signed a new contract with a new vendor the same week, and it was this new vendor who the request was being made for.  Additionally, the same email thread with the FMLA interference coercive threat contains the reply which clearly shows there was no refusal by Ryan Dillon-Capps.  Text conversations further support no refusal, and there are other pieces of key evidence that show Ohana Growth Partners, LLC material statements are perjured statements.

4

The basis for the FMLA interference was a new vendor contract signed by Glenn Norris that same week, which Defendants used as justification for their demand. However, the same email thread shows that Plaintiff-Appellant did not refuse to comply, and text messages further confirm that no refusal ever occurred.

Under Fourth Circuit precedent, a party is bound by the admissions of its counsel. See *Meyer v. Berkshire Life Ins. Co., 372 F.3d 261, 264 (4th Cir. 2004)* (holding that a party is bound by the admissions of its counsel); *Sole v. Wyner, 551 U.S. 74, 85 (2007)* (statements by counsel can constitute binding admissions).

Additionally, adverse employment actions following protected leave constitute retaliation per se. See *Yashenko v. Harrah's NC Casino Co., 446 F.3d 541, 551 (4th Cir. 2006)* (holding that an employer violates the FMLA if it retaliates against an employee for asserting FMLA rights).

Since the suspension letter directly references the FMLA interference incident, and Defendants do not dispute the underlying violation, Plaintiff-Appellant's success is not merely likely—it is legally undisputed.

Under Fourth Circuit precedent, a party is likely to succeed on the merits when material facts are uncontested, and the opposing party has conceded key elements of liability. See *United States v. South Carolina, 720 F.3d 518, 529 (4th Cir. 2013)* (holding that an admission against interest by the defendant supports a strong likelihood of success).

Since the only remaining disputes involve legal remedies, and Defendants do not contest liability, Plaintiff-Appellant's case meets and exceeds the threshold for a likelihood of success under *Nken v. Holder, 556 U.S. 418 (2009)*.

It is the lack of specificity in this Court's Order—referencing only the likelihood of success on the merits as one of the four factors—that renders the basis for denial unclear. If the facts are undisputed, the evidence is unrefuted, and Fourth Circuit precedent supports Plaintiff-Appellant's claims, then Ryan Dillon-Capps meets and exceeds the required likelihood of success under *Nken v. Holder, 556 U.S. 418 (2009)*. Clarification is necessary to determine whether the Court found otherwise, and if so, on what basis.

2. Irreparable Harm

Irreparable Harm – Did the Court conclude that Plaintiff-Appellant's documented financial and medical hardships—foreclosure, repossession, loss of essential utilities, and medical consequences—do not constitute irreparable harm? The Court's Order does not address this factor, leaving it unclear whether irreparable harm was considered in the denial of the motion.

Plaintiff-Appellant has provided substantial, unrefuted evidence of immediate and severe harm, including imminent foreclosure, vehicle repossession, termination of essential services, and worsening medical conditions resulting from financial instability. Courts routinely recognize that foreclosure, loss of basic

utilities, and medical risks constitute irreparable harm. See *Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970)* (holding that irreparable harm exists where legal remedies, such as monetary damages, are inadequate to prevent immediate injury).

The absence of a finding on this factor raises uncertainty as to whether the Court found that Plaintiff-Appellant failed to establish irreparable harm or whether the denial was based solely on another prong of the Nken test. Clarification is necessary to determine whether this Court considered the imminent, severe, and non-monetary nature of the harm at issue.

3. Balance of Equities

Balance of Equities – Did the Court determine that the harm to Plaintiff-Appellant did not outweigh any potential harm to Defendants, despite the employer's own admissions that reinstatement would not cause harm? The Court's Order does not clarify whether this factor was considered in the denial of Plaintiff-Appellant's motion.

Plaintiff-Appellant faces imminent foreclosure, repossession, and medical consequences, while Defendants have already admitted that reinstatement would not harm their business operations. When one party faces severe, irreversible harm, and the other faces no meaningful harm, the balance of equities overwhelmingly favors granting relief. See *Pashby v. Delia, 709 F.3d 307, 329 (4th Cir. 2013)*

(holding that when the risk of harm to the plaintiff is substantial and the burden on the defendant is minimal, the balance of equities favors relief).

Because Defendants' own statements confirm that reinstating Plaintiff-Appellant would not harm them, it is unclear whether the Court considered this evidence or found an alternative basis for denying relief. Clarification is necessary to determine whether this factor was weighed in the Court's decision

4. Public Interest

Public Interest – Did the Court find that an injunction would not serve the public interest, despite the FMLA and ADA's statutory goals of protecting employees from unlawful employer actions? The Court's Order does not clarify whether this factor was considered in denying Plaintiff-Appellant's motion.

The FMLA and ADA exist to prevent precisely the type of employer misconduct at issue here, and courts have consistently recognized that enforcing these protections serves the public interest. See *EEOC v. Cons. Energy, Inc., 884 F.3d 579, 589 (6th Cir. 2018)* (holding that "the public has a strong interest in the effective enforcement of anti-discrimination laws"). Similarly, the Fourth Circuit has acknowledged that protecting employees from retaliation for exercising their statutory rights serves a broader societal interest. See *League of Women Voters of N.C. v. North Carolina, 769 F.3d 224, 247 (4th Cir. 2014)* (holding that

"upholding the lawfully protected rights of individuals is always in the public interest").

Because Plaintiff-Appellant's case involves clear statutory protections under the FMLA and ADA, it is unclear whether the Court found that these public policy interests were insufficient to justify relief or whether the denial was based solely on another Nken factor. Clarification is necessary to determine how the Court evaluated the public interest in this case.

## **REQUEST FOR CLARIFICATION ON SINGLE-JUDGE REVIEW**

The Court also denied Plaintiff-Appellant's Emergency Motion for Review by a Single Judge, citing Fourth Circuit Local Rule 27(e), which states that: "Application to a single judge should be made only in exceptional circumstances where action by a panel would be impractical due to the requirements of time."

Plaintiff-Appellant respectfully seeks clarification on whether the denial was based on a finding that:

1. The motion did not present exceptional circumstances warranting single-judge review; or
2. The motion was procedurally improper for another reason.

Clarification will assist Plaintiff-Appellant in ensuring compliance with Fourth Circuit procedural requirements in future filings.

## RESPECTFULLY SUBMITTED

**March 18, 2025**

  /s/ Ryan Dillon-Capps
**Ryan Dillon-Capps**

1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com
703-303-1113