IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

| RYAN DILLON-CAPPS | |
| --- | --- |
| *Plaintiff-Appellant,* | No. **25-1162** |
| vs. | |
| OHANA GROWTH PARTNERS, LLC *et al* | On Appeal from the U.S. District Court Northern District of Maryland No. 1:24-CV-3744-BAH |
| *Defendants-Appellees.* | |

### INFORMAL BRIEF: APPENDIX C – JORDAN CHISHOLM

Case No. 1:24-CV-0192-SAG

ECF 2 (Complaint); Series 5 (Motion to Dismiss, Memo, Proposed Order); 15 (Motion to Withdraw as Counsel); 18 (Withdrawal of Appearance Letter); 22 (Memorandum Opinion).

In ECF5-1, Ohana's Memorandum says: (1) "entitlement to FMLA leave is a prerequisite to a viable FMLA interference or retaliation claim"; and (2) "complaint fails to plead any facts showing that Mr. Chisholm was entitled to FMLA leave".

In ECF 2-0, ¶ 8-9, Chisholm learned of an immediate family member's terminal diagnosis, and informed the General Manager that he needed to take time off to "make arrangements for the terminally ill family member".

This Court has held that (1) employees do not need to invoke FMLA to benefit from its protections; (2) employees only need to state that they need leave

1

for qualifying circumstances; and (3) After the employee makes such a statement, the responsibility falls on the employer to inquire further about whether the employee is seeking FMLA leave. Dotson v. Pfizer, Inc., 558 F.3d 284, 295 (4th Cir. 2009).

29 U.S.C. § 2612(a)(1)(C) FMLA applies "to care for" a family member with a serious health condition. 29 C.F.R. § 825.302(a)-(c) defines the timing of an employee notice for medical emergencies to be "as soon as practicable" and must be at least verbal notice to make the employer aware.

Ohana conceded that Jordan Chisholm was a fitness trainer (ECF 5-1, at 1), and in footnote 1 on page 2, expressly stated that it was assuming the factual allegations were true for purposes of its motion to dismiss. Under that standard, all factual inferences must be drawn in favor of the non-movant.

In ECF 2, ¶ 12, the Complaint alleges that on December 19—six days after Chisholm began leave on December 13—his manager: (1) asked whether he was returning to work; (2) stated she "can't have [him] missing all these days," and (3) was informed that he was still caring for a family member. This exchange reflects Ohana's own understanding that Chisholm was a full-time employee whose absence was ongoing and relevant to staffing.

The Complaint also alleges Chisholm had been employed for three years (¶¶ 6–7), satisfying the 12-month requirement under 29 U.S.C. § 2611(2)(A)(i).

Ohana's headquarters is in Maryland (¶ 2), and it operates 75 fitness centers across five states and D.C., serving over 500,000 members (¶ 5). As a matter of common knowledge, a Planet Fitness franchise of that size operating 24/7 requires at least 15–20 staff per location, totaling approximately 1,200–1,500 employees across clubs, in addition to 45–70 corporate staff typical for a multi-state operation. Even conservatively estimated, 50 or more employees are easily within a 75-mile radius, satisfying the final statutory prong under § 2611(2)(B)(ii).

Taken together, the pleadings and attached documents establish a plausible claim of FMLA eligibility: (1) Over 12 months of employment; (2) At least 1,250 hours worked, (3) and Employer coverage under the 50/75 Rule. The District Court was required to accept these facts as true at the motion to dismiss stage. Its failure to do so constitutes legal error. The FMLA eligibility thresholds were met on the face of the pleadings and further supported by industry-wide staffing norms the Court may judicially notice.

In 22-0, The District Court dismissed the case without prejudice, and provided Chisholm until January 17, 60 days from November 18, to file a leave to amend with a proposed amended complaint.

<u>RESPECTFULLY SUBMITTED</u>

| April 16, 2025 | | 1334 Maple Avenue |
|---|---|---|
| | | Essex, Maryland 21221 |
| | <u>/s/ Ryan Dillon-Capps</u> | ryan@mxt3.com |
| | **Ryan Dillon-Capps** | 703-303-1113 |

3