| | |
|---|---|
| RYAN DILLON-CAPPS<br><br>*Plaintiff-Appellant,*<br>vs.<br><br>OHANA GROWTH PARTNERS, LLC *et al*<br><br>*Defendants-Appellees.* | No. **25-1162**<br><br><br>On Appeal from the U.S. District Court Northern District of Maryland No. 1:24-CV-3744-BAH |

## INFORMAL BRIEF: APPENDIX D – FALSE PROCEDURAL RECORD

Citations provided for what is currently docketed to the District Court Record. Additional supporting evidence relevant to this issue was excluded from the docket by the District Court.

(1) Ryan Dillon-Capps submitted exhibits attached to the in-person–filed "Letter to Judge Truffer." The two civil clerks reviewed both the letter and its exhibits with Ryan Dillon-Capps at the time of filing to ensure there were no issues.
   (a) District ECF 40-1, at 6–14: Analysis of "Letter to Judge Truffer";
(2) District ECF 16-5, at 8–10: Defendant Truffer's June 21 rulings were docketed together;
   (a) Denial of Ryan Dillon-Capps's June 18 "Letter to Judge Truffer" under Md. Rule 15-504(f), which mandates a hearing to allow the non-movant to contest an ex parte TRO and places the burden on the movant to justify its continuation;
   (b) Issuance of a show-cause order for civil contempt with a hearing set for June 26, despite Md. Rule 15-206 requiring a minimum of 20 days' notice.
(3) Destruction of the exhibits attached to the Letter to Judge Truffer, without any docket entry or order explaining their omission;
(4) A fabricated mailing envelope—with a USPS marking—was docketed, falsely suggesting that the filing had occurred without the exhibits;

1

(5) During the June 26–27 hearing, when Ryan Dillon-Capps reminded defendant Barranco that Caroline Dillon-Capps was a mental health professional, Barranco changed his position, stating: "But I don't have any assessment from your mental health provider".
   (a) This indicated to Mr. Dillon-Capps that the court record lacked the exhibits attached to the Letter to Judge Truffer, which included FMLA documentation and two letters from "his" licensed mental health professionals;
(6) In District ECF 23-12 (transcript provided by Miles & Stockbridge P.C.), during the June 27 hearing, Ryan Dillon-Capps conducted cross-examination of Randall Romes:
   (a) Dillon-Capps asked: "So, if everything I said is true, erm, then, it would be, in fact, impossible for me to know the state of those accounts right now which, erm, I would have to be able to access the system to know; is that correct?" (p.47),
   (b) Romes responded: "Absolutely" (p.47),
   (c) As Dillon-Capps began his next question, defendant Barranco interrupted and prompted defendant Brennen, who stated: "You—your Honor, I think Mr. Romes was mistaken. The question that the defendant ultimately posed to him was whether he agreed that if the defendant did not currently have access to the system that he wouldn't know the status of those other accounts; is that something you would agree with Mr. Romes?" (p.47–48),
   (d) Romes reaffirmed: "If he has no access to the system now, he has no way to speak to the access of other systems in this account right now" (p.48),
   (e) Dillon-Capps attempted to continue questioning, but defendant Barranco again interrupted and attempted to terminate the cross-examination. Dillon-Capps asserted he had one more question (p.49),
   (f) He asked: "To clarify your—your affidavit, I just want to make sure I understood it correctly. You did not read any statements or e-mails that have any of my analysis with regulation codes attachment; is that correct, you did not see—" (p.49),

(g) Defendant Barranco again interrupted. Dillon-Capps began explaining that the question referred to the multiple analyses provided to Ohana, and Romes's affidavit (which referenced the Letter to Judge Truffer containing those analyses), but was cut off mid-response (p.50), and

(h) Defendant Barranco ended the inquiry, stating: "No, that's beyond the scope of the direct examination anyway, I'm not going to get into that"—despite the fact that it was cross-examination. This terminated all further questioning of Romes (p.50);

(7) Defendant Ensor repeatedly flagged the refiled Letter to Judge Truffer exhibits (submitted as part of Exhibit 1V) as deficient (District ECF 16-1, at 2).

(a) Ensor also targeted exhibits attached to Financial Harm affidavit, and created a variety of custom excuses, including a deficiency notice on a motion which had no exhibits attached, but did contain screenshots of the exhibits within the body of the motion. The Deficiency stated, "supporting exhibits cannot be in the same file as the motion" (See District ECF 16-5, at 34, 37, 41, 43),

(b) Both sets of exhibits that defendant Ensor worked to obstruct the filing of were filed with the District Court without any issues raised;

(8) Defendant Truffer denied the motion which had Exhibit 1V attached before the exhibit had been refiled and accepted for docketing. Truffer ruled on the motion on July 5, and Ensor didn't docket the ruling until July 17; and

(9) In an effort to conceal the prior exclusion, pages previously provided only to Miles & Stockbridge P.C. were used to forge a substitute for the destroyed exhibits. These replacement pages were then attached to the Letter to Judge Truffer and inserted into the state court record to create the false appearance that the original exhibits had been properly filed.

(a) Unaware that these pages were uniquely identifiable, the conspirators were caught in the act through the fraudulent reproduction—providing clear and compelling evidence that attorney and clerk defendants, together with either DeSimone Jr., Truffer, or Barranco, conspired to conceal the destruction of official state court records.

<u>**RESPECTFULLY SUBMITTED**</u>

| | |
|---|---|
| **April 16, 2025** | 1334 Maple Avenue |
| | Essex, Maryland 21221 |
|  /s/ Ryan Dillon-Capps | ryan@mxt3.com |
| **Ryan Dillon-Capps** | 703-303-1113 |