## IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

| | |
|---|---|
| RYAN DILLON-CAPPS<br><br>*Plaintiff-Appellant,*<br>vs.<br><br>OHANA GROWTH PARTNERS, LLC *et al*<br><br>*Defendants-Appellees.* | No. **25-1162**<br><br>On Appeal from the U.S. District Court Northern District of Maryland No. 1:24-CV-3744-BAH |

### INFORMAL BRIEF: APPENDIX F – STATE LEVEL NEGOTIATIONS

District ECF 3-1, and 1-3, "Meet and Confer" letter addressed to Attorney General Anthony Brown, submitted with the express purpose of initiating a "collaborative, progressive, and voluntary step forward in support of systemic change" to "address the systemic corruption" described as "bigger [] than the ones documented in the filing." In support of this broader concern, the letter cites:

(1) Clerk Ensor's emotional interview in The Advocate article from 2021 (District ECF 16-6, at 82–84), in which she expressed distress over being "unable to take away someone's freedom in the name of what she believed to be justice";
(2) the "insular nature of [a] system" that relies on nominations for Bar Counsel, Director of Investigation, and County Administrative Judges from the same limited group of individuals; and
(3) The Maryland Supreme Court case of AGC v Pierre involves the Bar Counsel interfering with a judicial election in support of an incumbent judge.

Notable takeaways include:

(4) Marylin Pierre contested the actions of the Office of Bar Counsel and ultimately lost in *Attorney Grievance Commission v. Pierre*, 485 Md. 56 (2023);

1

(5) the Maryland Rules were subsequently amended, including changes to Rules 18-104 and 19-711;
(6) the former Bar Counsel resigned abruptly shortly thereafter;
(7) DeGonia II was appointed as the replacement; and
(8) after Ryan Dillon-Capps filed in federal court, the Office of Bar Counsel had the responding state attorney sign in their individual capacity—rather than as "Office of Bar Counsel"—marking a departure from over 50 years of uniform Bar Counsel practice. District ECF 16-6, at 34-42; District ECF series 41; Informal Brief: Appendix B – AGC v Pierre.

The factual allegations and evidentiary support for the civil conspiracy claims in this case are directly connected to individuals currently occupying those roles. This overlap demonstrates an inherent conflict of interest, raising serious concerns about the ability of these officials to perform their duties impartially when doing so may require action against the very individuals who facilitated their success in winning their election or appointment. Pierre and Dillon-Capps cases represent the state of Maryland's propensity to protect misconduct and its capacity to change.

<u>RESPECTFULLY SUBMITTED</u>

April 16, 2025

/s/ Ryan Dillon-Capps
**Ryan Dillon-Capps**

1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com
703-303-1113