| RYAN DILLON-CAPPS | |
|---|---|
| *Plaintiff-Appellant,* <br> vs. <br><br> OHANA GROWTH PARTNERS, LLC *et al* <br><br> *Defendants-Appellees.* | No. **25-1162** <br><br> On Appeal from the U.S. District Court Northern District of Maryland No. 1:24-CV-3744-BAH |

## INFORMAL BRIEF: APPENDIX G – SPECIAL MASTER & MAGISTRATE JUDGE

In District ECF 18-0, The District Court acknowledged that Ryan Dillon-Capps was seeking to "appoint [] a special master to investigate the Maryland Judiciary" (p.17), and simultaneously determined Ryan Dillon-Capps was a "pro se litigant [seeking], to essentially take over the Maryland Judiciary" (p.17).

In District ECF 18-0, at 19-20, The District Court claimed to rule on the ex parte hearing motion, but the ruling doesn't address the requested relief's request to provide evidence and testimony under seal.

In District ECF 6-0 and 3-3, Ryan Dillon-Capps is requesting:

(1) an in-camera review of highly sensitive materials accompanied by supporting testimony;
(2) appointment of a special master to investigate;
(3) proposed Timothy E. Allen (District ECF 1-11) as Special Master;
(4) an initial review of motions and evidence. Ryan Dillon-Capps acknowledges that it could have been conveyed more clearly, the intent was to have a Magistrate Judge assigned as a neutral arbiter to:
   (a) conduct the in-camera review,

1

(b) conduct the initial review, and

(c) facilitate the exchange information pertinent to the investigation to the Special Master.

District ECF 3-3 states that:

(1) "the case involves allegations of systemic abuses and procedural misconduct at various levels of Maryland's judiciary and state agencies. To ensure a fair resolution, the Plaintiff respectfully requests the following measures under the Court's inherent authority to manage and oversee proceedings and ensure justice" (p.1);

(2) "requests the immediate appointment of a Special Master to investigate systemic misconduct and ensure transparency" (p.2); and

(3) "requested relief is essential to address the unprecedented scale of alleged misconduct and ensure a fair and just resolution. By instituting these measures, the Court will safeguard the integrity of these proceedings and uphold public trust in the judicial system" (p.3).

The stated basis for this relief includes:

(4) "This relief is critical to prevent spoliation of evidence and ensure compliance with federal discovery standards" (p.2);

(5) "Preserving all records in their current state for discovery"; and

(6) "Removing access of named state agents to Maryland Judiciary Systems, emails, and other related platforms" (p.2).

This request aligns with the approach adopted by this Court and the Sixth Circuit in handling similarly sensitive matters involving attorney-client privilege, where courts have utilized a magistrate judge and special master as neutral judicial officers to oversee discovery and privilege determinations. See In re Search Warrant Issued June 13, 2019, 942 F.3d 159, 181 (4th Cir. 2019), as amended (Oct.

2

31, 2019) (recognizing the role of magistrate judges and special masters as neutral arbiters in privilege disputes); In re Grand Jury Subpoenas, 454 F.3d 511, 517 (6th Cir. 2006) (approving special master review of privileged material to ensure judicial neutrality and protect confidentiality).

<u>RESPECTFULLY SUBMITTED</u>

**April 16, 2025**

<u>/s/ Ryan Dillon-Capps</u>
**Ryan Dillon-Capps**

1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com
703-303-1113