| | |
|---|---|
| IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT | |
| RYAN DILLON-CAPPS<br><br>*Plaintiff-Appellant,*<br>vs.<br><br>OHANA GROWTH PARTNERS, LLC *et al*<br><br>*Defendants-Appellees.* | No. **25-1162**<br><br>On Appeal from the U.S. District Court Northern District of Maryland No. 1:24-CV-3744-BAH |

### INFORMAL BRIEF: APPENDIX I – STATE OF MARYLAND

In District ECF 1-6, at 25–27, the complaint states: "The State of Maryland is named as a direct defendant in this case due to the systemic actions and omissions of its agencies, representatives, and officials, who collectively facilitated and perpetuated abuses of power. These failures resulted in significant harm to the plaintiff, depriving them of their rights, protections, and access to justice. The widespread negligence and complicity of Maryland's judicial officers, court staff, commissions, and administrative entities reflect a systemic pattern of corruption that ties liability directly to the State." The statement concludes by emphasizing judicial efficiency, explaining that this approach avoids duplicative litigation and centers the systemic failure rather than targeting individual agency staff.

The State of Maryland is not named as a personal defendant, but as a structural placeholder to represent those individuals identified only in their professional capacities and named explicitly for the purpose of resolving claims

1

under 42 U.S.C. § 1986 through negotiation or mediation. See District ECF 16-6, at 1–27 (identifying individuals by professional role). The plaintiff's intent was to consolidate liability in a representative party—the State—so as to streamline proceedings and enable structured engagement through alternative dispute resolution. While this may have been procedurally imperfect, it reflected a good faith attempt to avoid piecemeal litigation and promote settlement on claims arising from systemic misconduct.

Perhaps incorrect, the assumption and intent behind naming the State of Maryland—rather than listing all individual actors at the outset—was guided by efficiency, equity, and procedural economy. Specifically:

(1) Individuals can be added if mediation or alternative resolution fails, allowing for flexibility in resolving claims without prematurely escalating litigation;
(2) No prejudice would result to individuals not yet named, as they are not parties in interest at this stage and no relief is sought against them in a personal capacity;
(3) Not all names were known at the time of filing, and placeholder designations (e.g., "John Doe") would serve no functional distinction in a systemic § 1986 claim context, where acts or omissions are institutional in nature; and
(4) Naming everyone in the original complaint was avoided deliberately to reduce unnecessary burden, including:
   (a) Minimizing IFP U.S. Marshal personal service costs under 28 U.S.C. § 1915(d),
   (b) Reducing judicial complexity by not adding dozens of named parties before clarifying the scope of factual and legal disputes,
   (c) Preventing disruption to state government by limiting early litigation impact to a representative defendant (the State itself), and

(d) Streamlining initial screening under 28 U.S.C. § 1915(e)(2)(B) and allowing the court to focus on the legal sufficiency of systemic claims without being overwhelmed by individual-capacity defenses at the outset.

RESPECTFULLY SUBMITTED

| | | |
|---|---|---|
| **April 16, 2025** | | 1334 Maple Avenue |
| | | Essex, Maryland 21221 |
| | /s/ Ryan Dillon-Capps | ryan@mxt3.com |
| | **Ryan Dillon-Capps** | 703-303-1113 |