| IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT | |
|---|---|
| RYAN DILLON-CAPPS<br><br>*Plaintiff-Appellant,*<br>vs.<br><br>OHANA GROWTH PARTNERS, LLC *et al*<br><br>*Defendants-Appellees.* | No. **25-1162**<br><br>On Appeal from the U.S. District Court Northern District of Maryland No. 1:24-CV-3744-BAH |

## INFORMAL BRIEF: APPENDIX J – CIVIL RIGHTS CONSPIRACY

### A  DaGonia II

(1) **October 4**: A complaint is filed with the Attorney Grievance Commission.
(2) **October 7**: DaGonia II begins an investigation and acknowledges receipt of the complaint. See District ECF 16-6, at 34–38; Appendix B: *AGC v. Pierre*.
(3) **October 7–8**: DaGonia II determines that the complaint has merit.
(4) **October 10–11**: The Office of Bar Counsel engages with the attorney defendants.
(5) **October 23, 28, and November 4**: Ryan Dillon-Capps sends follow-up emails to the Attorney Grievance Commission.
(6) **January 22 & February 20**: The Office of Bar Counsel Update. See District ECF 16-6, at 34–42; District ECF Series 41.

### B  State Court

(1) **June 18-December 2:** Destruction of the original exhibit, fabrication of replacement exhibits, alteration of the Letter to Judge Truffer, and insertion of the altered version into the court record. See District ECF 40-1, at 6–14 (Letter to Judge Truffer).
   (a) Under Md. Rule 20-106(d), original filings must be scanned before they can be destroyed. The state court record contains an envelope marked "returned undeliverable," which links defendant Ensor to the unauthorized destruction

1

of original evidence. That envelope was added to the record to fabricate the false impression that no exhibits were attached to the Letter to Judge Truffer.

    (b) Compare November 8 ledger to September 28 (District ECF 16-1, at 9).

(2) **July 1 to July 8:** defendant Ensor obstructed the refiling of the exhibits attached to the Letter to Judge Truffer, which were included in Exhibit 1V.

    (a) Refiled with a motion to reconsider the denied continuance, which defendant Barranco had denied without hearing arguments during the June 26–27 hearing, based on his claim that nothing had been submitted from Ryan Dillon-Capps's healthcare provider.

(3) **October 7–11**: Defendant Robinson Jr. assigns substitute judges to cover his absence. During this period, Defendant Ensor obstructed exhibits supporting the Affidavit for Financial Urgency.

    (a) Overlaps in time with Robinson Jr. meeting with Bernstein.

(4) **October 8, 2:30 PM**: Defendant Brennen files a retaliatory "Opposition to Defendant's Motion to Assert Rights and Request Immediate Rulings." Physical evidence suggests Brennen personally printed the filing and retrieved it with an aggressive, open-handed "mauling" motion.

(5) **October 10, 2:14 PM**: Defendant Finifter grants a motion for a hearing. Later that same day, Defendant Stringer grants the motion to vacate the default judgment.

(6) **October 14, 9:39 AM**: The attorney defendants file an opposition to sanctions, reiterating allegations against employer, attorney, and judge defendants.

(7) **October 14–16**: Defendant Robinson Jr. returns to the courthouse and begins coordinating responses.

(8) **October 16**: Defendant Stringer's order vacating the default judgment is docketed.

(9) **October 18–22**: Ryan Dillon-Capps offers to negotiate a settlement. Although the offer is accepted by Brennen and Frenkil, negotiations break down due to disagreements over mediation and Ohana's opposition to direct talks. The exchange concludes with Dillon-Capps stating, "Please let me know when their position evolves beyond 'I disagree.'"

(10) **October 22–23**: Ryan Dillon-Capps files thirty-eight documents across two envelopes submitted less than 14 hours apart.

(11) **October 24, 8:53 AM**: The Notice of Voluntary Dismissal is filed. See District ECF 16-1, at 5–6.

(12) **October 24–December 2**: Defendants Stringer, Barranco, Mayer, and Robinson Jr. continue to docket rulings in proceedings that had already been vitiated. The court record is altered in an apparent effort to conceal prior misconduct. District ECF 16-5, at 51, 54, 56, 58-59, 65-70.

