# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

| | |
|---|---|
| RYAN DILLON-CAPPS<br><br>*Plaintiff-Appellant,*<br>vs.<br><br>OHANA GROWTH PARTNERS, LLC *et al*<br><br>*Defendants-Appellees.* | No. **25-1162**<br><br>On Appeal from the U.S. District Court<br>Northern District of Maryland<br>No. 1:24-CV-3744 |

## PLAINTIFF-APPELLANTS' MOTION FOR LEAVE TO FILE AN AMENDED INFORMAL BRIEF, OVERSIZED INFORMAL BRIEF, AND SUPPLEMENTAL EXHIBITS

Ryan Dillon-Capps respectfully moves this Court for leave to file an amended informal brief, an oversized informal brief, and to submit supplemental exhibits in support thereof.

Since filing the original informal brief, Mr. Dillon-Capps has continued to investigate the conduct of the District Court, particularly as it relates to Judge Brendan A. Hurson. As a result of these efforts, newly developed findings have substantially altered the factual and legal analysis presented in the original submission, especially concerning the deference previously afforded to Judge Hurson.

The amended briefing now clearly demonstrates that Judge Hurson was required to disqualify himself under 28 U.S.C. § 455. This is not a matter of shared organizational membership or superficial affiliation; rather, the record establishes

1

direct and intertwined professional relationships between Judge Hurson and key defendants in this matter. These relationships include co-leadership roles, repeated appearances at joint events, reciprocal honors, and institutional collaboration—establishing a pattern of mutual professional reinforcement that leaves no room for impartial adjudication.

Under these circumstances, the statutory standard—whether a judge's "impartiality might reasonably be questioned"—is not only satisfied but unequivocally triggered. Judge Hurson's continued participation in this case constitutes a clear violation of both the letter and spirit of § 455, and his failure to recuse has materially undermined the integrity of the proceedings.

Further, the amended informal brief sets forth well-supported factual allegations implicating criminal and ethical violations by Judge Hurson, including violations of:

(1) 18 U.S.C. § 2071 – Falsifying the official docket by altering the contents of the court record;

(2) 18 U.S.C. § 1001 – Introducing materials retrieved from a trash receptacle into the court record and misrepresenting them as original filings;

(3) 18 U.S.C. § 1621 – Making materially false statements in judicial orders by misrepresenting facts, procedural history, and claims;

(4) 18 U.S.C. § 2071 (again) – Instructing the Clerk's Office to omit properly submitted filings from the docket without a court order;

(5) 18 U.S.C. § 1519 – Destroying, altering, or falsifying court records with the intent to impede or obstruct investigations into the concealment of systemic corruption.

These acts form the basis for formal allegations of Obstruction of Justice under 18 U.S.C. §§ 1503 and 1512, and Judicial Misconduct under 28 U.S.C. § 351.

WHEREFORE, Mr. Dillon-Capps respectfully requests that this Court grant leave to file the amended informal brief, exceed standard page limitations, and submit the supplemental exhibits necessary to establish the record and preserve the integrity of these proceedings.

**RESPECTFULLY SUBMITTED**

**April 21, 2025**

/s/ Ryan Dillon-Capps
**Ryan Dillon-Capps**

1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com
703-303-1113