# MSBA Reaffirms Support for All Sitting Judges in the 2024 General Election

msba.org/site/site/content/News-and-Publications/News/General-News/MSBA-Reaffirms-Support-for-All-Sitting-Judges-in-the-2024-General-Election.aspx



January 1, 2023 - by Author Name

MSBA reaffirms its endorsement for all current sitting judges in the upcoming November 5, 2024 General Election.

MSBA's stance is grounded in its commitment to a judiciary comprising individuals of outstanding character, integrity, judicial temperament, and expertise. MSBA believes that judges should be appointed based on merit; each sitting judge has undergone thorough evaluation processes and was appointed by the **Governor**, after being recommended by a **Judicial Nominating Commission** for their qualifications, judicial abilities, and merit. Consequently, MSBA endorses the sitting Circuit Court judges across Maryland.

As a voluntary organization representing thousands of attorneys and judges, MSBA works to promote excellence in the legal profession. MSBA monitors judicial and legislative developments, offers legal education, and supports public service programs that improve access to justice for all Marylanders. Additionally, MSBA is committed to the efficient administration of justice and the promotion of equality within the legal system.

For over three decades, MSBA has supported the retention of sitting judges, recognizing their dedication and the trust they've earned from the legal community.

**Endorsed Judges by County:**

**Anne Arundel County:**

- Judge Christine M. Celeste
- Judge Ginina A. Jackson-Stevenson

**Baltimore County:**

- Judge Michael S. Barranco
- Judge Patricia DeMaio
- Judge Marc A. DeSimone, Jr.
- Judge James Rhodes

**Montgomery County:**

- Judge Marybeth Ayres
- Judge Jennifer S. Fairfax
- Judge Louis M. Liebowitz
- Judge J. Bradford McCullough

**Prince George's County:**

- Judge Darren S. Johnson
- Judge Stenise L. Rolle
- Judge Cheri N. Simpkins
- Judge Donnell W. Turner

**St. Mary's County:**

- Judge Amy D. Lorenzini

**Baltimore City:**

- Judge Nicole K. Barmore
- Judge Yvette M. Bryant
- Judge Paul J. Cucuzzella

# Baltimore County Sitting Judges

February 21, 2024





**The Maryland Judicial Appointment Process:**

## Why Are These Judges Running?

People often wonder why these judges are running for an election. The Maryland Constitution requires Circuit Court Judges to stand for election after being appointed. The Governor of Maryland undertakes a comprehensive vetting process to appoint a judge when a vacancy occurs on the Circuit Court. Pursuant to a Gubernatorial Executive Order, the Baltimore County Judicial Nominating Commission vets and nominates lawyers to fill vacancies on the Circuit Court. Lawyers who are nominated by the commission meet exceptional standards of legal aptitude and must be the "most distinguished for integrity, wisdom and sound legal knowledge" as dictated by the Maryland Constitution.

The Maryland Constitution requires that Circuit Court Judges, once appointed or reappointed, must run in the next election to be retained.

Judges are Prohibited under the Maryland Code of Judicial Conduct from taking a position on matters that are likely to come before them as a judge (MD Rule 18-102.10). Click here for the Maryland Code of Judicial Conduct, found in the Maryland Rules.

Reception in Support of Retaining the Baltimore County Sitting Judges

## Judges



## Michael Barranco

Judge Barranco has a proven track record on the bench. Since his appointment in 2022, Judge Barranco has presided over countless jury and judge trials as well handles all of the types of matters which come before the Court. He regularly handles criminal and civil dockets, decides motions of all types, as well as presides over family law and domestic violence protective order cases, appeals from the District Court and administrative agencies and a large variety of other kinds of matters.

Please click here to read the judge's full biography

## Read More

Judge Michael Barranco is a lifelong resident of Baltimore County where he grew up, and he and his wife, Kim, raised their two daughters. Before being appointed by Governor Hogan to the Baltimore County Circuit Court in September of 2022, Judge Barranco was an accomplished litigator and trial attorney, having practiced law for 37 years at top quality large and small law firms. Judge Barranco's legal practice was based in Baltimore County for the last 24 years before his appointment, but his experience included handling cases in state trial courts located all over the state as well as federal courts and appellate courts. Judge Barranco represented a wide variety of clients, ranging from individuals and small local businesses to large national corporations, in all types of civil cases. Because of his broad experience, Judge Barranco has a thorough understanding of the perspectives of the diverse types of parties who appear in court.

Judge Barranco distinguished himself at the University of Maryland School of Law, graduating with honors and winning two awards for best work in the subject of admissibility of evidence. He is an active member of the Baltimore County Bar Association, having served as Chair of several committees, including the Professionalism, Advocate and By-Law Committees, and he presently serves on the Executive Council of the BCBA. Judge Barranco has served as a mentor to law students, including those participating in the BCBA's Summer Scholars program. Judge Barranco was the 2021 recipient of the J. Earle Plumhoff Professionalism Award, presented by the Baltimore County Bar Association. The Plumhoff Award is presented only once a year to a member in recognition of professional contributions to the Bar Association which have "gone largely unnoticed, and the recipient must have the highest marks for integrity, dignity, and civility." Judge Barranco is also an active member of the Maryland State Bar Association. He served on the MSBA Board of Governors and was a member of the MSBA Strategic Implementation Committee. For years, Judge Barranco was an instructor at the MSBA's deposition training program for the continuing legal education of lawyers. In 2019 Judge Barranco was elected as a lifetime Fellow of the Maryland Bar Foundation. Fellows are MSBA members who have demonstrated outstanding dedication and contribution to maintaining honor and integrity of the legal profession, the improvement and facilitation of the administration of justice, the work of the MSBA and civic leadership.

Over the years, Judge Barranco has been active volunteering in his community, including chaperoning nursing home residents to church at Stella Maris, helping to coach his daughter's LTRC rec league sports team, volunteering for summer swim meets, organizing a tree planting event, planning food drives for a local charity and other volunteer events for his college alumni association, organizing and promoting CPR classes, serving on an HOA board of directors, raising money for his high school, college and law school, and when he was younger, serving as a volunteer firefighter. In September of 2014 Judge Barranco received a Certificate of Recognition from the Baltimore County Office of Fire Chief for performing life saving CPR on his wife, Kim, when she suffered a sudden cardiac arrest in May of 2014. One of Judge Barranco's inspirations and role models for public service was his father, the late Dr. Frank T. Barranco, who, among his many volunteer activities, served

for years as the chief physician of the Lutherville Volunteer Fire Department and the Baltimore County Fire Department. Judge Barranco is honored that he is now able to use his extensive legal experience to serve the public as a judge on the Baltimore County Circuit Court and have a positive impact on the lives of Baltimore County citizens in that role.

Vote to retain Judge Michael S. Barranco who was appointed to the Baltimore County Circuit Court bench by way of gubernatorial appointment. After a rigorous vetting and extensive interview process, Judge Barranco was nominated by the Baltimore County Trial Courts Judicial Nominating Commission, having been determined to meet the Maryland constitutional standard as "most distinguished for integrity, wisdom and sound legal knowledge." The Judicial Nominating Commission considers each applicant's integrity, maturity, temperament, diligence, legal knowledge, intellectual ability, professional experience, community service and any other qualifications the Commission deems important for judicial service.



## Marc A. DeSimone, Jr.

Judge DeSimone is an associate judge of the Circuit Court for Baltimore County, appointed by Governor Wes Moore in 2023.

A 2004 graduate of Maryland Carey Law, Judge DeSimone also holds a bachelor's degree from Loyola University Maryland.

Prior to his judicial service, Judge DeSimone served as an assistant public defender in the Appellate Division of the Maryland Office of the Public Defender, delivering over 60 arguments before the appellate courts of Maryland, including 14 before the Supreme Court of Maryland.

Please click here to read the judge's full biography

**Read More**

---

Judge DeSimone is also a lecturer of law and director of the Moot Court Program at Maryland Carey Law. He has been a member of the law school faculty since 2007 and was recognized as Adjunct Professor of the Year in 2015. In law school, Judge DeSimone was named the Best Oralist of the 2003 Morris B. Meyerowitz Moot Court Competition.

After graduation from law school, he clerked for the Hon. Vanessa Ruiz of the District of Columbia Court of Appeals and served in private practice before joining the Office of the Public Defender.

He serves on the board of directors of Unified Community Connections and has been recognized as Volunteer of the Year by United Cerebral Palsy of Central Maryland. He is a past recipient of the Baltimore County Bar Association's Judith P. Ritchey Award and has received the University of Maryland, Baltimore's Dr. Martin Luther King, Jr. Diversity Recognition Award.

Judge DeSimone is the 2024 recipient of the Benjamin L. Cardin '67 Public Service Award which is presented by Maryland Carey Law to an alumnus who has demonstrated significant and substantial contributions to furthering ideals of public service in the law.

