| | |
|---|---|
| IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT | |
| RYAN DILLON-CAPPS<br><br>*Plaintiff-Appellant,*<br><br>vs.<br><br>OHANA GROWTH PARTNERS, LLC *et al*<br><br>*Defendants-Appellees.* | No. **25-1162**<br><br>On Appeal from the U.S. District Court<br>Northern District of Maryland<br>No. 1:24-CV-3744 |

## **PLAINTIFF-APPELLANTS' MOTION FOR PACER EXEMPTION**

Ryan Dillon-Capps respectfully moves this Court to waive all PACER-related fees incurred in any federal court, including district courts, courts of appeals, and the Supreme Court of the United States. Alternatively, Mr. Dillon-Capps requests that the United States Court of Appeals for the Fourth Circuit grant such relief to the fullest extent within its discretion, in order to alleviate the financial burden associated with necessary legal research and access to court records.

Mr. Dillon-Capps originally requested to proceed *in forma pauperis* in his initial filing on December 27, 2024 (District ECF 2). However, he currently does not have access to District ECF Series 2, which the District Court has described as the "motion for leave to proceed *in forma pauperis* with limited attorney

1

designation, ECF 2." See District ECF 18-0, at 1 (internal quotation marks omitted).

Attached to this motion are the documents originally filed and believed to have been designated by the District Court as ECF 2:

(1) Complaint Integrated Appendix: in Forma Paupers Relief with Limited Attorney Designation;

(2) Proposed Order; and

(3) AO239 Application to Proceed in District Court without Prepaying Fees or Costs (Long Form).

Ryan Dillon-Capps, Plaintiff-Appellant, motion asserts the basis for relief is:

> **¶1: Basis for IFP Relief** Under 28 U.S.C §1915(a), courts may authorize the commencement or prosecution of a lawsuit without prepayment of fees if the application submits an affidavit demonstrating financial inability to pay such fees. The Plaintiff has completed the requisite IFP form and provided additional supporting financial information in Exhibit 106, which substantiates their inability to bear the costs association with this litigation.
> **¶2: Permission to Proceed In Forma Pauperis** The Plaintiff's A0239 Long Form and Exhibit 106 demonstrate and affirms financial hardship consistent with the requirements of § 1915(a). These materials establish the Plaintiff's inability to prepay court fees or provide security for costs. Therefore, the Plaintiff respectfully requests permission to proceed in forma pauperis in this matter.
> **¶3: Request for U.S. Marshall Services** Pursuant to 28 U.S.C. § 1915(d), an IFP Plaintiff is entitled to service of process by the U.S. Marshals. Given the Plaintiff's financial constraints and the need for proper service upon the Defendants, the Plaintiff requests that the Court order the U.S. Marshals to serve all necessary pleadings, motions, and subpoenas in this matter.

> **¶4: Request for Copy Services** The Plaintiff further requests access to copy services for any documents not already printed or for copies required for the progression of these proceedings. The Plaintiff's financial affidavit demonstrates that without such assistance, their ability to effectively litigate this case would be significantly impaired.
>
> **¶5: Appointment of Immediate IFP Counsel** Under 28 U.S.C. § 1915€(1), courts have discretion to appoint counsel for an indigent litigant when the interests of justice so require. Courts typically consider factors such as the complexity of the case, the litigant's ability to represent themselves, and the likelihood of success on the merits (*Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)*).
>
> **¶8: Limited Attorney Designation** The Plaintiff respectfully requests a designation of limited attorney status to ensure the effective prosecution of this unprecedented case. Such designation would enable the Plaintiff to represent related entities, including MXT3, LLC, and other interconnected interests, thereby addressing the systemic misconduct alleged in this litigation. While unusual, courts have in exceptional cases permitted pro se litigants to represent third parties in the same case or controversy under limited circumstances where the interests of justice and case complexity necessitate such arrangements.
>
> **¶17: Conclusion** The Plaintiff respectfully asserts that granting this IFP relief is consistent with the interests of justice and necessary to ensure equitable access to the courts. Proceeding IFP with the requested services and immediate legal assistance will enable the Plaintiff to effectively prosecute this matter without undue hardship or prejudice.

The quoted portions of the motion referenced the Affidavit of Ryan Dillon-Capps Financial Harm (District ECF 7-2) and the 198-pages of Exhibit 106 (District ECF 16-7). Additionally, The original filing included the Affidavit of Caroline Dillon-Capps (District ECF 7-1), and Notice of Filing of Affidavit in Support of Pleading Motions (District ECF 7-3). The Notice of Filing references

both affidavits and asserts "these affidavits are accompanied by Exhibit 106" (District ECF 16-7), and "Exhibit 106 A-Publications.zip (undocketed) and 106B.zip (undocketed) are supplemental supporting exhibits which include additional documents from multiple reputable sources".

During the motion's argument for limited attorney designation, Ryan Dillon-Capps asserts:

> **¶13:** This request is not about "taking on clients" or expanding pro se rights indiscriminately; rather, it is about ensuring that this case, and the many related cases connected to it, are adjudicated correctly. The Plaintiff has shown that the Defendants' methodologies are highly effective in exploiting procedural flaws to delay and deny justice. Without cohesive and linear oversight, mistakes may prevent others from receiving the relief they are due. The Plaintiff's involvement is not only necessary but irreplaceable in untangling the complex web of systemic misconduct alleged.

