# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RYAN DILLON-CAPPS <br><br> *Plaintiff,* <br><br> vs. <br><br> OHANA GROWTH PARTNERS, LLC *et al* <br><br> *Defendants* | Civil Action <br><br> No. _____ <br><br> Hon. _____ |

## COMPLAINT INTEGRATED APPENDIX: IN FORMA PAUPERIS RELIEF WITH LIMITED ATTORNEY DESIGNATION

## Plaintiff incorporates all subsequent sections and attachments herein by reference as though fully stated in this main document.

### LEGAL ARGUMENT FOR IN FORMA PAUPERIS (IFP) RELIEF

### BASIS FOR IFP RELIEF

1	Under 28 U.S.C. § 1915(a), courts may authorize the commencement or prosecution of a lawsuit without prepayment of fees if the applicant submits an affidavit demonstrating financial inability to pay such fees. The Plaintiff has completed the requisite IFP form and provided additional supporting financial information in Exhibit 106, which substantiates their inability to bear the costs associated with this litigation.

### REQUEST FOR SPECIFIC IFP RELIEF

#### PERMISSION TO PROCEED IN FORMA PAUPERIS

2	The Plaintiff's A0239 Long Form and Exhibit 106 demonstrate and affirms financial hardship consistent with the requirements of § 1915(a). These materials establish the Plaintiff's inability to prepay court fees or provide security for costs. Therefore, the Plaintiff respectfully requests permission to proceed in forma pauperis in this matter.

## REQUEST FOR U.S. MARSHAL SERVICES

3       Pursuant to 28 U.S.C. § 1915(d), an IFP Plaintiff is entitled to service of process by the U.S. Marshals. Given the Plaintiff's financial constraints and the need for proper service upon the Defendants, the Plaintiff requests that the Court order the U.S. Marshals to serve all necessary pleadings, motions, and subpoenas in this matter.

## REQUEST FOR COPY SERVICES

4       The Plaintiff further requests access to copy services for any documents not already printed or for copies required for the progression of these proceedings. The Plaintiff's financial affidavit demonstrates that without such assistance, their ability to effectively litigate this case would be significantly impaired.

## APPOINTMENT OF IMMEDIATE IFP COUNSEL

5       Under 28 U.S.C. § 1915(e)(1), courts have discretion to appoint counsel for an indigent litigant when the interests of justice so require. Courts typically consider factors such as the complexity of the case, the litigant's ability to represent themselves, and the likelihood of success on the merits (*Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)*).

6       This case's extraordinary complexity, involving systemic misconduct, procedural irregularities, and significant financial and procedural barriers, necessitates the immediate appointment of IFP counsel. The Plaintiff respectfully requests the appointment of any available attorney as co-counsel, provided they have no connections to the Defendants, to assist in this matter until the Plaintiff secures retained counsel on a Pro Hac Vice basis. The Plaintiff asserts that no comparable case in U.S. history has addressed systemic corruption of this scale, rendering their role irreplaceable.

1       This case's extraordinary complexity, involving systemic misconduct, procedural irregularities, and significant financial and procedural barriers, necessitates the immediate

appointment of IFP counsel. The Plaintiff respectfully requests the appointment of any available attorney as co-counsel, provided they have no connections to the Defendants, to assist in this matter until the Plaintiff secures retained counsel on a Pro Hac Vice basis.

7  Additionally, the Plaintiff requests that any conditionally joined co-Plaintiffs be allowed to utilize such representation.

LIMITED ATTORNEY DESIGNATION

8  The Plaintiff respectfully requests a designation of limited attorney status to ensure the effective prosecution of this unprecedented case. Such designation would enable the Plaintiff to represent related entities, including MXT3, LLC, and other interconnected interests, thereby addressing the systemic misconduct alleged in this litigation. While unusual, courts have in exceptional cases permitted pro se litigants to represent third parties in the same case or controversy under limited circumstances where the interests of justice and case complexity necessitate such arrangements.

9  This request is supported by the principles outlined in *Shepherd v. Wellman, 313 F.3d 963 (6th Cir. 2002)*, which underscore the need for equitable solutions in cases of extraordinary complexity. Furthermore, the Plaintiff's unique knowledge and expertise regarding the factual and legal issues at hand render this case unparalleled in U.S. legal history. The Plaintiff asserts that no other party or counsel could adequately represent the intricacies of this matter without significant delays or inefficiencies, thereby justifying this extraordinary relief.

