| | |
|---|---|
| RYAN DILLON-CAPPS<br><br>*Plaintiff-Appellant,*<br><br>vs.<br><br>OHANA GROWTH PARTNERS, LLC *et al*<br><br>*Defendants-Appellees.* | No. **25-1162**<br><br><br>On Appeal from the U.S. District Court<br>Northern District of Maryland<br>No. 1:24-CV-3744 |

## AFFIDAVIT OF RYAN DILLON-CAPPS IN OPPOSITION TO BRENDAN HURSON PLAUSIBILITY

I, Ryan Dillon-Capps (née Wagner), the Appellant, being over the age of eighteen (18), competent to testify, and having personal knowledge of the facts contained herein, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

Undisputed Fact: Prevailing Party

On June 14, 2024, Defendant Ohana Growth Partners, LLC filed a civil lawsuit against me in state court. The firm of Miles & Stockbridge P.C., through Defendants Robert S. Brennen, Stephen D. Frenkil, Holly D. Buttler, Victoria K. Hoffberger, and Jessica L. Duvall, represented Ohana in that proceeding.

On June 14, 2024, defendant Ohana Growth Partners, LLC filed a lawsuit against me. Defendants Miles & Stockbridge P.C., Robert S. Brennen, Stephen D. Frenkil, Holly D. Buttler, Victoria K. Hoffberger, and Jessica L. Duvall represented Ohana Growth Partners, LLC in the lawsuit.

Over the course of the litigation, I made approximately 50 separate filings, each consisting of one or more motions, memoranda, exhibits, or affidavits—totaling over 200 individual documents and thousands of pages of supporting material. Despite this extensive record, Defendants Dennis M. Robinson Jr., Patrick H. Stringer, Michael S. Barranco, Stacey A. Mayer, Andrew M. Battista, Jan M. Alexander, Keith R. Truffer, and Marc A. DeSimone Jr. granted only a single motion in my favor—vacating a premature default judgment—and denied only one motion filed by Ohana Growth Partners, LLC.

Defendant Ohana Growth Partners, LLC filed a notice of voluntary dismissal on October 24, 2024. Defendant Patrick H. Stringer granted the dismissal on November 2, 2024, and the ruling was docketed on November 6, 2024. Under Maryland law, a voluntary dismissal without prejudice vitiates the state action and entitles the defendant to costs. Accordingly, I am the prevailing party, as the legal relationship between Ohana Growth Partners, LLC and myself was materially and favorably altered as a result of their voluntary dismissal.

Neither any Defendant nor Judge Hurson disputes the objective facts that Ohana Growth Partners, LLC was the plaintiff in the state action and that the case was voluntarily dismissed without prejudice. See District ECF 18-0, at 3, 17–18; District ECF 16-5, at 55.

<u>Undisputed Fact: Employer Intentionally Violated FMLA Leave</u>

Ohana Growth Partners, LLC does not dispute that it intentionally violated my rights under the Family and Medical Leave Act (FMLA). In fact, Miles & Stockbridge, on behalf of Ohana, expressly acknowledged that the relevant facts are well established and that there is no dispute that Ohana Growth Partners, LLC intentionally violated my FMLA leave rights. See District ECF 16-0, at 157–59.

<u>Undisputed Fact: Meritorious Allegations</u>

Attached to this affidavit is Exhibit 105A, which contains additional state communications. Exhibit 105, consisting of related state communications, was originally filed on December 27, 2024, but was later added to the District Court's electronic docket as District ECF 16-6, where it appears as a supplemental filing entered on January 3, 2025. However, the docket text entered by Ms. Baylee Wilson explicitly reaffirms the objective fact that Exhibit 105 was received and filed on December 27, 2024. See Exhibit 203, at 3–4.

<u>Allegations</u>

**Conspiracy 1:** The employer and attorney-defendants conspired to file a fraudulent lawsuit against me in an effort to shield themselves from liability for individual and collective misconduct.

