# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RYAN DILLON-CAPPS | Civil Action |
| ***Plaintiff,*** | No. _____ BAH 24 CV 3744 |
| vs. | |
| OHANA GROWTH PARTNERS, LLC *et al* | Hon. _____ |
| ***Defendants*** | HD |
| | Rcv'd by: _____ |

USDC- BALTIMORE
'24 DEC 27 PM 1:20

---

## COMPLAINT INTEGRATED APPENDIX: STATE-LEVEL NEGOTIATIONS AND SYSTEMIC OVERSIGHT RELIEF

Plaintiff incorporates all subsequent sections and attachments herein by reference as though fully stated in this main document.

### BASIS FOR RELIEF

1      This case involves allegations of systemic abuses and procedural misconduct at various levels of Maryland's judiciary and state agencies. To ensure a fair resolution, the Plaintiff respectfully requests the following measures under the Court's inherent authority to manage and oversee proceedings and ensure justice.

### REQUESTED RELIEF

#### MANDATORY STATE-LEVEL NEGOTIATIONS

2      The Court is urged to order daily negotiations between the Plaintiff and representatives of key Maryland state agencies, including:

1.      Maryland Attorney General's Office

2.      Supreme Court of Maryland

3.      Judiciary Oversight Committees

4.      Office of the Inspector General

     5.     Office of the Maryland State Prosecutor

3     These negotiations are necessary to address and rectify systemic injustices, ensuring collaborative good faith efforts to restore the rule of law. Judicial precedent supports court-facilitated negotiations to promote settlement and systemic resolution (*Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland, 478 U.S. 501 (1986)*).

APPOINTMENT OF A SPECIAL MASTER

4     The Plaintiff requests the immediate appointment of a Special Master to investigate systemic misconduct and ensure transparency. The proposed Special Master, Timony E. Allen, a former senior special agent with the Secret Service and DOJ-OIG, possesses a TS/SCI clearance and expertise in anti-corruption and cybersecurity. If Timony E. Allen is unavailable, the Plaintiff requests that the Special Master recommend an alternative candidate with comparable expertise and credentials to ensure the timely and effective resolution of these issues. Within 48 hours of appointment, the Special Master should meet with the Plaintiff and a Magistrate Judge to:

     1.     Review a proposed investigative process.

     2.     Facilitate necessary orders to support the investigation.

5     Special Masters have been utilized effectively in cases of systemic oversight, as affirmed in *Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367 (1992)*.

PRESERVATION AND REMOVAL OF ACCESS

6     The Plaintiff requests an order:

     1.     Removing access of named state agents to Maryland Judiciary Systems, emails, and other related platforms.

     2.     Preserving all records in their current state for discovery.

7    This relief is critical to prevent spoliation of evidence and ensure compliance with federal discovery standards (*Zubulake v. UBS Warburg LLC, 220 F.R.D. 212 (S.D.N.Y. 2003)*).

BAR NAMED STATE AGENTS FROM ACTING UNDER COLOR OF STATE

8    To prevent further harm or interference, the Plaintiff requests an immediate order barring named state agents from engaging in duties under color of state authority during the pendency of this investigation.

TEMPORARY ASSIGNMENT OF COUNTY ADMINISTRATIVE JUDGE AND CLERK

9    The Plaintiff requests that the Court either appoint or approve a temporary county administrative judge and clerk to oversee operations during this period. Judicial intervention is necessary to ensure impartiality and maintain trust in the judiciary.

PRESERVATION OF RECORDS ACROSS MARYLAND COURTS

10    The Plaintiff requests an order notifying all Maryland courts, clerks, and the Judicial Information Systems (JIS) department to halt all non-emergency maintenance and preserve all records. This ensures comprehensive discovery and prevents inadvertent destruction of evidence.

## CONCLUSION

11    The requested relief is essential to address the unprecedented scale of alleged misconduct and ensure a fair and just resolution. By instituting these measures, the Court will safeguard the integrity of these proceedings and uphold public trust in the judicial system.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests that the Court:

1.    Order daily state-level negotiations between the Plaintiff and representatives of the specified Maryland agencies.

2.    Appoint Timony E. Allen as Special Master, with a meeting scheduled within 48 hours to develop an investigative process alongside a Magistrate Judge.

3.    Remove access for Dennis M Robinson Jr., H. Patrick Stringer, Michael S. Barranco, Jan M. Alexander, Keith R. Truffer, Marc A. DeSimone Jr., Judith C. Ensor, Thomas M. DeGonia II, Tanya C. Bernstein to Maryland Judiciary Systems and preserve all related records.

4.    Bar Dennis M Robinson Jr., H. Patrick Stringer, Michael S. Barranco, Jan M. Alexander, Keith R. Truffer, Marc A. DeSimone Jr., Judith C. Ensor, Thomas M. DeGonia II, Tanya C. Bernstein from acting under color of state authority.

5.    Assign a temporary County Administrative Judge, Count Clerk for Baltimore County, Bar Counsel, and Director of Investigations or require approval for such appointments by the Court.

6.    Issue an order to all Maryland courts, clerks, and the JIS department to halt non-emergency maintenance and preserve all records.

## RESPECTFULLY SUBMITTED

December 23, 2024

Ryan Dillon-Capps

Digitally signed by Ryan Dillon-Capps
Date: 2024.12.23 13:46:56 -05'00'

1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com
703-303-1113

/s/ Ryan Dillon-Capps
**Ryan Dillon-Capps**