DocuSign Envelope ID: 261D1CE4-EA96-434E-822B-B268A3995703

the account. A key fob may not be required, or rather simply an MFA code retrieved from an Authentication App.

15.    The following is a June 27, 2024 screenshot showing the current authentication methods available for the Null Backup account:



Thus, Defendant Dillon-Capps, or anyone else, could likely access the Null Backup account without any multifactor authentication whatsoever and would <u>only</u> need the password for the account. No key fob appears to be required.

16.    For the reasons stated in Paragraphs 12 through 15 above, contrary to Defendant Ryan Dillon-Capps testimony, Defendant Dillon-Capps could access Global Admin rights for the Ohana Microsoft 365 Tenant and could comply with the TRO and Preliminary Injunction without using one of the purportedly missing key fobs.

**I SOLEMNLY DECLARE AND AFFIRM UNDER PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE THAT THE CONTENTS OF THE FOREGOING PAPER AND EXHIBITS THERETO ARE TRUE.**

Date: July 3, 2024

DocuSigned by:

*Daniel J. Levett*

F75EC1816BEE49F...

Daniel J. Levett

6

119447\000004\4889-7839-6622.v2

DocuSign Envelope ID: ABD67D65-3488-46C5-90FF-4F9F58F33235

the Ohana GoDaddy Account, the direction of Ohana's registered domain names to Ohana's company email and websites are at risk.

7.      Even a temporary disruption of the Ohana MS 365 Account and/or the Ohana GoDaddy Account would result in tremendous disruption of Ohana's business operation and irreparable harm to Ohana. Given Dillon-Capps refusal to act as directed by his supervisors and other behavior, Ohana believes that, in the absence of a Court Order directing Dillon-Capps to immediately provide the Global Administrator rights to Phil Leadore there is a significant risk that Dillon-Capps will take action to disrupt Ohana's software systems and business operations and to destroy or corrupt Ohana's data.

**I SOLEMNLY DECLARE AND AFFIRM UNDER PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE THAT THE CONTENTS OF THE FOREGOING PAPER AND EXHIBITS THERETO ARE TRUE.**

Date: June 14, 2024

DocuSigned by:

*Justin Drummond*

67987DA4092E4B0...

Justin Drummond

119447\000002\4857-0854-3432.v1

.   Identity & Insurance & Mail Fraud Summary  2 of 34                                    EXHIBIT   103   .

.  Hurson District Exhibit 16-4                      Exhibit Page # 2 of 34                      EXHIBIT 316-4

15.    Without administrative rights to the Ohana Microsoft 365 account, Ohana is unable to manage any of its Microsoft 365 software applications and related data. So long as Dillon-Capps continues to hold exclusive Global Admin rights to the Ohana MS 365 Account, and by extension Ohana's employee email accounts and data, those accounts and data are vulnerable to disruption by Dillon-Capps. So long as Dillon-Capps continues to hold exclusive administrative control over the Ohana GoDaddy Account, the direction of Ohana's registered domain names to Ohana's company email and websites are at risk.

16.    Even a temporary disruption of the Ohana MS 365 Account and/or the Ohana GoDaddy Account would result in tremendous disruption of Ohana's business operation and irreparable harm to Ohana. Given Dillon-Capps refusal to act as directed by his supervisors and other behavior, Ohana believes that, in the absence of a Court Order directing Dillon-Capps to immediately provide the Global Administrator rights to Phil Leadore there is a significant risk that Dillon-Capps will take action to disrupt Ohana's software systems and business operations and to destroy or corrupt Ohana's data.

**I SOLEMNLY DECLARE AND AFFIRM UNDER PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE THAT THE CONTENTS OF THE FOREGOING PAPER AND EXHIBITS THERETO ARE TRUE.**

Date: June 14, 2024

Richard Hartman
Richard Hartman

119447\000002\4859-0397-1784.v1

.    Identity & Insurance & Mail Fraud Summary  3 of 34                                                    EXHIBIT  103    .

.    Hurson District Exhibit 16-4                              Exhibit Page # 3 of 34                        EXHIBIT 316-4

16.     I have reviewed the proposed Order Granting Preliminary Injunction prepared by Ohana and for the reasons set forth above it is my opinion to a reasonable degree of professional certainty that Defendant Dillon-Capps compliance with that Order, if entered by the Court, will not result in the violation of the PCI DSS.

**I SOLEMNLY DECLARE AND AFFIRM UNDER PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE THAT THE CONTENTS OF THE FOREGOING PAPER AND EXHIBITS THERETO ARE TRUE.**

Date: June 25, 2024                     _____

                                        Randall Romes

119447\000004\4859-9398-8811.v1

16.    I have reviewed the proposed Order Granting Preliminary Injunction prepared by Ohana and for the reasons set forth above it is my opinion to a reasonable degree of professional certainty that Defendant Dillon-Capps compliance with that Order, if entered by the Court, will not result in the violation of the PCI DSS.

**I SOLEMNLY DECLARE AND AFFIRM UNDER PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE THAT THE CONTENTS OF THE FOREGOING PAPER AND EXHIBITS THERETO ARE TRUE.**

Date: June 25, 2024

Randall J. Romes
Digitally signed by Randall J. Romes
Date: 2024.06.25 09:59:53 -05'00'

_____
Randall Romes

This is the only affidavit signed this way.

The transcript of the 26th and 27th does not reflect the proceedings entirely.  Notably is the testimony of Randal Romes and Caroline Dillon-Capps who had their testimony redacted.

Romes was asked about the affidavit, and Barranco immediately stopped cross and redirected to ask questions to Dillon-Capps

6

**Subject**: RE: [EXTERNAL] RE: Ohana Growth Partners, LLC v. Ryan Dillon-Capps - C-03-CV-24-2264
**From**: Lauren Prinkey <Lauren.Prinkey@mdcourts.gov>
**To**: "Brennen, Robert S." <RBRENNEN@MilesStockbridge.com>
**Cc**: "Frenkil, Steven D." <sfrenkil@MilesStockbridge.com>, "ryan@mxt3.com" <ryan@mxt3.com>, "Hoffberger, Victoria (Tory)" <vhoffberger@milesstockbridge.com>
**Date Sent**: Tuesday, June 25, 2024 12:02:14 PM GMT-04:00
**Date Received**: Tuesday, June 25, 2024 12:02:18 PM GMT-04:00

Good afternoon,

Judge Truffer addressed this matter during Chambers duties.  As long as everything is filed in MDEC, you do not have to send a courtesy copy to me.  I am not sure who this will be assigned to.

