# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RYAN DILLON-CAPPS<br><br>*Plaintiff,*<br>vs.<br><br>OHANA GROWTH PARTNERS, LLC *et al*<br><br>*Defendants* | Civil Action<br><br>No. _____<br><br>Hon. _____ |

## COMPLAINT INTEGRATED APPENDIX: CONDITIONAL PERMISSIVE JOINDER

**Plaintiff incorporates all subsequent sections and attachments herein by reference as though fully stated in this main document.**

### CONDITIONAL PERMISSIVE JOINDER: JORDAN CHISHOLM

**Case No. 1:2024CV01924**

1    The Plaintiff acknowledges the well-reasoned and legally sound ruling by Judge Stephanie A. Gallagher, which identified procedural deficiencies in Jordan Chisholm's case, including the absence of required statements. The record notes differences between representation and Mr. Chisholm, and the Plaintiff wonders if the difference has anything to do with Ohana Growth Partners, LLC, specifically Richard Hartman, dishonest nature. The Plaintiff had a similar "difference" or rather the difference was the lack of factual truth in Ohana Growth Partners, LLC filings. The Plaintiff respectfully contends that these "differences" may have been exacerbated by systemic misconduct and obstruction by Ohana Growth Partners, LLC.

2    While the Plaintiff does not know Mr. Chisholm personally, it is worth noting that IT Coordinator Darren Kortizka's FMLA paperwork was similarly reported as "lost." This pattern raises concerns about systemic issues under Richard Hartman's leadership. While Mr. Hartman

holds the title of Vice-President of People and Culture, his actions reflect behaviors that undermine trust and accountability within the organization.

3       Psychologically, Mr. Hartman has exhibited traits consistent with identity diffusion and chronic insecurity, likely stemming from a lifelong perception of being an outsider. This unresolved void appears to drive a pattern of ethical compromise, as he seeks validation and acceptance from those in positions of power. His behavior suggests that ethics have become a tool for securing acceptance rather than a guiding principle, leading to a gradual erosion of moral standards.

4       Mr. Hartman's marital relationship also plays a significant role in shaping his interpersonal dynamics. Founded on shared feelings of marginalization, his marriage may provide emotional safety through mutual understanding. However, this dynamic also reinforces cycles of victimhood and resentment, preventing either party from achieving constructive resolution or personal growth.

5       The long-term effects of these patterns have entrenched Mr. Hartman in unhealthy power dynamics. His fear of professional disgrace and personal disillusionment exacerbates the gap between his actions and his inner sense of identity. Over time, this dissonance has normalized dishonest practices, including leveraging his position to retaliate against others. These behaviors, while perhaps initially deliberate, may now occur reflexively, as they align with long-standing coping mechanisms developed to manage feelings of inadequacy and alienation.

6        Given the pervasive tactics employed by Ohana Growth Partners to obstruct justice, it is far more plausible that Chisholm acted appropriately but faced systemic disadvantages, rather than the employer acting in good faith.

7	C03CV23004249 Barry Tiedeman vs. Ohana Growth Partners LLC, Pretext of termination was yelling at a co-worker, if that was truly a reason for dismissal Glenn Norris, Bill Flax, Jared Flax, Kristen Seiler, and Josh Gerber would have been terminated the same year that Barry Tiedeman allegedly did the same thing.  Barry Tiedeman was upset that HR deleted evidence he had – could have been for him or someone else.  They fired him to coverup what he had to say.

8	The former head of IT was fired after 23 years, claiming "he became difficult to work with."  The company decided what Joshua Beyers provided to the company in exchange for his Chief Development Officer role was more valuable then two decades of loyalty.  It was valuable enough to engage in a coverup to hide the emails between Joshua Beyers and owners like Glenn Norris when a discovery request followed him.

9	The Plaintiff respectfully requests a conditional permissive joinder of Chisholm as a co-Plaintiff, subject to the Court's approval and Chisholm's consent. This joinder should ensure that any procedural or substantive defects in one case do not adversely impact the other while allowing relevant discovery to proceed. The Plaintiff asserts that this approach will preserve the separation of facts and defenses for each case, sharing portions of discovery, while enabling both parties to address systemic misconduct by Ohana Growth Partners.

10	These examples, along with numerous others, establish a foundation for believing that a fair and honorable court should consider the context and character of the Plaintiff's former employer. The court should allow a conditional permissive joinder and an amended complaint to proceed without hindrance or undue complication from the complexities of this case.

11	This joinder should be conditional to ensure that any procedural or substantive defects in one case do not adversely impact the other. This approach would enable relevant discovery to

benefit the other former employee while ensuring that the substantive fraudulent nature of the employer provides critical context to their case. Importantly, this can be achieved while maintaining the separation of facts and verdicts, preserving the integrity of each party's claims and defenses.

12      Thank you for your consideration.

## CONDITIONAL PERMISSIVE JOINDER: DARREN KORITZKA

13      On June 13, 2024, Richard Hartman lost control of themselves and retaliated against Darren Koritzka after receiving the 2:05 PM from the Plaintiff. The email named Hartman and Norris citing conduct creating additional criminal and civil liabilities for Ohana Growth Partners, LLC. The silent victim in this case is **Darren Koritzka**.

