

### CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

401 Bosley Avenue, P.O. Box 6754, Towson, MD, 21285-6754

**To:**   RYAN DILLON-CAPPS
1334 MAPLE AVENUE
ESSEX, MD 21221

|  |  |
|---|---|
| **Case Number:** | C-03-CV-24-002264 |
| **Other Reference Number(s):** | |
| **Child Support Enforcement Number:** | |

**OHANA GROWTH PARTNERS, LLC VS. RYAN DILLON-CAPPS**

Issue Date: 6/14/2024

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

OHANA GROWTH PARTNERS, LLC
212 West Padonia Road
Timonium, MD  21093

This summons is effective for service only if served within 60 days after the date it is issued.

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

To the person summoned:

Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.

Personal attendance in court on the day named is NOT required.

It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **FILE NO.:** C-03-CV-24-002264 |

### CERTIFICATE OF NOTICE REGARDING
### MOTION FOR TEMPORARY RESTRAINING ORDER

I, ROBERT S. BRENNEN, undersigned counsel to Plaintiff Ohana Growth Partners, LLC in connection with the above-captioned matter, hereby certify, in accordance with Maryland Rule 15-504(b), that on June 14, 2024 at 11:49 a.m. I transmitted an email to Defendant Ryan Dillon-Capps at ryan.dilloncapps@ohanagp.com to which I attached copies of the Plaintiff's Complaint, Motion for Temporary Restraining Order and Preliminary Injunction, Memorandum of Law in support of that motion and proposed Temporary Restraining Order, and in which I advised Defendant of Plaintiff's intention to seek immediate action from the Court on Plaintiff's Motion for a Temporary Restraining Order. I further advised Defendant that I would subsequently transmit the same documents to the Chambers of the Hon. Michael J. Finifter with a request for a hearing on the Motion.

June 14, 2024

Respectfully submitted,

/s/ Robert S. Brennen
Robert S. Brennen (AIS # 8712010068)
e-mail: RBrennen@milestockbridge.com
Stephen D. Frenkil (AIS # 7712010110)
e-mail: SFrenkil@milesstockbridge.com
Victoria K. Hoffberger (AIS # 1912170195)
e-mail: VHoffberger@milesstockbridge.com
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202

RDC was not allowed to use or access that email address on June 13 when suspended. Law Firm and Employer had and had used RDC's personal email and mobile previously.

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **FILE NO.:** C-03-CV-24-002264 |

[Proposed]
## TEMPORARY RESTRAINING ORDER

Upon consideration of the Motion for Temporary Restraining Order and Preliminary Injunction, as well as the Memorandum and the Affidavits in support thereof (collectively the "TRO Motion") filed by Plaintiff, Ohana Growth Partners, LLC. ("Plaintiff" or "Ohana"), any response thereto, and a hearing thereon, it is, on this ___ 17th day of June, 2024, hereby,

**ORDERED**, that the TRO Motion be, and the same hereby is, **GRANTED** for the reasons set forth therein and based on the following findings:

- The requested TRO is necessary: (i) to prevent imminent and irreparable harm to Ohana, for which there are no adequate remedies at law and (ii) to maintain the *status quo* until a full adversarial hearing on Ohana's concurrent Motion for a Preliminary Injunction;

- Ohana is likely to succeed on the merits of its claims against Ryan Dillon-Capps ("Dillon-Capps");

- The irreparable harm that would befall Ohana absent the requested TRO would far outweigh any potential harm to the Defendant should the injunction be granted;

- Entry of this TRO serves the public interest in enforcing valid contracts.

**AND IT IS FURTHER ORDERED**, that;

1. Pursuant to Maryland Rules 15-502 and 15-504, Defendant Ryan Dillon-Capps is temporarily restrained and hereby **ORDERED** to:

EXHIBIT 104

Orders Conflicted - Either RDC can provide access OR they can cease and desist use and any access.

A. Provide Global Administrative Rights for Ohana's Microsoft 365 Account to Phil Leadore of Hartman Executive Advisors and cease and desist the use of any of access to or use of Ohana's Microsoft 365 Account and related applications, including Ohana's email systems.

B. Provide Administrative Rights for Ohana's GoDaddy Account to Phil Leadore of Hartman Executive Advisors and cease and desist the use of any of access to or use of Ohana's GoDaddy Account and related Internet domain name registrations.

2.  Pursuant to Maryland Rule 15-503, to secure the payment of any potential damages to Defendant as a result of this temporary restraining order ("TRO"), Plaintiff shall post a bond with this Court in the nominal amount of $ __$ 1.00 (one dollar)__. This TRO will not take effect until the bond is posted.

3.  This TRO shall remain in effect for ten (10) days from the date hereof, unless extended for an additional period of no more than ten (10) days or such longer period should the Defendant consent thereto.

4.  The Defendant or any other person affected by this TRO may move to dissolve or modify this TRO on two (2) days' notice to Plaintiff.

5.  The Clerk of Court is instructed to promptly place a copy of this TRO on the Court's MDEC filing system so that all parties, by and through their respective counsel, receive notice of this TRO.

No Notice Ex ParteTRO

**IT IS SO ORDERED** this __17th__ day of June 2024 at __10.50 a.m__ a.m./p.m.

_____
Judge, Circuit Court for Baltimore County, Maryland

Entered: Clerk, Circuit Court for
Baltimore County, MD
June 17, 2024

## AFFIDAVIT OF PROCESS SERVER

### Circuit Court for Baltimore County, Maryland

**Ohana Growth Partners, LLC**

      Plaintiff(s),

VS.

**Ryan Dillon-Capps**

      Defendant(s).

Attorney: *******

Miles & Stockbridge P.C.
100 Light Street
Baltimore MD 21202



\*318135\*

**Case Number: C-03-CV-24-002264**

Legal documents received by Same Day Process Service, Inc. on **06/14/2024** at **1:54 PM** to be served upon **Ryan Dillon-Capps at 1334 Maple Avenue, Essex, MD 21221**

I, **Rodney Getlan**, swear and affirm that on **June 17, 2024** at **11:24 AM**, I did the following:

**Personally** Served **Ryan Dillon-Capps** the person listed as the intended recipient of the legal document with this **Writ of Summons (issued on 06/14/2024); Civil - Non-Domestic Case Information Sheet; Complaint; Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction; Memorandum in Support of Ohana Growth Partners' Motion for Temporary Restraining Order and Preliminary Injunction; Exhibits; Temporary Restraining Order; Certificate of Notice Regarding Motion for Temporary Restraining Order at 1334 Maple Avenue, Essex, MD 21221**.

**Description of Person Accepting Service:**
Sex: Male Age: 43 Height: 5ft4in-5ft8in Weight: Over 200 lbs Skin Color: Caucasian Hair Color: Black

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

**Rodney Getlan**
Process Server
**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**
**(202)-398-4200**
**info@samedayprocess.com**

Internal Job
ID:318135



EXHIBIT 104

**OHANA GROWTH PARTNERS, LLC**

       *Plaintiff,*

vs.

**RYAN DILLON-CAPPS**

       *Defendant.*

**IN THE**

**CIRCUIT COURT**

**FOR**

**BALTIMORE COUNTY**

**FILE NO.:** C-03-CV-24-002264

CLERK OF
THE CIRCUIT COURT
BALTIMORE COUNTY
2024 JUN 17 PH 2: 45
RECEIVED AND FILED

## LINE REGARDING POSTING OF $1.00 CASH BOND
## IN CONNECTION WITH TEMPORARY RESTRAINING ORDER

Plaintiff, Ohana Growth Partners, LLC, through its attorneys, contemporaneous with the filing of this Line, has paid into the Clerk's Office One Dollar ($1.00) as required by the Temporary Restraining Order entered by the Court at 10:50 a.m. on June 17, 2024.

June 17, 2024

Respectfully submitted,

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)
e-mail: RBrennen@milesstockbridge.com
Stephen D. Frenkil (AIS # 7712010110)
e-mail: SFrenkil@milesstockbridge.com
Victoria K. Hoffberger (AIS # 1912170195)
e-mail: VHoffberger@milesstockbridge.com
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Telephone:    (410) 727-6464
Facsimile:    (410) 385-3700

*Counsel for Plaintiff Ohana Growth Partners, LLC*

EXHIBIT 104



**CIRCUIT COURT FOR BALTIMORE COUNTY,
MARYLAND**

401 Bosley Avenue, P.O. Box 6754, Towson, MD, 21285-6754

Main: 410-887-2601

**To:** ROBERT SCOTT  BRENNEN
MILES & STOCKBRIDGE, P.C.
100 LIGHT STREET
BALTIMORE, MD 21202-1487

Case Number:      C-03-CV-24-002264
Other Reference Number(s):

**OHANA GROWTH PARTNERS, LLC VS. RYAN DILLON-CAPPS**

Date: 6/17/2024

## NOTICE OF HEARING/TRIAL

Please be advised that the following events have been scheduled in this case:

| Date | Time | Type of Proceeding |
|------|------|--------------------|
| June 26, 2024 | 09:00AM | Hearing - Injunction |

Remarks:    2 HOURS PRELIMINARY INJUNCTION

Any postponement request must be filed in accordance with MD Rule 2-508 and addressed to the court address above.

Attorneys/parties shall notify this court immediately when a case settles before a scheduled event.

.   Ruling Record Summary # 7 of 70                                    EXHIBIT   104

Re: Case No. C-03-CV-244-002264
Baltimore County Circuit Court
TRO and Preliminary Injunction
Ohana Growth Partners



Dear Judge, ↳ Truffer

I am writing to bring to your attention urgent matters concerning my current legal situation and request immediate judicial intervention regarding a Temporary Restraining Order (TRO) and Preliminary Injunction that conflicts with legal and compliance obligations.

I have been dealing with significant issues related to my employment with Ohana Growth Partners, which have been exacerbated by recent events. I had secured three strong referrals for legal assistance, but they conflicted. I was starting the process to work with the fourth referral, but I found out at midnight that they couldn't help me due to a family bereavement and a pre-scheduled conference. Consequently, they refunded my retainer, leaving me without legal representation at a critical time.

Currently, I am facing a situation where compliance with the TRO and Preliminary Injunction would require me to violate PCI compliance standards, thereby putting me in a position where I must choose between violating federal compliance requirements or being held in contempt of court. The opposing counsel has informed me that I must comply by noon today, June 18, 2024. I read this demand at about a quarter to 11, which eventually led me to write this letter and rush to the courthouse.

On June 13, 2024, at 7:12 AM, I notified the CFO, Head of HR, and President of Ohana Growth Partners that I was commencing my FMLA leave due to PTSD. My FMLA status was last confirmed and validated by the HR Generalist on May 23, 2024. Despite this, at 9:01 AM on the same day, I received a demand letter requiring me to return to work and I had 6 hours to do it--- or else. In response, I issued a cease and desist letter, which is included in petitioner Exhibit B, clarifying that the cease and desist pertained to my right to FMLA leave.

The basis for my suspension, as claimed by my employer, consists of two parts:

1. They misconstrued my cease and desist letter as a refusal to comply with work demands, despite its clear reference to FMLA leave.
2. They demanded that I grant Global Administrator access, which would be a violation of PCI compliance. The company failed to inform the court of this crucial compliance issue and the proactive measures I had taken to grant access to the President under PCI compliance guidelines.

I have over 25 years of experience in IT and am responsible for ensuring PCI compliance within the organization. Granting Global Administrator access without ensuring compliance would be a serious violation of these standards. Despite providing several alternatives and options to my

EXHIBIT 104

employer, they have persisted in demanding actions that would compromise compliance and security.

Furthermore, the company has engaged in retaliatory actions, including placing my IT Coordinator on administrative leave shortly after receiving the cease and desist letter. This retaliation appears to be in direct response to my assertion of FMLA rights.

Due to these pressing issues and the sudden unavailability of my legal counsel, I am seeking immediate judicial relief to address the following:

1. Clarification and potential modification of the TRO and Preliminary Injunction to ensure compliance with PCI standards without subjecting me to contempt of court.
2. Protection against retaliation for exercising my FMLA rights.
3. Adequate time to secure new legal representation to address these urgent matters.

All supporting documentation and communications are available to substantiate my claims. I printed out as many as I could before rushing over here today.

Thank you for your prompt attention to this matter.

With gratitude and appreciation,
Ryan Wagner
ryan@mxt3.com
1334 Maple Ave
Essex MD
21221

**DENIED**

The court has reviewed the Defendant's correspondence and will view it as a request, pursuant to Md. Rule 15-504(f) to dissolve or modify the 6.17.2014 TRO. The correspondence does not provide sufficient specificity to permit the court to modify the TRO at this time. The court will consider the Defendant's requests at the hearing scheduled for 6.26.2024.

06/21/2024 11:40:18 AM

Judge Keith R. Truffer

Entered: Clerk, Circuit Court for
Baltimore County, MD
June 21, 2024

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **FILE NO.: C-03-CV-24-002264** |

## ORDER TO APPEAR AND SHOW CAUSE

Upon consideration of Ohana's Petition for Show Cause Order and Constructive Civil Contempt, and for good cause shown, it is this   21st of June, 2024

ORDERED that the Petition be, and hereby is, GRANTED; and it is further

ORDERED that Ohana shall appear before the Circuit Court for Baltimore County, Maryland on the 26th day of June, 2024, at  9  a.m./   for a hearing at which Ryan Dillon-Capps shall show cause why they should not be held in contempt of this Court's June 17, 2024 Temporary Restraining Order.

_____
Judge Keith R. Truffer

Entered: Clerk, Circuit Court for
Baltimore County, MD
June 21, 2024

119447\000004\4867-4205-1017.v2

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **FILE NO.: C-03-CV-24-002264** |

## [PROPOSED] ORDER GRANTING PRELIMIARY INJUNCTION

Upon consideration of the Motion for Preliminary Injunction and the Memorandum in Support thereof, along with any opposition filed thereto, it is this 26th day of June, 2024, at 2:15 p.m., by the Circuit Court for Baltimore County, hereby determined that Plaintiff has shown a likelihood that it will succeed on its claims that are pertinent to the relief granted in this Preliminary Injunction.