  (a) 58, is a page that originates from the proposed order included in envelope 18609911. Judge Robinson Jr. removed the bracketed term "[proposed]" preceding the word "order," manually altered the date fields, and erased all content appearing below the line "ORDERED, as follows:". The motion and its proposed order request that Justin Drummond and Robert Brennen appear with Ryan Dillon-Capps before Judge Robinson Jr. to "present evidence substantiating all material statements and claims made in this action" and to "provide testimony under oath." The proposed order further seeks that they "be held accountable for all actions to prevent any further abuse of court rules and procedures intended to evade accountability or consequences."

  (b) 59, Robinson alleges that Ryan Dillon-Capps was filing via email. This is objectively false and simultaneously highlights the inappropriateness of Robert Brennen emailing Judge Truffer to file a "signed" affidavit for Randall Romes. District ECF 16-14, at 32-38 (emails); District ECF 16-15, at 17-23 (unsigned affidavit filed); District ECF 16-15, at 29-35 ("signed" affidavit).

  (c) The affidavit legitimacy is questioned for several reasons, including:

    (c)(1) all other affidavits are signed by Docusign, but this one is Adobe PDF "device stamped" signature,

    (c)(2) the content of the affidavit includes copy and pasted sections from other affidavits, a notably example is ¶ 11 with the hyperlink quote,

    (c)(3) when the affidavit was raised in the cross-examination Barranco interrupted the question and immediately ended cross, and

(c)(4) Randall Romes made no audible response before interruption, but his facial expression changed during the asking of the question to what may have been confusion.
(13) **November 6**: Stringer grants the employer's voluntary dismissal.
(14) **November 8**: Steven Frenkil was added as an attorney of record (District ECF 16-1, at 28), after the court had previously denied the motion to add him on October 23, citing that "Each party has a right to choose its own counsel" (District ECF 16-5, at 32).
   (a) Added after Ryan Dillon-Capps filed a motion to reconsider which highlighted Frenkil's name on the filings since the state action was filed (District ECF 23-1, at 10).
(15) **December 15-January 8:** All attorneys were removed from the state court record. See District ECF 16-1, at 65 (Dec. 15 ledger). The January 8 ledger has not yet been filed with the District Court.
(16) **Exhibit 162** is the aggregate of documents used to perform the first manual cross-reference of state court record supporting the allegations of intentional court record tampering. Contains a single copy of the event and document files, automated Tyler Tech case emails, and Odyssey file & serve receipts.
   (a) The Circuit Court has evaded further inquiry from prior discoveries, in part, because the court has intentionally normalized improper procedures and provided judges with an inexcusable level of access to the system.
   (b) See also Appendix B -AGC V. Pierre;
   (c) Borkowski v. Baltimore County, Maryland, Complaint, No. 1:18-cv-2809, 2018 WL 4443253, at *21 (D. Md. filed Sept. 10, 2018)

## C  Bernstein

(1) **October 8, 2:50 PM**: A Judicial Disabilities Complaint is filed. See District ECF 16-6, at 29.
   (a) The referenced motion was among the undocketed exhibits submitted on the signed physical CD. Pages 41–43 of the Motion to Compel name specific judges, provide court contact numbers, and briefly outline the allegations.

(a) The table showing from the motion to compel was emailed to numerous Maryland Office of the Attorney General attorneys and civil rights email address on October 9, 2024, at 7:16 AM. See District ECF 16-6, at 3-6; see also District ECF 16-6, at 1-2 (Maryland Office of the Attorney General contact form submission email. October 9 at 7:27 AM)

(2) **October 11**: A signed letter from Bernstein is mailed via USPS to Ryan Dillon-Capps. The letter states that the allegations "have been considered and found not to constitute a meritorious complaint that should be pursued because they are factually unfounded, or even if proved, fail to establish sanctionable conduct, impairment, or disability on the part of the unknown judge." See District ECF 16-5, at 31.

(a) Bernstein's conclusion is irreconcilable: (1) the web form used alone lacked sufficient detail to prompt a proper inquiry; and (2) the Motion to Compel explicitly identified the judges by name.

(3) **November 10**: Ryan Dillon-Capps sends an email to Bernstein.

## RESPECTFULLY SUBMITTED

**April 16, 2025**

/s/ Ryan Dillon-Capps
**Ryan Dillon-Capps**

1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com
703-303-1113

5