# Judges fight to retain seats in 2024 election cycle

afro.com/black-baltimore-county-judge-race

Tashi McQueen AFRO Political Writer                                    May 1, 2024

By Tashi McQueen
*AFRO* Political Writer
tmcqueen@afro.com



Baltimore County Judges Michael Barranco, Patricia DeMaio, Marc A. DeSimone, Jr. and James Rhodes, are campaigning to retain their position in the circuit court as they work for Marylanders' votes this election season. Maryland's Primary Election Day, May 14, could decide their fate. Photo courtesy of the Baltimore County Sitting Judges Slate

Baltimore County Sitting Judges Michael Barranco, Patricia DeMaio, Marc A. DeSimone Jr. and James Rhodes came together as a slate to encourage voters to help them retain their seats on the Circuit Court for Baltimore County bench this election season.

DeMaio, DeSimone and Rhodes were appointed to the seats in December 2023. The appointments of DeMaio and Rhodes made history, as they are the first two Black judges appointed at the same time to the Circuit Court for Baltimore County.

"As demographics change around the county, you would expect to see a change in positions on county councils, the judiciary and other positions," said Rhodes. "Taking into account also the fact that we have the first African-American governor, you would also expect that some changes will be made with respect to the increase in non-traditional people holding positions in the county."

Rhodes practiced law for 26 years before he was appointed to the bench. He also served as the legal chair to the National Association for the Advancement of Colored People (NAACP) while providing pro bono services to law enforcement and government attorneys. Rhodes, as an attorney, tried cases in civil litigation, criminal defense, family law and more.

"I have extensive practice experience that includes both criminal law as well as civil practice as I was an in-house counsel for an insurance company," said DeMaio. "I was a judge before I was appointed to the Circuit Court for Baltimore County. I was an administrative law judge with the Maryland Office of Administrative Hearings."

DeMaio was also a full-time faculty member at Howard University School of Law, teaching legal reasoning, research and writing.

"My life background is such that I understand what our citizens face. On the bench I'm not sitting high and looking low on people," said DeMaio. "I was raised by a single parent. My mother was a teen mother. We grew up in subsidized housing and on public assistance. My mother died when I was 19 after my first year of college."

"I know what it's like to feel like you are part of those who have been left behind. I know what it feels like to try to fight to make it out of a life circumstance that you did not choose, but you were born into," DeMaio continued. "I think it's that background and that experience that allows me to make decisions with compassion, with respect, with understanding and to treat people fair and justly when they appear in front of me in court."

All appointed candidates had to go through an extensive vetting process in order to even be presented to Gov. Wes Moore as an option.

DeMaio explained that within the appointment process candidates have to include their practice experience, community service and any negative things in their history.

"It doesn't mean you won't become a judge, but you have to disclose everything," she said.

DeMaio added that they also had to go through interviews with several bar associations.

All materials in the process are submitted to the Judicial Nominating Commission who then interviews you and selects a shortlist of names that is then sent to the governor. The governor then interviews the candidates and chooses who to select for a vacancy from there.

"We are Baltimore County residents ourselves, our families live here," said Rhodes. "We want to make sure that the people who appear before us are just as safe as we want our families to be."

Since the appointment, they have served in the Circuit Court, but this historical appointment could be short lived if voters do not select them both on May 14, during the Maryland primary and on Nov. 5 in the general election.

Judge races are typically uncontested, but this year, Robert Daniels decided to run. As the ballot is organized by last name, Daniels' moniker places him second on the ballot, making it more likely that voters will choose him, potentially unseating one of the appointed judges.

This concerns supporters of DeMaio and Rhodes, who believe some voters– when asked to choose four judges– will simply mark the first four names on the ballot.

"I think that certainly there is luck in ballot placement, some folks do win the alphabet lottery, but I wanted to make this race about qualifications and experience from the moment I got in," said Daniels, in response to the concerns. "I would really love nothing more than if we could put an end to ballot placement being the deciding factor."

Only four candidates can be selected on the ballot, and Daniels makes five.

*Tashi McQueen is a Report For America corps member.*

# Who is Rob Daniels? Baltimore County Circuit Court Judge Candidate Interview

🌐 baltimoreinformer.com/2024/05/01/who-is-rob-daniels-baltimore-county-circuit-court-judge-candidate-interview/

Adam Reuter                                                                                          May 1, 2024

 

*Rob Daniels, Baltimore County Circuit Court Judicial Candidate.*

The running joke in Baltimore County is that sitting judges on the Circuit Court have no judicial challengers. So, voters are instructed to select up to three choices on the primary ballot and they're only given three choices. Well, the year is 2024 and that cycle has been broken by a man named Rob Daniels.

Rob appeared on the second episode of the Baltimore Informer Podcast and provided in detail his background and what qualifies him to be a Circuit Court judge. You may listen to the full interview below.

Rob appeared on the second episode of the Baltimore Informer Podcast and provided in detail his background and what qualifies him to be a Circuit Court judge. You may listen to the full interview below.

**Visit Daniels' campaign site at <u>Daniels4Judge.com</u> or on <u>Facebook</u>.**

# Judicial Candidates Wage Unusual Combative Contest

republicanwomenbc.com/post/judicial-candidates-wage-unusual-combative-contest

jolie815                                                                April 29, 2024



## Judicial Candidates Wage Unusual Combative Contest

### As appeared in the May 2024 issue of the Country Chronicle

### by Michael Ruby

As appeared in the May 2024 issue of the **Country Chronicle**

By Michael Ruby

Probably the most hotly contested and controversial race on Baltimore County's May 14 primary ballot is one few people know about, few could tell you anything about or few even care about.

But unlike any other race in the upcoming primary, it could be decided before — and without — a single vote being cast in the November 2024 general election.

Not because one candidate stands out more than another or one party is better organized than another or because someone spent more money than the others. But simply because of the first letter of a person's last name. Studies show voters have a pronounced propensity to select candidates at the top of a list of names on a ballot over others that follow alphabetically.

That makes the current race to retain the four Baltimore County circuit court sitting judges interesting and unpredictable because an "outside" challenger — who will be the second name listed of five on the ballot — is asking voters to select him for a 15-year term on the bench instead of the four judges recently appointed by Maryland governors to fill vacancies due to retirements.

**Top Vote Getters**

During the upcoming primary election, voters in both parties will be asked to 'vote for up to 4" candidates in the "Judge of the Circuit Court District 3" category, according to sample ballots available on the Baltimore County Board of Elections web site.

Candidate names will include: Michael S. Barranco, Robert N. Daniels, Patricia DeMaio, Marc A. DeSimone, Jr., and James Rhodes, in that order, according to the sample ballot. The five candidates will appear on both Republican and Democratic ballots during the primary election with the top four vote getters in each primary moving onto the November 2024 general election.

If the same four candidates are selected by both the Republicans and Democrats, then the race has effectively been decided since only those four names will be included on the November 5 general election ballot for the four open positions.

But if four different names are the top vote getters for one party but not the other — say candidates #1, #3, #4 and #5 by one party and candidates #1, #2, #3, and #4 by the other — then all five names again will be listed on the general election ballot with the four receiving the most votes in November gaining 15-year terms on the circuit court bench.

**Unfit for the Role**

In what so far has been an unusually combative contest pitting the usually staid and objective arbiters of the law, outside challenger Robert N. Daniels (www.daniels4judge.com) is contending voters should not be fooled into confusing appointments with anointments. Especially since three of the four sitting judges — DeMaio, DeSimone and Rhodes — were elevated to the bench just a little more than three months ago by Gov. Wes Moore. Barranco was named to a circuit court judgeship in 2022 by then-Gov. Larry Hogan but not in time to be included on the 2022 ballot.

That short time on the bench makes a mockery, contends Daniels, of political campaign literature calling for retaining the three men and one woman appointed because they have the "experience we need to keep" and possess "the judgment we can trust," according to fliers authorized by the Baltimore County Sitting Judges campaign committee (www.sittingjudges.com).

Instead, Daniels says his "broad range of experience" as a family law practitioner, felony prosecutor and civil litigator for the state makes him the most prepared and equipped to serve on the circuit court bench.

Unlike his rivals who Daniels claims, in an uncharacteristically political posture by anyone running for a judgeship, are unfit for the role because they are: "anti-police," a claim he makes against DeMaio who served with Baltimore City State's Attorney Marilyn Mosby; "a scholar out of touch with the people," a charge he levels against DeSimone; and, someone bordering on recklessness following an incident with police after Rhodes brandished a firearm in public.

**Under Attack**

Daniels has his own baggage coming into the race, contend the sitting judges when speaking in public forums before community groups and political organizations. Daniels readily owns his history of foreclosure and bankruptcy in 2009, an experience he now is trying to spin as giving him first-hand knowledge into how people can have a run of bad luck and providing compassionate insights when ruling from the bench.

Other excuses or explanations have been offered by all the other candidates under attack. Yes, DeMaio did work in Mosby's office but DeMaio claims she was not part of the team that prosecuted six Baltimore police officers for the death of Freddie Grey while in custody.

Gov. Moore proudly proclaimed how pleased he was to appoint a scholar to the bench, swears DeSimone, a professor for 17 years at the University of Maryland law school and also a litigator before the Maryland Supreme Court and the U.S. Supreme Court.

Rhodes defended his weapon-toting entanglement with police as protecting his son — along with a legally registered gun and a certified carry permit — from becoming a victim of road rage. He was cleared of any wrong doing.