The District Court's Entire Ruling on "Motion to Proceed in Forma Pauperis With Limited Attorney Designation (ECF 2)":

> **District ECF 18-0, at 2:** The motion to proceed in forma pauperis, to the extent it seeks to proceed without pre-payment payment of the filing fee, will be granted. The Court· declines to designate Plaintiff a "limited attorney". First, the meaning of this designation is not clear. Second, under this Court's Local Rules, except in limited circumstances not applicable here, "only members of the Bar of this Court may appear as counsel in civil cases." Loc. R. 101.l(a).

As detailed in the amended informal brief (Circuit ECF 20-1), Judge Hurson's procedural abuse closely mirrors the defendants' own procedural misconduct. Ryan Dillon-Capps now asserts that Judge Hurson's grant of leave to

4

Plaintiff-Appellants' Motion for Pacer Exemption

2025-04-22 || 4/8

proceed in forma pauperis was ultimately used to justify sua sponte dismissals and denials that served to shield the defendants from accountability. The denial of all other forms of relief in the District Court proceedings has caused substantial harm, including the permanent loss of a vehicle, continued default on debts resulting in a charge-off and long-term damage to Mr. Dillon-Capps's creditworthiness, and—absent a recent infusion of emergency funds—would have left him without food, electricity, email access, or phone service.

    Mr. Dillon-Capps's efforts to defend his rights have resulted in the accrual of PACER-related fees, which are expected to continue. The Pacer website page on fee-exemption for researchers (pacer.uscourts.gov/my-account-billing/billing/fee-exemption-request-researchers) directs non-research requests: "Please note: If you are seeking a fee exemption from a single court and/or for non-research purposes, you need to contact that court directly". Additionally, the website's information on options for pro se litigants (pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees) states: "Unrepresented (Pro Se) litigants and individuals who cannot afford to pay (Indigent) should directly contact each court from which you are requesting the exemption. Exemption request procedures may vary from court to court".

    Ryan Dillon-Capps is unable to locate the District of Maryland or this Court's guidelines on their respective websites, but on the U.S. Courts webpage on

electronic public access fee schedule (uscourts.gov/court-programs/fees/electronic-public-access-fee-schedule) states the webpage is issued in accordance with 28 U.S.C. § 1913, 1914, 1926, 1930, 1932. From the relevant parts:

> **28 U.S.C.A. § 1913(9)(e):** Courts may exempt certain persons or classes of persons from payment of the user access fee. Examples of individuals and groups that a court may consider exempting include: indigents […] Courts should not, however, exempt individuals or groups that have the ability to pay the statutorily established access fee. […]
> In considering granting an exemption, courts must find:
> that those seeking an exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information;
> […]
> If the court grants an exemption:
> the user receiving the exemption must agree not to sell the data obtained as a result, and must not transfer any data obtained as the result of a fee exemption, unless expressly authorized by the court; and
> the exemption should be granted for a definite period of time, should be limited in scope, and may be revoked at the discretion of the court granting the exemption.
> […]
>
> **28 U.S.C.A. § 1914:** The Electronic Public Access (EPA) fee and its exemptions are directly related to the requirement that the judiciary charge user-based fees for the development and maintenance of electronic public access services. The fee schedule provides examples of users that may not be able to afford reasonable user fees (such as indigents[…]), but requires those seeking an exemption to demonstrate that an exemption is limited in scope and is necessary in order to avoid an unreasonable burden. […] The goal is to provide courts with guidance in evaluating a requestor's ability to pay the fee.
> Judicial Conference policy also limits exemptions in other ways. First, it requires exempted users to agree not to sell the data they receive through an exemption (unless expressly authorized by the court). […] Second, it permits courts to grant exemptions for a definite period of time, to limit the scope of the exemptions, and to

> revoke exemptions. Third, it cautions that exemptions should be granted as the exception, not the rule, and prohibits courts from exempting all users from EPA fees.

The annotated notes do not reflect that this Court's authority to grant an exemption is limited solely to this Court or to its District Courts. Attached are what was filed on December 27, 2024, to support his in forma pauperis requests. The Office of the Clerk of the United States Bankruptcy Court for the District of Nevada, provide for 36-month exemptions for courts and 12-month exemptions for all other PACER users. The guidelines also state that exemptions outside of those standard periods may be granted at the discretion of the Court.

Given the complexity of this case and the substantial legal record involved, Ryan Dillon-Capps respectfully requests an indefinite exemption from all PACER-related fees for a period of no less than thirty-six (36) months.

Mr. Dillon-Capps entered the state court proceedings with no formal litigation experience and has consistently attempted to secure legal representation from counsel with the requisite procedural knowledge and access to legal resources. Were it not for his pre-existing familiarity with legal jurisprudence, he likely would have faced the same adverse outcomes experienced by other pro se and represented litigants who opposed the interests of the defendants and their associates.

Upon the conclusion of this case, Mr. Dillon-Capps intends to continue engaging with the federal courts by submitting *amicus curiae* briefs—offering legal insight, factual context, and advocacy that can support judicial understanding and advance fair and just outcomes. Few contributions are more critical to the integrity of the legal system than those made by informed and engaged citizens who assist the courts in identifying relevant issues that may not otherwise be brought to light.

**WHEREFORE**, Mr. Dillon-Capps respectfully requests that this Court indefinitely waive all PACER-related fees incurred in any federal court, including the United States district courts, courts of appeals, and the Supreme Court of the United States.

**Alternatively**, Mr. Dillon-Capps requests that the United States Court of Appeals for the Fourth Circuit grant such relief to the fullest extent within its discretion, in order to alleviate the financial burden associated with necessary legal research and access to court records.

<u>RESPECTFULLY SUBMITTED</u>

April 22, 2025

<u>/s/ Ryan Dillon-Capps</u>
**Ryan Dillon-Capps**

1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com
703-303-1113