10  The Plaintiff seeks this limited attorney designation as an interim measure to safeguard the integrity and progression of this litigation, pending the appointment of additional counsel or other equitable relief.

11  In the context of court-appointed attorneys or legal roles, the court itself holds significant discretion under its inherent judicial powers. This discretion is rooted in cases such as:

1. **Chambers v. NASCO, Inc., 501 U.S. 32 (1991)**: Recognizes the inherent powers of federal courts to manage their proceedings and maintain the integrity of the judicial process. Courts can tailor remedies and appointments to ensure the efficient administration of justice.

2. **United States v. Providence Journal Co., 485 U.S. 693 (1988)**: Affirms the federal judiciary's authority to appoint and manage legal representatives, including special prosecutors or other attorney roles, in cases requiring such actions.

3. **Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787 (1987)**: Demonstrates the court's power to appoint attorneys for specific purposes, even when those attorneys are not federal prosecutors, highlighting the flexibility and breadth of judicial authority.

12  The Plaintiff acknowledges that granting limited attorney privileges to a pro se litigant is unprecedented in federal court. However, this absence of precedent appears to stem from wisdom and judicial restraint, rather than a lack of judicial authority. In this unique case, granting such privileges is justified by the extraordinary circumstances and the Plaintiff's demonstrated ability to manage this litigation effectively, even against formidable opposition.

13  This request is not about "taking on clients" or expanding pro se rights indiscriminately; rather, it is about ensuring that this case, and the many related cases connected to it, are adjudicated correctly. The Plaintiff has shown that the Defendants' methodologies are highly effective in exploiting procedural flaws to delay and deny justice. Without cohesive and linear oversight, mistakes may prevent others from receiving the relief they are due. The Plaintiff's involvement is not only necessary but irreplaceable in untangling the complex web of systemic misconduct alleged.

14  The Plaintiff's unique expertise in this case arises from:

    1.  Six months of effectively dominating proceedings against a nearly century-old law firm supported by judicial officials.

    2.  Filing a concise federal lawsuit that dismantled 11th Amendment immunity and established several counts as ripe for judgment.

    3.  Simultaneously litigating and investigating systemic corruption, creating reproducible processes to track misconduct across Maryland's legal and governmental institutions.

15  This case does not exist without the Plaintiff's distinctive contributions and expertise. While procedural imperfections may exist, they are no greater than those of a newly admitted attorney and significantly less flawed than the Defendants' tactics. The Plaintiff respectfully requests that the Court exercise its inherent judicial discretion to allow limited attorney designation for this case and controversy.

16  If the Court is open to considering this novel request, the Plaintiff asks that it be explored further during oral argument at the requested emergency ex parte tribunal hearing.

## CONCLUSION

17  The Plaintiff respectfully asserts that granting this IFP relief is consistent with the interests of justice and necessary to ensure equitable access to the courts. Proceeding IFP with the requested services and immediate legal assistance will enable the Plaintiff to effectively prosecute this matter without undue hardship or prejudice.

## PRAYER FOR RELIEF

18  **WHEREFORE**, the Plaintiff respectfully requests that the Court:

1. Grant permission to proceed in forma pauperis as per the submitted IFP Form A0239 Long Form and supporting Exhibit 106.

2. Authorize the use of U.S. Marshal Services for all necessary service of process.

3. Approve access to copy services for unprinted and required documents related to the proceedings.

4. Appoint immediate IFP counsel to serve as co-counsel to Ryan Dillon-Capps during the pendency of this matter.

5. Grant limited attorney designation to Ryan Dillon-Capps for this case and controversy, allowing him to represent additional parties, and to act in a capacity that ensures equitable resolution of all interconnected matters.

RESPECTFULLY SUBMITTED

| | |
|---|---|
| **December 23, 2024** | 1334 Maple Avenue |
| | Essex, Maryland 21221 |
| /s/ Ryan Dillon-Capps | ryan@mxt3.com |
| **Ryan Dillon-Capps** | 703-303-1113 |