**Conspiracy 2:** The attorney, judge, and clerk defendants conspired to deprive me of my civil and federal rights in furtherance of the employer-led conspiracy.

**Conspiracy 3:** The Bar Counsel and Director of Investigations conspired with the County Administrative Judge—and the County Administrative Judge further conspired with the judge and clerk defendants—to cover up the misconduct of the other defendants and shield themselves from accountability.

<u>Attorney Grievance Commission Complaint</u>

On October 4, 2024, I filed a formal complaint with the Maryland Attorney Grievance Commission. See District ECF 16-6, at 34–37.

On October 7, 2024, the Office of Bar Counsel notified me that they were processing the complaint. See District ECF 16-6, at 38.

On October 23, October 28, and November 4, 2024, I replied to the ongoing email thread, providing several attachments containing additional information and a plea for DaGonia II to exercise his injunctive authority under Maryland Rule 19-732(g). See District ECF 16-6, at 39–42.

On January 22, 2025, Assistant Bar Counsel W. Hunter Daley confirmed receipt of my three previously unanswered emails and included letters referencing the investigation into Defendants Brennen, Duvall, Frenkil, Butler, and Hoffberger. See Exhibit 105A, at 1–6.

On February 20, 2025, Assistant Bar Counsel W. Hunter Daley informed me that counsel for Defendants Brennen, Duvall, Frenkil, Butler, and Hoffberger had submitted responses to the complaint, and that the Office of Bar Counsel had elected to defer its investigation pending the outcome of District Court Case No. 24-CV-3744-BAH. The complaints remain open, with no further action to be taken until I and counsel for the defendants notify the Office of Bar Counsel that the District Court litigation has concluded. See Exhibit 105A, at 7–8.

## Maryland Rules

The Maryland Rules governing Bar Counsel define both the authority granted to the Office and the obligations it must fulfill during the course of an investigation.

Maryland Rule 19-703(a) provides that Bar Counsel is appointed "subject to the supervision and approval, if required, of the Commission." Under Maryland Rule 19-703(b), Bar Counsel's powers and duties, also subject to supervision and approval if required, include "(1) [to] investigate professional misconduct or

incapacity on the part of an attorney," and "(8) [to] initiate, intervene in, and prosecute actions to enjoin the unauthorized practice of law."

Maryland Rule 19-711(b)(1) states that "Bar Counsel shall make an inquiry concerning every complaint that is not facially frivolous, unfounded, or duplicative," and Rule 19-711(b)(2) further states that "If Bar Counsel concludes that a complaint is without merit, does not allege facts which, if true, would demonstrate either professional misconduct or incapacity, or is duplicative, Bar Counsel shall decline the complaint and notify the complainant."

Maryland Rule 19-711(b)(6) provides that "If Bar Counsel concludes that a civil [or criminal] action involving material allegations against the attorney substantially similar or related to those alleged in the complaint is pending in any court of record in the United States… Bar Counsel, with the approval of the Commission, may defer action on the complaint pending a determination of those allegations in the pending action… Bar Counsel shall notify the complainant of that decision."

Based on these provisions, the Maryland Rules clearly state that:

(1) Bar Counsel has powers and duties pursuant to their appointment;

(2) Bar Counsel is required to investigate allegations of attorney misconduct;

(3) Bar Counsel is required to inquire into any complaint that is not facially frivolous, unfounded, or duplicative;

(4)  Bar Counsel is required to decline complaints that are without merit and notify the complainant of that decision; and

(5)  Bar Counsel may defer action on a complaint, with Commission approval, when the material allegations are substantially similar or related to those alleged in a civil action currently pending in a court of record in the United States.