Thank you,
Lauren

**Lauren Prinkey**
Judicial Assistant to the Honorable Keith R. Truffer
Circuit Court for Baltimore County
401 Bosley Avenue
Towson, MD 21204
410-887-6515 (Office)
410-296-1810 (Fax)

> Nothing about this conversation is real or legitimate.  The eFile system rejects live signatures because the prevent editing of the document. Tested and verified, after you file the system kicks it out.

**From**: Brennen, Robert S. <RBRENNEN@MilesStockbridge.com>
**Sent**: Tuesday, June 25, 2024 11:57 AM
**To**: Lauren Prinkey <Lauren.Prinkey@mdcourts.gov>
**Cc**: Frenkil, Steven D. <sfrenkil@MilesStockbridge.com>; ryan@mxt3.com; Hoffberger, Victoria (Tory) <vhoffberger@milesstockbridge.com>
**Subject**: [EXTERNAL] RE: Ohana Growth Partners, LLC v. Ryan Dillon-Capps - C-03-CV-24-2264

Dear Ms. Prinkey,

For some reason, when we created the combined pdf I sent you a moment ago Mr. Romes e-signature was removed from his affidavit.  Attached are the documents as filed with the signed affidavit.

Respectfully,



**Robert Brennen**  Principal
Miles & Stockbridge
direct: +1 (410) 385-3653

**From**: Brennen, Robert S.
**Sent**: Tuesday, June 25, 2024 11:43 AM
**To**: Lauren Prinkey <Lauren.Prinkey@mdcourts.gov>
**Cc**: Frenkil, Steven D. <sfrenkil@MilesStockbridge.com>; ryan@mxt3.com; Hoffberger, Victoria (Tory) <vhoffberger@milesstockbridge.com>
**Subject**: RE: Ohana Growth Partners, LLC v. Ryan Dillon-Capps - C-03-CV-24-2264
**Importance**: High

Dear Ms. Prinkey,

The Plaintiff in the above-reference matter just filed the attached with the Clerk via MDEC.

Respectfully,



**Robert Brennen**  Principal
Miles & Stockbridge
direct: +1 (410) 385-3653

**From**: Lauren Prinkey <Lauren.Prinkey@mdcourts.gov>
**Sent**: Friday, June 21, 2024 12:04 PM
**To**: Brennen, Robert S. <RBRENNEN@MilesStockbridge.com>; Frenkil, Steven D. <sfrenkil@MilesStockbridge.com>; ryan@mxt3.com
**Subject**: [EXTERNAL] Ohana Growth Partners, LLC v. Ryan Dillon-Capps - C-03-CV-24-2264

[EXTERNAL]

Good afternoon,

Please see the attached orders from the court.

Thank you,
Lauren

**Lauren Prinkey**
Judicial Assistant to the Honorable Keith R. Truffer
Circuit Court for Baltimore County
401 Bosley Avenue
Towson, MD 21204
410-887-6515 (Office)
410-296-1810 (Fax)



**Kelly Benefits**
1 Kelly Way · Sparks, MD 21152




FIRST-CLASS   US POSTAGE



Benefits

parks, MD 21152

Dillon-Capps
pouse/Dependents (if any)
Maple Avenue
, MD 21221

Ryan Dillon-Capps
and Spouse/Dependents (if any)
1334 Maple Avenue
Essex, MD 21221



# Kelly Benefits

November 07, 2024

Ryan Dillon-Capps
and Spouse/Dependents (if any)
1334 Maple Avenue
Essex, MD 21221

Si usted preferiría recibir esta notificación en español, favor de comunicarse con el Centro de Servicio al cliente de COBRA en Kelly Benefits al 443-589-1862 o al 866-696-4548.

**IMPORTANT INFORMATION: COBRA Continuation Coverage and other Health Coverage Alternatives**

Dear Ryan Dillon-Capps:

This notice has important information about your right to continue your group health care coverage in the **Ohana Growth Partners LLC- OGP (the Plan)**, as well as other health coverage options that may be available to you, including coverage through the Health Insurance Marketplace at www.HealthCare.gov or call 1-800-318-2596. You may be able to get coverage through the Health Insurance Marketplace that costs less than COBRA continuation coverage.

Please read the information in this notice very carefully before you make your decision. If you choose to elect COBRA continuation coverage, you should use the election form provided later in this notice. If you have any questions about this notice and/or your right to elect COBRA continuation coverage, you may contact Kelly Benefits Insurance Group, Inc. (Kelly Benefits). Contact information for Kelly Benefits, including the address and telephone number, is provided later in this notice. Kelly Benefits is the third-party COBRA administrator. You may also contact the Plan Administrator for the Plan.

**Why am I getting this notice?**

You're getting this notice because your coverage under the Plan will end on 09/30/2024* due to:

| | | |
|---|---|---|
| [X] End of employment | | ☐ Entitlement to Medicare |
| ☐ Divorce or legal separation | | ☐ Loss of dependent child status |
| ☐ Death of employee | | ☐ Reduction in hours of employment |

Federal law requires that most group health plans (including this Plan) give employees and their families the opportunity to continue their health care coverage through COBRA continuation coverage when there's a "qualifying event" that would result in a loss of coverage under an employer's plan.

**What is COBRA continuation coverage?**

COBRA continuation coverage is the same coverage that the Plan gives to other participants or beneficiaries who aren't getting continuation coverage. Each "qualified beneficiary" (described below) who elects COBRA continuation coverage will have the same rights under the Plan as other participants or beneficiaries covered under the Plan.

* This represents the date your medical coverage will end. For the purpose of this notice, health care coverage includes but is not limited to vision, dental, RX, and EAP. Each plan is separate and has separate carrier rules. As a result, effective dates, termination dates and billing may vary pursuant to the carrier rules for the type of coverage selected.