14      If the Court permits, a **conditional joinder** is requested. As Koritzka recounted to the Plaintiff, Richard Hartman approached the IT Coordinator, Darren Koritzka, and handed him a letter at 2:20 pm, and remarked, *"It's like a paid vacation."* Only 15 minutes after the Plaintiff engaged in the protected action of whistleblowing, and roughly 2 hours after engaging in the protected act of asserting their FMLA Leave rights with a cease-and-desist letter. Additionally, Koritzka was terminated days after the Plaintiff was, and in the suspension and in the termination they both received very different justifications. Both are pretext, and both were unlawful.

15      The Plaintiff respectfully requests that the Court grant conditional permissive joinder of Darren Koritzka as a co-Plaintiff in this matter, subject to the Court's approval and Koritzka's consent. This joinder would ensure that the overlapping facts and evidence between the Plaintiff's and Koritzka's cases are thoroughly examined while maintaining the separation of their claims and defenses.

16      The Plaintiff further requests that the Court permit relevant discovery to proceed, allowing both parties to uncover material evidence of systemic misconduct by Ohana Growth Partners, LLC, including the retaliatory and pretextual actions taken against both individuals. The Plaintiff asserts that this approach will advance judicial efficiency while safeguarding the procedural integrity of each case.

17      Thank you for the Court's thoughtful consideration of this matter.

CONDITIONAL PERMISSIVE JOINDER: CAROLINE DILLON-CAPPS\

18      Caroline Dillon-Capps is a victim of the insurance fraud and loss benefits, and there is no argument to be made that doesn't impact her personally because at every step of this process she is the one who has been sacrificing the most.  Birthdays, Weddings, Anniversaries, and every day in between.  Caroline Dillon-Capps had to become a caregiver for Ryan Dillon-Capps who at moments is not able to care for themself, and we can than the Defendants for this change to Ryan Dillon-Capps welfare.

19      The Plaintiff respectfully requests that the Court grant conditional permissive joinder of Caroline Dillon-Capps as a co-Plaintiff in this matter, subject to the Court's approval and Caroline Dillon-Capps consent. This joinder would ensure that the overlapping facts and evidence between the Plaintiff's their spouse cases are thoroughly examined while maintaining the separation of their claims and defenses.

20      The Plaintiff further requests that the Court permit relevant discovery to proceed, allowing both parties to uncover material evidence of systemic misconduct by Ohana Growth Partners, LLC, including the retaliatory and pretextual actions taken against both individuals. The Plaintiff asserts that this approach will advance judicial efficiency while safeguarding the procedural integrity of each case.

21      Thank you for the Court's time and patience in consideration of this matter.

## LEGAL ARGUMENT FOR CONDITIONAL PERMISSIVE JOINDER:

22      Pursuant to Federal Rule of Civil Procedure 20(a)(1), the Plaintiff respectfully requests the Court to grant conditional permissive joinder for the proposed co-Plaintiffs. The claims presented by Jordan Chisholm, Darren Koritzka, and Caroline Dillon-Capps arise from shared patterns of misconduct by Ohana Growth Partners, LLC, satisfying the criteria of related questions of law and fact as established in *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974). Consolidating these claims under Rule 42 would promote judicial efficiency without compromising the separateness of individual claims, as supported by *Alexander v. Fulton County*, 207 F.3d 1303 (11th Cir. 2000).

23      Jordan Chisholm's case exemplifies procedural deficiencies and systemic obstruction, mirroring patterns observed in Barry Tiedeman's case (C03CV23004249) and further corroborated by misconduct reports involving Darren Koritzka and Richard Hartman. These patterns substantiate the need for a unified examination of systemic practices under *Hohlbein v. Heritage Mutual Ins. Co.*, 106 F.R.D. 73 (E.D. Wis. 1985). Koritzka's retaliatory dismissal within two hours of whistleblower activity underscores the necessity of exploring retaliatory and pretextual behaviors as outlined in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006). Finally, Caroline Dillon-Capps' claims of derivative harm align with fiduciary breaches under *Varity Corp. v. Howe*, 516 U.S. 489 (1996), further solidifying the interconnectedness of these cases.

24      The Plaintiff asserts that conditional permissive joinder will enable the Court to efficiently address overlapping evidence and systemic misconduct by Ohana Growth Partners,

LLC, while preserving the procedural integrity of individual claims and defenses. This approach ensures that justice is served comprehensively and equitably.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that the Court:

1. Grant conditional permissive joinder for Jordan Chisholm, Darren Koritzka, and Caroline Dillon-Capps as co-Plaintiffs in this matter, subject to the Court's approval and their consent.

2. Permit the consolidation of discovery efforts to address overlapping evidence of systemic misconduct by Ohana Growth Partners, LLC, ensuring judicial efficiency while preserving the procedural integrity of individual claims.

3. Authorize the separation of defenses and facts for each co-Plaintiff, ensuring fairness and equitable treatment of all claims.

4. Allow amendments to the complaint as necessary to incorporate newly discovered evidence through joint discovery efforts.

5. Grant such other and further relief as the Court deems just and proper under the circumstances.

## RESPECTFULLY SUBMITTED

**December 23, 2024**

/s/ Ryan Dillon-Capps
**Ryan Dillon-Capps**

1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com
703-303-1113