It is further determined that Plaintiff has shown that the balance of harms to it as compared to the harms to Defendant if this Preliminary Injunction were or were not issued favors the issuance of this Preliminary Injunction.

It is further determined that Plaintiff has shown that it will suffer irreparable harm if this Preliminary Injunction is not issued.

It is further determined that Plaintiff has shown that issuance of this Preliminary Injunction is in the public interest.

It is therefore determined that Plaintiff, following a full adversary hearing, has satisfied the requirements for entry of this Preliminary Injunction on the relief sought; and it is therefore

**ORDERED** that the Motion for Preliminary Injunction filed by Plaintiff is **GRANTED**; and it is further

119447\000004\4864-6030-6380.v1

**ORDERED** that Defendant create an account in Ohana's Microsoft 365 tenant (Tenant ID: 12be282d-af65-44c5-9b03-ca46dc2f46ee) for rromes1@ohanagp.com; and that Microsoft Corporation create an account in Ohana's Microsoft 365 tenant (Tenant ID: 12be282d-af65-44c5-9b03-ca46dc2f46ee) for rromes2@ohanagp.com; and it is further

**ORDERED** that Defendant grant the rromes1@ohanagp.com account the role of Global Administrator in Ohana's Microsoft 365 tenant (Tenant ID: 12be282d-af65-44c5-9b03-ca46dc2f46ee) and send the password for the rromes1@ohanagp.com account to randy.romes@claconnect.com via a secure email. If Defendant does not have access to send a secure email, Defendant shall send the password for the rromes1@ohanagp.com account to Robert Brennen, counsel for Ohana, via text message at 443-956-6458; and that Microsoft Corporation grant the rromes2@ohanagp.com account the role of Global Administrator in Ohana's Microsoft 365 tenant (Tenant ID: 12be282d-af65-44c5-9b03-ca46dc2f46ee) and send the password for the rromes2@ohanagp.com account to randy.romes@claconnect.com via a secure email; and it is further

**ORDERED** that Defendant grant the rromes1@ohanagp.com account the role of Global Administrator for all Azure subscription plans associated with Ohana's Microsoft 365 tenant (Tenant ID: 12be282d-af65-44c5-9b03-ca46dc2f46ee); and that Microsoft Corporation grant the rromes2@ohanagp.com account the role of Global Administrator for all Azure subscription plans associated with Ohana's Microsoft 365 tenant (Tenant ID: 12bc282d-af65-44c5-9b03-ca46dc2f46ee); and it is further

**ORDERED** that Defendant deliver to Robert Brennen, counsel for Ohana, any key fob, token, or equivalent device required for multifactor authentication for the rromes1@ohanagp.com account; and it is further

2

EXHIBIT  104

**ORDERED** that Defendant provide the root level administrator account password to the Ohana GoDaddy Account to randy.romes@claconnect.com via a secure email. If Defendant does not have access to send a secure email, Defendant shall send the password to Robert Brennen, counsel for Ohana, via text message at 443-956-6458; and it is further

**ORDERED** that once Defendant has (i) created the rromes1@ohanagp.com account in Ohana's Microsoft 365 tenant (Tenant ID: 12be282d-af65-44c5-9b03-ca46dc2f46ee); (ii) granted the rromes1@ohanagp.com account the role of Global Administrator in Ohana's Microsoft 365 tenant (Tenant ID: 12be282d-af65-44c5-9b03-ca46dc2f46ee); (iii) transmitted the password for the rromes1@ohanagp.com account to either randy.romes@claconnect.com or to Mr. Brennen; (iv) granted the rromes1@ohanagp.com account the role of Global Administrator for rall Azure subscription plans associated ranwith Ohana's Microsoft 365 tenant (Tenant ID: 12be282d-af65-44c5-9b03-ca46dc2f46ee); (v) delivered the key fob, token, or equivalent device required for multifactor authentication for the rromes1@ohanagp.com account to Mr. Brennen and (vi) provided the root level administrator account password to the Ohana GoDaddy Account to randy.romes@claconnect.com or Mr. Brennen, Defendant must refrain from accessing and/or making configuration changes to the Ohana Microsoft 365 Account and/or the Ohana GoDaddy Account; and it is further

**ORDERED** that the bond requirement of Maryland Rule 15-503(c) is waived based upon the particular circumstances of this Preliminary Injunction; and it is further

**ORDERED** that the Defendant shall expeditiously and without delay comply with the requirements of this Order. Subject to any further Order of the Court, the Defendant shall fully comply with the terms of this Order no later than 1:00 p.m. EDT on June 27, 2024; and it is further

3

**ORDERED** that this Preliminary Injunction shall be binding immediately upon receipt of actual notice of this Preliminary Injunction by any means.

_____

Hon. Michael S. Barranco, JUDGE,
Circuit Court for Baltimore County, Maryland

**Michael S. Barranco**
06/26/2024 2:13:24 PM

Copies to:

Ryan Dillon-Capps (via  email to ryan@mxt3.com)
Robert S. Brennen (via MDEC and email to rbrennen@milesstockbridge.com)

Entered: Clerk, Circuit Court for
Baltimore County, MD
June 27, 2024

4

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **FILE NO.: C-03-CV-24-002264** |

[PROPOSED]
### ORDER HOLDING DEFENDANT IN CONSTRUCTIVE CIVIL CONTEMPT

Upon consideration of Plaintiff Ohana Growth Partners, LLC's ("Ohana") Petition for

Civil Contempt (no incarceration sought), and any Opposition thereto; and having provided the

parties an opportunity to be heard in open Court on June 26 and 27, 2024, the Court finds that:

1. Defendant Ryan Dillon-Capps received actual notice of the Court's June 17, 2024 Temporary Restraining Order (the "TRO") on the evening of June 17, 2024;

2. In Defendant's June 18, 2024 correspondence to the Court Defendant acknowledged receipt and actual notice of the TRO, as well as the fact that Defendant had not complied with the TRO as of the submission of that correspondence;

3. The Court's June 21, 2024 Order to Appear and Show Cause, directing Defendant to appear before the Court on June 26, 2024 at 9 a.m. and show cause why Defendant should not be held in Contempt of the TRO was transmitted by Lauren Prinkey, Judicial Assistant to the Hon. Keith R. Truffer, to Defendant at ryan@mxt3.com at 12:04 p.m. on June 21, 2024, and again by Plaintiff's counsel to Defendant at ryan@mxt3.com vhat 6:59 p.m. on June 24, 2024;

4. Defendant acknowledged under oath in open Court during a hearing held June 26, 2024 that Defendant was aware of the terms of the TRO and had not complied with the TRO;

5. On June 26, 2024 at 2:15 p.m. the Court entered an Order Granting Preliminary Injunction ("Preliminary Injunction") in which Defendant was Ordered to take substantially the same action as Ordered by the TRO;

6. Defendant acknowledged under oath and in open Court during a hearing held June 27, 2024 that Defendant had not complied with the TRO or the Preliminary Injunction;

7. Defendant's failure to comply with and contempt of the TRO has been knowing and willful;

1

119447\000004\4863-7039-0988.v1

8. Imposition of appropriate sanctions is necessary to coerce Defendant to cure Defendant's contempt by complying with the TRO

*1:58 pm*

**THEREFORE**, it is this 27th day of June, 2024, at ___ p.m. hereby:

**ORDERED**, that Plaintiff's Petition for Constructive Civil Contempt is hereby **GRANTED**; and it is further

**ORDERED**, that Defendant Ryan Dillon-Capps be and the same hereby is found to be in constructive civil contempt of the Court's June 17, 2024 Temporary Restraining Order; and it is further

**ORDERED**, that for every 24 hour period that passes after the date and time of this Order without Defendants' full compliance with the Preliminary Injunction Defendant shall pay $2,500 to Plaintiff; and it is further

**ORDERED**, that Defendant may purge Defendant's contempt by complying with the directions of the Preliminary Injunction; and it is further

**ORDERED**, that nothing herein shall prejudice Plaintiff's right to seek Defendant's incarceration pursuant to MD Rule 15-206 based upon Defendant's continued constructive civil contempt, nor the authority of the Court or the State's Attorney for Baltimore County to initiate constructive criminal contempt proceedings pursuant to MD Rule 15-205.

There never was any refusal, and this is an unlawful TRO.

Hon. Michael S. Barranco, JUDGE,
Circuit Court for Baltimore County, Maryland

Copies to:

Ryan Dillon-Capps (via email to ryan@mxt3.com)
Robert S. Brennen (via MDEC and email to rbrennen@milesstockbridge.com)

Entered: Clerk, Circuit Court for Baltimore County, MD
June 27, 2024

119447\000004\4863-7039-0988.v1

Entered: Clerk, Circuit Court for
Baltimore County, MD
July 8, 2024

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO.: C-03-CV-24-002264** |

## ORDER TO APPEAR AND SHOW CAUSE

Upon consideration of Ohana's Petition for Show Cause Order and Constructive Civil Contempt (the "Petition"), and for good cause shown, it is this ____ day of _____ **07/08/2024**, 2024, hereby:

ORDERED that the Petition be, and hereby is, GRANTED; and it is further

ORDERED that any Answer that Defendant Ryan Dillon-Capps intends to submit in response to the Petition shall be filed within ten (10) days of the service upon Defendant of this Order and the Petition in accordance with Rule 15-206(d); and it is further

ORDERED that Defendant Ryan Dillon-Capps shall appear before the Circuit Court for Baltimore County, Maryland on **August 7,** 2024, at **1:00PM** for a hearing at which Defendant Ryan Dillon-Capps shall show cause why they should not be held in contempt of this Court's June 26, 2024 Preliminary Injunction and incarcerated until such time as Defendant complies with the Preliminary Injunction. **provided that a copy of this Order has been personally served on Defendant by July 24, 2024.**

_____
Judge, Circuit Court for Baltimore County

**Michael S. Barranco**
**07/08/2024 1:16:36 PM**

EXHIBIT 104

DENIED
JMA

Entered: Clerk, Circuit Court for
Baltimore County, MD
July 8, 2024

E-SERVED Baltimore County Circuit Court 7/8/2024 3:40 PM System SystemEnvelope:17127039
E-FILED; Baltimore County Circuit Court
Docket: 7/8/2024 3:40 PM; Submission: 7/8/2024 3:40 PM
Envelope: 17127092

07/08/2024 3:08:32 PM

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| | **FOR** |
| vs. | **BALTIMORE COUNTY** |
| **RYAN DILLON-CAPPS** | |
| *Defendant.* | **CASE NO: C-03-CV-24-002264** |

## MOTION FOR EXTENSION OF TIME

Defendant Ryan Dillon-Capps, appearing Pro Se, respectfully requests this Honorable Court to consider its **Motion for Extension of Time** pursuant to **Md. R. Spec. Proc. 15-206 and Md. Gen. Provi. 1-203(d)**. In support of this motion, Defendant states as follows:

# I.   Introduction

1. **June 13, 2024**: Defendant Ryan Dillon-Capps is suspended from employment with Ohana Growth Partners, LLC, without pay and denied access to all company systems and facilities.
2. **June 14, 2024**: Plaintiff files a complaint along with the motion for TRO and preliminary injunction. Plaintiffs list the defendant's contact information as the email address they prohibited him from accessing.
3. **June 17, 2024**: In the morning, the Court issues a Temporary Restraining Order (TRO) requiring the Defendant to provide administrative rights and passwords for Ohana's Microsoft 365 and GoDaddy accounts. Later that day, the Defendant is served, and that evening, the Plaintiff's attorney informs them that the TRO is already in effect.
4. **Midnight between June 17 and June 18, 2024**: The defendant's attorney withdraws from representation due to a family bereavement and scheduling conflicts.
5. **June 18, 2024**: Plaintiff notified Defendant they were moving forward with contempt in 3 hours, and Defendant submitted a letter to the civil clerk that was misinterpreted as a motion to dissolve or modify the TRO, and the supporting evidence was omitted.
6. **June 21, 2024**: The Court issues a Notice to Show Cause requiring the Defendant to appear and show cause on June 26, 2024, why he should not be held in contempt for allegedly violating the TRO.

**DENIED** based on insufficient basis for relief.
Defendant claims counsel unexpectedly resigned from case,
yet record reflects no counsel ever entered appearance to represent Defendant.
No assertion that Defendant sought consent of opposing counsel to request.

OHANA GROWTH PARTNERS, LLC

*Plaintiff,*

> Misrepresentation of argument &
> did not address all arguments

vs.

**RYAN DILLON-CAPPS**

*Defendant.*

**IN THE**

**CIRCUIT COURT** 07/22/2024 8:15:59 AM

**FOR**

**BALTIMORE COUNTY**

**CASE NO: C-03-CV-24-002264**

---

## Request for Clarification on Denied Motion for Extension of Time

### I.    Introduction

Defendant Ryan Dillon-Capps, appearing Pro Se, respectfully requests this Honorable Court to provide clarification regarding the denial of Defendant's **Motion for Extension of Time** filed on July 8, 2024. The Order denying the Motion did not include specific reasons for the denial. Additionally, Defendant had filed a Notice of Filing requesting that this Motion be reviewed together with other related motions.

### II.    Factual Background

**Motion Filed:**

On July 8, 2024, Defendant filed a **Motion for Extension of Time**, requesting an extension of deadlines due to the sudden withdrawal of Defendant's attorney and other procedural issues.