**No Track Record**

Still, Daniels points out that for the first time in more than 20 years, the organization representing Baltimore County police officers are not endorsing any of the four sitting judges who are running for election in 2024. Why? Daniels implies it is because of the anti-police sentiment and lack of criminal trial experience of those recently appointed.

David Rose, president of the Baltimore County Fraternal Lodge #4, which represents more than 3,200 current and retired police officers, said the organization took the unusual position of not endorsing the sitting judges or Daniels because not much is known about them.

"Three of the four judges were only recently named to the bench," said Rose, "so they don't have a track record of decisions made for us to properly vet them. And the other candidate [Daniels] is not a judge so we don't have a sufficient history to review."

The last time the Baltimore County FOP did not endorse a slate of sitting judges was after one of the appointees had ruled that fingerprint evidence, a mainstay of police work for decades, was not reliable.

**Non-partisan Questionnaire**

So if the Baltimore County police don't think there's enough information about the circuit court judge candidates to make an intelligent decision, then what's a voter to do? Turn to the League of Women Voters, of course.

Thankfully for every election, the non-partisan League of Women Voters of Baltimore County publishes a "Voter's Guide" to assist citizens preparing to vote. The guide provides invaluable information about such things as early voting dates and locations, where to find ballot box sites and when mail-in ballots must be postmarked. It also provides a Q&A forum for candidates running for office from President of the United States to Circuit Court Judges Circuit 3. Answers to the non-partisan questionnaire provide the candidate's response as received — typos and misspellings included — for voters' consideration and comparison.

On page 13 of the 2024 Primary Election Voters' Guide (available in most libraries and online at lwvbaltimorecounty.org), are the Baltimore County circuit court judge candidates' responses — limited to 500 characters — to such questions as:

• How does your experience prepare you for the duties of this judgeship;

• How would you address the problem of large numbers of minority youth being imprisoned;

• What are your views on diversion programs for behavioral problems and substance abuse;

• What are the greatest challenges facing Maryland Circuit Courts and how should they be addressed?

**Mandatory Retirement**

According to the LWV of Baltimore County Voters' Guide, Maryland is divided into eight judicial circuits. Circuit court judges preside over trials involving major civil and serious criminal cases such as those requiring a jury trial.

When there is a vacancy on a circuit court bench, usually due to mandatory retirement at age 70 of all judges, a nominating commission reviews the qualifications of applicants for the open judgeship. The committee then recommends several names to the governor who usually appoints a person from that list of nominees to fill the judgeship. Each newly appointed judge must run for office at the first election that occurs at least one year after the vacancy occurred. Sitting judges also must run for re-election after serving a full 15-year term.

Attorneys who are members of the Maryland Bar may challenge a newly-appointed or sitting judge running for election. All judicial candidates' names appear on both the Democratic and Republic primary ballots with the top vote getters advancing to the general election. There is no term limit for a circuit court judge who currently receives an annual salary of $194,433 per year.

### 'Obviously Flawed'

Because the knock-down, dragged out, name-calling pedestrian battle for the Baltimore County circuit court seats is being conducted before community groups and through campaign literature mailed to thousands of voters, the legal profession is getting a proverbial black eye about how judges are selected, appointed and elected, contend local community and political leaders.

And that's without any scrutiny of the Baltimore County Sitting Judges campaign committee which funds the roadside signs, literature (some of which has been characterized as "cartoonish") and other election expenses bankrolled by contributions from lawyers and law firms that "are keen on fostering amicable relations with the judiciary," claimed Jolie McShane, immediate past president of the Republican Women of Baltimore County, in an open letter to members. "This system is obviously flawed and in need of reform."

As of its latest filing on January 2024, the Baltimore County Sitting Judges committee had more than $360,000 on hand, according to Maryland State Board of Elections records.

"As voters, stakeholders and concerned citizens, it is imperative to scrutinize and advocate for changes that uphold the integrity and impartiality of our judiciary," said McShane. "Only through concerted efforts to address these shortcomings can we ensure a fair and transparent electoral landscape, where justice truly prevails."

**Much-Needed Changes**

This year's bruising battle over the Baltimore County sitting judges has only highlighted the urgency for much-needed changes, said Maryland State Senator Chris West (R-42), who is also a practicing attorney and well versed in election law.

That's why West, who represents north central Baltimore and eastern Carroll counties, says he will introduce legislation in the 2025 General Assembly to change how judges are elevated to the bench. West says he will maintain the nominating process and selection by the governor but no longer force the appointees to go before the electorate.

Instead, West said he will require an affirmative vote by 80 percent of the state Senate before a nominee assumes a seat on the bench.

The 80 percent requirement is high enough, he contends, that a governor will be forced to appoint women, minorities and others who reflect the general composition of the jurisdictions being served, otherwise, confirmation will not be forthcoming.

West is quick to point out that neither Governor William Donald Schaefer or Governor Martin O'Malley appointed any Black judges to Baltimore City courts during their terms in Annapolis, despite the current election process.

# Supreme Court of Maryland Issued Reprimand Against Judge Candidate

montgomeryperspective.com/2024/05/02/supreme-court-of-maryland-issued-reprimand-against-judge-candidate

Adam Pagnucco                                                                                          May 2, 2024



In Maryland, circuit court judges <u>are initially appointed by the governor but must then run for election after a year</u>.  The appointment process involves rigorous multi-layered vetting by several bar associations and a state nominating commission.  The appointees who emerge from it typically run together as a slate of "sitting judges."  However, other attorneys may run against the appointees and sometimes they win.  One frequent challenger to the sitting judges in Montgomery County is Marylin Pierre.

Pierre ran for judge and lost in the <u>2018 primary</u> and the <u>2022 primary</u>.  She survived the <u>2020 primary</u> but lost in the <u>2020 general election</u>.  She is <u>running again this year</u>.

The 2020 circuit court judge race was a wild election and I wrote about it more than once.  Pierre was running against four sitting judges.  In June, Pierre <u>tweeted "Lock em up"</u> about the police officers who killed Minnesota man George Floyd prior to their trial.  Pierre blamed a campaign volunteer for the tweet but that did not stop the sitting judges from <u>blasting it and recounting her long history of being rejected for judicial appointments</u>.  In September, a former Republican party chairman <u>revealed that Pierre courted and donated to the GOP despite running as a progressive</u>.  In October, the sitting judges <u>obtained a temporary</u>

restraining order against Pierre because one of her volunteers inaccurately claimed that she was a judge at an early voting site.  Pierre responded by accusing the sitting judges of smearing her.  Pierre did not close come to winning, but she did get a lot of ink!

It turns out that the 2020 election had spillover that lasted for years in court.  On 11/30/21, the Attorney Grievance Commission of Maryland filed a petition for disciplinary action against Pierre in Anne Arundel Circuit Court (case number C-02-CV-21-001655).  The case made its way to the Supreme Court of Maryland, which filed its opinion on 8/16/23.  The following account of the charges against Pierre and the findings of the Supreme Court are derived from the latter's opinion.

The Supreme Court described the origin of the case this way:

> The core allegations against Ms. Pierre arose from accusations made in an August 2020 campaign email. The email was sent by the campaign manager for a slate of four sitting judges against whom Ms. Pierre was running for a seat on the Circuit Court for Montgomery County. Sent just over two months before election day, the email was directed to Montgomery County attorneys and identified an "Urgent Need for Action." The email alleged, among other things, that Ms. Pierre's campaign had made false statements about the sitting judges, that Ms. Pierre had misstated her professional qualifications, and that she had engaged in unprofessional conduct in connection with a lawsuit more than two decades earlier.

Among the recipients of the email was the Bar Counsel of Maryland's Attorney Grievance Commission, which oversees the conduct of those practicing law in the state.  The Supreme Court wrote:

After completing its investigation, the Commission, acting through Bar Counsel, filed a petition for disciplinary or remedial action in which it alleged that Ms. Pierre violated the MARPC [Maryland Attorneys' Rules of Professional Conduct] and the New York Code of Professional Responsibility Disciplinary Rules ("NYDR") as a result of her: (1) misleading or false statements about the sitting judges in her 2020 campaign materials; (2) willful misrepresentations about her background on her 1999 Application for Admission to the Bar of New York ("New York Bar Application"); (3) willful misrepresentations about her background and career experience on her applications for various judgeships in Montgomery County between 2012 and 2017; and (4) false statements under oath and failure to timely respond to Bar Counsel's investigatory demands…

The assigned hearing judge found by clear and convincing evidence that Ms. Pierre had violated each MARPC and NYDR alleged, although the hearing judge rejected several of the grounds on which Bar Counsel had relied for those violations. The hearing judge also determined the existence of seven aggravating and four mitigating factors.

Pierre appealed the hearing judge's findings to the Supreme Court. After considering the case, the Supreme Court threw out many of the hearing judge's findings but sustained two of them. Those two were:

**Misrepresentations About Sitting Judges**

The Supreme Court found that Pierre was responsible for the following misrepresentations of her opponents.

Pierre issued this tweet on May 20, 2020: "Also there are some sitting judges who are only English speakers send people to jail because they could not speak English and discriminate against people based on skin color, country of origins, religious backgrounds or sexual orientations. Moco is cosmopolitan & need more!" The Supreme Court wrote, "At the hearing, Ms. Pierre acknowledged that the statement was false."