<u>Conclusion: Office of Bar Counsel Affirms Allegations are Meritorious</u>

Applying the applicable Maryland Rules governing Bar Counsel, the Office of Bar Counsel has taken the official position that—after investigating my complaint and affording the attorney-defendants an opportunity to respond—it determined that the complaint remains meritorious. While the next step would ordinarily be formal proceedings before the Attorney Grievance Commission, the Office of Bar Counsel has chosen to defer further action pending the outcome of the litigation in the United States District Court for the District of Maryland.

No legal argument is made or needed, because this is the only conclusion that can be drawn from the facts. To be explicitly clear, this is a meritorious finding that applies to the following claims:

✓ Claims under **42 U.S.C. § 1983** against the employer, attorney, clerk, and judge defendants. All conspirators acted on the belief that they could achieve their objectives by depriving me of my civil and federal rights;

- ✓ Claims under **42 U.S.C. § 1985** for conspiracy against the employer, attorney, clerk, judge defendants, and Bernstine. All conspirators are members of a coordinated effort to interfere with my civil and federal rights;

- ✓ Claims under **42 U.S.C. § 1986** for failure to prevent civil rights violations, asserted against the attorney, clerk, and judge defendants, DaGonia II, and Bernstine. All conspirators had knowledge of a conspiracy to interfere with my civil and federal rights, and either had the power to prevent it or the power to aid in its prevention, yet failed to act.

## Judge Hurson Rulings

After granting in forma pauperis, Judge Hurson states that my "complaint suffers a number of deficiencies which are described more fully below" and then proceeds to overturn my state court victory—while simultaneously asserting that he lacks jurisdiction to do exactly what he is doing. See District ECF 18-0, at 3–9. About halfway through his recitation of the claims and defendants, he invokes the Rooker-Feldman doctrine to bar review—but only after recasting me as the loser in the very state court case I prevailed in. See District ECF 18-0, at 5–7.

Now having repositioned me as a state court loser seeking federal review, Judge Hurson reframes my complaint as one where I "attempt[ ] to frame the factual allegations as amounting to a vast conspiracy to violate [my] constitutional rights orchestrated by [the defendants]." See District ECF 18-0, at 7.

Then—immediately after stripping my victory—Judge Hurson recites summary allegations from my filings that emphasize how difficult it was to prevail in state court, listing numerous civil rights violations he characterizes as "stemming" from the state proceedings. He concludes that those very claims cannot be reviewed because they are "stemming" from the state court proceedings, which he says he lacks jurisdiction to evaluate—a byproduct of his reversal of the state court's decision. See District ECF 18-0, at 7–9.

After his sua sponte ruling to reverse the state decision in clear absence of all subject matter jurisdiction, Judge Hurson emphasizes that judicial immunity can only be overcome where a judge either acts outside a judicial function or in the clear absence of all subject matter jurisdiction. See District ECF 18-0, at 9–10.

Judge Hurson continues with a historical summary of the Anti-Injunction Acts—laws designed to prevent employers from weaponizing the courts against workers—only to conclude that those protections somehow don't apply to a state court action where the employer did exactly that. Judge Hurson uses this framing to extend judicial immunity to the defendant judges, See District ECF 18-0, at 10-11.

Ignoring the preceding pages in which he recounts numerous civil rights violations raised in my complaint, Judge Hurson reduces my claims against the Clerk to issues "stemming" from deficiency notices. On that basis, he applies

quasi-judicial immunity to the Clerk—without addressing the broader context of selective docketing, record manipulation, or obstruction. See District ECF 18-0, at 11–12.

With respect to my claims under 42 U.S.C. §§ 1983, 1985, and 1986, Judge Hurson asserts that the claims against DaGonia II, Bar Counsel, and Bernstein—Director and Investigative Counsel—must be dismissed because "there is no general right to an investigation." See District ECF 18-0, at 12–13. He then immediately references § 1983 claims and, only a few pages later, spends multiple pages addressing the conspiracy claims, ultimately dismissing them in the same paragraph where he describes DaGonia II and Bernstein as "professional ethics bodies." See District ECF 18-0, at 13–16.