1 Kelly Way · Sparks, MD 21152  |  COBRA Call Center
(P) 443 589 1862  |  (TF) 866 696 4548  |  (F) 410 527 5905  |  cobrainfo@kellybenefits.com

**kellybenefits.com**

> Scanned these documents multiple times before realizing they were scanned in this way to be edited by the Defendants. We confirmed with the originals that were mailed.
> This matches the contracts slant which places the forgery with Ohana Growth Partners, LLC.
> Both Contract and Benefits are under HR -- Reflective of Richard Hartman

217688/Ohana Growth Partners LLC- OGP/Direct - KBS

6989924

Identity & Insurance & Mail Fraud Summary  10 of 34

EXHIBIT  103

**Who are the qualified beneficiaries?**

Each person ("qualified beneficiary") in the category(ies) checked below has an independent right to elect COBRA continuation coverage:

- [X] Employee or former employee      Ryan Dillon-Capps
- [X] Spouse or former spouse          Caroline Dillon
- [ ] Dependent child(ren) covered under the Plan on the day before the event that caused the loss of coverage

- [ ] Child who is losing coverage under the Plan because he or she is no longer a dependent under the Plan.

With the exception of a child born to, adopted by or placed for adoption with the covered employee during the COBRA continuation coverage period, a family member that you enroll after COBRA begins (e.g. during annual enrollment or through a special enrollment) is not a qualified beneficiary.

Detailed instructions for electing COBRA continuation coverage are provided later in this notice. NOTE: If you do not elect COBRA continuation coverage in accordance with these instructions, your coverage under the Plan will end on the date identified on the front page of this notice and you will lose your right to elect COBRA continuation coverage

**Are there other coverage options besides COBRA Continuation Coverage?**

Yes. Instead of enrolling in COBRA continuation coverage, there may be other more affordable coverage options for you and your family through the Health Insurance Marketplace, Medicaid, or other group health plan coverage options (such as a spouse's plan) through what is called a "special enrollment period." Some of these options may cost less than COBRA continuation coverage.

You should compare your other coverage options with COBRA continuation coverage and choose the coverage that is best for you. For example, if you move to other coverage you may pay more out of pocket than you would under COBRA because the new coverage may impose a new deductible.

When you lose job-based health coverage, it's important that you choose carefully between COBRA continuation coverage and other coverage options, because once you've made your choice, it can be difficult or impossible to switch to another coverage option.

**If I elect COBRA continuation coverage, when will my coverage begin and how long will the coverage last?**

If elected, COBRA continuation coverage will begin on 10/01/2024 and can last until 04/01/2026.
You may elect any of the following options for COBRA continuation coverage listed later in this notice. Continuation coverage may end before the date noted above in certain circumstances, like failure to pay premiums, fraud, or the individual becomes covered under another group health plan.

**Can I extend the length of COBRA continuation coverage?**

If you elect continuation coverage, you may be able to extend the length of continuation coverage if a qualified beneficiary is determined by the Social Security Administration to be disabled, or if a qualified beneficiary experiences a second qualifying event during the COBRA continuation period. You must notify Kelly Benefits of a disability or a second qualifying event within a certain time periods described below to extend the period of continuation coverage. If you don't provide notice of a disability or second qualifying event within the required time period, it will affect your right to extend the period of continuation coverage.

*Disability*

An 11-month extension of coverage may be available if any of the qualified beneficiaries is determined under the Social Security Act (SSA) to be disabled. The disability has to have started at some time on or before the 60th day of COBRA continuation coverage and must last at least until the end date of the 18-month period of continuation coverage. To be considered for the extension, you must send a copy of the original SSA's notice which shows the exact date that the qualified beneficiary became disabled to Kelly Benefits within the first 18 months of the COBRA continuation coverage and within 60 days, starting from the latest of: (1) the date on which SSA issues the disability determination; (2) the date of which the qualifying event occurs; (3) the date on which the qualified beneficiary loses or would lose coverage under the plan as a result of the qualifying event; or (4) the date on which the qualified beneficiary is informed through the furnishing of the COBRA general notice, of the responsibility to notify the Plan and the procedure for doing so.

Each qualified beneficiary who has elected continuation coverage will be entitled to the 11-month disability extension if any qualified beneficiary is disabled and timely notice has been provided. If the qualified beneficiary is determined to no longer be disabled under the SSA, you must notify the Plan of that fact within 30 days after SSA's determination.

*Second Qualifying Event*

An extension of coverage will be available to qualified beneficiary spouses and dependent children who elect continuation coverage if a second qualifying event occurs during the first 18 (or 29 if the disability extension applies) months of continuation coverage. The maximum amount of continuation coverage available when a second qualifying event occurs is 36 months measured from the first qualifying event identified in this notice. Such second qualifying events may include the death of a covered employee, divorce or legal separation from the covered employee, the covered employee's becoming entitled to Medicare benefits (under Part A, Part B, or both), or a dependent child's ceasing to be eligible for coverage as a dependent under the Plan. These events are second qualifying events only if they would have caused the qualified beneficiary to lose coverage under the Plan if the first qualifying event had not occurred. You must notify the Kelly Benefits within 60 days after a second qualifying event occurs if you want to extend your continuation coverage.

For more information about extending the length of COBRA continuation coverage visit

https://www.dol.gov/sites/dolgov/files/EBSA/about-ebsa/our-activities/resource-center/publications/an-employees-guide-to-health-benefits-under-cobra.pdf

**Which Plan benefits may I choose and how much does COBRA continuation coverage cost?**

The election form below identifies the specific Plan benefits that you may continue and the cost of each benefit.