**Notice of Filing**:

On the same date, Defendant filed a **Notice of Filing** requesting that the **Motion for Extension of Time** be reviewed in conjunction with other motions, including the **Motion to Reconsider Denial of Continuance**, **Motion to Strike Referenced Evidence**, and **Motion to Strike Exhibit B from the Affidavit of Richard Hartman.**

**Order Denied**:

The Court issued an Order denying the **Motion for Extension of Time**, but no specific reasons were provided for the denial. Both the Motion and the **Notice of Filing** were submitted together in the same docket submission.

| OHANA GROWTH PARTNERS, LLC | IN THE |
|---|---|
| *Plaintiff,* | CIRCUIT COURT |
| | FOR |
| vs. | BALTIMORE COUNTY |
| **RYAN DILLON-CAPPS** | |
| *Defendant.* | CASE NO: C-03-CV-24-002264 |

# Motion to Strike Referenced Evidence

Defendant Ryan Dillon-Capps, appearing Pro Se, respectfully requests this Honorable Court to consider its **Motion to Strike Referenced Evidence**. In support of this motion, Defendant states as follows:

## I.   Introduction

The URL provided by the Plaintiff was improperly formatted and could result in a 404 Error page, which we have previously submitted as Exhibit 6A. Upon further investigation, we were able to determine the issue and locate the intended page cited by the Plaintiff. Exhibit 6D is a dated and URL-marked copy of this page, which shows the complete context and language of the Plaintiff's leading technical citation, providing the basis for their technical claims.

## II.   Factual Background

**Affidavit of Richard Hartman (page 2, section 11), Ohana Growth Partners Complaint (page 3, section 13), and Memorandum in Support of Ohana Growth Partners' Motion for Temporary Restraining Order and Preliminary Injunction (page 3, section 2)**

The referenced documents collectively state:

> "Global Admin" rights to the Ohana MS 365 Account allow "almost unlimited access to [Ohana's] settings and most of its data." Because "[a] Global Admin may inadvertently lock their account and require a password reset, ... recommend[s] [Ohana] have at least

Entered: Clerk, Circuit Court for
Baltimore County, MD
July 30, 2024

DENIED
07/30/2024
*Pat Stringer*
Pat Stringer

1 of 5

Ruling Record Summary # 20 of 70

EXHIBIT 104

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO.: C-03-CV-24-002264** |

### ~~[PROPOSED]~~
### ORDER DENYING MOTION TO STRIKE EXHIBIT B FROM THE AFFIDAVIT OF RICHARD HARTMAN

Upon consideration of Defendant Ryan Dillon-Capps' Motion to Strike Exhibit B From

The Affidavit of Richard Hartman (the "Motion") and Plaintiff Ohana Growth Partners, LLC's

Opposition thereto, it is this _____ day of _____, 2024, hereby: **07/30/2024**

ORDERED that the Motion be, and here by is DENIED.

_____
Judge, Circuit Court for Baltimore County
Pat Stringer

Entered: Clerk, Circuit Court for
Baltimore County, MD
August 2, 2024

119447\000004\4858-8593-6339.v1

| OHANA GROWTH PARTNERS, LLC | IN THE |
| --- | --- |
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | CASE NO: C-03-CV-24-002264 |

# MOTION TO AMEND STRIKE REFERENCED EVIDENCE

14 Defendant Ryan Dillon-Capps, appearing Pro Se, respectfully requests this Honorable Court to grant their Motion to Amend filed Motion to Strike Referenced Evidence. In support of this motion, Defendant states as follows:

## I.   INTRODUCTION

15 Defendant seeks to amend the previously filed Motion to Strike Referenced Evidence to include an additional legal basis for striking the referenced evidence, specifically the inadmissibility of hyperlinks under Md. Rule 20-301(b), and to correct the structure and language to align with the procedural rules of the Maryland court.

16 The Defendant has included a hereto copy of the updated MOTION TO STRIKE REFERENCED EVIDENCE as Exhibit 8P-2.

> The court has considered and denied the Amended Motion to Strike.
>
> 08/08/2024     *Pat Stringer*     Entered: Clerk, Circuit Court for Baltimore County, MD
> August 9, 2024
>
> Pat Stringer

EXHIBIT  104

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO: C-03-CV-24-002264** |

# MOTION TO STRIKE REFERENCED EVIDENCE

13 Defendant Ryan Dillon-Capps, appearing Pro Se, respectfully requests this Honorable Court to grant their Motion to Strike Referenced Evidence. In support of this motion, Defendant states as follows:

## I. INTRODUCTION

14 Defendant seeks to strike improperly cited evidence by the Plaintiff, specifically URLs and excerpts from Microsoft's documentation. These URLs were improperly formatted and resulted in a 404 Error page, as shown in Exhibit 6A. Upon further investigation, Defendant located the intended page cited by the Plaintiff, marked as Exhibit 6D. This exhibit demonstrates that the Plaintiff's technical citation actually supports the opposite of their claims. Additionally, hyperlinks to webpages are not part of the court record and thus should be stricken to prevent prejudice against the Defendant.

# DENIED

## 08/08/2024

*Pat Stringer*

Pat Stringer

Entered: Clerk, Circuit Court for Baltimore County, MD
August 9, 2024

EXHIBIT 104



**CIRCUIT COURT OF MARYLAND FOR BALTIMORE COUNTY**
401 Bosley Avenue, P.O. Box 6754, Towson, MD, 21285-6754
Main: 410-887-2601

**Case Number: C-03-CV-24-002264**
**Other Reference Number(s):**

**OHANA GROWTH PARTNERS, LLC VS. RYAN DILLON-CAPPS**

## ORDER OF DEFAULT

The Court enters an Order of Default against ___Ryan Dillon-Capps___ for

failure to file a responsive pleading to: ___Complaint___
Name of complaint/petition/motion

and orders that testimony to support the allegations of the compliant to be taken before

☐ one of the judges or ☐ magistrate of the court.

**08/20/2024 2:54:39 PM**

Entered: Clerk, Circuit Court for
Baltimore County, MD
August 21, 2024

_____    _____
Date                       Judge

Andrew M. Battista

**IMPORTANT:** Person obtaining Order of Default must contact the Clerk's Office at
___(410) 887-2660___ for further instructions to schedule a hearing.
Telephone

> Premature, granted the same day without testimony.
> Vacated because RDC had others involved, but they didn't
> stop anything except the vacate.

**CC-DR-054JO (Rev. 01/2020)**          **Page 1 of 1**          8/20/2024 2:37 PM



**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**

Main: 410-887-2601

401 Bosley Avenue, P.O. Box 6754, Towson, MD, 21285-6754

**To:** RYAN DILLON-CAPPS
1334 MAPLE AVENUE
ESSEX, MD 21221

**Case Number:** C-03-CV-24-002264
**Other Reference Number(s):**

**OHANA GROWTH PARTNERS, LLC VS. RYAN DILLON-CAPPS**

Date: 8/21/2024

## NOTICE OF DEFAULT ORDER

You are hereby notified that on 08/21/2024, an Order of Default was entered against you in the above-entitled case.

You may move to vacate the Order of Default within (30) days of the entry of this Order. The Motion to Vacate shall state the reasons for the failure to plead, as well as the legal and factual basis for the defense to the claim.

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

cc: Victoria Klein

**Moot. Plaintiff withdrew Petition for Constructive Civil Contempt.**

08/20/2024 8:24:27 PM

*Stacy A. Mayer*
Stacy Mayer

**OHANA GROWTH PARTNERS, LLC**

Plaintiff,

vs.

**RYAN DILLON-CAPPS**

Defendant.

IN THE

CIRCUIT COURT

FOR

BALTIMORE COUNTY

CASE NO: C-03-CV-24-002264

---

## MOTION TO VACATE SHOW CAUSE ORDER OF JUNE 21, 2024

1   Defendant Ryan Dillon-Capps, appearing Pro Se, respectfully moves this Honorable Court vacate the Show Cause Order of June 21, 2024, and in support of this motion the Defendant states the following:

---

### I. INTRODUCTION

2   This is an action brought forth by the Plaintiff's Petition to Show Cause on June 20, 2024, misrepresenting legal principles, denial of prehearing conference for the Defendant, and negligent time for the Defendant to prepare their defense. Resulting in additional prejudicial harm against the Defendant and further harming the Defendant's mental health and ability to adequately defend themself.

### II. FACTUAL BACKGROUND

#### Summary

3   The Show Cause Order was issued on June 21, 2024, without providing Defendant sufficient notice, an opportunity to be heard, and inadequate time to prepare a defense.

4   The lack of notice, opportunity to be heard, and time to prepare a defense constitutes a violation of Defendant's due process rights under the Fourteenth Amendment of the United States Constitution and Article 24 of the Maryland Declaration of Rights.

5   The Show Cause Hearing began on June 26, 2024, and resulted in a per day fine equal to 25000% of the Defendant's current average daily income (rounded up to the nearest penny).

#### Timeline

6   **June 14**: The Plaintiff files a complaint using the Defendant's work email address, which the Defendant is prohibited from accessing. Despite having access to the Defendant's personal email address and phone number, the Plaintiff and their Counsel chose not to use them.

**DENIED**

08/20/2024 8:00:23 PM

*Stacy A. Mayer*
Stacy Mayer

Entered: Clerk, Circuit Court for
Baltimore County, MD
August 21, 2024

---

**OHANA GROWTH PARTNERS, LLC**

*Plaintiff,*

vs.

**RYAN DILLON-CAPPS**

Defendant.

**IN THE**

**CIRCUIT COURT**

**FOR**

**BALTIMORE COUNTY**

**CASE NO: C-03-CV-24-002264**

---

## MOTION TO VACATE TEMPORARY RESTRAINING ORDER

1      Defendant Ryan Dillon-Capps, appearing Pro Se, respectfully moves this Honorable Court

vacate the Temporary Restraining Order, and in support of this motion the Defendant states the

following:

## INTRODUCTION

2      This legal action is initiated due to the ethical violations and misconduct by Ohana Growth

Partner, LLC, and Miles & Stockbridge, related to the improper procurement of a Temporary

Restraining Order (TRO).

3      Despite having accurate contact information for the defendant provided the Court an inaccessible

work email address, the Plaintiff used an invalid email address to fabricate attempts to notify the

defendant. The TRO was signed without proper ex parte duty fulfillment, as a result, the

defendant received no notice before the TRO hearing, causing their attorney to withdraw, and

forcing the defendant to proceed pro se, leading to ongoing prejudice and significant harm.

4      The defendants' actions have caused life-threatening harm and have severely impeded the

defendant's ability to mount an adequate defense, as the misleading information influenced the

Court's decision on the balance of harm, creating further prejudicial consequences. The Plaintiff

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO: C-03-CV-24-002264** |

**[PROPOSED]**

**ORDER GRANTING MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS**

Upon consideration of the Defendant Ryan Dillon-Capps **Order Granting Motion To Dismiss For Insufficiency Of Service Of Process**, and for good cause shown, it is this _____ day of _____, 2024, by the Circuit Court of Baltimore County;

ORDERED that the Motion be, and hereby is, GRANTED, and it is further;

ORDERED that the Complaint filed by Plaintiff, Ohana Growth Partners, LLC, is hereby DISMISSED

_____
Judge, Circuit Court for Baltimore County

# DENIED

*Pat Stringer*

Pat Stringer

## 09/17/2024

Entered: Clerk, Circuit Court for
Baltimore County, MD
September 17, 2024

 EXHIBIT 104

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO: C-03-CV-24-002264** |

## MOTION TO VACATE THE ORDER OF DEFAULT

1       Defendant Ryan Dillon-Capps, appearing pro se, respectfully submits the following for the Court's consideration.

2       The Defendant moves to vacate the order of default on the grounds that the order was prematurely requested, and the opposition was filed on the same day. The opposition outlines the legal basis for this premature request. Additionally, the same procedural irregularities have been applied throughout the case, which was initiated under false pretenses by a law firm—Miles & Stockbridge—having pre-existing and unresolved legal conflicts with the Defendant. Miles & Stockbridge have demonstrated, through their actions—including fraud upon the court—that they are personally invested and lack the ethical and legal impartiality required to represent Ohana Growth Partners.

3       The affidavits of Justin Drummond and Richard Hartman, along with the memorandum in support and the complaint, contain false statements that fail to establish a legitimate claim for relief. This lawsuit is an abusive use of the judicial system with both Justin Drummond and Richard Hartman committing perjury. Drummond is also in breach of contract with the Defendant. Their filings demonstrate that their claims of harm are fabricated, with the only truth

Granted. Order of Default entered on 8/21/24 is hereby Vacated.

10/10/2024                 *Pat Stringer*

Pat Stringer

Entered: Clerk, Circuit Court for
Baltimore County, MD
October 16, 2024

EXHIBIT  104

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| Plaintiff, | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| Defendant. | **CASE NO: C-03-CV-24-002264** |

## MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE ORDER OF DEFAULT

Defendant, Ryan Dillon-Capps, appearing as pro se respectfully moves this Honorable Court, pursuant to Maryland Rule 2-322(e), to strike the Plaintiff's Opposition to Defendant's Motion to Vacate the Order of Default. In support of this motion, the Defendant states the following:

### GROUNDS FOR THE MOTION

1       The Plaintiff's Opposition is replete with inaccuracies, misrepresentations, and irrelevant claims that fail to meet the legal standards required for opposition filings under Maryland law. The opposition contains material that is not only factually incorrect but also legally irrelevant, inflammatory, and improper. The Defendant seeks to strike these portions of the opposition to preserve the integrity of the proceedings and prevent prejudice from false or misleading allegations.

### LEGAL STANDARD

2       Pursuant to **Maryland Rule 2-322(e),** a party may move to strike a pleading or portions thereof if the pleading contains redundant, immaterial, impertinent, or scandalous matter. Courts

Motion is Moot. The court vacated the order of default by order dated 10/10/24.