Pierre also issued this tweet on May 23, 2020: "The Sitting Judges are somewhat diverse in that they are black, Asian, gay, and straight, and men and women. But they are not really diverse. They are an in-group. Most of them have worked at the same law firm, go to the same church, and are related by marriage." The Supreme Court upheld the hearing judge's "factual findings that Ms. Pierre's tweet about most sitting judges working at the same law firm, attending the same church, and being related (1) were false, and (2) were made knowing they were false or with reckless disregard for their truth or falsity." However, the court also found that this tweet was protected campaign speech under the First Amendment.

**Knowing and Intentional Misrepresentation by Omission in a New York Bar Application**

The hearing judge found that Pierre made several misrepresentations in a 1999 application to the New York Bar. Following is the Supreme Court's discussion concerning one question on the application:

> Question 17(b) asked whether Ms. Pierre had "ever failed to answer any ticket, summons or other legal process served upon [her] at any time" and "[i]f so, was any warrant, subpoena or further process issued against [her] as a result of [her] failure to respond to such legal process?" Ms. Pierre answered "yes," identified the student loan case, and explained that she had a court date related to nonpayment of student loans for which she was sent a summons and did not appear because she was hospitalized and forgot. She further stated: "A summons was sent to my house and I answered it to the Court's satisfaction. No further action was taken on the summons since I have made arrangements to pay the student loan." The hearing judge concluded that response was a knowing and intentional "misrepresent[ation] by omission that the court issued a writ of body attachment for her failure to appear in response to a show cause order, and that she was detained and brought to court by the Sheriff and charged." Having made that finding, the hearing judge also "f[ound] that [Ms. Pierre] falsely swore that her answers were complete and truthful when she signed the Bar Application[.]"

The Supreme Court found, "Those statements constitute an affirmative, false representation that Ms. Pierre's receipt of a summons at her house ended the matter. As a result, the record contains sufficient support for the hearing judge's finding, by clear and convincing evidence, that Ms. Pierre's answer to Question 17(b) contained a knowing and intentional misrepresentation by omission." The Supreme Court threw out the hearing judge's other findings with regards to the New York Bar application.

While the Supreme Court tossed most of the hearing judge's findings, it did sustain charges that Pierre issued misrepresentations about her opponents and made a misrepresentation on a bar association application. Accordingly, the court wrote, "we conclude that Ms. Pierre violated MARPC 8.2(a), MARPC 8.4(a), (c), and (d), and NYDR 1-101 and 1-102(a)(1), (4), (5), and (8)." In plain English, the court found that Pierre violated rules for attorneys in both Maryland and New York. The court backed up its conclusion with this statement:

First, clear and convincing evidence supports the conclusion that Ms. Pierre demonstrated a selfish motive when she falsely stated that sitting judges send people to jail for not speaking English to bolster her campaign against the sitting judges and in her false and misleading response to Question 17(b) on her New York Bar Application in her attempt to gain admission to the New York Bar. Second, Ms. Pierre has substantial experience in the practice of law, although that was not true at the time of her New York Bar Application. Although Ms. Pierre is correct that her violations do not relate to her legal practice, her level of experience is nonetheless relevant to expectations of her conduct. Third, Ms. Pierre engaged in illegal conduct when she signed her New York Bar Application under oath and attested that she had "fully, truthfully and accurately" answered the questions in the application.

The Attorney Grievance Commission wanted Pierre to be disbarred. Pierre wanted no sanction. The Supreme Court chose to reprimand her. As part of its reasoning, the court stated, "Although Ms. Pierre's violations, especially in connection with her New York Bar Application, would call for a more severe sanction under different circumstances, we cannot ignore the circumstances present here. We acknowledge that our rules do not contain any guidelines for how to handle allegations of misconduct by lawyers involved in elections generally or in judicial elections specifically."

This may be the most astounding part of the court's entire decision. There <u>are sanctions available for lawyers who make misrepresentations in court</u>, but the Supreme Court of Maryland here admits that there are no guidelines for how to deal with lawyers who make misrepresentations when they run for judge. <u>So why on Earth do we elect judges?</u>

I have reached out for comment about this reprimand to both Pierre and the sitting judges against whom she is running. If I receive on-the-record responses from any of them, I will follow up in the future.

Categorized in:

<u>Montgomery Perspective Archive</u><u>Politics</u>

# Statement Of Facts — Marylin Pierre For Judge

pierreforjudge.com/community-engagement/project-one-ephnc-lw3fc



## A Statement on the Uncivil Attacks on Marylin Pierre

The following is a statement regarding the allegations and actions of the Sitting Judges during this election:

Instead of engaging voters on the issues that I have raised during this campaign, my opponents have resorted to uncivil personal attacks and frivolous legal intimidation tactics to try and win the race. This allegation and their social media and television ads seek to damage my reputation and call into question my professional experience and service to the bar and our community.

Let me be clear, I have never referred to myself as an incumbent judge at any time during this campaign or during my previous campaign. I am proudly a candidate for Circuit Court judge in Montgomery County and have endeavored to conduct this campaign with the highest standards of professionalism and civility appropriate to the office.

The other candidates made a choice. They could have reached out to my campaign to let us know a volunteer misspoke. Instead, they are using litigation to harass & intimidate while wasting taxpayer money.

Montgomery County deserves judges who will do what is best for our community, use the taxpayer's resources wisely, and show dignity and respect for all.

While my opponents continually attempt to smear me and my 30 years of experience. I know who I am. I am a dedicated lawyer, a former military police officer in the United States Army, a former chair of the Montgomery County Criminal Justice Coordinating Commission, a winner of the Leadership in Law Award, a three-time winner of Maryland's Top100 Women Award, and a winner of numerous other community service and pro bono awards.

I was the only candidate endorsed by Progressive Maryland, Progressive Neighbors, Progressive Legacy, NARAL Pro-Choice Maryland PAC, the Association of Black Democrats of Montgomery County, Our Revolution Maryland, Our Revolution MoCo, MoCo Students for Change, and Mayor Jeffrey Slavin.

I am the progressive and compassionate candidate for judge.

Marylin Pierre

# Marylin Pierre files to run again for Circuit Court judgeship amid scandals

Ⓑ bethesdamagazine.com/2024/02/13/marylin-pierre-files-to-run-again-for-circuit-court-judgeship-amid-scandals

Courtney Cohn                                                                                    February 14, 2024

Government & Politics

Maryland Supreme Court reprimanded local attorney for previous campaign statement



*This story, originally published at 2:30 p.m. on Feb. 13, 2024, was edited at 10:06 a.m. on Feb. 22, 2024, to remove endorsements that are out of date.*

For the fourth time, Rockville attorney Marylin Pierre is running to be a Montgomery County Circuit Court judge, following unsuccessful campaigns in 2018, 2020 and 2022.

Pierre filed her candidacy with the State Board of Elections on Jan. 23. She will face incumbents Marybeth Ayres, Jennifer Fairfax, Louis Leibowitz and J. Bradford McCullough for four seats on the bench in the May 14 primary election.

Pierre drew media attention after allegations arose that she lied during her 2020 political campaign to become a Circuit Court judge. The Maryland Bar Counsel alleged that Pierre made false statements about her opponents (four sitting judges), along with misstating her

professional record.

Pierre was <u>reprimanded</u> by the Maryland Supreme Court in August for one of the statements her campaign made. Her campaign account posted on social media in May 2020 that "there are some sitting judges who are only English speakers send people to jail because they could not speak English and discriminate against people based on skin color, country of origins, religious backgrounds or sexual orientations," according to <u>court documents</u>.

The state's Attorney Grievance Commission, who works alongside the Office of the Bar Counsel, asked that Pierre be disbarred due to numerous allegedly untrue statements, but Maryland Supreme Court Chief Justice Matthew Fader said that "future investigations by bar counsel into alleged misconduct by a candidate in a judicial election should generally be postponed until after the election," according to court documents.

Also, at a 2022 candidate forum, Pierre criticized the vetting process that judicial nominating commissions conduct before they send a list of nominees to the governor to fill a vacancy.

She said she has applied around nine times before and believed her lack of connections on the nominating commission has hurt her.

"One of the reasons why I stopped applying is that I saw that I was hitting my head against the wall," she said. "The last time I applied, somebody on the governor's commission was extremely mean and awful to me. And when the [judge] got that position, she then spoke at his swearing-in ceremony and talked about how he gave her her first job as a lawyer, and that he and her husband were law partners…I do not have those sorts of connections. I do not have somebody to move my application forward."

# AGC v. Pierre: The Ethics of Election Interference

**gdldlaw.com**/blog/agc-v.-pierre-the-ethics-of-election-interference

George S.; Mahaffey



By: <u>George S. Mahaffey</u> | 10.25.23 | <u>Media</u>

In *AGC v. Pierre*, the Supreme Court of Maryland addressed, for the first time, the propriety of Bar Counsel opening an investigation, in the midst of an election, into an attorney running as a judicial candidate. (*See AGC. v. Pierre*, 2023 Md. LEXIS 376 (Aug. 16, 2023))

*Pierre* arose in the course of a November 2020 election in which five candidates were vying for four seats on the Circuit Court for Montgomery County, Maryland. Four of the candidates were sitting judges and Ms. Pierre was the challenger. *Id.* at *13.