Between these sections, Judge Hurson characterizes my references to ongoing violations as conclusory—before quoting my detailed efforts to notify Maryland officials and agencies of continuing civil rights violations perpetrated by private and state actors. He then proceeds to analyze the conspiracy claims under § 1985, while dismissing claims against the very individuals who failed to act on that information. See District ECF 18-0, at 14–15.

Judge Hurson then declines to make any further findings and bars me from pursuing any claims against the defendants he previously dismissed—effectively, issuing a *de facto* dismissal of all remaining claims against them. He does so

without addressing the substance of those unresolved claims, including those that assert abrogation of immunity, waiver of immunity, or challenge the applicability of judicial and quasi-judicial immunity. See District ECF 18-0, at 16–17.

Judge Hurson then denies the motions in what can only be described as a denial by name and name alone. See District ECF 18-0, at 17-21.

First, Judge Hurson acknowledges that I am requesting the appointment of a special master and seeking to preserve court records, then immediately reframes those efforts as an attempt to "take over the Maryland judiciary" by an "unhappy" prevailing party. See District ECF 18-0, at 17. He repeats his understanding that I was the prevailing party in the vitiated state court proceeding and cites Exhibit 110—which documents that the defendants were provided with multiple notices satisfying all procedural prerequisites—yet denies the motion anyway, having already reversed the state court's outcome. See District ECF 18-0, at 17–18. Just two pages later, he asserts that I failed to meet those same procedural prerequisites. See District ECF 18-0, at 20.

In between, he denies a permissive conditional joinder involving another individual with a nearly identical cause of action against the same employer. His justification is that their case was dismissed without prejudice and that I cannot represent them—despite the fact that I never sought to do so. The ruling fails to

cite any relevant legal basis under Rule 20 or 21, and Judge Hurson does not address the other joinders at all. See District ECF 18-0, at 18–19.

When I filed a motion for reconsideration, Judge Hurson reframed his own dismissals with prejudice as a non-final judgment in order to apply a lesser standard of review. See *District ECF 22-0*. I then moved to restore the status quo based on undisputed FMLA violations, and Judge Hurson characterized the request as a mandatory injunction—denying it on the basis that my employment was "less than six months." Yet the very citation he relied upon confirms my employment agreement began in 2020. See *District ECF 27-0*.

Despite my filing laying out the elements of employment and statutory eligibility for relief, Judge Hurson claims I am prematurely seeking judgment without proper service—ignoring that he already granted in forma pauperis status, and that the Clerk's Office has confirmed both the proposed summons and U.S. Marshal personal service forms are ready for issuance. These were part of the same motion in which I requested U.S. Marshal service and fee waiver, which Hurson previously granted.

Conclusionary Statement

The defendants were unable to prevail in their own court and have since enlisted a federal District Court judge to replicate the same tactics that had already failed in state court. Judge Hurson's rulings are built on irreconcilable

contradictions—contradictions that required him to engage in conduct that violates federal law, including the unlawful alteration of court records, in order to reverse the outcome of the vitiated state court proceeding. In doing so, Judge Hurson not only exceeded his lawful authority but also forfeited judicial immunity.

I am the only party with material supporting evidence, the only party who prevailed in state court, and the only party presenting legitimate claims grounded in fact. There has never been a lawful basis for the defendants to assert a legitimate defense before this Court. Fraud and corruption remain the only means available to them. By choosing to align himself with those efforts, Judge Hurson has placed himself on the same path—one that leads to both civil and criminal accountability.

## DECLARATION OF AFFIRMATION

I solemnly declare and affirm under penalty of perjury, based on my personal knowledge, that the contents of the foregoing affidavit and all accompanying exhibits are true and correct to the best of my knowledge.

| April 29, 2025 | 1334 Maple Avenue |
| | Essex, Maryland 21221 |
| /s/ Ryan Dillon-Capps | ryan@mxt3.com |
| **Ryan Dillon-Capps** | 703-303-1113 |