You may elect any of the following options for COBRA continuation coverage. COBRA continuation coverage will cost (monthly premium including 2% COBRA Fee):

*Plan rates and effective/end dates shown on this form are accurate to the best of the publisher's knowledge; however, are subject to correction if found to be in error. Plans and plan rates subject to change at the Plan's next renewal.*

| Line Of Business | Previous Coverage | Plan Name | IND | H&W | P&C | PC2 | FAM |
|---|---|---|---|---|---|---|---|
| Dental | H&W | CIGNA DENTAL PPO 50+ | $28.85 | $56.30 | $70.86 | $70.86 | $98.16 |
| Health | H&W | Open Access Plus HSA | $734.81 | $1,700.81 | $1,366.42 | $1,366.42 | $2,072.32 |
| EAP | N/A | EAP | $1.53 | $1.53 | $1.53 | $1.53 | $1.53 |
| Vision | H&W | Vision 50+ | $5.41 | $10.83 | $10.93 | $10.93 | $17.46 |

Other coverage options may cost less. If you choose to elect continuation coverage, you don't have to send any payment with the Election Form. **(If first payment is not enclosed you may not be able to access health care coverage until payment is received.)** Additional information about payment will be provided to you after the election form is received by the Plan. Important information about paying your premium can be found at the end of this notice.

**You may be able to get coverage through the Health Insurance Marketplace that costs less than COBRA continuation coverage.**   You can learn more about the Marketplace below

**What is the Health Insurance Marketplace?**

The Marketplace offers "one-stop shopping" to find and compare private health insurance options. In the Marketplace, you could be eligible for a new kind of tax credit that lowers your monthly premiums and cost-sharing reductions (amounts that lower your out-of-pocket costs for deductibles, coinsurance, and copayments) right away, and you can see what your premium, deductibles, and out-of-pocket costs will be before you make a decision to enroll. Through the Marketplace you'll also learn if you qualify for free or low-cost coverage from Medicaid or the Children's Health Insurance Program (CHIP).   You can access the Marketplace for your state at www.HealthCare.gov.

Coverage through the Health Insurance Marketplace may cost less than COBRA continuation coverage. Being offered COBRA continuation coverage won't limit your eligibility for coverage or for a tax credit through the Marketplace.

**When can I enroll in Marketplace coverage?**

You always have 60 days from the time you lose your job-based coverage to enroll in the Marketplace. That is because losing your job-based health coverage is a "special enrollment" event. **After 60 days your special enrollment period will end and you may not be able to enroll, so you should take action right away.**   In addition, during what is called an "open enrollment" period, anyone can enroll in Marketplace coverage.

To find out more about enrolling in the Marketplace, such as when the next open enrollment period will be and what you need to know about qualifying events and special enrollment periods, visit www.HealthCare.gov.

**If I sign up for COBRA continuation coverage, can I switch to coverage in the Marketplace? What about if I choose Marketplace coverage and want to switch back to COBRA continuation coverage?**

If you sign up for COBRA continuation coverage, you can switch to a Marketplace plan during a Marketplace open enrollment period. You can also end your COBRA continuation coverage early and switch to a Marketplace plan if you have another qualifying event such as marriage or birth of a child through something called a "special enrollment period." But be careful though - if you terminate your COBRA continuation coverage early without another qualifying event, you'll have to wait to enroll in Marketplace coverage until the next open enrollment period, and could end up without any health coverage in the interim.

Once you've exhausted your COBRA continuation coverage and the coverage expires, you'll be eligible to enroll in Marketplace coverage through a special enrollment period, even if Marketplace open enrollment has ended.

If you sign up for Marketplace coverage instead of COBRA continuation coverage, you cannot switch to COBRA continuation coverage under any circumstances.

**Can I enroll in another group health plan?**

You may be eligible to enroll in coverage under another group health plan (like a spouse's plan), if you request enrollment within 30 days of the loss of coverage.

If you or your dependent chooses to elect COBRA continuation coverage instead of enrolling in another group health plan for which you're eligible, you'll have another opportunity to enroll in the other group health plan within 30 days of losing your COBRA continuation coverage or during the other plan's annual enrollment period.

**Can I enroll in Medicare instead of COBRA continuation coverage after my group health plan coverage ends?**

In general, if you don't enroll in Medicare Part A or B when you are first eligible because you are still employed, after the initial enrollment period for Medicare Part A or B, you have an 8-month special enrollment period to sign up, beginning on the earlier of

- The month after your employment ends; or
- The month after group health plan coverage based on current employment ends

If you don't enroll in Medicare Part B and elect COBRA continuation coverage instead, you may have to pay a Part B late enrollment penalty and you may have a gap in coverage if you decide you want Part B later. If you elect COBRA continuation coverage and then enroll in Medicare Part A or B before the COBRA continuation coverage ends, the Plan may terminate your continuation coverage. However, if Medicare Part A or B is effective on or before the date of the COBRA election, COBRA coverage may not be discontinued on account of Medicare entitlement, even if you enroll in the other part of Medicare after the date of the election of COBRA coverage

**What factors should I consider when choosing coverage options?**

When considering your options for health coverage, you may want to think about:

- <u>Premiums</u>: Your previous plan can charge up to 102% of total plan premiums for COBRA coverage. Other options, like coverage on a spouse's plan or through the Marketplace, may be less expensive.
- <u>Provider Networks</u>: If you're currently getting care or treatment for a condition, a change in your health coverage may affect your access to a particular health care provider. You may want to check to see if your current health care providers participate in a network as you consider options for health coverage.
- <u>Drug Formularies</u>: If you're currently taking medication , a change in your health coverage may affect your costs for medication - and in some cases, your medication may not be covered by another plan. You may want to check to see if your current medications are listed in drug formularies for other health coverage.
- <u>Severance payments</u> : If you lost your job and got a severance package from your former employer, your former employer may have offered to pay some or all of your COBRA payments for a period of time. In this scenario, you may want to contact the Department of Labor at 1-866-444-3272 to discuss your options
- <u>Service Areas</u> : Some plans limit their benefits to specific service or coverage areas - so if you move to another area of the country, you may not be able to use your benefits. You may want to see if your plan has a service or coverage area, or other similar limitations
- <u>Other Cost-Sharing</u>: In addition to premiums or contributions for health coverage, you probably pay copayments, deductibles, coinsurance, or other amounts as you use your benefits. You may want to check to see what the cost-sharing requirements are for other health coverage options. For example, one option may have much lower monthly premiums, but a much higher deductible and higher copayments.

https://www.medicare.gov/sign-up-change-plans/how-do-i-get-parts-a-b/part-a-part-b-sign-up-periods. These rules are different  for people with End Stage Renal Disease (ESRD).