Entered: Clerk, Circuit Court for
Baltimore County, MD
October 18, 2024

10/17/2024

*Pat Stringer*

Pat Stringer

EXHIBIT  104

<table>
<tr><td>

**OHANA GROWTH PARTNERS,**

**LLC**

    Plaintiff,

vs.

**RYAN DILLON-CAPPS**

    Defendant.

</td><td>

**IN THE**

**CIRCUIT COURT**

**FOR**

**BALTIMORE COUNTY**

**CASE NO: C-03-CV-24-002264**

</td></tr>
</table>

## MOTION FOR SANCTIONS

| | |
|---|---|
| **MOTION FOR SANCTIONS** | 1 |
| **I INTRODUCTION** | 4 |
| **II PRIMA FACIA ELEMENTS** | 5 |
| A BAD FAITH | 5 |
| B LACK OF SUBSTANTIAL JUSTIFICATION | 5 |
| C CAUSATION OF UNNECESSARY DELAY OR EXPENSE | 6 |
| D CONCLUSION: PRIMA FACIE CASE FOR SANCTIONS | 7 |
| **III SANCTIONABLE CONDUCT** | 7 |
| A ABUSE OF PROCESS | 7 |
|  I.  Abuse of Process Defined | 7 |
|  II.  Filing a Fraudulent Lawsuit to Harass and Intimidate | 8 |
|  III.  Continuing to Pursue the Lawsuit Without Justification | 9 |
|  IV.  Legal Remedies and Sanctions for Abuse of Process | 9 |
|  V.  **Conclusion: Abuse of Process Through Fraudulent Litigation** | 10 |
| *Legal Basis:* | *10* |
|  I.  Legal Process Should Not Be Used for an Improper Purpose | 11 |
|  II.  Misuse of Legal Procedures Constitutes Abuse of Process | 11 |
|  III.  Sanctions for Bad Faith and Abuse of Process | 12 |
|  IV.  Justification for Sanctions in This Case | 12 |
|  V.  **Conclusion: Sanctions for Abuse of Process Are Justified** | 13 |
| B ATTEMPTED FALSE IMPRISONMENT (COMMON LAW) | 13 |
|  I.  Elements of False Imprisonment Under Maryland Law | 14 |
|  II.  Abuse of Legal Process and Deprivation of Liberty | 14 |
|  III.  No Legal Justification for Show Cause Incarceration | 15 |

Entered: Clerk, Circuit Court for
Baltimore County, MD
October 22, 2024

Ruling Record Summary # 31 of 70

DENIED
10/21/2024

Pat Stringer

Page **1** of **82**

EXHIBIT 104

| | |
|---|---|
| 1. **OHANA GROWTH PARTNERS, LLC** | 6. **IN THE** |
| 2. *Plaintiff,* | 7. **CIRCUIT COURT** |
| 3. vs. | 8. **FOR** |
| 4. **RYAN DILLON-CAPPS** | 9. **BALTIMORE COUNTY** |
| 5. *Defendant.* | 10. **CASE NO: C-03-CV-24-002264** |

## MOTION TO ADD COUNSEL OF RECORD

1      The Defendant, Ryan Dillon-Capps, respectfully requests that the Court order the

addition of the following attorneys as counsel of record in the above-captioned matter:

     1.      Holly Drumheller Butler
         Miles & Stockbridge
         100 Light Street
         Baltimore MD 21203-1036
         hbutler@milesstockbridge.com
         410-385-3829

     2.      Steven D. Frenkil
         Miles & Stockbridge
         100 Light Street
         Baltimore MD 21203-1036
         sfrenkil@milesstockbridge.com
         410-385-3758

> Why even write something down?

2   **In support of this motion, the Defendant states the following:**

### I   HOLLY DRUMHELLER BUTLER

3      **Holly Butler** has been substantially involved in this case, representing the interests of the

**Plaintiff** before any formal filings were made. She did so through **misrepresentation**, failing to

inform the unrepresented **Dillon-Capps** that **Ohana Growth Partners**, her client, held an

> Denied. Each party has a right to choose its own counsel.
> 10/23/2024
> *Pat Stringer*
> Pat Stringer



**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**
401 Bosley Avenue, P.O. Box 6754, Towson, MD, 21285-6754

**To:** RYAN DILLON-CAPPS
1334 MAPLE AVENUE
ESSEX, MD 21221

Case Number:      C-03-CV-24-002264
Other Reference Number(s):

**OHANA GROWTH PARTNERS, LLC VS. RYAN DILLON-CAPPS**

Date: 10/8/2024

# MDEC DEFICIENCY NOTICE
## (Md. Rules Title 20)

To **Ryan Dillon-capps:** You have a deficiency in your filing. **Pursuant to Maryland Rule 20-203(d)(3) the court will strike the submission unless the deficiency is corrected or the deficient submission is withdrawn within 14 days or the court orders otherwise. Please make the correction(s) indicated below and refile or withdraw the submission within 14 days, making no other amendments, modifications, or changes to the submission except to correct the deficiency. The time to file any responsive submission shall run from the date that the correct submission is filed. The deficient submission file name(s) and date of filing are: Notice Regarding Restricted Information 10/08/2024.**

☐ In any one case multiple submissions (including proposed orders) must be submitted in the same envelope as separate PDF files. Please resubmit the filings as separate submissions in the same envelope. (See Rule 20-201(e).) *Does not apply to L & T bulk filing.*

☐ The submission is illegible or scanned with an incorrect orientation (e.g., upside down, sideways, blurry, and blank pages).

☐ The electronic file names must relate to the title of the submission. The electronic file name must state whether all or part of the submission is to be sealed or shielded pursuant to Rule 20-201.1. (e.g., RESTRICTED DOCUMENT-Request to Shield Denied or Dismissed Protective Order Records) (See Rule 20-201(i).) If an exhibit to a submission is filed, the exhibit and the electronic file name should accurately refer to the submission to which they relate. (e.g., Ex 1 Pl MSJ) When the exhibit is an affidavit or other testimony, the file name must identify the affiant or witness (e.g., Affidavit of John Doe).

☐ The exhibit(s) are not identified using the drop-down menu provided.

☐ The submission is not permitted to be filed electronically. (See Rule 20-106(c)(2).)

☒ The submission does not include the filer's signature (the signer's typewritten name accompanied by a visual image of the signer's handwritten signature or by the symbol /s/) as required by Rule(s) 20-107(a)(1) and 20-101(t).

☐ The submission does not have the filer's address, e-mail address, telephone number, or the attorney's identifying Attorney Number registered with the Attorney Information System as required by Rule 20-107(a)(2).

☐ You attempted to enter your appearance in the case as attorney for the victim or victim's representative without using form MDJ-009-Notice of Entry of Appearance by Attorney for Victim or Victim's Representative. (See Rule 20-103(b)(1)(A).)

☐ The submission requires a signature under oath, affirmation, or with verification and is not hand-signed and scanned or affixed with the signer's digital signature. (See Rule 20-107(d)(1).)

☐ <u>CONSOLIDATED CASES:</u> The submission was filed into a subcase. Where a judge has issued an order consolidated cases and designates a lead case, all subsequent submissions must be filed in the lead case.

☐ The proposed order was not submitted as a separate document, identified as a proposed order, or identified as relating to the motion or other request for court action to which the order pertains. (See Rule 20-201(j).) *This does not apply if submitted on a combined motion & order form issued by the Judiciary.*

☐ The filing code was incorrect, and the clerk's office was unable to determine the correct code.

☐ The State Court Administrator requirements for requesting sheriff, constable or certified mail service in the District Court have not been met (e.g., includes improper fee multiplier).

☐ The submission was filed by a registered user on behalf of a non-registered user in violation of the policy published by the State Court Administrator.

☐ The party's name is not an identical reference to the name of each party (spelling, first name, middle name(s), last name(s), initial(s), and other identifiers) as required wherever that party's name referred to in writing/electronically, including but not limited to: in the pleading or other submission, party field, or File and Serve.

☐ The filing location is incorrect.

☐ (District Court only) WARRANT OF RESTITUTION: The petitioner must submit both the front of the Petition for Warrant of Restitution and the second page which contains important notices to defendant.

☐ (District Court only) The submission must be submitted on the most recent version of a form approved by the Chief Judge of the District Court.

☒ Box 1 OR Box 2 must be checked on the Notice Regarding Restricted Information. If Box 1 is checked, a sub box must be checked indicating the type of information that is included on the restricted document. If Box 2 is checked, a redacted and unredacted copy of the restricted document must be submitted.

**To resubmit the submission(s), please re-file in a different envelope within 14 days of this notice and under comments state that you are filing to correct the Deficiency Notice filed on 10/8/2024 with envelope 18320482.**

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

**NOTE:** You must submit a motion and have it granted by a judge to receive a refund of any fees associated with the filing.

## ORDER STRIKING DEFICIENT SUBMISSION(S)

The above deficiency notice has not been corrected within the required 14 days. The court has not issued an order related to the deficiency. Per Rule 20-203(d)(3), the deficient submission(s) is/are stricken.



**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**

401 Bosley Avenue, P.O. Box 6754, Towson, MD, 21285-6754

**To:** RYAN DILLON-CAPPS
1334 MAPLE AVENUE
ESSEX, MD 21221

Case Number: C-03-CV-24-002264
Other Reference Number(s):

**OHANA GROWTH PARTNERS, LLC VS. RYAN DILLON-CAPPS**

Date: 10/9/2024

# MDEC DEFICIENCY NOTICE
## (Md. Rules Title 20)

To **Ryan Dillon-capps:** You have a deficiency in your filing. **Pursuant to Maryland Rule 20-203(d)(3) the court will strike the submission unless the deficiency is corrected or the deficient submission is withdrawn within 14 days or the court orders otherwise. Please make the correction(s) indicated below and refile or withdraw the submission within 14 days, making no other amendments, modifications, or changes to the submission except to correct the deficiency. The time to file any responsive submission shall run from the date that the correct submission is filed. The deficient submission file name(s) and date of filing are: Motion for administrative hearing 10/8/24.**

☒ In any one case multiple submissions (including proposed orders) must be submitted in the same envelope as separate PDF files. Please resubmit the filings as separate submissions in the same envelope. (See Rule 20-201(e).) *Does not apply to L & T bulk filing.*

☐ The submission is illegible or scanned with an incorrect orientation (e.g., upside down, sideways, blurry, and blank pages).

☐ The electronic file names must relate to the title of the submission. The electronic file name must state whether all or part of the submission is to be sealed or shielded pursuant to Rule 20-201.1. (e.g., RESTRICTED DOCUMENT- Request to Shield Denied or Dismissed Protective Order Records) (See Rule 20-201(i).) If an exhibit to a submission is filed, the exhibit and the electronic file name should accurately refer to the submission to which they relate. (e.g., Ex 1 Pl MSJ) When the exhibit is an affidavit or other testimony, the file name must identify the affiant or witness (e.g., Affidavit of John Doe).

☐ The exhibit(s) are not identified using the drop-down menu provided.

☐ The submission is not permitted to be filed electronically. (See Rule 20-106(c)(2).)

☐ The submission does not include the filer's signature (the signer's typewritten name accompanied by a visual image of the signer's handwritten signature or by the symbol /s/) as required by Rule(s) 20-107(a)(1) and 20-101(t).

☐ The submission does not have the filer's address, e-mail address, telephone number, or the attorney's identifying Attorney Number registered with the Attorney Information System as required by Rule 20-107(a)(2).

☐ You attempted to enter your appearance in the case as attorney for the victim or victim's representative without using form MDJ-009-Notice of Entry of Appearance by Attorney for Victim or Victim's Representative. (See Rule 20-103(b)(1)(A).)

☐ The submission requires a signature under oath, affirmation, or with verification and is not hand-signed and scanned or affixed with the signer's digital signature. (See Rule 20-107(d)(1).)

☐ <u>CONSOLIDATED CASES:</u> The submission was filed into a subcase. Where a judge has issued an order consolidated cases and designates a lead case, all subsequent submissions must be filed in the lead case.

☐ The proposed order was not submitted as a separate document, identified as a proposed order, or identified as relating to the motion or other request for court action to which the order pertains. (See Rule 20-201(j).) *This does not apply if submitted on a combined motion & order form issued by the Judiciary.*

☐ The filing code was incorrect, and the clerk's office was unable to determine the correct code.

☐ The State Court Administrator requirements for requesting sheriff, constable or certified mail service in the District Court have not been met (e.g., includes improper fee multiplier).

☐ The submission was filed by a registered user on behalf of a non-registered user in violation of the policy published by the State Court Administrator.

☐ The party's name is not an identical reference to the name of each party (spelling, first name, middle name(s), last name(s), initial(s), and other identifiers) as required wherever that party's name referred to in writing/electronically, including but not limited to: in the pleading or other submission, party field, or File and Serve.

☐ The filing location is incorrect.

☐ (District Court only) WARRANT OF RESTITUTION: The petitioner must submit both the front of the Petition for Warrant of Restitution and the second page which contains important notices to defendant.

☐ (District Court only) The submission must be submitted on the most recent version of a form approved by the Chief Judge of the District Court.

☐ Other

**To resubmit the submission(s), please re-file in a different envelope within 14 days of this notice and under comments state that you are filing to correct the Deficiency Notice filed on 10/9/2024 with envelope 18334529.**

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

**NOTE:** You must submit a motion and have it granted by a judge to receive a refund of any fees associated with the filing.

## ORDER STRIKING DEFICIENT SUBMISSION(S)

The above deficiency notice has not been corrected within the required 14 days. The court has not issued an order related to the deficiency. Per Rule 20-203(d)(3), the deficient submission(s) is/are stricken.

_____     _____
Date                        Judge

                                    EXHIBIT  104



**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**

401 Bosley Avenue, P.O. Box 6754, Towson, MD, 21285-6754

**To:**   RYAN DILLON-CAPPS
1334 MAPLE AVENUE
ESSEX, MD 21221

Case Number:          C-03-CV-24-002264
Other Reference Number(s):

**OHANA GROWTH PARTNERS, LLC VS. RYAN DILLON-CAPPS**

Date: 10/10/2024

> There were no exhibits in this filing. They were screenshots.