On August 28, 2020, two months prior to the election, one of the sitting judges sent a campaign email to various attorneys about Ms. Pierre, which included allegations that she had acted in an unprofessional way as an attorney. *Id.* at *14. One of the recipients of the email was Bar Counsel who replied within an hour, informing the judge that she had opened an investigation into Ms. Pierre. *Id.* The sitting judge responded to the email from Bar Counsel and discussed the putative investigation with her. *Id.* at *15. On September 7, 2020, Bar Counsel informed Ms. Pierre that she was opening an investigation into her because of the email from the sitting judge and ultimately Bar Counsel filed a petition for disciplinary relief or remedial action in November of 2021.

While the Supreme Court found that Ms. Pierre "engaged in serious misconduct," *id.* at *81, the Court found a reprimand to be the appropriate sanction because of the unusual nature of the case and Bar Counsel's actions. That is, the Court recognized that "our rules do not contain any guidelines for how to handle allegations of misconduct by lawyers involved in elections generally or in judicial elections specifically." *Id.* The Court added that to avoid any questions of impropriety in the future, investigations "by Bar Counsel into alleged misconduct by a candidate in a judicial election should generally be postponed until after the election unless: (1) doing so would put an individual or the public at risk from past or potential future misconduct that is within the purview of the Commission and that could be avoided by prompt investigation; or (2) prompt investigation is necessary to preserve evidence. In either case, Bar Counsel should generally confine pre-election activities to what is necessary to satisfy the exigency." *Id.* at *7-8. The Court further held that it would ask the Standing

Committee on the Rules of Practice and Procedure to consider adopting procedures for addressing allegations of misconduct that arise during the campaigns for elected office generally and judicial offices specifically. *Id.* at *8 n.5.

As for the actions of Bar Counsel in initiating the investigation of Ms. Pierre within an hour of receiving an email (and on the eve of an election), Justice Battaglia and Justice Watts expressed deep concern. In their concurrences, both justices questioned Bar Counsel's judgment, and Justice Watts suggested the appointment of special counsel pursuant to Maryland Rule 19-702(h)(6) to investigate the matter. *Id.* at *93 n.3. The takeaway from *Pierre* is that Bar Counsel will have to tread carefully when handling investigations of judicial candidates, especially when those investigations are occurring near an election and when they arise because of concerns raised by opponents of the candidates.

George Mahaffey advises and defends a wide variety of clients in professional liability matters. He handles ethics-related matters on behalf of accountants, attorneys, engineers, design professionals, and financial services and insurance professionals.



Goodell DeVries defends various professionals in Maryland, the District of Columbia, and Virginia, including lawyers and law firms. Many of these cases are ethics matters involving Bar Counsel. If you have questions about the above or are a Maryland lawyer facing discipline, please contact us at EthicsHelp@gdldlaw.com.

# Maryland State Board of Elections

# Official 2024 Presidential Primary Election Results for Judge of the Circuit Court

Last refreshed: 06/13/2024 02:25:21 PM

[Return to Election Result Index](#)

NR: not reported

✔: Denotes Winner of the Election

## Judge of the Circuit Court
### Circuit 2
### Cecil County

**Democratic Ballots - Vote for 1**

(28 of 28 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|------|------|------|------|------|------|------|
| Cameron A. Brown ✔ | 496 | 1,370 | 1,551 | 46 | 3,463 | 100.00% |
| **Totals** | **496** | **1,370** | **1,551** | **46** | **3,463** | **100.00%** |

**Republican Ballots - Vote for 1**

(28 of 28 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|------|------|------|------|------|------|------|
| Cameron A. Brown ✔ | 2,169 | 6,461 | 1,730 | 151 | 10,511 | 100.00% |
| **Totals** | **2,169** | **6,461** | **1,730** | **151** | **10,511** | **100.00%** |

### Circuit 3
### Baltimore County

**Democratic Ballots - Vote for up to 4**

(243 of 243 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|------|------|------|------|------|------|------|
| Michael S. Barranco ✔ | 11,119 | 19,926 | 25,641 | 2,604 | 59,290 | 21.44% |

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Robert N. Daniels | 5,163 | 12,834 | 12,260 | 1,482 | 31,739 | 11.48% |
| Patricia DeMaio ✔ | 12,661 | 24,549 | 30,855 | 3,293 | 71,358 | 25.80% |
| Marc A. DeSimone, Jr. ✔ | 10,624 | 18,678 | 24,477 | 2,480 | 56,259 | 20.34% |
| James Rhodes ✔ | 10,948 | 19,439 | 24,957 | 2,576 | 57,920 | 20.94% |
| **Totals** | **50,515** | **95,426** | **118,190** | **12,435** | **276,566** | **100.00%** |

### Republican Ballots - Vote for up to 4

(243 of 243 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Michael S. Barranco ✔ | 5,095 | 11,731 | 6,516 | 914 | 24,256 | 23.37% |
| Robert N. Daniels | 3,026 | 8,690 | 3,722 | 587 | 16,025 | 15.44% |
| Patricia DeMaio ✔ | 4,609 | 10,728 | 6,193 | 902 | 22,432 | 21.61% |
| Marc A. DeSimone, Jr. ✔ | 4,400 | 9,723 | 5,517 | 787 | 20,427 | 19.68% |
| James Rhodes ✔ | 4,453 | 10,056 | 5,393 | 759 | 20,661 | 19.90% |
| **Totals** | **21,583** | **50,928** | **27,341** | **3,949** | **103,801** | **100.00%** |

## Harford County

### Democratic Ballots - Vote for 1

(64 of 64 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Alex M. Allman ✔ | 2,317 | 5,384 | 4,363 | 1,522 | 13,586 | 100.00% |
| **Totals** | **2,317** | **5,384** | **4,363** | **1,522** | **13,586** | **100.00%** |

### Republican Ballots - Vote for 1

(64 of 64 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Alex M. Allman ✔ | 3,769 | 10,982 | 2,937 | 857 | 18,545 | 100.00% |
| **Totals** | **3,769** | **10,982** | **2,937** | **857** | **18,545** | **100.00%** |

## Circuit 4
## Garrett County

**Democratic Ballots - Vote for 1**

(19 of 19 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Justin N. Gregory ✔ | 167 | 380 | 414 | 60 | 1,021 | 100.00% |
| **Totals** | **167** | **380** | **414** | **60** | **1,021** | **100.00%** |

**Republican Ballots - Vote for 1**

(19 of 19 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Justin N. Gregory ✔ | 787 | 2,509 | 585 | 92 | 3,973 | 100.00% |
| **Totals** | **787** | **2,509** | **585** | **92** | **3,973** | **100.00%** |

## Washington County

**Democratic Ballots - Vote for 1**

(46 of 46 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Kirk C. Downey ✔ | 911 | 2,297 | 2,961 | 204 | 6,373 | 100.00% |
| **Totals** | **911** | **2,297** | **2,961** | **204** | **6,373** | **100.00%** |

**Republican Ballots - Vote for 1**

(46 of 46 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Kirk C. Downey ✔ | 1,851 | 6,033 | 2,113 | 213 | 10,210 | 100.00% |
| **Totals** | **1,851** | **6,033** | **2,113** | **213** | **10,210** | **100.00%** |

## Circuit 5
## Anne Arundel County

**Democratic Ballots - Vote for up to 2**

(195 of 195 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Christina Bayne | 1,816 | 6,102 | 6,728 | 718 | 15,364 | 18.28% |
| Thomas F. Casey | 1,068 | 3,205 | 3,811 | 384 | 8,468 | 10.08% |
| Christine Marie Celeste ✔ | 3,805 | 10,169 | 13,918 | 1,224 | 29,116 | 34.64% |
| Ginina A. Jackson-Stevenson ✔ | 3,483 | 9,372 | 11,896 | 1,069 | 25,820 | 30.72% |
| John Robinson | 620 | 2,094 | 2,286 | 279 | 5,279 | 6.28% |
| **Totals** | **10,792** | **30,942** | **38,639** | **3,674** | **84,047** | **100.00%** |

**Republican Ballots - Vote for up to 2**

(195 of 195 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Christina Bayne | 1,338 | 4,572 | 2,419 | 366 | 8,695 | 17.77% |
| Thomas F. Casey ✔ | 2,025 | 7,194 | 2,936 | 509 | 12,664 | 25.89% |
| Christine Marie Celeste ✔ | 2,277 | 7,037 | 3,629 | 542 | 13,485 | 27.56% |
| Ginina A. Jackson-Stevenson | 1,067 | 3,356 | 1,480 | 254 | 6,157 | 12.59% |
| John Robinson | 1,260 | 4,448 | 1,889 | 324 | 7,921 | 16.19% |
| **Totals** | **7,967** | **26,607** | **12,353** | **1,995** | **48,922** | **100.00%** |

# Howard County

**Democratic Ballots - Vote for 1**

(67 of 67 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Lara Weathersbee ✔ | 5,364 | 15,049 | 9,704 | 4,406 | 34,523 | 100.00% |
| **Totals** | **5,364** | **15,049** | **9,704** | **4,406** | **34,523** | **100.00%** |