For more information

This notice doesn't fully describe continuation coverage or other rights under the Plan. More information about continuation coverage and your rights under the Plan is available in your summary plan description or from the Plan Administrator.

If you have questions about the information in this notice, your rights to coverage, or if you want a copy of your summary plan description, contact Kelly Benefits COBRA Call Center via e-mail at cobrainfo@kellybenefits.com, or mail at 1 Kelly Way, Sparks, MD 21152, or phone at 443-589-1862 or 866-696-4548.

For more information about your rights under the Employee Retirement Income Security Act (ERISA), including COBRA, the Patient Protection and Affordable Care Act, and other laws affecting group health plans, visit the U.S. Department of Labor s Employee Benefits Security Administration(EBSA) website at www.dol.gov/ebsa or call their toll-free number at 1-866-444-3272. For more information about health insurance options available through the Health Insurance Marketplace, and to locate an assister in your area who you can talk to about the different options, visit www.HealthCare.gov.

Keep Your Plan Informed of Address Changes

To protect your and your family's rights keep Kelly Benefits and the Plan Administrator informed of any changes in your address and the addresses of family members. You should also keep a copy of any notices you send to Kelly Benefits the Plan Administrator in accordance with this notice.

COBRA Continuation Coverage Election Form

**Instructions:** To elect COBRA continuation coverage, complete this Election Form and return it to us. Under Federal law, you must have 60 days from the later of the coverage loss date or the date of this notice to decide whether you want to elect COBRA continuation coverage under the Plan.

Send completed Election Form to:

> **Kelly Benefits**
> **COBRA Department**
> **1 Kelly Way**
> **Sparks, MD 21152**
> **Fax: 410-527-5905**

This Election Form must be completed and returned by mail, fax, or hand-delivered within sixty (60) days from the later of the coverage loss date or the date of this notice. If mailed, it must be post-marked no later than sixty (60) days from the later of the coverage loss date or the date the COBRA election notice is provided by the plan administrator.

If you do not submit a completed Election Form within 60 days from the later of the coverage loss date or the date of this notice, you will lose your right to elect COBRA continuation coverage. If you reject COBRA continuation coverage in writing before the due date, you may change your mind as long as you furnish a completed Election Form before the due date. However, if you elect COBRA continuation coverage after first rejecting it in writing, your COBRA continuation coverage may not begin until the date you furnish the completed Election Form (at the discretion of the Plan Administrator and/or the insurance carrier).

Read the important information about your rights included in the pages after the Election Form.

I (We) elect COBRA continuation coverage in the  Ohana Growth Partners LLC- OGP (the Plan) as listed below:

| Name | Date of Birth | Relationship to Employee | SSN (or other identifier) |
|------|---------------|--------------------------|---------------------------|

a. _____

Coverage option(s) elected: _____

b. _____

Coverage option(s) elected: _____

c. _____

Coverage option(s) elected: _____

Please complete the required field below.

_____    _____
Signature                             Date

_____    _____
Print Name                            Relationship to individual(s) listed above

_____    _____

_____    _____

Print Physical Address                Print Billing Address (if different from Physical Address)

_____    _____
Telephone Number                      E-mail address (Required)

**Important Information About Payment**

*First payment for continuation coverage*

You must make your first payment for continuation coverage no later than 45 days after the date of your election (this is the date the Election Notice is postmarked). **If you don't make your first payment in full no later than 45 days after the date of your election, you'll lose all continuation coverage rights under the Plan.** You're responsible for making sure the amount of your first payment is correct. You may contact our Kelly Benefits COBRA Call Center via e-mail at cobrainfo@kellybenefits.com, or mail at 1 Kelly Way, Sparks, MD 21152, or phone at 443-589-1862 or 866-696-4548 to confirm the correct amount of your first payment.

*Periodic payments for continuation coverage*

After you make your first payment for continuation coverage, you'll have to make periodic payments for each coverage period that follows. The amount due for each coverage period for each qualified beneficiary is shown in this notice.

The periodic payments can be made on a monthly basis. Under the Plan, each of these periodic payments for continuation coverage is due on the 25th day of the month prior to the coverage month for that coverage period. If you make a periodic payment on or before the first day of the coverage period to which it applies, your coverage under the Plan will continue for that coverage period without any break. The Plan will NOT send periodic notices of payments due for these coverage periods.

*Grace periods for periodic payments*

Although periodic payments are due on the dates shown above, you'll be given a grace period of 30 days after the first day of the coverage period to make each periodic payment. You'll get continuation coverage for each coverage period as long as payment for that coverage period is made before the end of the grace period. If you pay a periodic payment later than the first day of the coverage period to which it applies, but before the end of the grace period for the coverage period, your coverage will be suspended as of the first day of the coverage period and then retroactively reinstated (going back to the first day of the coverage period) when the periodic payment is received. This means that any claim you submit for benefits while your coverage is suspended may be denied and may have to be resubmitted once your coverage is reinstated.

**If you don't make a periodic payment before the end of the grace period for that coverage period, you'll lose all rights to continuation coverage under the Plan.**

Your first payment continuation coverage should be sent to:

> Kelly Benefits
> COBRA Department
> 1 Kelly Way
> Sparks, MD 21152

All subsequent payments for continuation coverage should be sent to:

> Kelly Benefits
> PO Box 418926
> Boston, MA 02241-8926

**All payments should be made payable to Kelly Benefits.**

If you elect continuation coverage and intend for anyone other than the covered dependents or yourself to request information regarding the account, you must complete this form in its entirety. Forms must be completed, signed, and dated to be accepted. To facilitate accurate processing and prevent delays in service, please print or type.

## Authorization for Release of Information

*I _____ *(Print Primary Subscriber Full Name)* hereby authorize the use or disclosure of my individually identifiable health information as described below. I understand that this authorization is voluntary and that I may refuse to sign this authorization, and that I may revoke it at any time by submitting my revocation in writing to the entity providing the information.