## MDEC DEFICIENCY NOTICE
### (Md. Rules Title 20)

To **Ryan Dillon-Capps:** You have a deficiency in your filing. **Pursuant to Maryland Rule 20-203(d)(3) the court will strike the submission unless the deficiency is corrected, or the deficient submission is withdrawn within 14 days or the court orders otherwise. Please make the correction(s) indicated below and refile or withdraw the submission within 14 days, making no other amendments, modifications, or changes to the submission except to correct the deficiency. The time to file any responsive submission shall run from the date that the correct submission is filed. The deficient submission file name(s) and date of filing are:  Second request for Admin hearing 10/9/24.**

⊠   In any one case multiple submissions (including proposed orders) must be submitted in the same envelope as ==separate PDF files==. Please resubmit the filings as separate submissions in the same envelope. (See Rule 20-201(e).) *Does not apply to L & T bulk filing.* ==SUPPORTING EXHIBITS CAN NOT BE IN SAME FILE AS THE MOTION==

☐   The submission is illegible or scanned with an incorrect orientation (e.g., upside down, sideways, blurry, and blank pages).

☐   The electronic file names must relate to the title of the submission. The electronic file name must state whether all or part of the submission is to be sealed or shielded pursuant to Rule 20-201.1. (e.g., RESTRICTED DOCUMENT-Request to Shield Denied or Dismissed Protective Order Records) (See Rule 20-201(i).) If an exhibit to a submission is filed, the exhibit and the electronic file name should accurately refer to the submission to which they relate. (e.g., Ex 1 Pl MSJ) When the exhibit is an affidavit or other testimony, the file name must identify the affiant or witness (e.g., Affidavit of John Doe).

☐   The exhibit(s) are not identified using the drop-down menu provided.

☐   The submission is not permitted to be filed electronically. (See Rule 20-106(c)(2).)

☐   The submission does not include the filer's signature (the signer's typewritten name accompanied by a visual image of the signer's handwritten signature or by the symbol /s/) as required by Rule(s) 20-107(a)(1) and 20-101(t).

☐   The submission does not have the filer's address, e-mail address, telephone number, or the attorney's identifying Attorney Number registered with the Attorney Information System as required by Rule 20-107(a)(2).

☐   You attempted to enter your appearance in the case as attorney for the victim or victim's representative without using form MDJ-009-Notice of Entry of Appearance by Attorney for Victim or Victim's Representative. (See Rule 20-103(b)(1)(A).)

☐   The submission requires a signature under oath, affirmation, or with verification and is not hand-signed and scanned or affixed with the signer's digital signature. (See Rule 20-107(d)(1).)

☐ <u>CONSOLIDATED CASES:</u> The submission was filed into a subcase. Where a judge has issued an order consolidated cases and designates a lead case, all subsequent submissions must be filed in the lead case.

☐ The proposed order was not submitted as a separate document, identified as a proposed order, or identified as relating to the motion or other request for court action to which the order pertains. (See Rule 20-201(j).) *This does not apply if submitted on a combined motion & order form issued by the Judiciary.*

☐ The filing code was incorrect, and the clerk's office was unable to determine the correct code.

☐ The State Court Administrator requirements for requesting sheriff, constable or certified mail service in the District Court have not been met (e.g., includes improper fee multiplier).

☐ The submission was filed by a registered user on behalf of a non-registered user in violation of the policy published by the State Court Administrator.

☐ The party's name is not an identical reference to the name of each party (spelling, first name, middle name(s), last name(s), initial(s), and other identifiers) as required wherever that party's name referred to in writing/electronically, including but not limited to: in the pleading or other submission, party field, or File and Serve.

☐ The filing location is incorrect.

☐ (District Court only) WARRANT OF RESTITUTION: The petitioner must submit both the front of the Petition for Warrant of Restitution and the second page which contains important notices to defendant.

☐ (District Court only) The submission must be submitted on the most recent version of a form approved by the Chief Judge of the District Court.

☐ Other

**To resubmit the submission(s), please re-file in a different envelope within 14 days of this notice and under comments state that you are filing to correct the Deficiency Notice filed on 10/10/2024 with envelope 18344494.**

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

**NOTE:** You must submit a motion and have it granted by a judge to receive a refund of any fees associated with the filing.

## ORDER STRIKING DEFICIENT SUBMISSION(S)

The above deficiency notice has not been corrected within the required 14 days. The court has not issued an order related to the deficiency. Per Rule 20-203(d)(3), the deficient submission(s) is/are stricken.

_____        _____
Date                          Judge

Clerk: Please submit Defendant's "Motion For Urgent Hearing to Address Violation of Constitutional Rights and Rule 1-201", filed 10/8/2024, to Motions Judge for ruling.

Entered: Clerk, Circuit Court for
Baltimore County, MD
October 11, 2024

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| time stamp says 10/11/2024 2:13:47 PM | **FOR** |
| vs. | **BALTIMORE COUNTY** |
| **RYAN DILLON-CAPPS** | **CASE NO: C-03-CV-24-002264** |
| *Defendant.* | |

## THIRD REQUEST FOR ADMINISTRATIVE JUDGE HEARING

### I   INTRODUCTION

1   Requester, **Ryan Dillon-Capps**, respectfully submits this **Request for Administrative Judge Hearing** pursuant to Maryland Rule 20-203(b)(1) to address the improper rejection of their filings by the Clerk's Office. On **October 8, 2024**, the requester submitted an **Affidavit of Financial Urgency** and a **Motion for Urgent Hearing**. These filings were erroneously marked as deficient and subsequently rejected by the Clerk's Office, causing unnecessary costs, delays, and the misallocation of judicial resources.

2   The **Notice of Deficiency** accompanying the rejection cited the following reasons for the filings being deemed deficient:

1.   Alleged failure to include the filer's signature, which was in fact included.

2.   A minor technicality, which should have been corrected by the Clerk in accordance with Maryland Rule 20-203(b)(1).

3   Additionally, on **October 9, 2024**, the Clerk flagged the filing again, this time incorrectly identifying **screenshots** of evidence included in the body of the document as a separate,



**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**
Main: 410-887-2601
401 Bosley Avenue, P.O. Box 6754, Towson, MD, 21285-6754

**To:** RYAN DILLON-CAPPS
1334 MAPLE AVENUE
ESSEX, MD 21221

| | Case Number: | C-03-CV-24-002264 |
|---|---|---|
| | Other Reference Number(s): | |

**OHANA GROWTH PARTNERS, LLC VS. RYAN DILLON-CAPPS**

Date: 10/8/2024

# MDEC DEFICIENCY NOTICE
## (Md. Rules Title 20)

To **Ryan Dillon-capps:** You have a deficiency in your filing. **Pursuant to Maryland Rule 20-203(d)(3) the court will strike the submission unless the deficiency is corrected or the deficient submission is withdrawn within 14 days or the court orders otherwise. Please make the correction(s) indicated below and refile or withdraw the submission within 14 days, making no other amendments, modifications, or changes to the submission except to correct the deficiency. The time to file any responsive submission shall run from the date that the correct submission is filed. The deficient submission file name(s) and date of filing are:  Notice Regarding Restricted Information 10/08/2024.**

☐ In any one case multiple submissions (including proposed orders) must be submitted in the same envelope as separate PDF files. Please resubmit the filings as separate submissions in the same envelope. (See Rule 20-201(e).) *Does not apply to L & T bulk filing.*

☐ The submission is illegible or scanned with an incorrect orientation (e.g., upside down, sideways, blurry, and blank pages).

☐ The electronic file names must relate to the title of the submission. The electronic file name must state whether all or part of the submission is to be sealed or shielded pursuant to Rule 20-201.1. (e.g., RESTRICTED DOCUMENT-Request to Shield Denied or Dismissed Protective Order Records) (See Rule 20-201(i).) If an exhibit to a submission is filed, the exhibit and the electronic file name should accurately refer to the submission to which they relate. (e.g., Ex 1 Pl MSJ) When the exhibit is an affidavit or other testimony, the file name must identify the affiant or witness (e.g., Affidavit of John Doe).

☐ The exhibit(s) are not identified using the drop-down menu provided.

☐ The submission is not permitted to be filed electronically. (See Rule 20-106(c)(2).)

☒ The submission does not include the filer's signature (the signer's typewritten name accompanied by a visual image of the signer's handwritten signature or by the symbol /s/) as required by Rule(s) 20-107(a)(1) and 20-101(t).

☐ The submission does not have the filer's address, e-mail address, telephone number, or the attorney's identifying Attorney Number registered with the Attorney Information System as required by Rule 20-107(a)(2).

☐ You attempted to enter your appearance in the case as attorney for the victim or victim's representative without using form MDJ-009-Notice of Entry of Appearance by Attorney for Victim or Victim's Representative. (See Rule 20-103(b)(1)(A).)

☐ The submission requires a signature under oath, affirmation, or with verification and is not hand-signed and scanned or affixed with the signer's digital signature. (See Rule 20-107(d)(1).)

☐ <u>CONSOLIDATED CASES:</u> The submission was filed into a subcase. Where a judge has issued an order consolidated cases and designates a lead case, all subsequent submissions must be filed in the lead case.

☐ The proposed order was not submitted as a separate document, identified as a proposed order, or identified as relating to the motion or other request for court action to which the order pertains. (See Rule 20-201(j).) *This does not apply if submitted on a combined motion & order form issued by the Judiciary.*

☐ The filing code was incorrect, and the clerk's office was unable to determine the correct code.

☐ The State Court Administrator requirements for requesting sheriff, constable or certified mail service in the District Court have not been met (e.g., includes improper fee multiplier).

☐ The submission was filed by a registered user on behalf of a non-registered user in violation of the policy published by the State Court Administrator.

☐ The party's name is not an identical reference to the name of each party (spelling, first name, middle name(s), last name(s), initial(s), and other identifiers) as required wherever that party's name referred to in writing/electronically, including but not limited to: in the pleading or other submission, party field, or File and Serve.

☐ The filing location is incorrect.

☐ (District Court only) WARRANT OF RESTITUTION: The petitioner must submit both the front of the Petition for Warrant of Restitution and the second page which contains important notices to defendant.

☐ (District Court only) The submission must be submitted on the most recent version of a form approved by the Chief Judge of the District Court.

☒ Box 1 OR Box 2 must be checked on the Notice Regarding Restricted Information. If Box 1 is checked, a sub box must be checked indicating the type of information that is included on the restricted document. If Box 2 is checked, a redacted and unredacted copy of the restricted document must be submitted.

**To resubmit the submission(s), please re-file in a different envelope within 14 days of this notice and under comments state that you are filing to correct the Deficiency Notice filed on 10/8/2024 with envelope 18320482.**

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

**NOTE:** You must submit a motion and have it granted by a judge to receive a refund of any fees associated with the filing.

### ORDER STRIKING DEFICIENT SUBMISSION(S)

The above deficiency notice has not been corrected within the required 14 days. The court has not issued an order related to the deficiency. Per Rule 20-203(d)(3), the deficient submission(s) is/are stricken.

10/24/2024 5:53:35 PM

*Michael J. Finifter*

Michael J. Finifter

Entered: Clerk, Circuit Court for
Baltimore County, MD
October 25, 2024



**CIRCUIT COURT FOR BALTIMORE COUNTY,**
**MARYLAND**
401 Bosley Avenue, P.O. Box 6754, Towson, MD, 21285-
6754

**To:** ROBERT SCOTT BRENNEN
MILES & STOCKBRIDGE, P.C.
100 LIGHT STREET
BALTIMORE, MD 21202-1487

| | |
|---|---|
| **Case Number:** | **C-03-CV-24-002264** |
| **Other Reference Number(s):** | |

**OHANA GROWTH PARTNERS, LLC VS. RYAN DILLON-CAPPS**

Date: 10/15/2024

# MDEC DEFICIENCY NOTICE
## (Md. Rules Title 20)

To **Robert S Brennen:** You have a deficiency in your filing. **Pursuant to Maryland Rule 20-203(d)(3) the court will strike the submission unless the deficiency is corrected or the deficient submission is withdrawn within 14 days or the court orders otherwise. Please make the correction(s) indicated below and refile or withdraw the submission within 14 days, making no other amendments, modifications, or changes to the submission except to correct the deficiency. The time to file any responsive submission shall run from the date that the correct submission is filed. The deficient submission file name(s) and date of filing are:  Proposed Order, 10/11/24.**

☐ In any one case multiple submissions (including proposed orders) must be submitted in the same envelope as separate PDF files. Please resubmit the filings as separate submissions in the same envelope. (See Rule 20-201(e).) *Does not apply to L & T bulk filing.*

☐ The submission is illegible or scanned with an incorrect orientation (e.g., upside down, sideways, blurry, and blank pages).

☐ The electronic file names must relate to the title of the submission. The electronic file name must state whether all or part of the submission is to be sealed or shielded pursuant to Rule 20-201.1. (e.g., RESTRICTED DOCUMENT-Request to Shield Denied or Dismissed Protective Order Records) (See Rule 20-201(i).) If an exhibit to a submission is filed, the exhibit and the electronic file name should accurately refer to the submission to which they relate. (e.g., Ex 1 Pl MSJ) When the exhibit is an affidavit or other testimony, the file name must identify the affiant or witness (e.g., Affidavit of John Doe).

☐ The exhibit(s) are not identified using the drop-down menu provided.

☐ The submission is not permitted to be filed electronically. (See Rule 20-106(c)(2).)

☐ The submission does not include the filer's signature (the signer's typewritten name accompanied by a visual image of the signer's handwritten signature or by the symbol /s/) as required by Rule(s) 20-107(a)(1) and 20-101(t).