**Republican Ballots - Vote for 1**

(67 of 67 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Lara Weathersbee ✔ | 1,696 | 5,879 | 2,235 | 595 | 10,405 | 100.00% |
| **Totals** | **1,696** | **5,879** | **2,235** | **595** | **10,405** | **100.00%** |

## Circuit 6
## Frederick County

### Democratic Ballots - Vote for 1

(66 of 66 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Joanmarie Raymond Brubaker ✔ | 1,925 | 7,651 | 8,121 | 766 | 18,463 | 100.00% |
| **Totals** | **1,925** | **7,651** | **8,121** | **766** | **18,463** | **100.00%** |

### Republican Ballots - Vote for 1

(66 of 66 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Joanmarie Raymond Brubaker ✔ | 1,940 | 8,786 | 2,982 | 329 | 14,037 | 100.00% |
| **Totals** | **1,940** | **8,786** | **2,982** | **329** | **14,037** | **100.00%** |

## Montgomery County

### Democratic Ballots - Vote for up to 4

(257 of 257 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Marybeth Ayres ✔ | 11,761 | 33,740 | 43,196 | 3,097 | 91,794 | 23.37% |
| Jennifer S. Fairfax ✔ | 11,846 | 34,053 | 43,202 | 3,100 | 92,201 | 23.47% |
| Louis M. Leibowitz ✔ | 10,863 | 30,479 | 40,153 | 2,795 | 84,290 | 21.46% |
| J. Bradford McCullough ✔ | 10,053 | 27,628 | 35,853 | 2,449 | 75,983 | 19.34% |
| Marylin Pierre | 6,355 | 19,050 | 21,330 | 1,800 | 48,535 | 12.36% |
| **Totals** | **50,878** | **144,950** | **183,734** | **13,241** | **392,803** | **100.00%** |

**Republican Ballots - Vote for up to 4**

(257 of 257 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Marybeth Ayres ✔ | 2,334 | 6,923 | 4,950 | 349 | 14,556 | 22.31% |
| Jennifer S. Fairfax ✔ | 2,330 | 7,099 | 4,923 | 353 | 14,705 | 22.54% |
| Louis M. Leibowitz ✔ | 2,314 | 6,977 | 4,701 | 357 | 14,349 | 21.99% |
| J. Bradford McCullough ✔ | 2,423 | 7,455 | 4,842 | 338 | 15,058 | 23.08% |
| Marylin Pierre | 899 | 3,201 | 2,298 | 180 | 6,578 | 10.08% |
| **Totals** | **10,300** | **31,655** | **21,714** | **1,577** | **65,246** | **100.00%** |

# Circuit 7
# Prince George's County

**Democratic Ballots - Vote for up to 4**

(327 of 327 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Darren Sebastian Johnson ✔ | 17,445 | 33,991 | 31,405 | 2,886 | 85,727 | 23.12% |
| Stenise LaNez Rolle ✔ | 15,327 | 27,938 | 25,012 | 2,334 | 70,611 | 19.04% |
| Michael Sheehan | 6,751 | 17,516 | 16,983 | 1,468 | 42,718 | 11.52% |
| Cheri Nicole Simpkins ✔ | 18,299 | 36,904 | 34,511 | 3,174 | 92,888 | 25.05% |
| Donnell Wilfred Turner ✔ | 16,649 | 30,998 | 28,692 | 2,583 | 78,922 | 21.28% |
| **Totals** | **74,471** | **147,347** | **136,603** | **12,445** | **370,866** | **100.00%** |

**Republican Ballots - Vote for up to 4**

(327 of 327 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Darren Sebastian Johnson ✔ | 615 | 1,636 | 1,283 | 87 | 3,621 | 21.59% |
| Stenise LaNez Rolle | 474 | 1,122 | 833 | 66 | 2,495 | 14.88% |
| Michael Sheehan ✔ | 575 | 1,798 | 1,248 | 92 | 3,713 | 22.14% |
| Cheri Nicole Simpkins ✔ | 637 | 1,574 | 1,233 | 85 | 3,529 | 21.04% |
| Donnell Wilfred Turner ✔ | 611 | 1,558 | 1,154 | 89 | 3,412 | 20.35% |
| **Totals** | **2,912** | **7,688** | **5,751** | **419** | **16,770** | **100.00%** |

# Saint Mary's County

## Democratic Ballots - Vote for 1

(28 of 28 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Sue Ann Armitage | 582 | 1,103 | 1,426 | 99 | 3,210 | 45.49% |
| Amy Lorenzini ✔ | 691 | 1,549 | 1,497 | 110 | 3,847 | 54.51% |
| **Totals** | **1,273** | **2,652** | **2,923** | **209** | **7,057** | **100.00%** |

## Republican Ballots - Vote for 1

(28 of 28 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Sue Ann Armitage | 1,308 | 2,683 | 835 | 73 | 4,899 | 46.39% |
| Amy Lorenzini ✔ | 1,469 | 3,073 | 1,017 | 103 | 5,662 | 53.61% |
| **Totals** | **2,777** | **5,756** | **1,852** | **176** | **10,561** | **100.00%** |

# Circuit 8
# Baltimore City

## Democratic Ballots - Vote for up to 7

(295 of 295 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|---|---|---|---|---|---|---|
| Nicole K. Barmore ✔ | 8,796 | 23,477 | 18,803 | 3,036 | 54,112 | 15.69% |
| Yvette Michelle Bryant ✔ | 9,105 | 24,207 | 19,181 | 3,167 | 55,660 | 16.14% |
| Paul J. Cucuzzella ✔ | 7,523 | 19,548 | 16,090 | 2,492 | 45,653 | 13.24% |
| Troy K. Hill ✔ | 8,231 | 21,283 | 17,412 | 2,710 | 49,636 | 14.40% |
| Alan Carl Lazerow ✔ | 7,516 | 19,416 | 16,105 | 2,435 | 45,472 | 13.19% |
| La Zette C. Ringgold-Kirksey ✔ | 7,909 | 20,547 | 16,731 | 2,578 | 47,765 | 13.85% |
| Martin H. Schreiber, II ✔ | 7,683 | 19,875 | 16,430 | 2,505 | 46,493 | 13.48% |
| **Totals** | **56,763** | **148,353** | **120,752** | **18,923** | **344,791** | **100.00%** |

## Republican Ballots - Vote for up to 7

(295 of 295 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|------|-------------|--------------|----------------|-------------|-------|------------|
| Nicole K. Barmore ✔ | 224 | 1,122 | 664 | 104 | 2,114 | 15.04% |
| Yvette Michelle Bryant ✔ | 210 | 1,059 | 607 | 93 | 1,969 | 14.01% |
| Paul J. Cucuzzella ✔ | 214 | 1,113 | 649 | 92 | 2,068 | 14.72% |
| Troy K. Hill ✔ | 223 | 1,066 | 619 | 99 | 2,007 | 14.28% |
| Alan Carl Lazerow ✔ | 211 | 1,073 | 617 | 94 | 1,995 | 14.20% |
| La Zette C. Ringgold-Kirksey ✔ | 192 | 974 | 562 | 81 | 1,809 | 12.87% |
| Martin H. Schreiber, II ✔ | 222 | 1,126 | 641 | 101 | 2,090 | 14.87% |
| **Totals** | **1,496** | **7,533** | **4,359** | **664** | **14,052** | **100.00%** |

# Maryland State Board of Elections

# Official 2024 Presidential General Election Results for Judge of the Circuit Court

Last refreshed: 12/05/2024 02:20:03 PM

[Return to Election Result Index](#)

NR: not reported
✔: Denotes Winner of the Election

## Judge of the Circuit Court
### Circuit 3
### Baltimore County

**Vote for up to 4**

(243 of 243 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|------|-------------|--------------|----------------|-------------|-------|------------|
| Michael S. Barranco ✔ | 70,593 | 76,662 | 63,253 | 6,430 | 216,938 | 24.97% |
| Patricia DeMaio ✔ | 75,955 | 85,957 | 69,539 | 7,557 | 239,008 | 27.51% |
| Marc A. DeSimone, Jr. ✔ | 65,085 | 67,896 | 60,396 | 5,717 | 199,094 | 22.91% |
| James Rhodes ✔ | 67,188 | 71,962 | 61,794 | 6,041 | 206,985 | 23.82% |
| Other Write-Ins | 2,076 | 3,229 | 1,347 | 212 | 6,864 | 0.79% |
| **Totals** | **280,897** | **305,706** | **256,329** | **25,957** | **868,889** | **100.00%** |

## Harford County

**Vote for 1**

(64 of 64 election day precincts reported)
This table may scroll left to right depending on the screen size of your device.

| Name | Early Voting | Election Day | Mail-In Ballot | Provisional | Total | Percentage |
|------|-------------|--------------|----------------|-------------|-------|------------|
| Alex M. Allman ✔ | 40,764 | 48,436 | 17,531 | 3,693 | 110,424 | 97.88% |
| Other Write-Ins | 875 | 1,149 | 302 | 71 | 2,397 | 2.12% |
| **Totals** | **41,639** | **49,585** | **17,833** | **3,764** | **112,821** | **100.00%** |

# New fight, old arguments: Senate, House panels debate contested circuit court elections

marylandmatters.org/2025/02/12/new-fight-old-arguments-senate-house-panels-debate-contested-circuit-court-elections

William J. Ford                                                                            February 13, 2025



Maryland Supreme Court Chief Justice Matthew J. Fader testifies before the Senate Judicial Proceedings Committee in support of legislation to get rid of contested elections for circuit court judge. (Photo by William J. Ford/Maryland Matters)

Maryland Supreme Court Chief Justice Matthew Fader and Carroll County Circuit Judge Maria L. Oesterreicher agree that the state's current system of choosing circuit court judges at the ballot box allows for the broadest possible pool of candidates.