*List all persons/organizations authorized to provide the information.
Kelly & Associates Insurance Group, Inc. (Kelly Benefits)

_____

_____

*List all persons/organizations authorized to request and receive the information. *(Note: Kelly Benefits will not share any information (including benefit elections, payments, etc.) with any person(s) not listed below.*

_____

_____

*Information authorized for release: (Please check ALL that apply)

_____ Premium payment information                    _____ Claims/EOB information

_____ Enrollment & benefit information               _____ Information pertaining to an appeal

_____ Other: _____
                              *(Please specify)*

*Purpose for the use or release of the information indicated above: (Please check ALL that apply)

_____ Health care                                    _____ Legal

_____ Personal use                                   _____ Other: _____
                                                                  *(Please specify)*

### Important Information About Your Rights

I have read and understood the following statements about my rights.

- I may revoke this authorization at any time prior to its expiration date by notifying the providing organization in writing but the revocation will not have any effect on any actions that the entity took before it received the revocation.
- I may see and copy the information described on this form if I ask for it
- I am not required to sign this form to receive my health care benefits (enrollment, treatment, or payment).
- The information that is used or disclosed pursuant to this authorization may be redisclosed by the receiving entity. I have the right to seek assurances from the above-named persons/organizations authorized to receive the information that they will not redisclose the information to any other party without my further authorization.

**I understand this authorization will remain in effect for the duration of the time the continuation coverage account is active with Kelly Benefits and I may revoke it at any time by submitting my revocation in writing to Kelly Benefits.**

*Signature of Primary Subscriber Authorizing Release of Information                     *Date

_____              _____

Send completed form to *Kelly Benefits COBRA Department, 1 Kelly Way, Sparks, MD 21152 or fax at 410-527-5905.*

53

1    ask her?

2                        DIRECT EXAMINATION

3    BY MR. DILLON-CAPPS:

4          Q    Erm, has everything I said about being

5    erratic, erm, memory loss, uh, moments of cognition,

6    erm, not there, erm, has -- have you observed that to

7    be true?

8          A    Yes.

9          Q    Has there been any indication that like

10   the -- the things that I do in this courtroom have

11   been not observed at home?

12         A    No, it's been true to what's been going

13   on at home for ever, weeks.

14         Q    I'm sorry.

15              THE COURT:  Is that it?

16              MR. DILLON-CAPPS:  That's

17   (unintelligible) me.

18              THE COURT:  Cross?

19                        CROSS EXAMINATION

20   BY MR. BRENNEN:

21         Q    Can you describe, uh, ma'am, did you,

22   uh, engage in any effort at your home to look for key

23   fobs or other materials, uh, relevant to this matter?

24         A    Yes, I was told to look through the

25   basement, erm, we have a bedroom down there and a

I'm Sorry, was said during a long answer where Caroline provided a first hand account of her experience.

45

The highlighted section was in response to a much longer statement that has been redacted from the record. These are just two examples. The purpose of the transcript and exhibits is to demonstrate that 100% of the material statements and evidence support RDC, a conclusion that became evident rather quickly. The singular narrative "the court record doesn't support XYZ" comes after the formal pact is made to cover up.

1    as your tenant is configured and whether or not it

2    requires the multifactor key, in conjunction with the

3    password to log in.

4              The -- I think the key question is, at

5    the time the defendant left or stopped were there

6    other people that had user account profiles that did

7    have global admin access, and if so, who were those

8    people.

9              Because if the defendant has not had any

10   access since then, the other people should still have

11   that, unless the other people disabled it on their

12   own, which seems very unlikely.

13              MR. BRENNEN:  I don't have anything

14   further from Mr. Romes, your Honor.

15              THE COURT:  All right.  Mr. Dillon-Capps

16   do you have any cross-examination?

17                  CROSS EXAMINATION

18   BY MR. DILLON-CAPPS:

19         Q    Erm, erm, it -- it sounds like you

20   understand what I'm affirming, that, erm, so I'll be

21   clear.  At, uh, on the 20th, uh, only two accounts

22   were disabled.  Erm, system was which an account that

23   Mr. Brooks had shared with his staff to use, which

24   also is like the key, uh, tenant, like it holds the

25   key for the intro, erm, which was -- and was elevated

**Edwards, Kimale J.**

| | |
|---|---|
| **From:** | Lauren Prinkey <Lauren.Prinkey@mdcourts.gov> |
| **Sent:** | Friday, June 21, 2024 12:04 PM |
| **To:** | Brennen, Robert S.; Frenkil, Steven D.; ryan@mxt3.com |
| **Subject:** | [EXTERNAL] Ohana Growth Partners, LLC v. Ryan Dillon-Capps - C-03-CV-24-2264 |
| **Attachments:** | 1942_001.pdf |





[EXTERNAL]

Good afternoon,

Please see the attached orders from the court.

Thank you,
Lauren

This email is not real.  Prinkey never sent it.

It was submitted as evidence during the hearing and then removed.

**Lauren Prinkey**
Judicial Assistant to the Honorable Keith R. Truffer
Circuit Court for Baltimore County
401 Bosley Avenue
Towson, MD 21204
410-887-6515 (Office)
410-296-1810 (Fax)



PLAINTIFF'S
EXHIBIT
NO.

1

Identity & Insurance & Mail Fraud Summary  22 of 34

EXHIBIT  103

**Edwards, Kimale J.**

| | |
|---|---|
| **From:** | Brennen, Robert S. |
| **Sent:** | Monday, June 24, 2024 6:59 PM |
| **To:** | ryan@mxt3.com |
| **Subject:** | Fwd: [EXTERNAL] Ohana Growth Partners, LLC v. Ryan Dillon-Capps - C-03-CV-24-2264 |
| **Attachments:** | external.png; first_time_sender_warning.png; 1942_001.pdf |

Sent from my iPhone

Begin forwarded message:

> **From:** Lauren Prinkey <Lauren.Prinkey@mdcourts.gov>
> **Date:** June 21, 2024 at 12:04:28 EDT
> **To:** "Brennen, Robert S." <RBRENNEN@milesstockbridge.com>, "Frenkil, Steven D."
> <sfrenkil@milesstockbridge.com>, ryan@mxt3.com
> **Subject:** [EXTERNAL] Ohana Growth Partners, LLC v. Ryan Dillon-Capps - C-03-CV-24-2264

<mark>[EXTERNAL]</mark>

Good afternoon,

Please see the attached orders from the court.