☐ The submission does not have the filer's address, e-mail address, telephone number, or the attorney's identifying Attorney Number registered with the Attorney Information System as required by Rule 20-107(a)(2).

☐ You attempted to enter your appearance in the case as attorney for the victim or victim's representative without using form MDJ-009-Notice of Entry of Appearance by Attorney for Victim or Victim's Representative. (See Rule 20-103(b)(1)(A).)

☐ The submission requires a signature under oath, affirmation, or with verification and is not hand-signed and scanned or affixed with the signer's digital signature. (See Rule 20-107(d)(1).)

☐ <u>CONSOLIDATED CASES:</u> The submission was filed into a subcase. Where a judge has issued an order consolidated cases and designates a lead case, all subsequent submissions must be filed in the lead case.

☐ The proposed order was not submitted as a separate document, identified as a proposed order, or identified as relating to the motion or other request for court action to which the order pertains. (See Rule 20-201(j).) *This does not apply if submitted on a combined motion & order form issued by the Judiciary.*

☐ The filing code was incorrect, and the clerk's office was unable to determine the correct code.

☐ The State Court Administrator requirements for requesting sheriff, constable or certified mail service in the District Court have not been met (e.g., includes improper fee multiplier).

☐ The submission was filed by a registered user on behalf of a non-registered user in violation of the policy published by the State Court Administrator.

☐ The party's name is not an identical reference to the name of each party (spelling, first name, middle name(s), last name(s), initial(s), and other identifiers) as required wherever that party's name referred to in writing/electronically, including but not limited to: in the pleading or other submission, party field, or File and Serve.

☐ The filing location is incorrect.

☐ (District Court only) WARRANT OF RESTITUTION: The petitioner must submit both the front of the Petition for Warrant of Restitution and the second page which contains important notices to defendant.

☐ (District Court only) The submission must be submitted on the most recent version of a form approved by the Chief Judge of the District Court.

☒ Other: Omnibus – must file one proposed order per opposition to motion

**To resubmit the submission(s), please re-file in a different envelope within 14 days of this notice and under comments state that you are filing to correct the Deficiency Notice filed on 10/15/2024 with envelope 18380460.**

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

**NOTE:** You must submit a motion and have it granted by a judge to receive a refund of any fees associated with the filing.

## ORDER STRIKING DEFICIENT SUBMISSION(S)

The above deficiency notice has not been corrected within the required 14 days. The court has not issued an order related to the deficiency. Per Rule 20-203(d)(3), the deficient submission(s) is/are stricken.



**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**
401 Bosley Avenue, P.O. Box 6754, Towson, MD, 21285-6754

**To:**  RYAN DILLON-CAPPS
1334 MAPLE AVENUE
ESSEX, MD 21221

Case Number:  C-03-CV-24-002264
Other Reference Number(s):

**OHANA GROWTH PARTNERS, LLC VS. RYAN DILLON-CAPPS**

Date: 11/13/2024

## MDEC DEFICIENCY NOTICE
### (Md. Rules Title 20)

To **Ryan Dillon-capps:** You have a deficiency in your filing. **Pursuant to Maryland Rule 20-203(d)(3) the court will strike the submission unless the deficiency is corrected or the deficient submission is withdrawn within 14 days or the court orders otherwise. Please make the correction(s) indicated below and refile or withdraw the submission within 14 days, making no other amendments, modifications, or changes to the submission except to correct the deficiency. The time to file any responsive submission shall run from the date that the correct submission is filed. The deficient submission file name(s) and date of filing are:  Notice Regarding Restricted Information 11/08/2024.**

☐ In any one case multiple submissions (including proposed orders) must be submitted in the same envelope as separate PDF files. Please resubmit the filings as separate submissions in the same envelope. (See Rule 20-201(e).) *Does not apply to L & T bulk filing.*

☐ The submission is illegible or scanned with an incorrect orientation (e.g., upside down, sideways, blurry, and blank pages).

☐ The electronic file names must relate to the title of the submission. The electronic file name must state whether all or part of the submission is to be sealed or shielded pursuant to Rule 20-201.1. (e.g., RESTRICTED DOCUMENT-Request to Shield Denied or Dismissed Protective Order Records) (See Rule 20-201(i).) If an exhibit to a submission is filed, the exhibit and the electronic file name should accurately refer to the submission to which they relate. (e.g., Ex 1 Pl MSJ) When the exhibit is an affidavit or other testimony, the file name must identify the affiant or witness (e.g., Affidavit of John Doe).

☐ The exhibit(s) are not identified using the drop-down menu provided.

☐ The submission is not permitted to be filed electronically. (See Rule 20-106(c)(2).)

☐ The submission does not include the filer's signature (the signer's typewritten name accompanied by a visual image of the signer's handwritten signature or by the symbol /s/) as required by Rule(s) 20-107(a)(1) and 20-101(t).

☐ The submission does not have the filer's address, e-mail address, telephone number, or the attorney's identifying Attorney Number registered with the Attorney Information System as required by Rule 20-107(a)(2).

☐ You attempted to enter your appearance in the case as attorney for the victim or victim's representative without using form MDJ-009-Notice of Entry of Appearance by Attorney for Victim or Victim's Representative. (See Rule 20-103(b)(1)(A).).

☐ The submission requires a signature under oath, affirmation, or with verification and is not hand-signed and scanned or affixed with the signer's digital signature. (See Rule 20-107(d)(1).)

☐ <u>CONSOLIDATED CASES:</u> The submission was filed into a subcase. Where a judge has issued an order consolidated cases and designates a lead case, all subsequent submissions must be filed in the lead case.

☐ The proposed order was not submitted as a separate document, identified as a proposed order, or identified as relating to the motion or other request for court action to which the order pertains. (See Rule 20-201(j).) *This does not apply if submitted on a combined motion & order form issued by the Judiciary.*

☐ The filing code was incorrect, and the clerk's office was unable to determine the correct code.

☐ The State Court Administrator requirements for requesting sheriff, constable or certified mail service in the District Court have not been met (e.g., includes improper fee multiplier).

☐ The submission was filed by a registered user on behalf of a non-registered user in violation of the policy published by the State Court Administrator.

☐ The party's name is not an identical reference to the name of each party (spelling, first name, middle name(s), last name(s), initial(s), and other identifiers) as required wherever that party's name referred to in writing/electronically, including but not limited to: in the pleading or other submission, party field, or File and Serve.

☐ The filing location is incorrect.

☐ (District Court only) WARRANT OF RESTITUTION: The petitioner must submit both the front of the Petition for Warrant of Restitution and the second page which contains important notices to defendant.

☐ (District Court only) The submission must be submitted on the most recent version of a form approved by the Chief Judge of the District Court.

☒ Since two Notices Regarding Restricted Information were filed for two Exhibits, each Exhibit must be submitted as its own pdf.

> Ensor just edits the official form as often as needed. This one is missing the "ya, ummm, Since two Notices Regarding ...."

**To resubmit the submission(s), please re-file in a different envelope within 14 days of this notice and under comments state that you are filing to correct the Deficiency Notice filed on 11/13/2024 with envelope 18741888.**

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

**NOTE:** You must submit a motion and have it granted by a judge to receive a refund of any fees associated with the filing.

## ORDER STRIKING DEFICIENT SUBMISSION(S)

The above deficiency notice has not been corrected within the required 14 days. The court has not issued an order related to the deficiency. Per Rule 20-203(d)(3), the deficient submission(s) is/are stricken.

_____     _____
Date                        Judge

| OHANA GROWTH PARTNERS, LLC | IN THE |
|---|---|
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| **RYAN DILLON-CAPPS** | BALTIMORE COUNTY |
| *Defendant.* | CASE NO: C-03-CV-24-002264 |

## MOTION FOR DISQUALIFICATION OF COUNSEL

1      Defendant, Ryan Dillon-Capps, hereby submits this Motion for Disqualification of Counsel and states as follows:

2      Ryan Dillon-Capps incorporates and adopts by reference all factual averments, arguments, and documents contained in all of the Defendant's motions, affidavits, petitions, notices, amendments, exhibits, and other papers filed or submitted in this case, regardless of their current status (pending, denied, granted, or otherwise), pursuant to Md. Rule 2-303(d) ("Statements in a pleading or other paper of record may be adopted by reference in a different part of the same pleading or paper of record or in another pleading or paper of record."). This incorporation includes, but is not limited to, any filings made contemporaneously with or subsequent to this motion, ensuring that all submissions are considered as part of the record for purposes of this proceeding, in real time.

3      **Reservation of Rights:** The Defendant reserves the right to amend, withdraw, or exclude any specific filing, document, or factual averment from this comprehensive incorporation at any point, by submitting a formal notice or motion to the Court.

Moot. Case has been dismissed.
11/06/2024

*Pat Stringer*

Pat Stringer

Page **1** of **3**

Entered: Clerk, Circuit Court for
Baltimore County, MD
November 6, 2024

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO: C-03-CV-24-002264** |

### MOTION FOR EMERGENCY EXPEDITE HEARING BASED ON ADMINISTRATIVE JUDGE'S EXPEDITED HEARING ORDER

1       Defendant, Ryan Dillon-Capps, hereby submits this Motion for EMERGENCY Expedite Hearing Based on Administrative Judge's EXPEDITED HEARING Order and states as follows:

2       Ryan Dillon-Capps incorporates and adopts by reference all factual averments, arguments, and documents contained in all of the Defendant's motions, affidavits, petitions, notices, amendments, exhibits, and other papers filed or submitted in this case, regardless of their current status (pending, denied, granted, or otherwise), pursuant to Md. Rule 2-303(d) ("Statements in a pleading or other paper of record may be adopted by reference in a different part of the same pleading or paper of record or in another pleading or paper of record."). This incorporation includes, but is not limited to, any filings made contemporaneously with or subsequent to this motion, ensuring that all submissions are considered as part of the record for purposes of this proceeding, in real time.

Page **1** of **3**

EXHIBIT   104

3       **Reservation of Rights:** The Defendant reserves the right to amend, withdraw, or exclude any specific filing, document, or factual averment from this comprehensive incorporation at any point, by submitting a formal notice or motion to the Court.

4       **WHEREFORE**, for the reasons set forth above, Plaintiff respectfully requests that

Order:  Motion for EMERGENCY Expedite Hearing Based on Administrative Judge's EXPEDITED HEARING Order

Unknown, However, whoever sign this -- may have ruled on other things as well and their rulings were covered up with the ones that later covered up what they had

10/16/2024 3:41:45 PM       **DENIED**

10/16/2024

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO: C-03-CV-24-002264** |

## MOTION FOR MANDATORY INJUNCTION TO RESTORE LOST PAY DUE TO FINANCIAL URGENCY

1     Defendant, Ryan Dillon-Capps, hereby submits this Motion for Mandatory Injunction To Restore Lost Pay Due To Financial Urgency and states as follows:

2     Ryan Dillon-Capps incorporates and adopts by reference all factual averments, arguments, and documents contained in all of the Defendant's motions, affidavits, petitions, notices, amendments, exhibits, and other papers filed or submitted in this case, regardless of their current status (pending, denied, granted, or otherwise), pursuant to Md. Rule 2-303(d) ("Statements in a pleading or other paper of record may be adopted by reference in a different part of the same pleading or paper of record or in another pleading or paper of record."). This incorporation includes, but is not limited to, any filings made contemporaneously with or subsequent to this motion, ensuring that all submissions are considered as part of the record for purposes of this proceeding, in real time.

**DENIED**

*Pat Stringer*

Pat Stringer

**11/06/2024**

Entered: Clerk, Circuit Court for
Baltimore County, MD
November 6, 2024

<span style="color:red">Page **1** of **3**</span>

| OHANA GROWTH PARTNERS, LLC | IN THE |
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | CASE NO: C-03-CV-24-002264 |

## MOTION TO STRIKE BAD FAITH FILINGS

Defendant, **Ryan Dillon-Capps**, hereby moves this Honorable Court for an Order to: (1) **strike** the **Plaintiff's filings** submitted on **October 11, 2024**; (2) issue **sanctions** against **Plaintiff's counsel**, **Miles & Stockbridge**, for their ongoing pattern of **fraudulent**, **misleading**, and **sanctionable conduct** in the representation of **Ohana Growth Partners, LLC**; and (3) **disqualify** Plaintiff's counsel from further representation in this matter due to their improper influence and unethical behavior that has perpetuated this meritless lawsuit. In support of this motion, Defendant states as follows:

## I INTRODUCTION

3      This motion seeks to address the persistent and egregious conduct of **Miles & Stockbridge**, who, in their representation of **Ohana Growth Partners, LLC**, have perpetuated a **fraudulent lawsuit** against **Ryan Dillon-Capps** without legal or factual foundation. Despite clear evidence and numerous opportunities to correct their course, the **Plaintiff** and their counsel have demonstrated a repeated pattern of **misrepresentation**, **retaliation**, and **unethical litigation tactics** that not only harm the Defendant but also undermine the integrity of the **judicial system**.

**DENIED**
11/06/2024
*Pat Stringer*
Pat Stringer

Entered: Clerk, Circuit Court for
Baltimore County, MD
November 6, 2024

EXHIBIT   104

| | | |
|---|---|---|
| **OHANA GROWTH PARTNERS, LLC** | * | **IN THE** |
| *Plaintiff,* | * | **CIRCUIT COURT** |
| **v.** | * | **FOR** |
| **RYAN DILLON-CAPPS,** | * | **BALTIMORE COUNTY** |
| *Defendant.* | * | **Case No.: C-03-CV-24-002264** |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

This filing contained argument against Barranco's conduct.

### ORDER DENYING DEFENDANT'S MOTION TO ASSERT RIGHTS AND REQUEST FOR IMMEDIATE RULINGS

In consideration of the Defendant's "Motion to Assert Rights and Request for Immediate Rulings" filed on September 30, 2024, it is on this **October 23, 2024** ORDERED that the Motion is **DENIED IN ITS ENTIRETY**.