They disagree on whether that's a good thing or a bad thing.

That was the crux of arguments that stretched over several hours of testimony Wednesday, as Senate and House committees held back-to-back hearings on a proposed constitutional amendment to change the way circuit judges are selected.

Appellate judges in the state stand every 10 years for retention elections — voters give a thumbs up or down on whether the judge should continue on the bench. But circuit judges stand for election every 15 years, and when they do they can face challengers who file to run against them, just like candidates in any other political race.

Critics say the system opens the door to unqualified candidates and forces sitting judges to act like partisan candidates instead of impartial jurists.

"This is a bill that is aimed at increasing public trust and confidence in the judiciary, minimizing perceived conflicts and ensuring that every judge in the state has been thoroughly vetted and found most fully qualified by a neutral panel before taking office," Fader said to the Senate committee.



From left, Carroll County Circuit Judge Maria L. Oesterreicher, Rob Daniels, who ran unsuccessfully in Baltimore County, and Claudia Barber, who ran unsuccessfully in Anne Arundel County, testified against changing the system. (Photo by William J. Ford/Maryland Matters)

But supporters say the system gives voters a full voice in the selection of judges, and that contested elections increase diversity on the bench by opening the door to candidates who are not part of the network of lawyers who nominate judges. Oesterreicher cites herself as a case in point.

"I remain the only female that has ever been placed on our circuit court," Oesterreicher, who won in a 2018 election, said of the Carroll County bench. "This [a proposed constitutional amendment] is not the proper way to fix the issue of judicial selections."

The hearings Wednesday before the Senate Judicial Proceedings Committee on Senate Bill 630 and the House Judiciary Committee on House Bill 778 are the latest in a decades-long fight over contested circuit judge elections. More than 75 bills have been introduced since

the 1980s to change the process, all unsuccessful so far.

But the debate was renewed almost three years ago, when the Maryland Judicial Conference appointed a judicial work group to study the issue. After nearly two years of study, the group released a 63-page report last year which concluded that contested elections present ethical concerns and pose a risk to judges' safety in the current political atmosphere.

It recommended doing away with the process and making circuit judges face retention elections every 10 years, like appellate judges in the state.

In both the House and Senate hearings, Maryland State Bar Association President Raphael Santini, a supporter of the bills, pointed to former Prince George's County Circuit Judge April Ademiluyi, who won the judgeship by unseating sitting Judge Jared M. McCarthy in the 2020 election. But by 2023, Ademiluyi had been charged with violating multiple provisions of the Maryland Code of Judicial Conduct.

After an investigation by the Maryland Commission on Judicial Disabilities, the Maryland Supreme Court in May 2024 ordered Ademiluyi removed from the bench for engaging in "egregious misconduct."

Critics of the current system said it allows candidates like Ademiluyi to bypass a vetting process by local commissions of lawyers. Those commissions review the credentials of would-be judges and recommend nominees to the governor, who makes the initial appointment of judges — with Senate confirmation — when there is a vacancy on the bench.

Montgomery County Circuit Judge Kathleen Dumais, a state delegate for nearly two decades and co-chair of the judicial work group, said the commissions help make sure the governor receives a list of qualified candidates "who reflect the community."



Maryland Supreme Court Chief Justice Matthew J. Fader, second from left, testifies to the House Judiciary Committee in support of legislation to get rid contested races for circuit court judges. (Photo by William J. Ford/Maryland Matters)

To make sure that nominees reflect their communities, former U.S. District Judge Alexander Williams Jr. — who co-chaired the work group with Dumais — said at the Senate hearing that the report recommends that vetting commissions seek input from the public and specialty bars. Those bars are associations of attorneys established by race, gender, legal specialty and sexual orientation.

But hours later in the House hearing, Del. Aaron M. Kaufman (D-Montgomery) asked Claudia Barber, an opponent to the judicial bill, if she thinks the judicial nominating committees and the legal establishment "is somewhat clubby."

"Yes, it is clubby, and to a certain degree, it is also political," said Barber, who ran unsuccessfully for an Anne Arundel County Circuit judgeship in 2016, 2018 and 2024. "It's cliquish. It's all of that. Which is why oftentimes the best is not always chosen."

Rob Daniels, who ran an unsuccessful circuit court campaign last year in Baltimore County, testified that the judiciary still does not include anyone from the LGBTQ+ community.

"The impetus for this bill seems to be the false conclusion by the judicial selections work group that we've resolved the diversity issue so popular elections are no longer needed," said Daniels, chair of the LGBTQ Bar Association. "But the work group has moved the goal posts in the diversity fight by ignoring the dearth of LGBTQ judges in our state."

A few lawmakers asked whether it's a good idea to restrict voters' voices in the selection of circuit judges.

"Whenever we start having these discussions about taking away the public input and we leave it at the discretion of solely the governor…then the people that I represent aren't getting their fair input into the discussion," said Sen. William G. Folden (R-Frederick).

If the measure passes, the question would go to voters in the November 2026 election, to decide whether to amend the Maryland Constitution to make the change.

*– This story has been updated to remove a reference to district court judges, who do not face election, and to correct the years when Claudia Barber ran for election to the bench.*

<u>YOU MAKE OUR WORK POSSIBLE.</u>

Last updated 2:13 p.m., Feb. 15, 2025

Our stories may be republished online or in print under Creative Commons license CC BY-NC-ND 4.0. We ask that you edit only for style or to shorten, provide proper

attribution and link to our website. AP and Getty images may not be republished. Please see our <u>republishing guidelines</u> for use of any other photos and graphics.

# GOP should embrace energy tax credits

IDR **thedailyrecord.com**/2025/02/17/md-bill-would-end-open-partisan-elections-for-state-circuit-court-judges

February 17, 2025

## MD bill would end open, contested elections for state circuit court judges

▶ Listen to this article

State circuit court judges could keep their jobs with retention <u>elections</u> — rather than open elections with challengers — under a bill that appears to have widespread support among Maryland's legal community.



"(This bill) is aimed at increasing public trust and confidence in the judiciary, minimizing perceived conflicts and ensuring that every judge in the state is fully qualified before taking office," Maryland Supreme Court Chief Justice Matthew Fader told House and Senate committees. (The Daily Record/File Photo)

All state court judges get their jobs through an appointment by the governor, but incumbents at the circuit court level are the only ones that can face challenges in open elections. For the Maryland Court of Appeals and the Maryland Supreme Court, voters can retain or reject the incumbent every 10 years — but can't put a new judge on the bench. District Court judges do not stand for retention or open elections; they are reappointed every 10 years.

The bill, sponsored by Del. Luke Clippinger, D-Baltimore City, and Sen. Will Smith, D-Montgomery, at the request of the Maryland Judicial Conference, proposes an amendment to the Maryland Constitution, which voters would have to approve in the November 2026 general election.

In addition to implementing retention elections, the amendment would shorten circuit court judges' terms from 15 years to 10 years, to align with the terms of judges at other levels.

"(This bill) is aimed at increasing public trust and confidence in the judiciary, minimizing perceived conflicts and ensuring that every judge in the state is fully qualified before taking office," Maryland Supreme Court Chief Justice Matthew Fader told House and Senate committees on Feb. 12.

The idea has been debated for years. The bill came from the Workgroup to Study Judicial Selections, which was created in 2022 and <u>published its recommendations last July</u>.

Fader said open elections require incumbent judges to raise money for their campaigns, and that money often comes from lawyers who have cases before the court, presenting potential conflicts of interest.

"The job of a judge is inherently apolitical," Fader said. "Judges are charged with being impartial arbiters of disputes and maintaining neutrality at all times … Involvement in the politics of an election can create an obstacle to that."

The challengers in these elections do not necessarily go through the same vetting process as the incumbents, and are not bound by rules prohibiting them from opining on specific cases.

"Our current system under current law today is to unexplainably jettison all the benefits of this extensive vetting," said Alexander Williams, a retired U.S. District Court judge who co-chaired the Workgroup. "The vetting is rendered meaningless if the candidates — both vetted judges and challengers — are simply listed alphabetically on the ballot."

**MORE FROM THE AUTHOR:**
- BGE disputes 'flawed' Public Service Commission investigation
- Judge lifts oversight on two segments of Baltimore police consent decree
- BGE did not ensure pipeline safety after falsified inspections, PSC investigation finds

Williams said governors in recent decades have reversed the trend of rarely nominating women, people of color or other minority groups. He said half of all state court judges are women and about 30% are Black.

Opponents say those gains are overstated, and that elections are a primary way to increase diversity on the bench. They say the committees that select candidates can be overly insular.