Thank you,
Lauren

**Lauren Prinkey**
Judicial Assistant to the Honorable Keith R. Truffer
Circuit Court for Baltimore County
401 Bosley Avenue
Towson, MD 21204
410-887-6515 (Office)
410-296-1810 (Fax)

1



PLAINTIFF'S
EXHIBIT
**2**
NO.

EXHIBIT  103

Re: Case No. C-03-CV-244-002264
Baltimore County Circuit Court
TRO and Preliminary Injunction
Ohana Growth Partners

The exhibits attached to the letter on the court
record are fraudulent as well.

Dear Judge,
        to Truffer

I am writing to bring to your attention urgent matters concerning my current legal situation and
request immediate judicial intervention regarding a Temporary Restraining Order (TRO) and
Preliminary Injunction that conflicts with legal and compliance obligations.

I have been dealing with significant issues related to my employment with Ohana Growth
Partners, which have been exacerbated by recent events. I had secured three strong referrals for
legal assistance, but they conflicted. I was starting the process to work with the fourth referral,
but I found out at midnight that they couldn't help me due to a family bereavement and a pre-
scheduled conference. Consequently, they refunded my retainer, leaving me without legal
representation at a critical time.

Currently, I am facing a situation where compliance with the TRO and Preliminary Injunction
would require me to violate PCI compliance standards, thereby putting me in a position where I
must choose between violating federal compliance requirements or being held in contempt of
court. The opposing counsel has informed me that I must comply by noon today, June 18, 2024.
I read this demand at about a quarter to 11, which eventually led me to write this letter and rush
to the courthouse.

On June 13, 2024, at 7:12 AM, I notified the CFO, Head of HR, and President of Ohana Growth
Partners that I was commencing my FMLA leave due to PTSD. My FMLA status was last
confirmed and validated by the HR Generalist on May 23, 2024. Despite this, at 9:01 AM on the
same day, I received a demand letter requiring me to return to work and I had 6 hours to do it---
or else. In response, I issued a cease and desist letter, which is included in petitioner Exhibit B,
clarifying that the cease and desist pertained to my right to FMLA leave.

The basis for my suspension, as claimed by my employer, consists of two parts:

1. They misconstrued my cease and desist letter as a refusal to comply with work demands,
   despite its clear reference to FMLA leave.
2. They demanded that I grant Global Administrator access, which would be a violation of
   PCI compliance. The company failed to inform the court of this crucial compliance issue
   and the proactive measures I had taken to grant access to the President under PCI
   compliance guidelines.

I have over 25 years of experience in IT and am responsible for ensuring PCI compliance within
the organization. Granting Global Administrator access without ensuring compliance would be a
serious violation of these standards. Despite providing several alternatives and options to my

employer, they have persisted in demanding actions that would compromise compliance and security.

Furthermore, the company has engaged in retaliatory actions, including placing my IT Coordinator on administrative leave shortly after receiving the cease and desist letter. This retaliation appears to be in direct response to my assertion of FMLA rights.

Due to these pressing issues and the sudden unavailability of my legal counsel, I am seeking immediate judicial relief to address the following:

1. Clarification and potential modification of the TRO and Preliminary Injunction to ensure compliance with PCI standards without subjecting me to contempt of court.
2. Protection against retaliation for exercising my FMLA rights.
3. Adequate time to secure new legal representation to address these urgent matters.

All supporting documentation and communications are available to substantiate my claims. I printed out as many as I could before rushing over here today.

Thank you for your prompt attention to this matter.

With gratitude and appreciation,
Ryan Wagner
ryan@mxt3.com
1334 Maple Ave
Essex MD
21221

**DENIED**

The court has reviewed the Defendant's correspondence and will view it as a request, pursuant to Md. Rule 15-504(f) to dissolve or modify the 6.17.2014 TRO. The correspondence does not provide sufficient specificity to permit the court to modify the TRO at this time. The court will consider the Defendant's requests at the hearing scheduled for 6.26.2024.

06/21/2024 11:40:18 AM

Judge Keith R. Truffer

15-504f requires a mandatory re-hearing. Truffer denied this and approved the show cause at the same time. Filed in the same envelope.

E-FILED; Baltimore County Circuit Court
Docket: 6/20/2024 12:24 PM; Submission: 6/20/2024 12:24 PM
Envelope: 16909122

| | |
|---|---|
| OHANA GROWTH PARTNERS, LLC | IN THE |
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | FILE NO.: C-03-CV-24-002264 |

### ORDER TO APPEAR AND SHOW CAUSE

Upon consideration of Ohana's Petition for Show Cause Order and Constructive Civil Contempt, and for good cause shown, it is this     21st of June, 2024

ORDERED that the Petition be, and hereby is, GRANTED; and it is further

ORDERED that Ohana shall appear before the Circuit Court for Baltimore County, Maryland on the <u>26th</u> day of June, 2024, at <u>9</u> a.m.,     for a hearing at which Ryan Dillon-Capps shall show cause why they should not be held in contempt of this Court's June 17, 2024 Temporary Restraining Order.


_____
Judge Keith R. Truffer

119447\000004\4867-4205-1017.v2

7



MILES &
STOCKBRIDGE P.C.

100 LIGHT STREET · BALTIMORE, MD 21202-1153



quadient
FIRST-CLASS MAIL
IMI
$000.69
09/26/2024 ZIP 2120
043M31237277

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

2i2213ßO27  CO13



MILES &
STOCKBRIDGE P.C.