To the extent the Motion complains of the entry of an Order of Default and relates to the Defendant's Motion to Vacate such Order, the Order of Default entered on 8/21/24 was vacated by order of the Hon. Patrick Stringer on October 10, 2024. Thus, that issue is MOOT.

The remainder of the Defendant's Motion is entirely incoherent and unintelligible, and the Motion fails to state any proper ground for relief. To the extent the Motion relates to rulings made during the hearings conducted on June 26, 2024 and June 27, 2024, the entry of the Preliminary Injunction Order, or the June 27, 2024 Order Holding the Defendant in Constructive Civil Contempt, the Court **DENIES** the Motion to the extent it seeks reconsideration of those rulings. The Court, however, notes that the Plaintiff filed a Notice of Withdrawal of Petition for Constructive Civil Contempt (seeking incarceration), and the Court entered an Order dated July 22, 2024, *inter alia*, canceling the August 7, 2024 Show Cause Hearing.

Judge, Circuit Court for Baltimore County

Entered: Clerk, Circuit Court for
Baltimore County, MD
October 24, 2024

**10/23/2024**

Michael S. Barranco

10/23/2024 5:11:39 PM

E-SERVED Baltimore County Circuit Court 10/25/2024 8:27 AM System SystemEnvelope:18554408

E-FILED; Baltimore County Circuit Court
Docket: 10/25/2024 8:27 AM; Submission: 10/25/2024 8:27 AM
Docket: 10/25/2024 2:09 PM; Submission: 10/25/2024 8:29 AM
Envelope: 18264388

|  |  |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** <br><br> Plaintiff, <br><br> vs. <br><br> **RYAN DILLON-CAPPS** <br><br> Defendant. | **IN THE** <br><br> **CIRCUIT COURT** <br><br> **FOR** <br><br> **BALTIMORE COUNTY** <br><br> **CASE NO: C-03-CV-24-002264** |

## MOTION TO ASSERT RIGHTS AND REQUEST FOR IMMEDIATE RULINGS

1        Defendant, Ryan Dillon-Capps, respectfully submits this motion to assert rights before this Honorable Court and request immediate rulings on outstanding matters critical to the resolution of this case. Despite recent positive developments, including the long-delayed entry of the **Motion for Sanctions** on **September 30, 2024**, and the release of previously withheld transcripts from June 26, 2024, on the same day.  The speed of these actions does not align with the **urgency of the harm** inflicted upon the Defendant. Given the extensive delays and the ongoing irreparable harm caused by this case, Defense asserts the right to have these matters resolved **expeditiously** to prevent further undue harm and suffering.

### I   JUDICIAL OVERREACH

2        The default order was granted **6 days before** the deadline for an answer was due, in violation of **Md. Rule 2-613**. The court acted prematurely and exceeded Judicial Discretion, without allowing the Defendant the full legal time to respond and exacerbating this issue by ignoring the opposition for over 40 days. This is a clear example of the court exceeding its discretion and depriving Dillon-Capps of due process.

Denied. An identical or similar Motion filed on 9/30/24 was already denied by Judge Barranco.

10/24/2024

Pat Stringer

Entered: Clerk, Circuit Court for
Baltimore County, MD
October 25, 2024

| OHANA GROWTH PARTNERS, LLC | IN THE |
| --- | --- |
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| **RYAN DILLON-CAPPS** | BALTIMORE COUNTY |
| *Defendant.* | CASE NO: C-03-CV-24-002264 |

## MOTION FOR URGENT HEARING TO ADDRESS VIOLATION OF CONSITUTIONAL RIGHTS AND RULE 1-201

1      Plaintiff's Request for an Urgent Hearing Concerning Deficient Filing Notices Under Rule 1-324 and Clerk's Office Procedures

2      **COMES NOW,** the Plaintiff, Ryan Dillon-Capps, and respectfully requests an urgent hearing to address the deficient filing notice received on October 8, 2024, concerning Plaintiff's filing of the **Affidavit of Financial Urgency** with three attached exhibits, which was submitted to the Court on October 7, 2024. This motion is based on the following grounds:

### I  BACKGROUND

3      On October 7, 2024, Plaintiff submitted the **Affidavit of Financial Urgency**, which was accompanied by three exhibits.

4      The exhibit was filed in two versions:

1.      **Redacted Version**: Filed publicly.

2.      **Unredacted Version**: Filed separately with a **Notice Regarding Restricted Information** pursuant to **Rule 20-201.1**, clearly labeled and complying with the rule's requirements.

Entered: Clerk, Circuit Court for
Baltimore County, MD
October 29, 2024

---

Denied as moot. Plaintiff has filed a Voluntary Dismissal of this case.

10/28/2024      *Pat Stringer*

Pat Stringer

Entered: Clerk, Circuit Court for
Baltimore County, MD
November 7, 2024

**Denied - insufficient legal or factual basis for the elief requested. The Court also notes that a voluntary dismissal was filed recently, and that the case is closed.**

7th of November, 2024

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO: C-03-CV-24-002264** |

### REQUEST TO RECONSIDER ENFORCEMENT OF ADMINISTRATIVE JUDGE RULING ENTERED ON OCTOBER 11, 2024

1        **1. Requester, Ryan Dillon-Capps**, respectfully submits this Request to Reconsider Enforcement of the Administrative Judge's Ruling entered on from **October 11, 2024**, and states the following in support of this request:

2        The Requestor, **Ryan Dillon-Capps**, apologizes for any confusion caused in the prior filings. The **Motion for Emergency Expedited Hearing** based on the **Administrative Judge's Expedited Hearing Order** was not a new request lacking fact. Instead, it was an attempt, albeit flawed, to expedite the enforcement of the ruling from the **Third Request for Administrative Judge Hearing**. The intention was to seek more timely enforcement of that decision.

3        It has now been **a week** since, and the urgency surrounding this issue is not new. I have raised these concerns repeatedly. On **October 7th**, I submitted an **Affidavit of Financial Urgency** that contained supporting evidence illustrating the critical nature of the situation. However, this affidavit was marked deficient. Similarly, the affidavit filed on **October 8th** and the **Motion for Urgent Hearing to Address Violations of Constitutional Rights and Rule 1-201** faced the same fate. To put this into context this ruling almost a month had

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | IN THE |
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| **RYAN DILLON-CAPPS** | BALTIMORE COUNTY |
| *Defendant.* | FILE NO.: C-03-CV-24-002264 |

<u>**NOTICE OF VOLUNTARY DISMISSAL**</u>

Plaintiff, Ohana Growth Partners, LLC., by its undersigned attorneys, and pursuant to

MD Rule 2-506(a), hereby gives notice of the dismissal, without prejudice, of the above-

captioned matter.

October 24, 2024                    Respectfully submitted,

                                    */s/ Robert S. Brennen*
                                    Robert S. Brennen (AIS # 8712010068)
                                    e-mail: RBrennen@milesstockbridge.com
                                    Steven D. Frenkil (AIS # 7712010110)
                                    e-mail: SFrenkil@milesstockbridge.com
                                    Victoria K. Hoffberger (AIS # 1912170195)
                                    e-mail: VHoffberger@milesstockbridge.com
                                    Jessica L. Duvall (AIS # 1812110110)
                                    e-mail: JDuvall@milesstockbridge.com
                                    MILES & STOCKBRIDGE P.C.
                                    100 Light Street
                                    Baltimore, Maryland 21202
                                    Telephone:    (410) 727-6464
                                    Facsimile:    (410) 385-3700

                                    *Counsel for Plaintiff Ohana Growth
                                    Partners, LLC*

**GRANTED** .Case is Dismissed.

The Court notes that, on 10/23/24, the Defendant also filed a Motion to Dismiss this case..

11/02/2024    *Pat Stringer*

                    Pat Stringer

                                    Entered: Clerk, Circuit Court for
                                    Baltimore County, MD
                                    November 6, 2024

**Motion is denied because there is not a sufficient legal or factual basis for hte relief requested. The Court also notes that Ohana Growth Partners recently filed a notice of voluntary dismissal pursuant to MD Rule 2-506(a).**

6th of November, 2024

Entered: Clerk, Circuit Court for
Baltimore County, MD
November 7, 2024

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO: C-03-CV-24-002264** |

## MOTION TO COMPELL

1        COMES NOW, **Ryan Dillon-Capps**, and respectfully moves this Honorable Court to compel the judicial officers presiding over this case to fulfill their judicial duties as mandated by law, or in the alternative, to join the respective judges as plaintiffs in this matter. This motion is brought pursuant to Rule 2-502 of the Maryland Rules of Civil Procedure and Rule 19 of the Federal Rules of Civil Procedure, based on the following grounds

### I   INTRODUCTION

2        This motion arises from the failure of the judicial officers overseeing this case to act within their judicial discretion and in accordance with their duties. Despite repeated attempts by Plaintiff to engage with the judicial process, Dillon-Capps has been met with ongoing inaction, delays, and refusals to address critical issues. The failure of the Court to adjudicate the matters properly presented undermines both the rights of the Plaintiff and the integrity of the judicial system.

3        Dillon-Capps seeks an order compelling the Court to take immediate action and fulfill its obligation to provide timely and fair adjudication. Alternatively, should the Court continue to abstain from performing its duties, Dillon-Capps requests that the judges involved be joined as

E-FILED; Baltimore County Circuit Court
Docket: 11/7/2024 10:55 AM; Submission: 11/7/2024 10:55 AM
Envelope: 18719807

Entered: Clerk, Circuit Court for
Baltimore County, MD
November 7, 2024

**Denied - insufficient legal or factual basis for the elief requested. The Court also notes that a voluntary dismissal was filed recently, and that the case is closed.**

7th of November, 2024

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO: C-03-CV-24-002264** |

## REQUEST TO RECONSIDER ENFORCEMENT OF ADMINISTRATIVE JUDGE RULING ENTERED ON OCTOBER 11, 2024

1      **1. Requester, Ryan Dillon-Capps**, respectfully submits this Request to Reconsider Enforcement of the Administrative Judge's Ruling entered on from **October 11, 2024**, and states the following in support of this request:

2      The Requestor, **Ryan Dillon-Capps**, apologizes for any confusion caused in the prior filings. The **Motion for Emergency Expedited Hearing** based on the **Administrative Judge's Expedited Hearing Order** was not a new request lacking fact. Instead, it was an attempt, albeit flawed, to expedite the enforcement of the ruling from the **Third Request for Administrative Judge Hearing**. The intention was to seek more timely enforcement of that decision.

3      It has now been **a week** since, and the urgency surrounding this issue is not new. I have raised these concerns repeatedly. On **October 7th**, I submitted an **Affidavit of Financial Urgency** that contained supporting evidence illustrating the critical nature of the situation. However, this affidavit was marked deficient. Similarly, the affidavit filed on **October 8th** and the **Motion for Urgent Hearing to Address Violations of Constitutional Rights and Rule 1-201** faced the same fate. To put this into context this ruling almost a month had

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO: C-03-CV-24-002264** |

## ORDER FOR REQUEST FOR EMERGENCY ADMINISTRATIVE REVIEW

Upon consideration of Defendant, Ryan Dillon-Capps' **Request for Emergency Administrative Review**, and any opposition or responses thereto, it is this ___ 6th of November, 2024

by the Circuit Court for Baltimore County, Maryland, hereby:

**ORDERED, as follows:**

The motion is denied because there is not a sufficient legal or factual basis for the relief requested. The Court also notes that Ohana Growth Properties recently filed a notice of voluntary dismissal pursuant to Maryland Rule 2-506(a).

**Hon. Dennis M. Robinson, Jr.**
**County Administrative Judge**
**Circuit Court for Baltimore County**

Entered: Clerk, Circuit Court for
Baltimore County, MD
November 7, 2024

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff* | **CIRCUIT COURT** |
| v. | **FOR BALTIMORE COUNTY** |
| **RYAN DILLON-CAPPS** | **Case No. C-03-CV-24-002264** |
| *Defendants* | |

## ORDER

Defendant Ryan Dillon-Capps has, on more than one occasion, submitted filings by e-mail directly to the County Administrative Judge and otherwise attempted to communicate with the County Administrative Judge through e-mail. That conduct is not appropriate. It is ordered that Ryan Dillon-Capps not submit any filings or other correspondence to the County Administrative Judge or any other judge of this Court by e-mail or otherwise attempt to contact the County Administrative Judge or any other judge of this Court; ordered that any filings to be considered by the Court be filed through MDEC; and ordered that failure to comply with this order may result in sanctions being imposed.

November 12, 2024

_____
Dennis M. Robinson, Jr.
Judge, Circuit Court for Baltimore County

No filing was ever submitted by email. This is because they are manipulating the court record and emails create a record they can't as easily manipulate.

Entered: Clerk, Circuit Court for
Baltimore County, MD
November 14, 2024

1

| OHANA GROWTH PARTNERS, LLC | IN THE |
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | CASE NO: C-03-CV-24-002264 |

## [PROPOSED] ORDER FOR MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S CLAIMS, STATEMENTS, AND AFFIRMATIONS NOT SUPPORTED BY EVIDENCE

Upon consideration of Defendant, Ryan Dillon-Capps' **Motion in Limine to Exclude Plaintiff's Claims, Statements, and Affirmations Not Supported by Evidence**, and any opposition, attachments, or responses thereto, it is this _____ day of _____, 2024, by the Circuit Court for Baltimore County, Maryland, hereby:

**ORDERED,** as follows:

1    **ORDERED**, that **Defendant's Motion in Limine to Exclude Plaintiff's Claims, Statements, and Affirmations Not Supported by Evidence** is hereby **GRANTED**; and it is further

2    **ORDERED**, that **Plaintiff Ohana Growth Partners, LLC** is precluded from introducing or referencing any claims, statements, or allegations that are not supported by admissible evidence, including those unsupported by documentary or testimonial evidence; and it is further

Denied as moot. Case has been dismissed.