Carroll County Circuit Court Judge Maria Oesterreicher, who defeated an incumbent in 2018, opposes the bill. She said "many, many, many" qualified women have applied for consideration for judgeships in the county, but "none was ever appointed."

"(Running for the seat) became the only way to see a woman on our circuit court," she said. "I remain the only female that has ever been placed on our circuit court."

Rob Daniels, who lost to an incumbent on the Baltimore County Circuit Court last year after an unsuccessful attempt to get nominated for a judgeship, also spoke against the bill.

"If LGBTQ people aren't being appointed to judgeships by the most progressive governor this state has ever seen, when will it be?"

# Contested Circuit Court judge election measure done for this year

maryland**matters.org**/2025/03/13/contested-circuit-court-judge-race-measure-done-for-this-year

William J. Ford

March 13, 2025



Anne Arundel County Circuit Court in Annapolis. (File photo by Bryan P. Sears/Maryland Matters)

A decades-old discussion on whether to change the way Maryland's circuit court judges are elected will continue for at least another year.

"The votes are not there," said Sen. William C. Smith Jr. (D-Montgomery), chair of the Judicial Proceedings Committee and sponsor of Senate Bill 630. "Just going to put it [the bill] in the drawer. We will continue to have the debate."

Without a Senate bill, the House version will also be tucked away for now.

The bills would have asked voters next year whether they want to change the current system where circuit court judges stand for reelection in contested elections, unlike other judges who do not face challengers but are merely voted back in or out on their record.

Critics say the current system puts circuit judges in the potentially unethical position of having to raise funds and curry favor with people whose cases they may be called on to judge. But supporters say that by opening elections up to challengers, the current system allows for a more diverse, and representative, bench than might occur in uncontested elections.

Del. Bernice Mireku-North (D-Montgomery) falls in the latter camp, a point she made at the end of a Legislative Black Caucus meeting last month that divided caucus members.

Mireku-North pointed to a 2020 report from the Texas Commission on Judicial Selection. It said seven states – Alaska, Colorado, Iowa, Nebraska, New Mexico, Utah and Wyoming – don't have voters select trial court judges in contested races.

"Those particular states don't have the demographics that we have. Why are we making this decision at this time as the state is getting more culturally diverse?" asked Mireku-North, an attorney who practices criminal defense and family law, among others. "We have to be very, very, very careful about the bills that we are putting forth that deal with diversity."

While Maryland appellate judges stand every 10 years in retention elections, circuit judges stand every 15 years in contested elections.

Other supporters of contested circuit court races include prominent Baltimore attorney William H. "Billy" Murphy Jr., who attended the Black Caucus meeting. Besides giving voters a voice in the selection of judges, Murphy and others say contested elections increase diversity on the bench for candidates who either aren't part of judicial network, or don't make the cut through the judicial nominating commission process that vets candidates and forwards names to the governor for appointment.

Murphy served on a judicial work group, appointed by the Maryland Judicial Conference, that studied the issue of contested circuit elections for the last two years.

The group released a report last year which concluded that contested elections present ethical concerns and pose a risk to judges' safety in the current political atmosphere.

One of the recommendations in the work group's report called for more transparency for the judicial nominating commissions that vet judicial candidates and forward names to the governor for appointment.

The report also recommended that the commissions seek input from the public and specialty bar associations, like those established around race, gender, legal specialty and sexual orientation.

As of April 2024, about 31% of the state's 169 circuit judges were Black and 51% were women, according to the report.

Murphy said in a text message Wednesday night even opponents agreed that contested elections helped to increase the diversity of the circuit court bench.

"But they argued Marylanders no longer need the protections of elections," he said. "We are gratified that, once again, this illogical argument was soundly rejected."

The report was mentioned during bill hearings on the same day in the House and Senate.

The report noted that 76 bills to change circuit court elections had been introduced, and failed, since the 1980s. Montgomery County Circuit Court Judge Kathleen Dumais, a former state delegate of nearly two decades who served as co-chair of the judicial work group, said in an interview Tuesday she was not surprised the bill appears to have failed again this year.

"We do feel the response has been very positive. We are going to continue to work with members of the legislature and continue to have conversations directly during the interim," Dumais said. "Our goal is to find what is the best way to make sure we have qualified, independent members of the bench that have the right temperament and have integrity to really apply the law and be good judges."

Del. Nicole Williams (D-Prince George's) said in an interview Wednesday she "understands" the view of those on both sides of the issue.

Williams said one way the bill could be improved in the future is making sure nominating commissions are more diverse throughout the state, especially in places like Carroll County where Circuit County Judge Maria L. Oesterreicher won in a contested election in 2018 to become the first woman in that court. She remains the only woman in that jurisdiction's circuit court.

"I think if we can focus on that piece so we can get the diversity that we want," she said. "I think we might want to focus there before we revisit this."

# M. Natalie McSherry Sworn in as 125th MSBA President, New Officers Also Take Oath

mdaccesstojustice.org/news-insights/m-natalie-mcsherry-sworn-in-as-125th-msba-president-new-officers-also-take-oath

June 15, 2021



MSBA proudly announces the installation of its 125th president, <u>M. Natalie McSherry</u>, who was sworn in during the MSBA Legal Summit & Annual Meeting on June 11.



"I am honored to be inducted as the 12[th] President of the Maryland State Bar Association," said President McSherry. "The MSBA is an outstanding organization that is supported by many talented people, from its dedicated membership to its energetic staff. I look forward to keeping the momentum of our work moving forward as we strive to improve member services, promote professionalism, and provide access to justice for all members of our community."

President McSherry is the great-granddaughter of the MSBA's first president, James McSherry, who was installed in 1897. She has served the MSBA in various leadership roles, including service as a member of the MSBA Board of Governors and Executive Committee, and Treasurer. She has been a Fellow of the Maryland Bar Foundation since 1984 and, until earlier this year, had served on the organization's Board of Directors since 2011.

MSBA is also happy to announce the installation of <u>Del. Erek Barron</u>, as President-Elect; <u>Jason DeLoach</u>, who is serving a second term as Treasurer, and <u>David Shapiro</u>, as Secretary of the MSBA.

David Shapiro

Jason DeLoach



Del. Erek Barron





# Members on the Move: November 2022 | Maryland State Bar Association – MSBA

in linkedin.com/posts/the-maryland-state-bar-association-inc._members-on-the-move-november-2022-maryland-activity-7010971144476336129-__iy

Maryland State Bar Association – MSBA                    December 20, 2022



Every month MSBA celebrates #membersonthemove — As the home of the legal profession, we want to champion members as they excel in their careers. Today we celebrate- JUDGE SHAEM C.P. SPENCER, Anne Arundel District Court Judge, has been named administrative judge for District 7 (Anne Arundel County) of the



District Court of Maryland. With the approval of Maryland Court of Appeals Chief Judge Matthew J. Fader, District Court of Maryland Chief Judge John P. Morrissey named Judge Spencer district administrative judge, effective October 20, 2022. District administrative judges oversee the administration of the court and also manage trial calendars to ensure the expeditious disposition of cases. Judge Spencer was appointed as an associate judge to the District Court in Anne Arundel County in September 2008. He serves as a member of the Equal Justice Committee of the Judicial Council. Judge Spencer founded and currently presides over Truancy Court in Anne Arundel County. Prior to his appointment to the bench, Judge Spencer served as an assistant state's attorney for Prince George's County, a city attorney and assistant city attorney for the City of Annapolis. Judge Spencer earned a Bachelor of Arts from Western Maryland College and a juris doctorate from the University of Maryland School of Law in 1997 and was admitted to the Maryland Bar that same year. He was a law clerk to Judge Graydon S. McKee III, Circuit Court for Prince George's County. Congrats Judge Spencer! Check out all our members on the move here→ https://lnkd.in/eFbtZyTC #wearemsba #mdlawyers

# Primary Elections

 **elections.maryland.gov**/voting/primary.html

Maryland State Board of Elections

## What is a party primary election?

The Democratic and Republican Parties are required to use primary elections to choose their candidates for the general election. Although it is up to the parties to decide who may vote in their primaries, generally only registered voters affiliated with the Democratic or Republican Parties may vote in that party's primary election.

## Can I vote in a party primary election?

Generally, you must be registered with either the Democratic or Republican Party to vote in the primary election. If there are non-partisan offices that are elected in a primary election (i.e., school board), any voter can vote for these offices. Contact your local board of elections.

## May I change political parties?

Yes, except after the close of advanced voter registration, until voter registration opens up again after an election.

To change your party affiliation, use Maryland's Online Voter Registration System (OLVR) or submit a new voter registration application or a written request to your local board of elections.

## Do I have to affiliate with a political party?

No, you do not. If you do not select a political party on your voter registration application, you will be "unaffiliated" with any political party. This means that you will generally not be able to vote in party primary elections, but you will be able to vote in any nonpartisan primary elections held in your jurisdiction, such as a primary election to select nominees for the board of education.

## If I apply to register to vote before my 18th birthday and the primary election is before I turn 18, can I vote in the primary election?

Yes, if you will be 18 years old or older by the general election and you are registered to vote with the Democratic or Republican Party.