ET · BALTIMORE, MD 21202-1153



BALTIMORE MD 212
24 SEP 2024 PM 4 L

quadient
FIRST-CLASS MAIL
IMI
$000.97
09/23/2024 ZIP 21202
043M31237277

US POSTAGE

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

2i22i-ßO2734

EXHIBIT 103

Identity & Insurance & Mail Fraud Summary  28 of 34

LES &
OCKBRIDGE P.C.
BALTIMORE, MD 21202-1153

BALTIMORE MD 212
9 SEP 2024 PM 2

quadient
FIRST-CLASS MAIL
(M)
$000.97

US POSTAGE

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

21221-602734

---

JULIE L. ENSOR, CLERK
uit Court for Baltimore County
COUNTY COURTS BUILDING
P.O. BOX 6754
OWSON, MARYLAND 21285-6754

BALTIMORE MD 212
22 OCT 2024 PM 5

US POSTAGE  G-232

ZIP 21204  $000.69
02 4W
0000373808 OCT 22 2024

To:  RYAN WAGNER
1334 MAPLE AVE
ESSEX, MD 21221

21221-602734

EXHIBIT 103

**STATE OF MARYLAND**
COMMISSION ON JUDICIAL DISABILITIES
P.O. Box 340
Linthicum Heights, Maryland 21090-0340

BALTIMORE MD 212

12 OCT 2024 PM 2 L




UNITED STATES POSTAGE
PITNEY BOWES
02 1P        $ 000.690
0004762801   OCT 11  2024
MAILED FROM ZIP CODE 21090

Ryan Dillon-Capps
1334 Maple Avenue
Essex. MD 2121

21221-602734

---

JULIE L. ENSOR, CLERK
Circuit Court for Baltimore County
COUNTY COURTS BUILDING
P.O. BOX 6754
TOWSON, MARYLAND 21285-6754

BALTIMORE MD 212

18 SEP 2024 PM 1 L

US POSTAGE    G-232
ZIP 21204    $ 000.690
02 4W
0000373808 SEP  18 2024

**To:**  RYAN DILLON-CAPPS
1334 MAPLE AVENUE
ESSEX, MD 21221

21221-602734

EXHIBIT 103

Identity & Insurance & Mail Fraud Summary 30 of 34

EXHIBIT 103

JULIE L. ENSOR, CLERK
Circuit Court for Baltimore County
COUNTY COURTS BUILDING
P.O. BOX 6754
TOWSON, MARYLAND 21285-6754



US POSTAGE
G-232
ZIP 21204
02 4W
$ 001.77⁰
0000373808 DEC 02 2024

**To:**  RYAN DILLON-CAPPS
1334 MAPLE AVENUE
ESSEX, MD 21221

21221$6027 C013

JULIE L. ENSOR, CLERK
Circuit Court for Baltimore County
COUNTY COURTS BUILDING
P.O. BOX 6754
TOWSON, MARYLAND 21285-6754




US POSTAGE  PITNEY BOWES
G-232
ZIP 21204
02 4W
$ 001.77⁰
0000373808 DEC 02 2024

**To:**  RYAN WAGNER
1334 MAPLE AVE
ESSEX, MD 21221

21221$6027 C013

Identity & Insurance & Mail Fraud Summary  31 of 34

STATE OF MARYLAND
COMMISSION ON JUDICIAL DISABILITIES
P.O. Box 340
Linthicum Heights, Maryland 21090-0340



BALTIMORE MD 212
12 OCT 2024 PM 21

UNITED STATES POSTAGE
PITNEY BOWES
02 1P $ 000.69⁰
0004762801  OCT 11 2024
MAILED FROM ZIP CODE 21090

Ryan Dillon-Capps
1334 Maple Avenue
Essex. MD 2121

21221-602734

JULIE L. ENSOR, CLERK
Circuit Court for Baltimore County
COUNTY COURTS BUILDING
P.O. BOX 6754
TOWSON, MARYLAND 21285-6754

BALTIMORE MD 212
18 SEP 2024 PM 1 L

US POSTAGE  G-232
ZIP 21204
02 4W $ 000.69⁰
0000373808 SEP 18 2024

To:   RYAN DILLON-CAPPS
1334 MAPLE AVENUE
ESSEX, MD 21221

21221-602734

EXHIBIT 103

Identity & Insurance & Mail Fraud Summary   32 of 34

JULIE L. ENSOR, CLERK

Circuit Court for Baltimore County

COUNTY COURTS BUILDING

P.O. BOX 6754

TOWSON, MARYLAND 21285-6754



US POSTAGE — PITNEY BOWES
G-232
ZIP 21204   $ 001.65⁰
02 4W
0000373808 NOV 26 2024

**To:**   RYAN DILLON-CAPPS
1334 MAPLE AVENUE
ESSEX, MD 21221

2122186027 C013

---

JULIE L. ENSOR, CLERK

Circuit Court for Baltimore County

COUNTY COURTS BUILDING

P.O. BOX 6754

TOWSON, MARYLAND 21285-6754



US POSTAGE — PITNEY BOWES
G-232
ZIP 21204   $ 001.65⁰
02 4W
0000373808 NOV 26 2024

**To:**   RYAN WAGNER
1334 MAPLE AVE
ESSEX, MD 21221

2122186027 C013

EXHIBIT 103

Identity & Insurance & Mail Fraud Summary 33 of 34

JULIE L. ENSOR, CLERK
**Circuit Court for Baltimore County**
COUNTY COURTS BUILDING
P.O. BOX 6754
TOWSON, MARYLAND 21285-6754

21221$6027 0013



US POSTAGE
G-232
ZIP 21204
02.4W    $ 000.69⁰
0000373808 NOV 18 2024

BACC-FPRV-010 (02/2019)          **Page 1 of 1**

JULIE L. ENSOR, CLERK
**Circuit Court for Baltimore County**
COUNTY COURTS BUILDING
P.O. BOX 6754
TOWSON, MARYLAND 21285-6754

21221$6027 0013

US POSTAGE
G-232
ZIP 21204
02.4W    $ 000.69⁰
0000373808 NOV 18 2024



**To:**   RYAN DILLON-CAPPS
1334 MAPLE AVENUE
ESSEX, MD 21221

EXHIBIT 103



**MILES & STOCKBRIDGE** P.C.

100 LIGHT STREET | BALTIMORE, MD 21202-1153



BALTIMORE MD 212

15 OCT 2024PM 6 L

quadient

FIRST-CLASS MAIL
IMI
$000.69

US POSTAGE

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

21221-602734

Identity & Insurance & Mail Fraud Summary  34 of 34

EXHIBIT  103