11/15/2024    *Pat Stringer*

Pat Stringer

Entered: Clerk, Circuit Court for
Baltimore County, MD
November 15, 2024

Page **1** of **3**

EXHIBIT  104

|  |  |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO: C-03-CV-24-002264** |

## [PROPOSED] ORDER FOR MOTION TO VACATUR THE TEMPORARY RESTRAINING ORDER

Upon consideration of Defendant, Ryan Dillon-Capps' **Motion to Vacatur the Temporary Restraining Order**, and any opposition or responses thereto, it is this _____day of

_____, 2024, by the Circuit Court for Baltimore County, Maryland, hereby:

**ORDERED, as follows:**

1    **ORDERED,** that Defendant Motion to Vacatur the Temporary Restraining Order is hereby **GRANTED**; and it is further

2    **ORDERED,** that the Temporary Restraining Order (TRO) and Preliminary Injunction obtained by Plaintiff Ohana Growth Partners, LLC are VACATED in their entirety due to the following reasons:

Moot. The TRO expired after ten days and the case has been dismissed by Plaintiff.

11/15/2024    *Pat Stringer*

Pat Stringer

Entered: Clerk, Circuit Court for Baltimore County, MD November 15, 2024

Page 1 of 4

| OHANA GROWTH PARTNERS, LLC | IN THE |
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| **RYAN DILLON-CAPPS** | BALTIMORE COUNTY |
| *Defendant.* | CASE NO: C-03-CV-24-002264 |

## DEPOSITION REQUEST FOR AGENTS OF OHANA GROWTH PARTNERS

1      **Defendant Ryan Dillon-Capps**, respectfully requests the depositions of the agents of **Ohana Growth Partners, LLC**, including but not limited to **Justin Drummond, Daniel Levett, and Randall Romes**, to challenge the basis of Plaintiff's claims for **injunctive relief** and to compel the production of all **supporting and opposing evidence**. The primary purpose of these depositions is to require the Plaintiff to demonstrate that they had a legitimate basis for seeking **injunctive relief** prior to the commencement of this action and to provide evidence that their claims have **merit**.

2      If the Plaintiff fails to produce credible evidence to support their request for injunctive relief or the merits of their underlying claims, it will confirm that this lawsuit is **baseless** and should be **dismissed**.

3      The requested depositions and accompanying production of documents will focus on the following key issues:

## INJUNCTIVE RELIEF BASIS

Denied as moot. Case has been dismissed.

11/15/2024          *Pat Stringer*

Pat Stringer

Entered: Clerk, Circuit Court for
Baltimore County, MD
November 15, 2024

Page **1** of **37**

|  |  |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO: C-03-CV-24-002264** |

## MOTION TO COMPEL PRODUCTION TO SUPPORT CLAIMS AT HEARING

1    **Defendant, Ryan Dillon-Capps**, respectfully moves this Honorable Court, pursuant to **Maryland Rule 2-432**, to compel **Plaintiff Ohana Growth Partners, LLC** to produce the documents requested in Defendant's **First Request for Production of Documents**. In support of this motion, Defendant states as follows:

### I  BACKGROUND

2    **Plaintiff Ohana Growth Partners, LLC** initiated this action on June 14, 2024, asserting claims against Defendant that remain unsupported by factual evidence, despite four months of litigation.

3    **First Request for Production of Documents**, seeking **key materials** and **evidence** necessary to evaluate the claims and prepare a defense is being filled alongside several other filings for a better understanding of what exactly is the evidentiary basis for the Plaintiff's claims.

4    **Plaintiff Ohana Growth Partners, LLC** initiated this action on **June 14, 2024**, asserting claims against Defendant **Ryan Dillon-Capps** that, despite four months of litigation, remain **unsupported by factual evidence**. Under **Maryland Rule 2-401(b)**, discovery is

**DENIED as moot. Case has been dismissed.**
11/15/2024
*Pat Stringer*
Pat Stringer

Entered: Clerk, Circuit Court for
Baltimore County, MD
November 15, 2024

| OHANA GROWTH PARTNERS, LLC | IN THE |
|---|---|
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| **RYAN DILLON-CAPPS** | BALTIMORE COUNTY |
| *Defendant.* | CASE NO: C-03-CV-24-002264 |

## [PROPOSED] ORDER FOR MOTION TO DISMISS WITH PREJUDICE FOR A JUNE 13TH WORTH OF REASONS

Upon consideration of Defendant, Ryan Dillon-Capps' **Motion to Dismiss with Prejudice for a June 13th Worth of Reasons**, and any opposition or responses thereto, it is this _____ day of

_____, 2024, by the Circuit Court for Baltimore County, Maryland, hereby:

**ORDERED, as follows:**

1    **ORDERED,** that Defendant Motion to Dismiss with Prejudice for a June 13th Worth of

Reasons is hereby **GRANTED**; and it is further

2    **ORDERED,** that this case is **DISMISSED WITH PREJUDICE** based on the following

grounds:

    1.    Plaintiff's violation of the **Unclean Hands Doctrine** through their admitted

violation of the Family and Medical Leave Act (FMLA); and it is further

Moot. Case has been dismissed.

11/15/2024

*Pat Stringer*

Pat Stringer

Entered: Clerk, Circuit Court for
Baltimore County, MD
November 15, 2024

Page **1** of 4



**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**

401 Bosley Avenue, P.O. Box 6754, Towson, MD, 21285-6754

Main: 410-887-2601

|  |  |
|---|---|
| Case Number: | C-03-CV-24-002264 |
| Other Reference Numbers: | |

**OHANA GROWTH PARTNERS, LLC VS. RYAN DILLON-CAPPS**

### ORDER

Presently before the court are the following motions filed by the Defendant: Amended Motion for Mandatory Injunction to Restore Lost Pay Due to Financial Urgency, Motion for a Better Maryland With Reciprocal Relief, Motion for Injunction to Prevent Future Abuse of Court Process, and Motion to Impose Sanctions Not Sanction Fraudulent Lawsuits. The essential grounds for these motions are the Defendant's argument that there is "no truth" to the Plaintiff's claims and that the Plaintiff's suit is fraudulent. The court held a hearing on this matter on June 26 and 27, 2024. Both parties were present, testimony was taken and exhibits were entered in evidence. Both parties had an opportunity to be heard. After consideration of the evidence, the court made findings of fact and granted a preliminary injunction in favor of the Plaintiff and held the Defendant in constructive civil contempt. On October 23, 2024, the court denied the Defendant's request to reconsider that ruling. The Defendant's allegations that form the basis of these motions are contrary to the findings and conclusions of the court that conducted a hearing on this matter. Accordingly, it is hereby ORDERED, that all of the above Motions are DENIED.

11/16/2024

_____
Date

_Pat Stringer_ (signature)
_____
Judge        Pat Stringer

## Entered: Clerk, Circuit Court for Baltimore County, MD November 18, 2024

Conspirators have Unified Argument

|  |  |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| | **FOR** |
| vs. | **BALTIMORE COUNTY** |
| **RYAN DILLON-CAPPS** | **CASE NO: C-03-CV-24-** |
| *Defendant.* | **002264** |

## MOTION FOR SANCTIONS ON OCTOBER 25, 2024

1       Defendant, Ryan Dillon-Capps("Defendant" or "Dillon-Capps" or "RDC" or

"Unbelievable Dillon-Capps") , hereby moves this Honorable Court to Sanction Plaintiff, Ohana

Growth Partners, LLC ("Ohana"), along with its legal counsel, Miles & Stockbridge, P.C.

("M&S"), under Maryland Rule 1-311 that requires all court filings to be made for a proper

purpose – specifically, to advance a legitimate legal claim.

2       Ohana and M&S filings serve no legitimate legal purpose, as the original claim was filed

on June 14, 2024, without merit due to Richard Hartman's admission of misconduct on page 4 of

his Affidavit:

> "Dillon-Capps claimed that Ohana's efforts to regain control of its own systems, MS 365
> Account somehow amounts to **retaliation against Dillon-Capps <u>for requesting family and
> medical leave</u>**"

3       The hearing transcript from June 26, 2024, includes Lead Counsel for Ohana, Robert

Brennen – Principle of M&S, telling Judge Barranco under oath on page 48 that there is no

dispute that Ohana demand Dillon-Capps work after Defendant notified Ohana that Dillon-Capps

**DENIED**

11/18/2024     *Pat Stringer*

Pat Stringer

Page **1** of 18

Entered: Clerk, Circuit Court for
Baltimore County, MD
November 18, 2024

EXHIBIT 104

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO: C-03-CV-24-002264** |

## MOTION TO STRIKE NOTICE OF VOLUNTARY DISMISSAL

Defendant, Ryan Dillon-Capps ("Defendant" or "Dillon-Capps" or "RDC" or "'Unbelievable'

Dillon-Capps, respectfully moves this Honorable Court to Strike the Notice of Voluntary

Dismissal filed by Miles & Stockbridge, PC ("M&S") on behalf of the Plaintiff, Ohana Growth

Partners, LLC ("Ohana" or "OGP"), pursuant to the Court's inherent authority to prevent abuse

of process, ensure judicial economy, and protect against improper litigation tactics, and states as

follows:

### I  INCORPORATED HEREIN

1        Ryan Dillon-Capps incorporates and adopts by reference all factual averments,

arguments, and documents contained in all of the Defendant's motions, affidavits, petitions,

notices, amendments, exhibits, and other papers filed or submitted in this case, regardless of their

current status (pending, denied, granted, or otherwise), pursuant to Md. Rule 2-303(d)

("Statements in a pleading or other paper of record may be adopted by reference in a different

part of the same pleading or paper of record or in another pleading or paper of record."). This

incorporation includes, but is not limited to, any filings made contemporaneously with or

**DENIED**

11/18/2024          *Pat Stringer*

Pat Stringer

**DENIED**

11/06/2024 4:04:47 PM

*Stacy A. Mayer*
Stacy Mayer

Entered: Clerk, Circuit Court for
Baltimore County, MD
November 26, 2024

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO: C-03-CV-24-002264** |

**[PROPOSED] ORDER FOR REQUEST FOR PREHEARING CONFERENCE TO DISCUSS INJUNCTIVE RELIEF**

Upon consideration of Defendant, Ryan Dillon-Capps' **Request for Prehearing Conference to Discuss Injunctive Relief**, and any opposition, attachments, or responses thereto, it is this

_____ day of _____, 2024, by the Circuit Court for Baltimore County, Maryland, hereby:

**ORDERED,** as follows:

1     **Defendant Request for Prehearing Conference to Discuss Injunctive Relief** is hereby **GRANTED**; and it is further

2     **ORDERED,** a prehearing conference shall be scheduled for the purpose of discussing injunctive relief, both filed and potential, on _____, 2024, at _____; and it is further

3     **ORDERED,** that this conference shall facilitate discussion on existing and potential injunctive relief claims to ensure judicial efficiency, address unresolved issues, and potentially reduce further litigation steps; and it is further

**DENIED. The case is no longer at issue.**

11/26/2024 1:27:30 PM

*Stacy A. Mayer*
Stacy Mayer

Entered: Clerk, Circuit Court for
Baltimore County, MD
December 2, 2024

|  |  |
|---|---|
| OHANA GROWTH PARTNERS, LLC | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO: C-03-CV-24-002264** |

## REQUEST FOR MANDATORY JUDICIAL NOTICE HEARING ON MATERIAL FACTS

1        Defendant, Ryan Dillon-Capps, respectfully moves this Honorable Court to conduct a hearing for the purpose of taking judicial notice of certain material facts, which are documented through verified affidavits, exhibits, and the Plaintiff's own filings. This request is made pursuant to Maryland Rule 5-201(b), (d), and (e), as the Defendant asserts that these facts meet the requirements for judicial notice: they are clearly documented, not subject to reasonable dispute, and are central to resolving the current matter.

### I   GROUNDS FOR JUDICIAL NOTICE

2        **Judicial Notice Standard (Maryland Rule 5-201(b)):** Under Maryland Rule 5-201(b), the Court may take judicial notice of facts that are "not subject to reasonable dispute" and can be verified by reliable sources. I, the Defendant, submit that the facts listed below—documented through verified affidavits, communications, and Plaintiff's own filings—are supported by a preponderance of evidence and remain unchallenged, as the Plaintiff has presented no evidence to refute them. These facts are therefore specific, readily verifiable, and central to resolving this case.

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO: C-03-CV-24-002264** |

## DEFENDANT'S MOTION TO WITHDRAW THE ORIGINAL MOTION TO STRIKE NOTICE OF VOLUNTARY DISMISSAL FILED ON OCTOBER 25, 2024

**COMES NOW**, Defendant, Ryan Dillon-Capps, and respectfully moves this Court to withdraw the original Motion to Strike Notice of Voluntary Dismissal filed on October 25, 2024, in envelope number 18554103. Defendant submits this Motion in light of an amended Motion to Strike being filed concurrently, which provides corrected, clarified, and additional grounds for relief initially sought in the original motion.

1      In support of this Motion, Defendant states as follows:

1.   **Legal Basis for Withdrawal**: Under **Maryland Rule 2-311**, parties may submit, amend, or withdraw motions as necessary during litigation, particularly if the initial filing requires corrections or if additional information is needed to fully present the issues to the Court. Maryland courts recognize the right of a party to withdraw a motion prior to a ruling to ensure that the Court considers the most accurate and complete filing. The purpose of Rule 2-311 is to facilitate judicial efficiency by allowing parties to modify their positions as litigation develops, provided such changes do not unduly prejudice the opposing party.

**DENIED**

11/26/2024

*Pat Stringer*

Pat Stringer

Entered: Clerk, Circuit Court for
Baltimore County, MD
December 2, 2024