**E-SERVED Baltimore County Circuit Court 6/17/2024 3:41 PM System System** Envelope:16870699

**E-FILED; Baltimore County Circuit Court**
Docket: 6/17/2024 3:41 PM; Submission: 6/17/2024 3:41 PM
**Envelope: 16870699**



**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**

401 Bosley Avenue, P.O. Box 6754, Towson, MD, 21285-6754

**To:** ROBERT SCOTT  BRENNEN
MILES & STOCKBRIDGE, P.C.
100 LIGHT STREET
BALTIMORE, MD 21202-1487

|  |  |
|---|---|
| Case Number: | C-03-CV-24-002264 |
| Other Reference Number(s): | |

**OHANA GROWTH PARTNERS, LLC VS. RYAN DILLON-CAPPS**

Date: 6/17/2024

## NOTICE OF HEARING/TRIAL

Please be advised that the following events have been scheduled in this case:

| Date | Time | Type of Proceeding |
|---|---|---|
| June 26, 2024 | 09:00AM | Hearing - Injunction |

Remarks:   2 HOURS PRELIMINARY INJUNCTION

Any postponement request must be filed in accordance with MD Rule 2-508 and addressed to the court address above.

Attorneys/parties shall notify this court immediately when a case settles before a scheduled event.

M&S Attachments          Page # 1 of 1          Exhibit 165-0618

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **FILE NO.: C-03-CV-24-002264** |

## PETITION TO SHOW CAUSE AND FOR CONSTRUCTIVE CIVIL CONTEMPT

Plaintiff, Ohana Growth Partners, LLC. ("Plaintiff" or the "Ohana"), by its undersigned attorneys, and pursuant to Maryland Rule 15-206, hereby moves this Honorable Court to require Ryan Dillon-Capps ("Dillon-Capps" or "Defendant") (they/them) to appear before this Court and show cause why they should not be held in constructive civil contempt for knowingly violating this Court's Temporary Restraining Order entered June 17, 2024. In support of its Petition, Ohana states as follows:

1.      At 12:18 p.m. on June 14, 2024, Ohana filed a Complaint alleging that Defendant breached their duties as Ohana's employee, specifically refusing to provide Global Administrator rights to Ohana's software systems and Internet domain name registrations to Ohana's officers and designees. Instead, Defendant eliminated all Global Administrator rights other than those they possessed.

2.      Contemporaneously with the filing of the Complaint, Ohana filed a Motion for a Temporary Restraining Order ("TRO") requiring Defendant to (1) provide Global Administrative Rights for Ohana's Microsoft 365 Account to Phil Leadore of Hartman Executive Advisors and cease and desist the use of any of access to or use of Ohana's Microsoft 365 Account and related applications, including Ohana's email systems; and (2) Provide Administrative Rights for Ohana's GoDaddy Account to Phil Leadore of Hartman Executive

1

Advisors and cease and desist of the use of any of access to or use of Ohana's GoDaddy Account and related Internet domain name registrations.

3.     At 11:49 a.m. on June 14, 2024 Ohana's counsel transmitted copies of the subsequently filed Complaint, Motion for TRO and other papers to Defendant. The email advised of Ohana's intention to seek Court action on the Motion for TRO as soon as possible.

4.     On June 17, 2024 at 10:50 a.m., the Court (De Simone, J.) granted the Motion for a TRO. A hearing on a Preliminary Injunction was set for June 26, 2024 at 9:00 a.m.

5.     At 11:06 a.m. the TRO was docketed.

6.     At 11:24 a.m., Defendant was personally served with hard copies of the Complaint, Summons, and Motion for TRO.

7.     At 11:51 a.m., Ohana's counsel emailed Defendant with a copy of the TRO signed by the Court and docketed.

8.     At 2:45 p.m., Ohana posted the $1 bond required to effectuate the TRO.

9.     At 6:41 p.m., Defendant emailed Phil Leadore asking him to confirm that he was still interested in receiving administrative access, even though the TRO expressly directed them to provide Leadore access.

10.     At 9:59 p.m., Defendant emailed Ohana's counsel requesting guidance for how they should comply with the TRO.

11.     On June 18, 2024, at 8:39 a.m., Ohana's counsel forwarded the Court's Order setting the June 26, 2024 hearing for Preliminary Injunction and providing detailed directions on what Defendant must do to comply with the TRO, and further advising Defendant that their failure to comply by 12 P.M. will result in Ohana pursuing a finding of contempt.

12.     At 1:12 p.m. Plaintiff's counsel emailed Defendant that, in light of their non-compliance, Ohana is proceeding with efforts to hold Defendant in contempt.

13.     At 1:26 p.m., Defendant emailed Ohana's counsel asserting that the TRO asks them take "illegal action."

14.     Specifically, they allege that the TRO contemplates a violation of the "PCI Data Security Standard" ("PCI DSS"). PCI DSS was developed to encourage and enhance payment account data security and facilitate the broad adoption of consistent data security measures globally. PCI DSS provides a baseline of technical and operational requirements designed to protect account data. However, PCI is not a federal, state, or local law. See https://www.pcisecuritystandards.org/about_us/. The PCI DSS is maintained by the Payment card Industry Security Standards Council, an independent entity established by the major card brands in 2006. The U.S. government is not involved, is not responsible, nor maintains enforcement mechanism associated with PCI. Rather, this is payment card industry self-regulation that is enforced via **contracted** services between merchants and acquiring banks and processors. Failure to meet PCI obligations imposes contract-based penalties that can include fines, penalties, and suspension or termination of payment card processing services. Thus, the PCI DSS provides no legal basis for Defendant's refusal to comply with the TRO.

15.     Notably, Defendant does not dispute that:

a.  On May 20, 2024, without authorization from Norris or other senior executives, Defendant severed and discontinued all administrative access to the Ohana MS 365 Account that had been held by other Ohana employees, as well as the Global Admin rights provided to Ryan Brooks, Ohana's contractor;

b.  Ohana management immediately and strongly objected to Defendant's unilateral action, and starting the next day, May 21, 2024, and in at least six subsequent separate written directives from May 21 to May 29, 2024, management ordered Defendant to instate Ohana officers and Brooks with administrative rights for Ohana's account. These directives were being sent to Defendant weeks before their most recent request on June 13, 2024 for leave under the Family and Medical Leave Act ("FMLA"). Defendant has utilized FMLA leave, which is their right, periodically since January 2024;

c.  For weeks, they have been directed in writing to provide full administrative rights to Justin Drummond, Ohana's President, to Victor Brick, Ohana's CEO, and to Norris, the CFO, in addition to Mr. Brooks;

d.  They have been directed in writing to provide full administrative rights to Phil Leadore, which Ohana engaged to assist with IT matters; and

e.  They took action to lock Richard Hartman, Ohana's Vice President of Human Resources, out of his Ohana company email account and his Microsoft Teams account, right after Defendant received the notice from Mr. Hartman that they were suspended from employment.

16.  Defendant's use of FMLA is not a legal basis for their failure to comply with the Company's previous directives or this Court's Order. In fact, Defendant fails to identify any legal basis for their refusal to comply with the TRO.

17.  Moreover, Defendant's conduct is a violation of criminal law. Ohana is prepared to seek prosecution under MD. CODE ANN., CRIM. LAW., §7-302(C) should Defendant continue to act in direct dereliction of the TRO and their duties as an employee of Ohana.

4

18.     Pursuant to Rule 15-206(c)(1), Ohana, through its counsel, expressly states that it does not request incarceration of Defendant at this time.

WHEREFORE, for the foregoing reasons, Ohana requests entry of an Order:

A.     Directing Defendant to personally appear in open court to show cause as to why they should not be held in contempt of this Court's June 17, 2024 TRO.

B.     Requiring that, pursuant to Rule 15-206(d), a copy of this Petition for Civil Contempt and the Court's Order regarding the same be served on Defendant via email and first-class mail, postage prepaid to their addresses of record in this matter;

C.     Directing that, pursuant to Rule 15-206(c)(2)(A), the alleged contemnor, Ryan Dillon-Capps, file an answer to this Petition for Constructive Civil Contempt within ten (10) days[1] of the service of the Court's Order;

D.     Requiring Defendant to immediately comply with the TRO;

E.     Awarding Ohana its reasonable attorneys' fees and costs incurred in preparing and prosecuting this Petition in an amount to be determined after the Court's ruling on entitlement to costs and attorney's fees; and

F.     Any such other relief as justice and the nature of its cause may require.


June 20, 2024                                  Respectfully submitted,

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)
e-mail: RBrennen@milesstockbridge.com
Stephen D. Frenkil (AIS # 7712010110)
e-mail: SFrenkil@milesstockbridge.com
Victoria K. Hoffberger (AIS # 1912170195)
e-mail: VHoffberger@milesstockbridge.com
MILES & STOCKBRIDGE P.C.

---

[1] There is a Preliminary Injunction hearing scheduled for June 26, 2024. While less than ten (10) days from the date of this filing, in order to promote judicial efficiency, Ohana requests that Dillon-Capps show cause as to why they should not be held in contempt at this hearing.

119447\000004\4867-4205-1017.v2

100 Light Street
Baltimore, Maryland 21202
Telephone:     (410) 727-6464
Facsimile:     (410) 385-3700

*Counsel for Plaintiff Ohana Growth Partners, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 20, 2024, a copy of the **Petition to Show Cause and for Constructive Civil Contempt** was sent via email to ryan@mxt3.com and served on via first-class mail, postage prepaid on:

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)

119447\000004\4867-4205-1017.v2

| OHANA GROWTH PARTNERS, LLC | IN THE |
|---|---|
| *Plaintiff*, | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | FILE NO.: C-03-CV-24-002264 |

## <u>ORDER TO APPEAR AND SHOW CAUSE</u>

Upon consideration of Ohana's Petition for Show Cause Order and Constructive Civil Contempt, and for good cause shown, it is this _____ day of _____, 2024, hereby:

ORDERED that the Petition be, and hereby is, GRANTED; and it is further

ORDERED that Ohana shall appear before the Circuit Court for Baltimore County, Maryland on the _____ day of June, 2024, at ____ a.m./p.m. for a hearing at which Ryan Dillon-Capps shall show cause why they should not be held in contempt of this Court's June 17, 2024 Temporary Restraining Order.

_____
Judge, Circuit Court for Baltimore County

119447\000004\4867-4205-1017.v2

# Case # C-03-CV-24-002264 - Ohana Growth Partners, LLC vs. Ryan

## Envelope Information

**Envelope Id**
16909122

**Submitted Date**
6/20/2024 12:24 PM EST

**Submitted User Name**
rbrennen@milesstockbridge.com

## Case Information

**Location**
Baltimore County Circuit Court

**Category**
Civil

**Case Type**
Injunction

**Case Initiation Date**
6/14/2024

**Case #**
C-03-CV-24-002264

## Filings

**Filing Type**
EFileAndServe

**Filing Code**
Petition for Contempt/Enforcement

**Filing Description**
Petition to Show Cause and For
Constructive Civil Contempt

**Client Reference Number**
119447-4

**Courtesy Copies**
kjedwards@milesstockbridge.com

**Filing Status**
Submitted

### Lead Document

| File Name | Description | Security | Download |
|---|---|---|---|
| Petition to Show Cause and for Contempt.pdf | Petition for Contempt/Enforcement | | Original File |

## eService Details

| Status | Name | Firm | Served | Date Opened |
|---|---|---|---|---|
| ⟳ **Support** | S. Brennen | Miles & Stockbridge P.C. | Yes | Not Opened |
| | Steven D. Frenkil | Miles & Stockbridge P.C. | Yes | 6/20/2024 12:27 PM EST |

| Status | Name | Firm | Served | Date Opened |
|--------|------|------|--------|-------------|
| Sent | Victoria Klein | Miles & Stockbridge P.C. | Yes | Not Opened |
| Sent | Kim Edwards | Miles & Stockbridge P.C. | Yes | Not Opened |

| **Filing Type** | **Filing Code** |
|-----------------|-----------------|
| EFileAndServe | Proposed Order / Decree |

**Filing Description**
Proposed Order

**Client Reference Number**
119447-4

**Courtesy Copies**
kjedwards@milesstockbridge.com

**Filing Status**
Submitted

## Lead Document

| File Name | Description | Security | Download |
|-----------|-------------|----------|----------|
| Proposed Order.pdf | Proposed Order / Decree | | Original File |

## eService Details

| Status | Name | Firm | Served | Date Opened |
|--------|------|------|--------|-------------|
| Sent | Steven D. Frenkil | Miles & Stockbridge P.C. | Yes | 6/20/2024 12:27 PM EST |
| Sent | Victoria Klein | Miles & Stockbridge P.C. | Yes | Not Opened |
| Sent | Robert S. Brennen | Miles & Stockbridge P.C. | Yes | Not Opened |
| Sent | Kim Edwards | Miles & Stockbridge P.C. | Yes | Not Opened |

## Parties with No eService

| Name | Address |
|------|---------|
| Ryan Dillon-Capps | 1334 Maple Avenue Essex Maryland 21221 |

## Fees

## Petition for Contempt/Enforcement

| Description | Amount |
|---|---|
| Filing Fee | $31.00 |

**Filing Total: $31.00**

## Proposed Order / Decree

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |

**Filing Total: $0.00**

---

| Total Filing Fee | $31.00 |
|---|---|
| Payment Service Fee | $1.08 |

**Envelope Total: $32.08**

| **Transaction Amount** | $32.08 | | |
|---|---|---|---|
| **Transaction Id** | 23341839 | | |
| **Filing Attorney** | Robert Brennen | **Order Id** | 016909122-0 |
| **Transaction Response** | Authorized | | |

© 2024 Tyler Technologies
Version: 2022.0.3.9946

Re: Case No. C-03-CV-244-002264
Baltimore County Circuit Court
TRO and Preliminary Injunction
Ohana Growth Partners



Dear Judge,
        ↳ Truffer

I am writing to bring to your attention urgent matters concerning my current legal situation and request immediate judicial intervention regarding a Temporary Restraining Order (TRO) and Preliminary Injunction that conflicts with legal and compliance obligations.

I have been dealing with significant issues related to my employment with Ohana Growth Partners, which have been exacerbated by recent events. I had secured three strong referrals for legal assistance, but they conflicted. I was starting the process to work with the fourth referral, but I found out at midnight that they couldn't help me due to a family bereavement and a pre-scheduled conference. Consequently, they refunded my retainer, leaving me without legal representation at a critical time.

Currently, I am facing a situation where compliance with the TRO and Preliminary Injunction would require me to violate PCI compliance standards, thereby putting me in a position where I must choose between violating federal compliance requirements or being held in contempt of court. The opposing counsel has informed me that I must comply by noon today, June 18, 2024. I read this demand at about a quarter to 11, which eventually led me to write this letter and rush to the courthouse.

On June 13, 2024, at 7:12 AM, I notified the CFO, Head of HR, and President of Ohana Growth Partners that I was commencing my FMLA leave due to PTSD. My FMLA status was last confirmed and validated by the HR Generalist on May 23, 2024. Despite this, at 9:01 AM on the same day, I received a demand letter requiring me to return to work and I had 6 hours to do it--- or else. In response, I issued a cease and desist letter, which is included in petitioner Exhibit B, clarifying that the cease and desist pertained to my right to FMLA leave.

The basis for my suspension, as claimed by my employer, consists of two parts:

1. They misconstrued my cease and desist letter as a refusal to comply with work demands, despite its clear reference to FMLA leave.
2. They demanded that I grant Global Administrator access, which would be a violation of PCI compliance. The company failed to inform the court of this crucial compliance issue and the proactive measures I had taken to grant access to the President under PCI compliance guidelines.

I have over 25 years of experience in IT and am responsible for ensuring PCI compliance within the organization. Granting Global Administrator access without ensuring compliance would be a serious violation of these standards. Despite providing several alternatives and options to my

employer, they have persisted in demanding actions that would compromise compliance and security.

Furthermore, the company has engaged in retaliatory actions, including placing my IT Coordinator on administrative leave shortly after receiving the cease and desist letter. This retaliation appears to be in direct response to my assertion of FMLA rights.

Due to these pressing issues and the sudden unavailability of my legal counsel, I am seeking immediate judicial relief to address the following:

1. Clarification and potential modification of the TRO and Preliminary Injunction to ensure compliance with PCI standards without subjecting me to contempt of court.
2. Protection against retaliation for exercising my FMLA rights.
3. Adequate time to secure new legal representation to address these urgent matters.

All supporting documentation and communications are available to substantiate my claims. I printed out as many as I could before rushing over here today.

Thank you for your prompt attention to this matter.

With gratitude and appreciation,
Ryan Wagner
ryan@mxt3.com
1334 Maple Ave
Essex MD
21221

**DENIED**

The court has reviewed the Defendant's correspondence and will view it as a request, pursuant to Md. Rule 15-504(f) to dissolve or modify the 6.17.2014 TRO. The correspondence does not provide sufficient specificity to permit the court to modify the TRO at this time. The court will consider the Defendant's requests at the hearing scheduled for 6.26.2024.

06/21/2024 11:40:18 AM

Judge Keith R. Truffer

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **FILE NO.: C-03-CV-24-002264** |

### ORDER TO APPEAR AND SHOW CAUSE

Upon consideration of Ohana's Petition for Show Cause Order and Constructive Civil Contempt, and for good cause shown, it is this    21st of June, 2024

ORDERED that the Petition be, and hereby is, GRANTED; and it is further

ORDERED that Ohana shall appear before the Circuit Court for Baltimore County, Maryland on the 26th day of June, 2024, at  9  a.m.     for a hearing at which Ryan Dillon-Capps shall show cause why they should not be held in contempt of this Court's June 17, 2024 Temporary Restraining Order.

_____

Judge Keith R. Truffer

7

119447\000004\4867-4205-1017.v2

| OHANA GROWTH PARTNERS, LLC | IN THE |
|---|---|
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | FILE NO.: C-03-CV-24-002264 |

### LINE REGARDING AFFIDAVIT OF RANDALL J. ROMES
### FILED IN SUPPORT OF PLAINTIFF'S PENDING MOTION FOR PRELIMINARY
### INJUNCTION AND PETITION FOR CONSTRUCTIVE CIVIL CONTEMPT

Plaintiff, Ohana Growth Partners, LLC, through its attorneys, hereby submits the attached Affidavit of Randall J. Romes in further support of Plaintiff's Motion for Preliminary Injunction and Plaintiff's Petition to Show Cause and for Constructive Civil Contempt.

June 25, 2024

Respectfully submitted,

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)
e-mail: RBrennen@milestockbridge.com
Stephen D. Frenkil (AIS # 7712010110)
e-mail: SFrenkil@milesstockbridge.com
Victoria K. Hoffberger (AIS # 1912170195)
e-mail: VHoffberger@milesstockbridge.com
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Telephone:     (410) 727-6464
Facsimile:      (410) 385-3700

*Counsel for Plaintiff Ohana Growth
Partners, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 25, 2024, a copy of the foregoing Line and the

attached Affidavit of Randall J. Romes was sent via email to ryan@mxt3.com and served on via

first-class mail, postage prepaid on:

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)

2

| OHANA GROWTH PARTNERS, LLC | IN THE |
| --- | --- |
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | FILE NO.: C-03-CV-24-002264 |

## AFFIDAVIT OF RANDALL ROMES

I, RANDALL ROMES, being over the age of eighteen (18) and competent to testify, and having personal knowledge of the facts contained herein, state as follows:

1.     I am a Principal with Clifton Larson Allen LLP ("CLA"), a consulting firm with 120 locations across the United States.   CLA is a network member of CLA Global, an international organization of independent accounting and advisory firms.

2.     Since 1999 I have led the cybersecurity consulting practice at CLA performing and leading cybersecurity risk assessments and penetration testing, assisting clients in responding to intrusions and breaches, and advising clients on mitigating cybersecurity risks and improving IT operations. Attached as **Exhibit A** hereto is a copy of biographical information describing my education history, experience and certifications.

3.     One of my areas of training, experience and expertise is of the "PCI Data Security Standard" ("PCI DSS"). In 2010, after completing the mandatory training and exam, I obtained certification as a PCI-QSA (Payment Card Industry – Qualified Security Assessor). Every year since then I have completed mandatory training completed an exam to maintain that certification.

4.     The PCI DSS is maintained by the Payment card Industry Security Standards Council, an independent entity established by the major card brands in 2006. PCI DSS was developed by the credit card industry to encourage and enhance the security payment and

account data generated in connection with credit card transactions and to facilitate the broad adoption of consistent data security measures globally. The standards are enforced via contracted services between merchants and acquiring banks and processors. Failure to meet PCI obligations can result in credit card companies imposing contract-based penalties that can include fines, penalties, and suspension or termination of payment card processing services.

5.     I have read the Motion for Temporary Restraining Order and Preliminary Injunction filed by Plaintiff Ohana Growth Partners, LLC ("Ohana") in the above-captioned matter, as well as the Memorandum of Law filed in support of that Motion and the exhibits thereto. Based upon those documents it is my understanding that Defendant Dillon-Capps has refused direct instructions from his supervisor and senior management of Ohana to grant Global Admin rights for Ohana' Microsoft 365 Account to Ryan Brooks and Phil Leadore, two IT consultants retained by Ohana. I further understand that the stated basis for Defendant Dillon-Capps refusal has been that (a) Messrs. Brooks and Leadore lack PCI DSS qualifications, including certification as a PCI-QSA; and (b) Defendant Dillon-Capps would violate the PSI DSS if Defendant Dillon-Capps granted such admin rights to either Mr. Brooks or Mr. Leadore.

6.     I have also reviewed the Court's Temporary Restraining Order entered on June 17, 2024 (the "TRO"). The TRO ordered Defendant Dillon-Capps to:

A. Provide Global Administrative Rights for Ohana's Microsoft 365 Account to Phil Leadore of Hartman Executive Advisors and cease and desist the use of any of access to or use of Ohana's Microsoft 365 Account and related applications, including Ohana's email systems.

B. Provide Administrative Rights for Ohana's GoDaddy Account to Phil Leadore of Hartman Executive Advisors and cease and desist the use of any of access to or use of Ohana's GoDaddy Account and related Internet domain name registrations.

119447\000004\4859-9398-8811.v1

7.     I further understand that Defendant Dillon-Capps has refused to comply with the TRO. I have reviewed Defendant Ryan Dillon-Capps letter to the Court dated June 18, 2024. In the letter Defendant Dillon-Capps states, among other things:

- "[C]ompliance with the TRO and Preliminary Injunction would require me to violate PCI compliance standards, thereby putting me in a position in which I must choose between violating federal compliance requirements or being held in contempt of court."

- "They [Ohana] demanded that I grant Global Administrator access, which would be a violation of PCI compliance."

- "Granting Global Administrator access without ensuring compliance would be a serious violation of the standards."

8.     Defendant Dillon-Capps has not identified any specific PCI DSS requirement that would be violated in the event that either Mr. Brooks or Mr. Leadore were granted Global Admin access to Ohana's Microsoft 365 Account and there is no such requirement. Thus, Defendant Dillon-Capps could have provided Global Admin access to Ohana's Microsoft 365 Account to either Mr. Brooks or Mr. Leadore without violating the PCI DSS.

9.     Defendant Dillon-Capps has not identified any specific PCI DSS requirement that would be violated in the event that either Mr, Brooks or Mr. Leadore was provided Administrative Rights for Ohana's GoDaddy Account and there is no such requirement. Thus, Defendant Dillon-Capps could have provided Administrative Rights to Ohana's GoDaddy Account to either Mr. Brooks or Mr. Leadore without violating the PCI DSS.

10.     Neither the U.S. government nor any state or local government is involved in, is responsible for, or maintains enforcement mechanism associated with PCI. DSS. The PCI DSS is not a federal, state, or local law or regulation.   Thus, there is no "federal compliance requirement" associated with the PCI DSS as asserted by Defendant Dillon-Capps.

119447\000004\4859-9398-8811.v1

11.     "Global Admin" rights to an MS 365 Account allows "almost unlimited access to [an] organization's settings and most of its data." Because "[a] Global Admin may inadvertently lock their account and require a password reset, . . .[Microsoft] recommend[s] [Ohana] have at least either one more Global Admin." *See* https://learn.microsoft.com/en-us/microsoft-365/admin/add-users/about-admin-roles?view=o365-worldwide Additionally, in order to reduce the risk of a denial of service it is important that more than one person have full administrative right in case one person holding them is unavailable, that person's account is hacked or compromised by outside actors, or as in this case, refuses to cooperate with company directives regarding the IT system owned by the company.

12.     Without administrative rights to the Ohana Microsoft 365 account, Ohana is unable to manage any of its Microsoft 365 software applications and related data. So long as Dillon-Capps continues to hold exclusive Global Admin rights to the Ohana MS 365 Account, and by extension Ohana's employee email accounts and data, those accounts and data are vulnerable to disruption, corruption, or destruction by Dillon-Capps. So long as Dillon-Capps continues to hold exclusive administrative control over the Ohana GoDaddy Account, the direction of Ohana's registered domain names to Ohana's company email and websites are at risk.

13.     I have reviewed Defendant Dillon-Capps' email to attorney Robert Brennen on Monday, June 17, 2024 at 9:590 PM in which Defendant asks: "Can someone elaborate on how to comply with the order to give access to Mr. Leadore. Logistically speaking, with sincerity, can someone provide a breakdown of how this would occur?" I have also reviewed attorney Brennen's email to Defendant Dillon-Capps on Tuesday, June 18, 2024 at 8:39 AM in which attorney Brennen outlined the following steps:

4

1. Create an account in Ohana's Microsoft 365 tenant, pleadore@ohanagp.com. Add the account into the Global Administrators group and send the password to pleadore@hartmanadvisors.com via a secure email. If you do not have access to send a secure email, you should send the password to me via text at 443-956-6458.

2. Provide pleadore@ohanagp.com with owner level rights to all Azure subscription plans.

3. Provide the root level administrator account password in GoDaddy to pleadore@hartmanadvisors.com via a secure email. If you do not have access to send a secure email, you should send the password to me via text at 443-956-6458. You should remove all multi-factor authentication apps, phone numbers, and/or email addresses associated with the root account.

4. Once accounts have been created in Ohana's Microsoft 365 tenant and the root level password provided for the GoDaddy account, refrain from accessing or making configuration changes to their Microsoft 365 and GoDaddy accounts.

It is my opinion to a reasonable degree of professional certainty that a knowledgeable and experienced system administrator that is in and out of those different systems regularly could accomplish all four of those steps within an hour, give or take a few minutes, and that a system administrator who is not routinely in these systems performing administrative level activities, and/or routinely changing the administrative user rights/changing multifactor settings regularly could accomplish all four of those steps within two hours, give or take a few minutes.

14.    For the reasons set forth above it is my opinion to a reasonable degree of professional certainty that there is no basis for Defendant Dillon-Capps assertions that the PCI DSS prevented him from complying with Ohana's directives to grant to Mr. Brooks and Mr. Leadore Global Admin rights to the Ohana's Microsoft 365 Account.

15.    For the reasons set forth above it is my opinion to a reasonable degree of professional certainty that there is no basis for Defendant Dillon-Capps assertions that his compliance with the TRO by granting Mr. Leadore Global Admin rights to Ohana's Microsoft 365 Account and Administrative Rights to Ohana's GoDaddy Account would violate the PCI DSS or any "federal compliance requirement" associated with the PCI DSS.

5

16.     I have reviewed the proposed Order Granting Preliminary Injunction prepared by Ohana and for the reasons set forth above it is my opinion to a reasonable degree of professional certainty that Defendant Dillon-Capps compliance with that Order, if entered by the Court, will not result in the violation of the PCI DSS.

**I SOLEMNLY DECLARE AND AFFIRM UNDER PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE THAT THE CONTENTS OF THE FOREGOING PAPER AND EXHIBITS THERETO ARE TRUE.**

Date: June 25, 2024

_____
Randall Romes

**Randy Romes, CISSP, CRISC, CISA, MCP, PCI-QSA**

**Principal, CliftonLarsonAllen LLP**



Randy is a Principal and founding member of the Cybersecurity Consulting team at CLA. Randy leads a team of technology and industry specialists providing IT audits and security assessments for clients in a wide range of industries and diverse operating environments and has provided independent security assessments and IT audits for financial institutions, retail, health care and life sciences, non-profits, and state and local government for over 25 years. He is responsible for the continuing development of the open-source, *nix, and Windows applications used in all the security audits, and he leads the firms PCI-QSA audit practice.

Randy has been an instructor of IT and Cybersecurity Risk Management at the CUNA Management School at the University of Wisconsin – Madison, the Graduate School of Banking at the University of Colorado in Boulder, ACUIA national and regional meetings, a variety of State Government Finance Officers Associations, numerous Leading Age national and state conferences, and the Minnesota Government IT Symposium.  Randy is frequent speaker at national conferences and training events.

Randy has been a consultant at CLA for twenty-seven years and brings a strong background in computer technology, physics and education. He is a Certified Information Systems Security Professional (CISSP), a Certified in Risk and Information System Controls (CRISC) professional, a Certified Information Systems Auditor (CISA), a PCI-Qualified Security Assessor (PCI-QSA), and he has multiple Microsoft Certified Professional (MCP) certifications.  He has a master's degree in educational technology from the University of Saint Thomas, and a Bachelor of Science degree in education from the University of Wisconsin – Madison.

# Case # C-03-CV-24-002264 - Ohana Growth Partners, LLC vs. Ryan

## Envelope Information

**Envelope Id**
16968860

**Submitted Date**
6/25/2024 11:33 AM EST

**Submitted User Name**
rbrennen@milesstockbridge.com

## Case Information

**Location**
Baltimore County Circuit Court

**Category**
Civil

**Case Type**
Injunction

**Case Initiation Date**
6/14/2024

**Case #**
C-03-CV-24-002264

## Filings

**Filing Type**
EFileAndServe

**Filing Code**
Line

**Filing Description**
Line Regarding Affidavit of Randall J.
Romes Filed in Support of Plaintiff's
Pending Motion for Preliminary Injunction
and Petition for Constructive Civil
Contempt

**Client Reference Number**
119447-4

**Courtesy Copies**
kjedwards@milesstockbridge.com

**Filing Status**
Submitting

## Lead Document

| File Name | Description | Security | Download |
| --- | --- | --- | --- |
| Line re Filing Romes Affidavit.pdf | Line | | Original File |

## eService Details

 **Support**

M&S Attachments                          Page # 10 of 24                          Exhibit 165-0625

| Status | Name | Firm | Served | Date Opened |
|--------|------|------|--------|-------------|
| Not Sent | Robert S. Brennen | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Steven D. Frenkil | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Victoria Klein | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Kim Edwards | Miles & Stockbridge P.C. | No | Not Opened |

**Filing Type**
EFileAndServe

**Filing Code**
Affidavit

**Filing Description**
Affidavit of Randall J. Romes

**Client Reference Number**
119447-4

**Courtesy Copies**
kjedwards@milesstockbridge.com

**Filing Status**
Submitting

## Lead Document

| File Name | Description | Security | Download |
|-----------|-------------|----------|----------|
| 2024-06-25 Affidavit of Randall Romes with Exh A - signed.pdf | Affidavit of Randall J. Romes | | Original File |

## eService Details

| Status | Name | Firm | Served | Date Opened |
|--------|------|------|--------|-------------|
| Not Sent | Steven D. Frenkil | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Victoria Klein | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Robert S. Brennen | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Kim Edwards | Miles & Stockbridge P.C. | No | Not Opened |

## Parties with No eService

| Name | Address |
|------|---------|

Ryan Dillon-Capps                    1334 Maple Avenue Essex Maryland
                                     21221

**Name**                             **Address**
Ryan Wagner                          1334 Maple Ave Essex Maryland 21221

# Fees

---

### Line

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |
| | **Filing Total: $0.00** |

### Affidavit

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |
| | **Filing Total: $0.00** |

---

| Total Filing Fee | $0.00 |
|---|---|
| | **Envelope Total: $0.00** |

| | | |
|---|---|---|
| **Transaction Amount** | $0.00 | |
| **Transaction Id** | 23424720 | |
| **Filing Attorney** | Robert Brennen | **Order Id** |
| **Transaction Response** | Authorized | |

© 2024 Tyler Technologies
Version: 2022.0.3.9946

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **FILE NO.:** C-03-CV-24-002264 |

**LINE REGARDING AFFIDAVIT OF RANDALL J. ROMES
FILED IN SUPPORT OF PLAINTIFF'S PENDING MOTION FOR PRELIMINARY
INJUNCTION AND PETITION FOR CONSTRUCTIVE CIVIL CONTEMPT**

Plaintiff, Ohana Growth Partners, LLC, through its attorneys, hereby submits the attached

Affidavit of Randall J. Romes in further support of Plaintiff's Motion for Preliminary Injunction

and Plaintiff's Petition to Show Cause and for Constructive Civil Contempt.

June 25, 2024

Respectfully submitted,

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)
e-mail: RBrennen@milestockbridge.com
Stephen D. Frenkil (AIS # 7712010110)
e-mail: SFrenkil@milesstockbridge.com
Victoria K. Hoffberger (AIS # 1912170195)
e-mail: VHoffberger@milesstockbridge.com
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Telephone:     (410) 727-6464
Facsimile:     (410) 385-3700

*Counsel for Plaintiff Ohana Growth
Partners, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 25, 2024, a copy of the foregoing Line and the

attached Affidavit of Randall J. Romes was sent via email to ryan@mxt3.com and served on via

first-class mail, postage prepaid on:

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

_/s/ Robert S. Brennen_
Robert S. Brennen (AIS # 8712010068)

2

| OHANA GROWTH PARTNERS, LLC | IN THE |
| --- | --- |
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | FILE NO.: C-03-CV-24-002264 |

## AFFIDAVIT OF RANDALL ROMES

I, RANDALL ROMES, being over the age of eighteen (18) and competent to testify, and having personal knowledge of the facts contained herein, state as follows:

1.      I am a Principal with Clifton Larson Allen LLP ("CLA"), a consulting firm with 120 locations across the United States.   CLA is a network member of CLA Global, an international organization of independent accounting and advisory firms.

2.      Since 1999 I have led the cybersecurity consulting practice at CLA performing and leading cybersecurity risk assessments and penetration testing, assisting clients in responding to intrusions and breaches, and advising clients on mitigating cybersecurity risks and improving IT operations. Attached as **Exhibit A** hereto is a copy of biographical information describing my education history, experience and certifications.

3.      One of my areas of training, experience and expertise is of the "PCI Data Security Standard" ("PCI DSS"). In 2010, after completing the mandatory training and exam, I obtained certification as a PCI-QSA (Payment Card Industry – Qualified Security Assessor). Every year since then I have completed mandatory training completed an exam to maintain that certification.

4.      The PCI DSS is maintained by the Payment card Industry Security Standards Council, an independent entity established by the major card brands in 2006. PCI DSS was developed by the credit card industry to encourage and enhance the security payment and

account data generated in connection with credit card transactions and to facilitate the broad adoption of consistent data security measures globally. The standards are enforced via contracted services between merchants and acquiring banks and processors. Failure to meet PCI obligations can result in credit card companies imposing contract-based penalties that can include fines, penalties, and suspension or termination of payment card processing services.

5.      I have read the Motion for Temporary Restraining Order and Preliminary Injunction filed by Plaintiff Ohana Growth Partners, LLC ("Ohana") in the above-captioned matter, as well as the Memorandum of Law filed in support of that Motion and the exhibits thereto. Based upon those documents it is my understanding that Defendant Dillon-Capps has refused direct instructions from his supervisor and senior management of Ohana to grant Global Admin rights for Ohana' Microsoft 365 Account to Ryan Brooks and Phil Leadore, two IT consultants retained by Ohana. I further understand that the stated basis for Defendant Dillon-Capps refusal has been that (a) Messrs. Brooks and Leadore lack PCI DSS qualifications, including certification as a PCI-QSA; and (b) Defendant Dillon-Capps would violate the PSI DSS if Defendant Dillon-Capps granted such admin rights to either Mr. Brooks or Mr. Leadore.

6.      I have also reviewed the Court's Temporary Restraining Order entered on June 17, 2024 (the "TRO"). The TRO ordered Defendant Dillon-Capps to:

A. Provide Global Administrative Rights for Ohana's Microsoft 365 Account to Phil Leadore of Hartman Executive Advisors and cease and desist the use of any of access to or use of Ohana's Microsoft 365 Account and related applications, including Ohana's email systems.

B. Provide Administrative Rights for Ohana's GoDaddy Account to Phil Leadore of Hartman Executive Advisors and cease and desist the use of any of access to or use of Ohana's GoDaddy Account and related Internet domain name registrations.

119447\000004\4859-9398-8811.v1

7.     I further understand that Defendant Dillon-Capps has refused to comply with the TRO. I have reviewed Defendant Ryan Dillon-Capps letter to the Court dated June 18, 2024. In the letter Defendant Dillon-Capps states, among other things:

- "[C]ompliance with the TRO and Preliminary Injunction would require me to violate PCI compliance standards, thereby putting me in a position in which I must choose between violating federal compliance requirements or being held in contempt of court."

- "They [Ohana] demanded that I grant Global Administrator access, which would be a violation of PCI compliance."

- "Granting Global Administrator access without ensuring compliance would be a serious violation of the standards."

8.     Defendant Dillon-Capps has not identified any specific PCI DSS requirement that would be violated in the event that either Mr. Brooks or Mr. Leadore were granted Global Admin access to Ohana's Microsoft 365 Account and there is no such requirement. Thus, Defendant Dillon-Capps could have provided Global Admin access to Ohana's Microsoft 365 Account to either Mr. Brooks or Mr. Leadore without violating the PCI DSS.

9.     Defendant Dillon-Capps has not identified any specific PCI DSS requirement that would be violated in the event that either Mr, Brooks or Mr. Leadore was provided Administrative Rights for Ohana's GoDaddy Account and there is no such requirement. Thus, Defendant Dillon-Capps could have provided Administrative Rights to Ohana's GoDaddy Account to either Mr. Brooks or Mr. Leadore without violating the PCI DSS.

10.     Neither the U.S. government nor any state or local government is involved in, is responsible for, or maintains enforcement mechanism associated with PCI. DSS. The PCI DSS is not a federal, state, or local law or regulation.   Thus, there is no "federal compliance requirement" associated with the PCI DSS as asserted by Defendant Dillon-Capps.

119447\000004\4859-9398-8811.v1

11.  "Global Admin" rights to an MS 365 Account allows "almost unlimited access to [an] organization's settings and most of its data." Because "[a] Global Admin may inadvertently lock their account and require a password reset, . . .[Microsoft] recommend[s] [Ohana] have at least either one more Global Admin." *See* https://learn.microsoft.com/en-us/microsoft-365/admin/add-users/about-admin-roles?view=o365-worldwide Additionally, in order to reduce the risk of a denial of service it is important that more than one person have full administrative right in case one person holding them is unavailable, that person's account is hacked or compromised by outside actors, or as in this case, refuses to cooperate with company directives regarding the IT system owned by the company.

12.  Without administrative rights to the Ohana Microsoft 365 account, Ohana is unable to manage any of its Microsoft 365 software applications and related data. So long as Dillon-Capps continues to hold exclusive Global Admin rights to the Ohana MS 365 Account, and by extension Ohana's employee email accounts and data, those accounts and data are vulnerable to disruption, corruption, or destruction by Dillon-Capps. So long as Dillon-Capps continues to hold exclusive administrative control over the Ohana GoDaddy Account, the direction of Ohana's registered domain names to Ohana's company email and websites are at risk.

13.  I have reviewed Defendant Dillon-Capps' email to attorney Robert Brennen on Monday, June 17, 2024 at 9:590 PM in which Defendant asks: "Can someone elaborate on how to comply with the order to give access to Mr. Leadore. Logistically speaking, with sincerity, can someone provide a breakdown of how this would occur?" I have also reviewed attorney Brennen's email to Defendant Dillon-Capps on Tuesday, June 18, 2024 at 8:39 AM in which attorney Brennen outlined the following steps:

1. Create an account in Ohana's Microsoft 365 tenant, pleadore@ohanagp.com. Add the account into the Global Administrators group and send the password to pleadore@hartmanadvisors.com via a secure email. If you do not have access to send a secure email, you should send the password to me via text at 443-956-6458.

2. Provide pleadore@ohanagp.com with owner level rights to all Azure subscription plans.

3. Provide the root level administrator account password in GoDaddy to pleadore@hartmanadvisors.com via a secure email. If you do not have access to send a secure email, you should send the password to me via text at 443-956-6458. You should remove all multi-factor authentication apps, phone numbers, and/or email addresses associated with the root account.

4. Once accounts have been created in Ohana's Microsoft 365 tenant and the root level password provided for the GoDaddy account, refrain from accessing or making configuration changes to their Microsoft 365 and GoDaddy accounts.

It is my opinion to a reasonable degree of professional certainty that a knowledgeable and experienced system administrator that is in and out of those different systems regularly could accomplish all four of those steps within an hour, give or take a few minutes, and that a system administrator who is not routinely in these systems performing administrative level activities, and/or routinely changing the administrative user rights/changing multifactor settings regularly could accomplish all four of those steps within two hours, give or take a few minutes.

14.   For the reasons set forth above it is my opinion to a reasonable degree of professional certainty that there is no basis for Defendant Dillon-Capps assertions that the PCI DSS prevented him from complying with Ohana's directives to grant to Mr. Brooks and Mr. Leadore Global Admin rights to the Ohana's Microsoft 365 Account.

15.   For the reasons set forth above it is my opinion to a reasonable degree of professional certainty that there is no basis for Defendant Dillon-Capps assertions that his compliance with the TRO by granting Mr. Leadore Global Admin rights to Ohana's Microsoft 365 Account and Administrative Rights to Ohana's GoDaddy Account would violate the PCI DSS or any "federal compliance requirement" associated with the PCI DSS.

5

16.     I have reviewed the proposed Order Granting Preliminary Injunction prepared by Ohana and for the reasons set forth above it is my opinion to a reasonable degree of professional certainty that Defendant Dillon-Capps compliance with that Order, if entered by the Court, will not result in the violation of the PCI DSS.

**I SOLEMNLY DECLARE AND AFFIRM UNDER PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE THAT THE CONTENTS OF THE FOREGOING PAPER AND EXHIBITS THERETO ARE TRUE.**

Randall J. Romes

Digitally signed by Randall J. Romes
Date: 2024.06.25 09:59:53 -05'00'

Date: June 25, 2024

_____
Randall Romes

# EXHIBIT A

**Randy Romes, CISSP, CRISC, CISA, MCP, PCI-QSA**

**Principal, CliftonLarsonAllen LLP**



Randy is a Principal and founding member of the Cybersecurity Consulting team at CLA. Randy leads a team of technology and industry specialists providing IT audits and security assessments for clients in a wide range of industries and diverse operating environments and has provided independent security assessments and IT audits for financial institutions, retail, health care and life sciences, non-profits, and state and local government for over 25 years. He is responsible for the continuing development of the open-source, *nix, and Windows applications used in all the security audits, and he leads the firms PCI-QSA audit practice.

Randy has been an instructor of IT and Cybersecurity Risk Management at the CUNA Management School at the University of Wisconsin – Madison, the Graduate School of Banking at the University of Colorado in Boulder, ACUIA national and regional meetings, a variety of State Government Finance Officers Associations, numerous Leading Age national and state conferences, and the Minnesota Government IT Symposium.  Randy is frequent speaker at national conferences and training events.

Randy has been a consultant at CLA for twenty-seven years and brings a strong background in computer technology, physics and education. He is a Certified Information Systems Security Professional (CISSP), a Certified in Risk and Information System Controls (CRISC) professional, a Certified Information Systems Auditor (CISA), a PCI-Qualified Security Assessor (PCI-QSA), and he has multiple Microsoft Certified Professional (MCP) certifications.  He has a master's degree in educational technology from the University of Saint Thomas, and a Bachelor of Science degree in education from the University of Wisconsin – Madison.

# Case # C-03-CV-24-002264 - Ohana Growth Partners, LLC vs. Ryan

## Envelope Information

**Envelope Id**
16968860

**Submitted Date**
6/25/2024 11:33 AM EST

**Submitted User Name**
rbrennen@milesstockbridge.com

## Case Information

**Location**
Baltimore County Circuit Court

**Category**
Civil

**Case Type**
Injunction

**Case Initiation Date**
6/14/2024

**Case #**
C-03-CV-24-002264

## Filings

**Filing Type**
EFileAndServe

**Filing Code**
Line

**Filing Description**
Line Regarding Affidavit of Randall J.
Romes Filed in Support of Plaintiff's
Pending Motion for Preliminary Injunction
and Petition for Constructive Civil
Contempt

**Client Reference Number**
119447-4

**Courtesy Copies**
kjedwards@milesstockbridge.com

**Filing Status**
Submitting

## Lead Document

| File Name | Description | Security | Download |
|---|---|---|---|
| Line re Filing Romes Affidavit.pdf | Line | | Original File |

### eService Details

 **Support**

| Status | Name | Firm | Served | Date Opened |
|--------|------|------|--------|-------------|
| Not Sent | Robert S. Brennen | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Steven D. Frenkil | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Victoria Klein | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Kim Edwards | Miles & Stockbridge P.C. | No | Not Opened |

**Filing Type**
EFileAndServe

**Filing Code**
Affidavit

**Filing Description**
Affidavit of Randall J. Romes

**Client Reference Number**
119447-4

**Courtesy Copies**
kjedwards@milesstockbridge.com

**Filing Status**
Submitting

## Lead Document

| File Name | Description | Security | Download |
|-----------|-------------|----------|----------|
| 2024-06-25 Affidavit of Randall Romes with Exh A - signed.pdf | Affidavit of Randall J. Romes | | Original File |

## eService Details

| Status | Name | Firm | Served | Date Opened |
|--------|------|------|--------|-------------|
| Not Sent | Steven D. Frenkil | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Victoria Klein | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Robert S. Brennen | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Kim Edwards | Miles & Stockbridge P.C. | No | Not Opened |

## Parties with No eService

| Name | Address |
|------|---------|

Ryan Dillon-Capps                                      1334 Maple Avenue Essex Maryland
                                                        21221

**Name**                                                **Address**
Ryan Wagner                                             1334 Maple Ave Essex Maryland 21221

# Fees

---

## Line

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |
| | **Filing Total: $0.00** |

## Affidavit

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |
| | **Filing Total: $0.00** |

---

| Total Filing Fee | $0.00 |
|---|---|
| | **Envelope Total: $0.00** |

| | | |
|---|---|---|
| **Transaction Amount** | $0.00 | |
| **Transaction Id** | 23424720 | |
| **Filing Attorney** | Robert Brennen | **Order Id** |
| **Transaction Response** | Authorized | |

© 2024 Tyler Technologies
Version: 2022.0.3.9946

| OHANA GROWTH PARTNERS, LLC | IN THE |
|---|---|
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| **RYAN DILLON-CAPPS** | BALTIMORE COUNTY |
| *Defendant.* | FILE NO.: C-03-CV-24-002264 |

### [PROPOSED] ORDER GRANTING PRELIMIARY INJUNCTION

Upon consideration of the Motion for Preliminary Injunction and the Memorandum in Support thereof, along with any opposition filed thereto, it is this 26th day of June, 2024, at _____ p.m., by the Circuit Court for Baltimore County, hereby determined that Plaintiff has shown a likelihood that it will succeed on its claims that are pertinent to the relief granted in this Preliminary Injunction.

It is further determined that Plaintiff has shown that the balance of harms to it as compared to the harms to Defendant if this Preliminary Injunction were or were not issued favors the issuance of this Preliminary Injunction.

It is further determined that Plaintiff has shown that it will suffer irreparable harm if this Preliminary Injunction is not issued.

It is further determined that Plaintiff has shown that issuance of this Preliminary Injunction is in the public interest.

It is therefore determined that Plaintiff, following a full adversary hearing, has satisfied the requirements for entry of this Preliminary Injunction on the relief sought; and it is therefore

**ORDERED** that the Motion for Preliminary Injunction filed by Plaintiff is **GRANTED**; and it is further

**ORDERED** that Defendant create an account in Ohana's Microsoft 365 tenant (Tenant ID: 12be282d-af65-44c5-9b03-ca46dc2f46ee) for rromes1@ohanagp.com; and that Microsoft Corporation create an account in Ohana's Microsoft 365 tenant (Tenant ID: 12be282d-af65-44c5-9b03-ca46dc2f46ee) for rromes2@ohanagp.com; and it is further

**ORDERED** that Defendant grant the rromes1@ohanagp.com account the role of Global Administrator in Ohana's Microsoft 365 tenant (Tenant ID: 12be282d-af65-44c5-9b03-ca46dc2f46ee) and send the password for the rromes1@ohanagp.com account to randy.romes@claconnect.com via a secure email. If Defendant does not have access to send a secure email, Defendant shall send the password for the rromes1@ohanagp.com account to Robert Brennen, counsel for Ohana, via text message at 443-956-6458; and that Microsoft Corporation grant the rromes2@ohanagp.com account the role of Global Administrator in Ohana's Microsoft 365 tenant (Tenant ID: 12be282d-af65-44c5-9b03-ca46dc2f46ee) and send the password for the rromes2@ohanagp.com account to randy.romes@claconnect.com via a secure email; and it is further

**ORDERED** that Defendant grant the rromes1@ohanagp.com account the role of Global Administrator for all Azure subscription plans associated with Ohana's Microsoft 365 tenant (Tenant ID: 12be282d-af65-44c5-9b03-ca46dc2f46ee); and that Microsoft Corporation grant the rromes2@ohanagp.com account the role of Global Administrator for all Azure subscription plans associated with Ohana's Microsoft 365 tenant (Tenant ID: 12be282d-af65-44c5-9b03-ca46dc2f46ee); and it is further

**ORDERED** that Defendant deliver to Robert Brennen, counsel for Ohana, any key fob, token, or equivalent device required for multifactor authentication for the rromes1@ohanagp.com account; and it is further

119447\000004\4864-6030-6380.v1

**ORDERED** that Defendant provide the root level administrator account password to the Ohana GoDaddy Account to randy.romes@claconnect.com via a secure email. If Defendant does not have access to send a secure email, Defendant shall send the password to Robert Brennen, counsel for Ohana, via text message at 443-956-6458; and it is further

**ORDERED** that once Defendant has (i) created the rromes1@ohanagp.com account in Ohana's Microsoft 365 tenant (Tenant ID: 12be282d-af65-44c5-9b03-ca46dc2f46ee); (ii) granted the rromes1@ohanagp.com account the role of Global Administrator in Ohana's Microsoft 365 tenant (Tenant ID: 12be282d-af65-44c5-9b03-ca46dc2f46ee); (iii) transmitted the password for the rromes1@ohanagp.com account to either randy.romes@claconnect.com or to Mr. Brennen; (iv) granted the rromes1@ohanagp.com account the role of Global Administrator for rall Azure subscription plans associated ranwith Ohana's Microsoft 365 tenant (Tenant ID: 12be282d-af65-44c5-9b03-ca46dc2f46ee); (v) delivered the key fob, token, or equivalent device required for multifactor authentication for the rromes1@ohanagp.com account to Mr. Brennen and (vi) provided the root level administrator account password to the Ohana GoDaddy Account to randy.romes@claconnect.com or Mr. Brennen, Defendant must refrain from accessing and/or making configuration changes to the Ohana Microsoft 365 Account and/or the Ohana GoDaddy Account; and it is further

**ORDERED** that the bond requirement of Maryland Rule 15-503(c) is waived based upon the particular circumstances of this Preliminary Injunction; and it is further

**ORDERED** that this Preliminary Injunction shall be binding on Defendant and Microsoft Corporation immediately upon their receipt of actual notice of this Preliminary Injunction by any means.

119447\000004\4864-6030-6380.v1

_____

Hon. Michael S. Barranco, JUDGE,
Circuit Court for Baltimore County, Maryland

Copies to:

Ryan Dillon-Capps (via  email to ryan@mxt3.com)
Robert S. Brennen (via MDEC and email to rbrennen@milesstockbridge.com)

| OHANA GROWTH PARTNERS, LLC | IN THE |
|---|---|
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | FILE NO.: C-03-CV-24-002264 |

**[PROPOSED]**
**ORDER HOLDING DEFENDANT IN CONSTRUCTIVE CIVIL CONTEMPT**

Upon consideration of Plaintiff Ohana Growth Partners, LLC's ("Ohana") Petition for Civil Contempt (no incarceration sought), and any Opposition thereto; and having provided the parties an opportunity to be heard in open Court on June 26 and 27, 2024, the Court finds that:

1. Defendant Ryan Dillon-Capps received actual notice of the Court's June 17, 2024 Temporary Restraining Order (the "TRO") on the evening of June 17, 2024;

2. In Defendant's June 18, 2024 correspondence to the Court Defendant acknowledged receipt and actual notice of the TRO, as well as the fact that Defendant had not complied with the TRO as of the submission of that correspondence;

3. The Court's June 21, 2024 Order to Appear and Show Cause, directing Defendant to appear before the Court on June 26, 2024 at 9 a.m. and show cause why Defendant should not be held in Contempt of the TRO was transmitted by Lauren Prinkey, Judicial Assistant to the Hon. Keith R. Truffer, to Defendant at ryan@mxt3.com at 12:04 p.m. on June 21, 2024, and again by Plaintiff's counsel to Defendant at ryan@mxt3.com vhat 6:59 p.m. on June 24, 2024;

4. Defendant acknowledged under oath in open Court during a hearing held June 26, 2024 that Defendant was aware of the terms of the TRO and had not complied with the TRO;

5. On June 26, 2024 at 2:15 p.m. the Court entered an Order Granting Preliminary Injunction ("Preliminary Injunction") in which Defendant was Ordered to take substantially the same action as Ordered by the TRO;

6. Defendant acknowledged under oath and in open Court during a hearing held June 27, 2024 that Defendant had not complied with the TRO or the Preliminary Injunction;

7. Defendant's failure to comply with and contempt of the TRO has been knowing and willful;

119447\000004\4863-7039-0988.v1

8.  Imposition of appropriate sanctions is necessary to coerce Defendant to cure Defendant's contempt by complying with the TRO

**THEREFORE**, it is this 27th day of June, 2024, at __ p.m. hereby:

**ORDERED**, that Plaintiff's Petition for Constructive Civil Contempt is hereby **GRANTED**; and it is further

**ORDERED**, that Defendant Ryan Dillon-Capps be and the same hereby is found to be in constructive civil contempt of the Court's June 17, 2024 Temporary Restraining Order; and it is further

**ORDERED**, that for every 24 hour period that passes after the date and time of this Order without Defendants' full compliance with the Preliminary Injunction Defendant shall pay $2,500 to Plaintiff; and it is further

**ORDERED**, that Defendant may purge Defendant's contempt by complying with the directions of the Preliminary Injunction; and it is further

**ORDERED**, that nothing herein shall prejudice Plaintiff's right to seek Defendant's incarceration pursuant to MD Rule 15-206 based upon Defendant's continued constructive civil contempt, nor the authority of the Court or the State's Attorney for Baltimore County to initiate constructive criminal contempt proceedings pursuant to MD Rule 15-205.

_____
Hon. Michael S. Barranco, JUDGE,
Circuit Court for Baltimore County, Maryland

Copies to:

Ryan Dillon-Capps (via  email to ryan@mxt3.com)
Robert S. Brennen (via MDEC and email to rbrennen@milesstockbridge.com)



**Robert S. Brennen**
(410) 385-3653
rbrennen@milesstockbridge.com

July 3, 2024

**VIA ELECTRONIC MAIL AND FIRST CLASS MAIL**
Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com

Re:     ***Ohana Growth Partners, LLC v. Ryan Dillon-Capps***, Case No. C-03-CV-24-002264
        **Litigation Hold**

Dear Ryan Dillon-Capps:

As you know, we represent Ohana Growth Partners, LLC ("Ohana") in connection with the above-referenced lawsuit. We are writing today regarding your obligation to hold and preserve any and all documents and electronic files relating to the matter pending a final and un-appealable order resolving all claims.  This would include any information relating to the Ohana Microsoft 365 Tenant, the Ohana GoDaddy Account, your employment agreement with Ohana, your breaches of that agreement and your duty of loyalty to Ohana, and any defenses you intend to assert to Ohana's claims (collectively, the "Matter"),  in whatever form, including e-mail, correspondence, notes, spreadsheets, charts, appraisals, drafts, and other documents, and whether stored as hard copies or electronically on system servers, databases, networks, computer systems, including legacy systems (hardware and software), servers, archives, backup or disaster recovery systems, tapes, discs, drives, portable storage (like thumb drives), cartridges and other storage media, laptops, personal computers, Internet data, personal digital assistants, handheld wireless devices, mobile telephones, paging devices, and audio systems (including voicemail). This will also include information that may have been deleted at some prior time. Sources of relevant information may also include personal computers used by you and/or your wife, whether used in the office, at home, or at other locations that might contain such information. Failure to preserve all copies and versions of such information could result in severe sanctions under the Maryland Rules of Civil Procedure.

**For the avoidance of all doubt, by this letter, you are hereby on express notice not to delete any information stored in hard copy or on any electronic device, or on any cloud-based platforms related to the Matter. This obligation extends to all of your agents, employees or persons acting on your behalf who may have documents or other evidence that is potentially related to the Matter.**

Until further notice, you must take all reasonable steps to preserve all records and data that may be related to the subject matter described above. If you believe that you have Records and Data that relate to the subject matter, but that are not specifically described above, you must err on the side of caution and preserve those records and data.

All information must be preserved in its original electronic form so that all information contained within it, whether visible or not, is also available for inspection; it is not sufficient to make a hard copy of electronic communication. You must also preserve any new emails and other electronic information related or pertaining to the subject matters listed above that are generated after you receive this notice. This should

100 Light Street  |  Baltimore, MD 21202  |  410.727.6464  |  milesstockbridge.com

EASTON, MD  •  FREDERICK, MD  •  RICHMOND, VA  •  ROCKVILLE, MD  •  TYSONS CORNER, VA  •  WASHINGTON, D.C.

119447\000004\4889-1705-7998.v1

be done by creating a separate electronic folder for all future communications, if any, concerning the subject matters listed above and by storing all such communications and documents in those segregated folders.

You should also take immediate action to identify any individuals that are likely to have information relevant to this matter ("custodians") so that they can be advised of these obligations. Please have a copy of this Notice generated and hand-delivered to each identified custodian. In addition,

The foregoing paragraphs do not constitute a complete statement of Ohana's rights to the preservation of Documents, Electronically Stored Information, Hardware and Software, all of which are expressly reserved.

This litigation hold should remain in effect until the Matter is completely resolved, including any appeals.

Regards,

Robert S. Brennen

100 Light Street | Baltimore, MD 21202 | 410.727.6464 | milesstockbridge.com

EASTON, MD  •  FREDERICK, MD  •  RICHMOND, VA  •  ROCKVILLE, MD  •  TYSONS CORNER, VA  •  WASHINGTON, D.C.

119447\000004\4889-1705-7998.v1

# Case # C-03-CV-24-002264 - Ohana Growth Partners, LLC vs. Ryan

## Envelope Information

**Envelope Id**
17091979

**Submitted Date**
7/3/2024 3:13 PM EST

**Submitted User Name**
rbrennen@milesstockbridge.com

## Case Information

**Location**
Baltimore County Circuit Court

**Category**
Civil

**Case Type**
Injunction

**Case Initiation Date**
6/14/2024

**Case #**
C-03-CV-24-002264

## Filings

**Filing Type**
EFileAndServe

**Filing Code**
Petition for Contempt/Enforcement

**Filing Description**
Petition to Show Cause and For
Constructive Civil Contempt

**Client Reference Number**
119447-4

**Filing Status**
Submitting

## Lead Document

| File Name | Description | Security | Download |
|-----------|-------------|----------|----------|
| 2024-07-03 Petition to Show Cause and for Contempt (Incarceration).pdf | Petition for Contempt/Enforcement | | Original File |

## eService Details

| Status | Name | Firm | Served | Date Opened |
|--------|------|------|--------|-------------|
| Not Sent | Robert S. Brennen | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Steven D. Frenkil | Miles & Stockbridge P.C. | No | Not Opened |
| | ria Klein | Miles & Stockbridge P.C. | No | Not Opened |

◯ **Support**

| Status | Name | Firm | Served | Date Opened |
|--------|------|------|--------|-------------|
| Not Sent | Kim Edwards | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Ryan Wagner | | No | Not Opened |

**Filing Type**
EFileAndServe

**Filing Code**
Supporting Exhibit

**Filing Description**
Exhibit 1 - Affidavit of Daniel J. Levett

**Client Reference Number**
119447-4

**Filing Status**
Submitting

## Lead Document

| File Name | Description | Security | Download |
|-----------|-------------|----------|----------|
| EX 1 - 2024-07-03_Affidavit_of_Daniel_Levett_w_Ex… | Supporting Exhibit - Levett Affidavit | | Original File |

## eService Details

| Status | Name | Firm | Served | Date Opened |
|--------|------|------|--------|-------------|
| Not Sent | Robert S. Brennen | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Victoria Klein | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Kim Edwards | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Steven D. Frenkil | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Ryan Wagner | | No | Not Opened |

**Filing Type**
EFileAndServe

**Filing Code**
Proposed Order / Decree

**Filing Description**
Proposed Order

**Client Reference Number**
119447-4

**Filing Status**

Submitting

## Lead Document

| File Name | Description | Security | Download |
|---|---|---|---|
| 2024-07-03 Show Cause Order re Incarceration for Contempt.pdf | Proposed Order / Decree | | Original File |

### eService Details

| Status | Name | Firm | Served | Date Opened |
|---|---|---|---|---|
| Not Sent | Victoria Klein | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Kim Edwards | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Ryan Wagner | | No | Not Opened |
| Not Sent | Steven D. Frenkil | Miles & Stockbridge P.C. | No | Not Opened |
| Not Sent | Robert S. Brennen | Miles & Stockbridge P.C. | No | Not Opened |

## Parties with No eService

| Name | Address |
|---|---|
| Ryan Dillon-Capps | 1334 Maple Avenue Essex Maryland 21221 |
| Ryan Wagner | 1334 Maple Ave Essex Maryland 21221 |

## Fees

### Petition for Contempt/Enforcement

| Description | Amount |
|---|---|
| Filing Fee | $31.00 |
| **Filing Total:** | **$31.00** |

### Supporting Exhibit

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |
| **Filing Total:** | **$0.00** |

## Proposed Order / Decree

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |
| **Filing Total:** | **$0.00** |

---

| | |
|---|---|
| Total Filing Fee | $31.00 |
| Payment Service Fee | $1.08 |
| **Envelope Total:** | **$32.08** |

| | | | |
|---|---|---|---|
| **Transaction Amount** | $32.08 | | |
| **Transaction Id** | 23597122 | | |
| **Filing Attorney** | Robert Brennen | **Order Id** | 017091979-0 |
| **Transaction Response** | Authorized | | |

© 2024 Tyler Technologies
Version: 2022.0.3.9946

| OHANA GROWTH PARTNERS, LLC | IN THE |
|---|---|
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | CASE NO.: C-03-CV-24-002264 |

## PETITION TO SHOW CAUSE AND FOR CONSTRUCTIVE CIVIL CONTEMPT

Plaintiff, Ohana Growth Partners, LLC. ("Plaintiff" or the "Ohana"), by its undersigned attorneys, and pursuant to Maryland Rule 15-206, hereby moves this Honorable Court to require Ryan Dillon-Capps ("Dillon-Capps" or "Defendant") (they/them) to appear before this Court and show cause why they should not be held in constructive civil contempt for knowingly violating this Court's Preliminary Injunction entered June 26, 2024. In support of its Petition, Ohana states as follows:

1.     On June 17, 2024, the Court (De Simone, J.) granted Ohana a Temporary Restraining Order. The Court set a hearing on Preliminary Injunction for June 26, 2024 at 9 a.m.

2.     On June 19, 2024, Ohana moved for Defendant to show cause as to why they should not be held in contempt of the Court for willfully refusing to comply with the TRO.

3.     On June 21, 2024, the Court ordered Defendant to appear on June 26, 2024 at 9 a.m. and show cause as to why Defendant should not be held in Contempt of the TRO.

4.     The parties were heard in open Court on June 26, 2024 and the Court (Barranco, J.) entered a Preliminary Injunction ordering Defendant to take substantially similar actions to what was required under the TRO.

5.     Additionally, the Court held Plaintiff's Motion for Defendant to Appear and Show Cause in *sub curia*.

6.      The Court set a hearing on Plaintiff's Motion for Defendant to Appear and Show Cause for June 27, 2024 at 1:00 p.m. and directed Defendant to comply with the Preliminary Injunction by that time.

7.      At the June 27, 2024 hearing, Defendant acknowledged under oath and in open Court that they had not complied with the TRO or the Preliminary Injunction. Defendant stated, under oath, that they could not comply with the Preliminary Injunction because (1) they did not know the location of a multi-factor authentication key fob; and (2) without the key fob, they did not have access to (i) their Global Administrative Rights they needed to perform the actions ordered by the Preliminary Injunction with regard to the Ohana Microsoft 365 Tenant; or (ii) the Ohana GoDaddy Account they needed to perform the actions ordered by the Preliminary Injunction with regard to that account.

8.      The Court found Defendant in constructive civil contempt of the Preliminary Injunction and ordered Defendant to comply with the Preliminary Injunction and that Defendant pay $2,500 to Ohana for every 24 hours that passed without Defendant complying with the Preliminary Injunction.

9.      Subsequent to the June 27, 2024, hearing, Ohana learned information demonstrating that Defendant perjured themselves with respect to their testimony regarding their access and their ability to access the Ohana Microsoft 365 Tenant. In fact, Defendant Dillon-Capps can access multiple Global Admin accounts in the Ohana Microsoft 365 Tenant and can access Ohana's GoDaddy Account without the use of the mysteriously disappeared key fobs. *See* Affidavit of Daniel J. Levett, filed herewith as **Exhibit 1** hereto.

10.     Thus, in addition to the fees ordered on June 27, 2024, Plaintiff now is seeking incarceration to compel compliance with the Court's June 26, 2024 Preliminary Injunction.

WHEREFORE, for the foregoing reasons, Ohana requests entry of an Order:

A.    Directing Defendant to personally appear in open Court to show cause as to why they should not be held in further contempt of the Preliminary Injunction and incarcerated, in addition to being subject to a $2,500 fine for every 24-hour period that they do not comply with the Preliminary Injunction; and

B.    Directing that, pursuant to Rule 15-206(c)(2)(A), the alleged contemnor, Ryan Dillon-Capps, file an answer to this Petition for Constructive Civil Contempt within ten (10) days of the service of the Court's Order and this Petition in accordance with Rule 15-206(d).

July 3, 2024                              Respectfully submitted,

<div style="margin-left: 50%;">

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)
e-mail: RBrennen@milesstockbridge.com
Stephen D. Frenkil (AIS # 7712010110)
e-mail: SFrenkil@milesstockbridge.com
Victoria K. Hoffberger (AIS # 1912170195)
e-mail: VHoffberger@milesstockbridge.com
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Telephone:    (410) 727-6464
Facsimile:    (410) 385-3700

*Counsel for Plaintiff Ohana Growth Partners, LLC*

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 3, 2024, a copy of the **Petition to Show Cause and for Constructive Civil Contempt** was sent via email to ryan@mxt3.com and served on via first-class mail, postage prepaid on:

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221
                                         */s/ Robert S. Brennen*

3

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO.: C-03-CV-24-002264** |

<u>**ORDER TO APPEAR AND SHOW CAUSE**</u>

Upon consideration of Ohana's Petition for Show Cause Order and Constructive Civil Contempt (the "Petition"), and for good cause shown, it is this ____ day of _____, 2024, hereby:

ORDERED that the Petition be, and hereby is, GRANTED; and it is further

ORDERED that any Answer that Defendant Ryan Dillon-Capps intends to submit in response to the Petition shall be filed within ten (10) days of the service upon Defendant of this Order and the Petition in accordance with Rule 15-206(d); and it is further

ORDERED that Defendant Ryan Dillon-Capps shall appear before the Circuit Court for Baltimore County, Maryland on the ____ day of July, 2024, at ___ a.m./p.m. for a hearing at which Defendant Ryan Dillon-Capps shall show cause why they should not be held in contempt of this Court's June 26, 2024 Preliminary Injunction and incarcerated until such time as Defendant complies with the Preliminary Injunction.

_____
Judge, Circuit Court for Baltimore County

**TO THE PERSON ALLEGED TO BE IN CONTEMPT OF COURT:**

**1. It is alleged that you have disobeyed a court order, are in contempt of court, and should go to jail until you obey the court's order.**

**2. You have the right to have a lawyer. If you already have a lawyer, you should consult the lawyer at once. If you do not now have a lawyer, please note:**

> **(a) A lawyer can be helpful to you by:**
>
> > **(1) explaining the allegations against you;**
> >
> > **(2) helping you determine and present any defense to those allegations;**
> >
> > **(3) explaining to you the possible outcomes; and**
> >
> > **(4) helping you at the hearing.**
>
> **(b) Even if you do not plan to contest that you are in contempt of court, a lawyer can be helpful.**
>
> **(c) If you want a lawyer but do not have the money to hire one, the Public Defender may provide a lawyer for you.**

- **To find out if the Public Defender will provide a lawyer for you, you must contact the Public Defender after any prehearing conference or magistrate's hearing and at least 10 business days before the date of a hearing before a judge.**

- **If no prehearing conference or magistrate's hearing is scheduled, you should contact the Public Defender as soon as possible, at least 10 business days before the date of the hearing before the judge.**

- **The court clerk will tell you how to contact the Public Defender.**

**(d) If you want a lawyer but you cannot get one and the Public Defender will not provide one for you, contact the court clerk as soon as possible.**

**(e) DO NOT WAIT UNTIL THE DATE OF YOUR COURT HEARING TO GET A LAWYER. If you do not have a lawyer before the court hearing date, the judge may find that you have waived your right to a lawyer, and the hearing may be held with you unrepresented by a lawyer.**

**3. IF YOU DO NOT APPEAR FOR A SCHEDULED PREHEARING CONFERENCE, MAGISTRATE'S HEARING, OR COURT HEARING BEFORE THE JUDGE, YOU WILL BE SUBJECT TO ARREST.**

<span style="color:red">**Exhibit 1**</span>

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO.: C-03-CV-24-002264** |

<u>**AFFIDAVIT OF DANIEL J. LEVETT**</u>

I, DANIEL J. LEVETT, being over the age of eighteen (18) and competent to testify, and having personal knowledge of the facts contained herein, state as follows:

1.      I am the Managing Director for Workforce Collaboration with Hartman Executive Advisors ("HEA"), a technology leadership and advisory firm based in Timonium, Maryland.

2.      I have been managing or administering Microsoft systems for more than 22 years, with the most recent 6 in a senior executive role.  I have successfully developed Office365 / M365 tenants for numerous organizations similar in size and scope to the Ohana Growth Partners M365 environment.  Attached as **Exhibit A** hereto is a copy of biographical information describing my education history, experience and certifications.

3.      One June 12, 2024 HEA was retained by Ohana Growth Partners, LLC ("Ohana"), the Plaintiff in the above-captioned matter, to provide IT leadership and technical support to Ohana, including Microsoft 365 Security Assessment and Remediation. Since that time I have been involved in HEA's efforts to regain Ohana's access to Global Admin rights in Ohana's Microsoft 365 Tenant.

4.      Ohana could regain Global Admin rights in its Microsoft 365 Tenant if the Defendant, Ryan Dillon-Capps accessed the account and used his Global Admin rights to grant Global Admin rights to Ohana's senior executives or to an HEA representative.

119447\000004\4889-7839-6622.v2

DocuSign Envelope ID: 261D1CE4-EA96-434E-822B-B268A3995703

5.       I have reviewed the Court's Temporary Restraining Order entered on June 17, 2024 (the "TRO") and Preliminary Injunction entered on June 26, 2024, both of which ordered Defendant Dillon-Capps to take steps to grant my HEA colleague Phil Leadore Global Admin rights to Ohana's Microsoft 365 Tenant.

6.       I am advised that during a hearing on June 27, 2024 to determine whether Defendant Dillon-Capps should be found in contempt of the TRO and Preliminary Injunction, and which resulted in a finding of contempt, Defendant Dillon-Capps testified under oath to the effect that (a) he had not accessed the Ohana Microsoft 365 Tenant since June 13, 2024; and (b) that he could not access the Ohana Microsoft 365 Tenant as necessary to grant the admin rights as directed by the TRO and the Preliminary Injunction because a collection of key fobs, which he needed to complete multifactor authentication to access the Ohana Microsoft 365 Tenant, had mysteriously disappeared from Defendant Dillon-Capps' home office.

7.       I am further advised that during the June 27, 2024 hearing Defendant Dillon-Capps further testified that he likewise could not comply with the TRO and Preliminary Injunction's directive to provide the root level administrator account password for the Ohana GoDaddy Account because that access to that account also required use of the key fobs for multifactor authentication.

8.       Since June 27, 2024 I have been in contact with Dante Martinez of Cielo IT, which provides helpdesk services to Ohana. Mr. Martinez serves as Helpdesk Manager for Ohana. In that capacity Mr. Martinez has limited administrative access to the Ohana Microsoft 365 Tenant. On July 2, 2024 I asked Mr. Martinez to access the Ohana Microsoft 365 Tenant and to use his administrative rights to create for me a dan.levett@ohanagp.com account.  He then used his Exchange Admin rights to provide my dan.levett@ohanagp.com account the ability  to

DocuSign Envelope ID: 261D1CE4-EA96-434E-822B-B268A3995703

access and search the Defendant Ryan Dillon-Capps ryan.wagner@ohanagp.com email mailbox. Mr. Martinez also granted my dan.levett@ohanagp.com account access to the IT Team's internal documentation.

9.     A search that I conducted of the ryan.wagner@ohanagp.com mailbox and/or IT documentation revealed a document identifying the Customer Number for the GoDaddy account associated with ryan.wagner@ohanagp.com as 20171927, which is the Customer Number associated with the Ohana GoDaddy Account, along with the Customer Support PIN.

10.     On July 2, 2024 I went on the GoDaddy.com website and initiated a password reset for any account associated with Defendant Dillon-Capps Ohana email account, ryan.wagner@ohanagp.com, That request resulted in my being sent a link for resetting the password for such an account and a request that I verify my identity as owner of the account through multifactor authentication either through use of an Authenticator app, which had been downloaded to an "RDC" smart phone or tablet (See https://www.microsoft.com/en-us/security/mobile-authenticator-app ) or by receiving a text to a cell phone with a number ending with 1113:



Defendant Dillon-Capp's cell phone number is 703-303-1113.

119447\000004\4889-7839-6622.v2

11. Thus, contrary to Defendant n Dillon-Capps testimony, Defendant Dillon-Capps could access the Ohana GoDaddy Account and could comply with the TRO and Preliminary Injunction without using one of the purportedly missing key fobs, as Defendant Dillon-Capps could have performed any required multifactor authentication using his cell phone.

12. On June 27, 2024, I asked Mr. Martinez to access the Ohana Microsoft 365 Tenant during a Microsoft Teams meeting video conference, to share his computer screen showing the Tenant, and to review policies imposed on the Tenant regarding requirements for multifactor authentication. That review, which I witnessed, revealed that there are currently three Global Admin Accounts in the Ohana Microsoft 365 Tenant: (i) that assigned to Defendant Dillon-Capps at rdc@ohanagp.com; (ii) a "For Emergency Use Only" "BreakGlass" account at GA.breakglass@ohanagp.onmicrosoft.com; and a "Null Backup" account at null.backup@ohanagp.onmicrosoft.com:



Contrary to Defendant Dillon-Capps' testimony, **all** of the existing Global Admin accounts set up in the system are expressly **excluded** from multifactor authentication Conditional Access polices.

13. The following is a June 27, 2024 screenshot showing the current authentication methods available for Defendant Dillon-Capps's account:

4



Thus, Defendant Dillon-Capps could access his account and complete required multifactor authentication using either his cell phone or his private email address, ryan@mxt3.com. He would not need a key fob.

14. The following is a June 27, 2024 screenshot showing the current authentication methods available for the For Emergency Use Only account:



Thus, Defendant Dillon-Capps, or anyone else, could access the For Emergency Use Only account potentially without <u>any</u> multifactor authentication, and may only need the password for

5

the account. A key fob may not be required, or rather simply an MFA code retrieved from an Authentication App.

15.     The following is a June 27, 2024 screenshot showing the current authentication methods available for the Null Backup account:



Thus, Defendant Dillon-Capps, or anyone else, could likely access the Null Backup account without any multifactor authentication whatsoever and would <u>only</u> need the password for the account. No key fob appears to be required.

16.     For the reasons stated in Paragraphs 12 through 15 above, contrary to Defendant Ryan Dillon-Capps testimony, Defendant Dillon-Capps could access Global Admin rights for the Ohana Microsoft 365 Tenant and could comply with the TRO and Preliminary Injunction without using one of the purportedly missing key fobs.

**I SOLEMNLY DECLARE AND AFFIRM UNDER PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE THAT THE CONTENTS OF THE FOREGOING PAPER AND EXHIBITS THERETO ARE TRUE.**

Date: July 3, 2024

DocuSigned by:

*Daniel J. Levett*

Daniel J. Levett

119447\000004\4889-7839-6622.v2

**EXHIBIT A**



📞 (410) 612-3011

GET A FREE CONSULTATION

← BACK TO OUR TEAM



# Daniel J. Levett

**Managing Director, Workforce Collaboration**

📞 Phone

in LinkedIn Profile

With a background in engineering and nearly two decades of experience in business and IT, Dan knows that strategic thinking around technology can transform business operations and help organizations thrive in a competitive landscape. Highly analytical, Dan challenges his clients to consider the "why" questions before jumping to the "how" answers. Once he has had the chance to observe the people, processes and technology in place at an organization, Dan analyzes the situation in order to make appropriate recommendations for improvement.

Dan sharpened his technical skills performing challenging tier III/tier IV network engineering and architecture work for PNC Bank, Brown Advisory and All Covered (formerly America's Remote Help Desk). His background also includes strategic IT road mapping, project management and budget planning to reduce on-premise infrastructure, decentralize critical data and reduce overall support costs. In his role at Hartman, Dan knows that communication is key to any successful technology implementation. As such, he's adept at breaking down highly technical concepts into terms and goals that resonate across all levels of an organization.

Out of the office, Dan uses his engineering know-how to complete various DIY projects around the house. He also enjoys spending time at the gym, riding his motorcycle with his wife, and supporting the animal community.

## Education & Certifications

→ Cisco CCNA, Carroll Community College

→ Skyline Advanced Technology Services — Building Scalable Cisco Internetworks

→ New Horizons — Interconnecting Cisco Network Devices

→ /Training/Etc — Red Hat Enterprise Linux RH-133

→ A+ Certification, CompTIA

### Are You Ready for Unbiased IT Leadership?

7/3/24, 2:18 PM

Daniel J. Levett - Hartman Executive Advisors

# EXHIBIT A

GET A FREE CONSULTATION

1954 Greenspring Drive

Suite 320

Timonium, MD 21093

410-512-3612

## Industries

## Services

## Resources

JOIN OUR TEAM

©2024 Hartman Advisors All Rights Reserved

Website Privacy Policy and Terms of Use

M&S Attachments

Exhibit 165-0703

**OHANA GROWTH PARTNERS, LLC**

*Plaintiff,*

vs.

**RYAN DILLON-CAPPS**

*Defendant.*

**IN THE**

**CIRCUIT COURT**

**FOR**

**BALTIMORE COUNTY**

**CASE NO.: C-03-CV-24-002264**

## NOTICE OF WITHDRAWAL
## OF
## <u>PETITION FOR CONSTRUCTIVE CIVIL CONTEMPT</u>

Plaintiff, Ohana Growth Partners, LLC. ("Plaintiff" or the "Ohana"), by its undersigned attorneys, hereby gives notice to the Court that Ohana is withdrawing the Petition for Constructive Civil Contempt (seeking incarceration) Ohana filed on July 3, 2024, and in connection therewith states:

1.      On July 12, 2024, Ohana, without any cooperation from or action by Defendant Dillon-Capps, and with the assistance of representatives of Microsoft Corporation, succeeded in securing Global Administrative rights and administrative control over Ohana's Microsoft 365 Tenant. However, Defendant Dillon-Capps remained in contempt of the Court's June 26, 2024 Preliminary Injunction as it pertains to transferring control of Ohana's GoDaddy Account back to Ohana.

2.      On July 17, 2024, at approximately 8:20 a.m., Ohana, with the assistance and cooperation of Defendant Dillon-Capps, regained administrative control over the Ohana GoDaddy Account.  Thus, while the Preliminary Injunction should remain in full force and effect with regard to enjoining Defendant Dillon-Capps from accessing and/or making configuration changes to the Ohana Microsoft 365 Account and/or the Ohana GoDaddy Account, and notwithstanding

Defendant Dillon-Capps' failure to ever take required action to transfer administrative control of Ohana's Microsoft 365 Tenant to Ohana, Defendant Dillon-Capps' contempt of the Court's Preliminary Injunction, and any need to further coerce Defendant Dillon-Capps to cure their contempt, ended as of 8:20 a.m., July 17, 2024.

3. As it is no longer necessary or appropriate for Defendant Dillon-Capps to be incarcerated as a means of coercing them to cure their contempt, Plaintiff Ohana withdraws its July 3, 2024 Petition for Constructive Civil Contempt.

4. Ohana reserves all rights with respect to seeking entry of a judgment in Ohana's favor and against Defendant Dillon-Capps in an amount equal to the fines that accrued, pursuant to the Court's June 27, 2024 Order Holding Defendant in Constructive Civil Contempt, through 1:57 p.m. on July 16, 2024, and all rights with respect to the claims pending pursuant to Ohana's Complaint.

WHEREFORE, for the foregoing reasons, Ohana requests entry of an Order:

A. Directing the Clerk make an appropriate entry on the docket for this matter reflecting that Plaintiff Ohana's July 3, 2024 Petition for Constructive Civil Contempt (seeking incarceration) has been withdrawn;

B. Striking the Court's July 8, 2024 Order to Appear and Show Cause;

C. Cancelling the Show Cause Hearing currently set for August 7, 2024 at 1 p.m.; and

D. Confirming that the Court's June 26, 2024 Preliminary Injunction remains in full force and effect with regard to enjoining Defendant Dillon-Capps from accessing and/or making configuration changes to the Ohana Microsoft 365 Account and/or the Ohana GoDaddy Account.

2

July 17, 2024                              Respectfully submitted,

                                          */s/ Robert S. Brennen*
                                          Robert S. Brennen (AIS # 8712010068)
                                          e-mail: RBrennen@milesstockbridge.com
                                          Stephen D. Frenkil (AIS # 7712010110)
                                          e-mail: SFrenkil@milesstockbridge.com
                                          Victoria K. Hoffberger (AIS # 1912170195)
                                          e-mail: VHoffberger@milesstockbridge.com
                                          MILES & STOCKBRIDGE P.C.
                                          100 Light Street
                                          Baltimore, Maryland 21202
                                          Telephone:    (410) 727-6464
                                          Facsimile:    (410) 385-3700

                                          *Counsel for Plaintiff Ohana Growth
                                          Partners, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 17, 2024, a copy of the foregoing **Notice of Withdrawal of**

**Petition for Constructive Civil Contempt** and accompanying Proposed Order were sent via

email to ryan@mxt3.com and served on via first-class mail, postage prepaid on:

        Ryan Dillon-Capps
        1334 Maple Avenue
        Essex, Maryland 21221          */s/ Robert S. Brennen*

3

**OHANA GROWTH PARTNERS, LLC**

        *Plaintiff,*

vs.

**RYAN DILLON-CAPPS**

        *Defendant.*

**IN THE**

**CIRCUIT COURT**

**FOR**

**BALTIMORE COUNTY**

**CASE NO.: C-03-CV-24-002264**

**[PROPOSED]**
**ORDER STRIKING ORDER TO APPEAR AND SHOW CAUSE**

Upon consideration of Plaintiff Ohana Growth Partners, LLC's Notice of Withdrawal of Petition for Constructive Civil Contempt, it is this _____ day of _____, 2024, hereby:

ORDERED that the Clerk make an appropriate entry on the docket for this matter reflecting that Plaintiff Ohana's July 3, 2024 Petition for Constructive Civil Contempt (seeking incarceration) has been withdrawn; and it is further

ORDERED that the Court's July 8, 2024 Order to Appear and Show Cause be, and hereby is STRICKEN; and it is further

ORDERED that Show Cause Hearing currently set for August 7, 2024 at 1 p.m. be, and hereby is CANCELLED; and it is further:

A.    ORDERED that the Court's June 26, 2024 Preliminary Injunction remains in full force and effect with regard to enjoining Defendant Dillon-Capps from accessing and/or making configuration changes to the Ohana Microsoft 365 Account and/or the Ohana GoDaddy Account.

_____
Judge, Circuit Court for Baltimore County

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **FILE NO.: C-03-CV-24-002264** |

## REQUEST FOR ENTRY OF ORDER OF DEFAULT
### AGAINST DEFENDANT RYAN DILLON-CAPPS

Plaintiff, Ohana Growth Partners, LLC ("Plaintiff"), by and through its undersigned attorneys, pursuant to Maryland Rule 2-613, hereby files this Request for Entry of Order of Default against Defendant Ryan Dillon-Capps ("Defendant"). In support thereof, Plaintiff states as follows:

1.      Plaintiff filed its complaint against Defendant on June 14, 2024.

2.      Defendant was personally served with the Summons, Complaint, and all related exhibits and papers on June 17, 2024. *See* **Exhibit 1.**

3.      Defendant was required to file a written response to the Complaint within thirty (30) days of service, on or before Wednesday, July 17, 2024. *See* Md. Rule 2-321(a) ("A party shall file an answer to an original complaint . . . within 30 days after being served . . . .").

4.      Defendant has failed to file a responsive pleading.

5.      As a result of Defendant's failure to file an Answer to the Complaint or other responsive pleading within thirty (30) days of service as required by the Maryland Rules, Plaintiff respectfully requests that an Order of Default be entered against Defendant.

6.      Defendant is not a member of the Military. An Affidavit of Non-Military Status of Ryan Dillon-Capps is attached hereto as **Exhibit 2**.

7. The last known address for Defendant Ryan Dillon-Capps is 1334 Maple Avenue, Essex, Maryland 21221.

WHEREFORE, based on the foregoing, Plaintiff Ohana Growth Partners, LLC respectfully requests that the Court enter an Order of Default against Defendant Ryan Dillon-Capps and direct the Clerk to issue a notice informing Ryan Dillon-Capps that an Order of Default was entered and providing that if Ryan Dillon-Capps fails to file a Motion to Vacate the Order of Default, a default judgment may be entered against them.

Dated: August 20, 2024

/s/ Robert S. Brennen
Robert S. Brennen (AIS # 8712010068)
e-mail: RBrennen@milesstockbridge.com
Stephen D. Frenkil (AIS # 7712010110)
e-mail: SFrenkil@milesstockbridge.com
Victoria K. Hoffberger (AIS # 1912170195)
e-mail: vhoffberger@milesstockbridge.com
Jessica L. Duvall (AIS # 1812110110)
e-mail: jduvall@milesstockbridge.com
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Telephone:    (410) 727-6464
Facsimile:    (410) 385-3700

*Counsel for Plaintiff Ohana Growth Partners, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 20, 2024, a copy of the foregoing was sent via

email to ryan@mxt3.com and served on via first-class mail, postage prepaid on:

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

_/s/ Robert S. Brennen_
Robert S. Brennen (AIS # 8712010068)

**EXHIBIT 1**
**Request For Entry of Order of Default**

## AFFIDAVIT OF PROCESS SERVER

### Circuit Court for Baltimore County, Maryland

**Ohana Growth Partners, LLC**

        Plaintiff(s),

vs.

**Ryan Dillon-Capps**

        Defendant(s).

Attorney: *******

Miles & Stockbridge P.C.
100 Light Street
Baltimore MD 21202

**\*318135\***

**Case Number: C-03-CV-24-002264**

Legal documents received by Same Day Process Service, Inc. on **06/14/2024** at **1:54 PM** to be served upon **Ryan Dillon-Capps at 1334 Maple Avenue, Essex, MD 21221**

I, **Rodney Getlan**, swear and affirm that on **June 17, 2024** at **11:24 AM**, I did the following:

**Personally** Served **Ryan Dillon-Capps** the person listed as the intended recipient of the legal document with this **Writ of Summons (issued on 06/14/2024); Civil - Non-Domestic Case Information Sheet; Complaint; Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction; Memorandum in Support of Ohana Growth Partners' Motion for Temporary Restraining Order and Preliminary Injunction; Exhibits; Temporary Restraining Order; Certificate of Notice Regarding Motion for Temporary Restraining Order at 1334 Maple Avenue, Essex, MD 21221.**

**Description of Person Accepting Service:**
Sex: Male Age: 43 Height: 5ft4in-5ft8in Weight: Over 200 lbs Skin Color: Caucasian Hair Color: Black

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

**Rodney Getlan**
Process Server
**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**
**(202)-398-4200**
info@samedayprocess.com

Internal Job
ID:318135



**EXHIBIT 2**
**Request For Entry of Order of Default**

| OHANA GROWTH PARTNERS, LLC | IN THE |
| --- | --- |
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | FILE NO.: C-03-CV-24-002264 |

## AFFIDAVIT OF DEFENDANT'S NON-MILITARY STATUS

I, RICHARD HARTMAN, being over the age of eighteen (18) and competent to testify, and having personal knowledge of the facts contained herein, state as follows:

1.  I am the Vice President of People and Culture for Ohana Growth Partners, LLC ("Ohana"), the Plaintiff in the above-captioned matter. In that capacity I have responsibility over Ohana's human resources functions.

2.  I have made a careful investigation to ascertain whether Defendant Ryan Dillon-Capps ("Defendant") is in the military service of the United States of America (or in the military service of any nation allied with the United States of America) or a member of the military reserves who has been ordered to report for military service, as defined under the Servicemembers Civil Relief Act.

3.  The information data banks of the Department of Defense Manpower Data Center indicate that, as of August 19, 2024, no individuals with the first and last name and birthdate of the above Defendant is or has been on active duty with the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard) within the preceding 367 days. (*See* **Exhibit A**).

4.  The last known address of Defendant Ryan Dillon-Capps is 1334 Maple Avenue, Essex, Maryland 21221.

**I SOLEMNLY DECLARE AND AFFIRM UNDER PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE THAT THE CONTENTS OF THE FOREGOING PAPER AND EXHIBITS THERETO ARE TRUE.**

Date: August 19, 2024

_____
Richard Hartman

2

# Exhibit A

Department of Defense Manpower Data Center



Status Report
Pursuant to Servicemembers Civil Relief Act

SSN:            XXX-XX-2585
Birth Date:     Aug-XX-1980
Last Name:      DILLON-CAPPS
First Name:     RYAN
Middle Name:
Status As Of:   Aug-19-2024
Certificate ID: 68RQC4KZLNVLRDJ

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Sam Yousefzadeh*

Sam Yousefzadeh, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Alexandria, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

**OHANA GROWTH PARTNERS, LLC**

*Plaintiff,*

vs.

**RYAN DILLON-CAPPS**

*Defendant.*

| | |
|---|---|
| **IN THE** | |
| **CIRCUIT COURT** | |
| **FOR** | |
| **BALTIMORE COUNTY** | |
| **FILE NO.: C-03-CV-24-002264** | |

## ORDER OF DEFAULT

Upon consideration of the Request for Entry of Order of Default Against Defendant Ryan Dillon-Capps ("Defendant") filed by the Plaintiff, Ohana Growth Partners, LLC ("Plaintiff"), it is by the Circuit Court for Baltimore County, hereby:

1.      **ORDERED**, that Plaintiffs' Request for Entry of Order of Default Against Defendant, Ryan Dillon-Capps is hereby **GRANTED**; and it is further

2.      **ORDERED**, that Defendant be, and hereby is declared to be in default with regard to the Complaint in this matter; and it is further

3.      **ORDERED**, that an Order of Default shall be and is hereby entered forthwith against Defendant, Ryan Dillon-Capps; and it is further

4.      **ORDERED**, that the Clerk of Court shall forthwith issue a Notice informing the Defendant, Ryan Dillon-Capps that an Order of Default has been entered against them, and that they may move to vacate the Order of Default within thirty (30) days after its entry, and the Clerk shall mail the required Notice to Ryan Dillon-Capps at the following address: 1334 Maple Avenue, Essex, Maryland 21221.

_____
Judge
Circuit Court for Baltimore County

| OHANA GROWTH PARTNERS, LLC | IN THE |
|---|---|
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | FILE NO.: C-03-CV-24-002264 |

## OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Ohana Growth Partners, LLC. ("Plaintiff" or the "Ohana"), by its undersigned attorneys, hereby responds in opposition to the Motion to Dismiss (the "Motion") filed by Defendant Ryan Dillon-Capps ("Defendant") and states as follows:

### BACKGROUND

On Friday, June 14, 2024, Ohana filed its Complaint alleging that Defendant had breached his Employment Agreement with Ohana and his duty of loyalty to Ohana, and had violated MD. CODE ANN., CRIM. LAW., §7-302(c)(1) by seizing sole administrative control of Ohana's Microsoft 365 Tenant and Ohana's GoDaddy Account and refusing to comply with Ohana's directives to grant administrative control over those accounts to consultants designated by Ohana. That same day Ohana filed a Motion for a Temporary Restraining Order ("TRO") and a Preliminary Injunction seeking a TRO and Preliminary Injunction directing Defendant to comply with Ohana's directives.

On Friday, June 14, 2024 at 11:49 a.m., in an effort to provide Defendant notice of the initiation of the litigation and Ohana'a pending motion for a TRO, counsel for Ohana transmitted copies of the Complaint, Case Information Sheet, Motion for TRO and Preliminary Injunction, and the Memorandum of Law and exhibits submitted in support of that motion to Defendant via Ryan.DillonCapps@ohanagp.com, an email address through which Defendant had

communicated with Ohana's management on the evening of July 13, 2024. That email was intended solely to provide notice and was not and has never been characterized by Ohana as an effort to formally serve Defendant with the Complaint and Summons and, in fact, the Clerk had not yet issued the Summons by the time the email was transmitted. Moreover, the email stated, "Our transmitting these documents does not currently constitute service of process triggering your duty to file a response to the Complaint, but it does place you on notice of the Motion for a TRO." According to Defendant, he had terminated his access to his ohanagp.com email account and, as a result, did not receive the email.

The Clerk issued the Summons at approximately 1 p.m. on June 14, 2024. On Monday, June 17, 2024, at 11:24 AM, Ohana's process server served the Defendant with copies of the Complaint, Summons, Civil Case Information Sheet, TRO, Memorandum in Support of TRO, Exhibits, and Certificate of Notice Regarding the TRO via personal service. The affidavit of service filed with the Court on July 18, 2024, recites that the Defendant was personally served at his home address. The Summons issued by this Court states that the Defendant is "summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by [Ohana.]" The Summons further states that "[f]ailure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you" and that "[i]t is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case."

The Court (De Simone, J.) granted Ohana's Motion for a TRO on June 17, 2024, and issued a TRO which directed Defendant to take action to grant administrative control over Ohana's Microsoft 365 Tenant and GoDaddy Account to Ohana's designees. By its terms the

TRO was to expire on June 27, 2024, and stated that the Defendant could move to dissolve or modify the TRO on two days' notice. Ohana's counsel attempted to transmit a copy of the TRO via the Ryan.DillonCapps@ohanagp.com at 11:50 a.m. At 9:59 p.m. on June 17, 2024 Defendant contacted Ohana's counsel via email using the account ryan@mxt3.com, and requested that Ohana's counsel re-transmit his June 14, 2024 11:49 a.m. email to the ryan@mxt3.com address. Ohana's counsel forwarded the June 14th email to ryan@mxt3.com at 10:28 p.m. on June 17, 2024, and proceeded to forward the earlier email with a copy of the TRO to ryan@mxt3.com at 10:30 p.m.

On Tuesday, June 18, 2024, Defendant, *pro se,* submitted a two-page letter to the Court, accompanied by seventy (70) pages of exhibits. On June 21, 2024, the Court (Truffer, J.) treated Defendant's letter as a request, pursuant to MD. RULE 14-504(f), to dissolve or modify the TRO, and issued an Order denying that request. Also on June 21, 2024, the Court (Truffer, J.) issued an Order directing Defendant appear on June 26, 2024 and show cause why he should not be held in contempt for failing to comply with the TRO.

On June 26, 2024, Defendant appeared, *pro se*, at a hearing on Ohana's Motion for Preliminary Injunction. The Court granted the Preliminary Injunction and set another hearing in for the next day, June 27, 2024. Defendant again appeared pro se and was held in constructive civil contempt for failure to comply with the Preliminary Injunction.

Over the next two months, Defendant filed or attempted to file no less than twelve (12) separate motions related to the TRO or the preliminary injunction. None of those motions have responded to or attempted to raise and defense to the claims asserted in the Complaint.

3

On August 20, 2024, Ohana filed a Request for Entry of Default against Defendant, considering his failure to file a timely response to the Complaint. The Court entered an Order of Default against Defendant that same day.

On August 26, 2024, more than a month beyond the deadline for Defendant's response to the Complaint, Defendant filed the instant Motion to Dismiss. The Motion to Dismiss is untimely, and, even had it been timely filed, the Motion fails to assert any bases for dismissal or any defenses to Ohana's claims. For these reasons, the Motion should be denied.

## ARGUMENT

The Motion to Dismiss is untimely, and, even had it been timely filed, the Motion fails to assert any bases for dismissal or any defenses to Ohana's claims. For these reasons, the Motion should be denied.

### A. Defendant's Motion is Untimely.

As explained to Defendant in Summons, as provided by Md. Rule 2-321(a), Defendant was required to file a written response to the Complaint within thirty (30) of being served on June 17, 2024, i.e. , on or before Wednesday, July 17, 2024. Defendant did not file a response to the Complaint by the July 17, 2024 deadline. In failing to file a response, Defendant has effectively admitted Ohana's averments in the Complaint. Md. Rules 2-323(e) ("Averments in a pleading to which a responsive pleading is required … are admitted unless denied in the responsive pleading or covered by a general denial."). And under Md. Rules 2-322(a), defenses relating to "(1) lack of jurisdiction over the person, (2) improper venue, (3) insufficiency of process, and (4) insufficiency of service of process" are required to be raised "by motion to dismiss filed before the answer … If not so made and the answer is filed, these defenses are waived."

119447\000004\4864-1983-2286.v3

The Motion, like Defendant's answer, was required to be filed on or before Wednesday, July 17, 2024. The Motion was not filed until August 26, 2024, a month and a half late and well after Ohana's averments in the Complaint were deemed admitted and a default order was entered. Thus, the Motion is untimely and should be denied as such.

**B. Defendant Was Properly Served With Personal Service By A Process Server.**

Defendant claims that, because the July 15, 2024, email from Ohana's counsel was not effective service, the Complaint should be dismissed for insufficient service of process. By Defendant's actions and failure to file the Motion prior to July 17, 2024, Defendant has waived any defense based upon insufficiency of service. Moreover, it is indisputable that Defendant was properly and personally served on June 17, 2024 with copies of the Complaint, Summons, Civil Case Information Sheet, proposed TRO, Memorandum in Support of TRO, Exhibits, and Certificate of Notice Regarding the TRO. Thus, there is no basis for dismissal based upon Defendant's claim of insufficient service.

**C. Ohana's Complaint Sufficiently Plead All Facts and Entitlement to Relief**

In the Motion to Dismiss papers Defendant suggests that the Complaint failed to state any claims upon which relief can be granted. Even if there was any merit to those suggestions, Defendant waived that argument by failing to file the Motion in a timely fashion. As evidenced by the Order of Default, Defendant has effectively admitted all the operative factual allegations set forth in the Complaint. In granting Ohana's Motions for Temporary Restraining Order and Preliminary Injunction the Court has not only established that the Complaint asserts claims upon which relief can be granted, but that Ohana is likely to succeed on the merits of those claims. Ohana incorporates the entirety of its Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction against Defendant filed with the Court on June 14,

2024, in which Ohana detailed not only why its claims are viable, but also why Ohana is likely to succeed on their merits. Defendant has not raised any substantive argument as to why an of the three counts asserted in the Complaint fail to state a claim.

WHEREFORE, for the foregoing reasons, Ohana requests entry of an Order denying the Defendant's Motion to Dismiss, and granting such further relief as this Court deems appropriate.

September 9, 2024                                        Respectfully submitted,


                                                        /s/ Robert S. Brennen
                                                        Robert S. Brennen (AIS # 8712010068)
                                                        e-mail: RBrennen@milesstockbridge.com
                                                        Stephen D. Frenkil (AIS # 7712010110)
                                                        e-mail: SFrenkil@milesstockbridge.com
                                                        Victoria K. Hoffberger (AIS # 1912170195)
                                                        e-mail: vhoffberger@milesstockbridge.com
                                                        Jessica L. Duvall (AIS # 1812110110)
                                                        e-mail: jduvall@milesstockbridge.com
                                                        MILES & STOCKBRIDGE P.C.
                                                        100 Light Street
                                                        Baltimore, Maryland 21202
                                                        Telephone:    (410) 727-6464
                                                        Facsimile:    (410) 385-3700

                                                        *Counsel for Plaintiff Ohana Growth
                                                        Partners, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 9, 2024, a copy of the foregoing was sent via

email to ryan@mxt3.com and served on via first-class mail, postage prepaid on:

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

_/s/ Robert S. Brennen_
Robert S. Brennen (AIS # 8712010068)

119447\000004\4864-1983-2286.v3

| OHANA GROWTH PARTNERS, LLC | IN THE |
| --- | --- |
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | CASE NO.: C-03-CV-24-002264 |

**[PROPOSED]**
**ORDER DENYING MOTION TO DISMISS**

Upon consideration of Defendant Ryan Dillon-Capps' Motion to Dismiss (the "Motion") and Plaintiff Ohana Growth Partners, LLC's Opposition thereto, it is this _____ day of _____, 2024, hereby:

ORDERED that the Motion be, and hereby is DENIED.

_____
Judge, Circuit Court for Baltimore County

| OHANA GROWTH PARTNERS, LLC | IN THE |
| --- | --- |
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | FILE NO.: C-03-CV-24-002264 |

## OPPOSITION TO DEFENDANT'S MOTION TO VACATE ORDER OF DEFAULT

Plaintiff, Ohana Growth Partners, LLC. ("Plaintiff" or the "Ohana"), by its undersigned attorneys, hereby responds in opposition to the Motion to Vacate Order of Default (the "Motion") filed by Defendant Ryan Dillon-Capps ("Defendant") and states as follows:

### I.     THE ORDER OF DEFAULT WAS TIMELY REQUESTED AND ENTERED

1.      Ohana filed its Complaint against Defendant on Friday, June 14, 2024.

2.      The Clerk issued the Summons at approximately 1 p.m. on June 14, 2024.

3.      On Monday, June 17, 2024, at 11:24 AM, Ohana's process server personally served Defendant with copies of the Complaint, Summons, Civil Case Information Sheet, along with filings pertaining to Ohana's Motion for a Temporary Restraining Order and Preliminary Injunction. The affidavit of service filed with the Court on July 18, 2024, which Defendant has never contested, recites that Defendant was personally served at Defendant's home address. The Summons stated that Defendant is "summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by [Ohana]" and that "[f]ailure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you."

1

4. Because the Complaint and Summons was personally served on Defendant on June 17, 2024, Defendant had until July 17, 2024 to file a response to the Complaint and avoid default.

5. On August 20, 2024, more than sixty (60) days after Defendant was personally served with the Complaint and Summons, and more than thirty (30) days after the deadline for Defendant to file a response to the Complaint, Ohana filed its Request for Entry of Default against Defendant. The Court entered an Order of Default against Defendant that same day. Thus, neither Ohana's Request nor the Court's Order of Default were untimely.

## II. DEFENDANT'S MOTION FAILS TO STATE ANY VALID REASON FOR DEFENDANT'S FAILURE TO PLEAD PRIOR TO THE ENTRY OF DEFAULT.

1. Without any explanation or basis Defendant's Motion states that the justification for Defendant's failure to file an answer within the pleading deadline is "Defendant is still within the timeframe to file an answer." As set forth above, that timeframe expired on July 17, 2024. Thus, Defendant has failed to state a valid reason for Defendant's failure to plead by July 17, 2024, or, for that matter, by August 20, 2024 when the Request for Default was filed.

2. As the docket in this matter reflects, while Defendant has failed to make any filing in which Defendant has attempted to respond to any of the factual allegations or raise any defense to the legal causes of action set forth in the Complaint, Defendant has made numerous filings since June 18, 2024.

## III. DEFENDANT'S MOTION FAILS TO STATE ANY FACTUAL OR LEGAL BASIS FOR ANY DEFENSE TO THE CLAIMS IN THE COMPLAINT

1. Among other facts, the Complaint avers:

a. On January 9, 2020 Ohana and Defendant executed an Employment and Non-Disclosure Agreement (the "Dillon-Capps Employment Agreement"). Cmp ¶ 11.

2

b.  Since February 10, 2020, Defendant has been employed by Ohana as its Vice President of Information Technology. Cmp ¶11.

c.  Section 1 of the Dillon-Capps Employment Agreement required Defendant to "faithfully and diligently perform . . . duties as may be assigned by management from time to time." Cmp ¶22

d.  On May 20, 2024, without authorization from Defendant's supervisor or other senior Ohana executives, Defendant severed and discontinued all administrative access to Ohana's Microsoft 365 Account that had been held by Ohana employees other than Defendant, as well as the Global Admin rights provided to an IT consultant hired by Ohana. Cmp ¶14.

e.  On at least seven occasions from May 21, 2024 through June 13, 2024 Defendant's supervisor and other senior Ohana executives expressly directed Defendant to use Defendant's administrative rights to grant administrative rights to Ohana's Microsoft 365 Account to other Ohana employees and IT consultants hired by Ohana. Defendant failed to comply with those requests. Cmp ¶¶ 14-18.

f.  Defendant's refusal to provide Ohana with administrative control over Ohana's Microsoft 365 account, which controls a full suite of software applications used by Ohana's employees (including Microsoft Exchange for company email, Microsoft OneDrive and SharePoint for document management and storage, Microsoft Teams for videoconferencing), caused Ohana to incur significant expense in the form of otherwise unnecessary consulting fees and attorneys' fees. Cmp ¶¶ 9, 23, 27.

2.  On the basis of those and other factual averments the Complaint asserts three

legal causes of action against Defendant:

a.  Breach of Contract (the Dillon-Capps Employment Agreement)(Count I) Cmp ¶¶ 21-24;

b.  Breach of Defendant's duty of loyalty as Ohana's employee (Count II) Cmp ¶¶ 25-28; and

c.  Violation of MD. CODE ANN., CRIM. LAW., §7-302(c), for which, pursuant to MD. CODE ANN., CRIM. LAW., §7-302(g), Ohana is entitled to bring a civil action against Defendant to recover Ohana's actual damages and reasonable attorneys' fees and court costs.  Cmp ¶¶ 29-32.

3.  While Defendant's Motion to Vacate flatly asserts that "Defendant has a

substantial defense against the complaint," neither the Motion to Vacate, nor any of Defendant's

numerous previous filings has ever identified, let alone stated a factual or legal basis for, <u>any</u>

defense to _any_ of Ohana's three legal causes of action, or denied of any of Ohana's factual averments. To the contrary, starting with Defendant's June 18, 2024 letter to the Court and continuing with Defendant's sworn testimony during hearings conducted on June 26 and 27, 2024, Defendant has repeatedly admitted that Defendant refused comply with directives from Defendant's supervisor and other senior Ohana executives that Defendant grant administrative rights to Ohana's Microsoft 365 Account to other Ohana employees and IT consultants hired by Ohana.

WHEREFORE, because, for the reasons set forth above, Defendant's Motion does not state a substantial and sufficient basis for an actual controversy as to the merits of any of the claims asserted in the Complaint, nor establish any equitable excuse for Defendant's failure to plead, Defendant's Motion to Vacate the August 20, 2024 Order of Default should be denied.

September 23, 2024                          Respectfully submitted,

                                            _/s/ Robert S. Brennen_
                                            Robert S. Brennen (AIS # 8712010068)
                                            e-mail: RBrennen@milesstockbridge.com
                                            Stephen D. Frenkil (AIS # 7712010110)
                                            e-mail: SFrenkil@milesstockbridge.com
                                            Victoria K. Hoffberger (AIS # 1912170195)
                                            e-mail: VHoffberger@milesstockbridge.com
                                            Jessica L. Duvall (AIS # 1812110110)
                                            e-mail: JDuvall@milesstockbridge.com
                                            MILES & STOCKBRIDGE P.C.
                                            100 Light Street
                                            Baltimore, Maryland 21202
                                            Telephone:    (410) 727-6464
                                            Facsimile:    (410) 385-3700

                                            _Counsel for Plaintiff Ohana Growth_
                                            _Partners, LLC_

119447\000004\4856-3470-9224.v1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 23, 2024, a copy of the foregoing was sent via

email to ryan@mxt3.com and served on via first-class mail, postage prepaid on:

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)

**OHANA GROWTH PARTNERS, LLC**

                  *Plaintiff,*

vs.

**RYAN DILLON-CAPPS**

                  *Defendant.*

**IN THE**

**CIRCUIT COURT**

**FOR**

**BALTIMORE COUNTY**

**CASE NO.: C-03-CV-24-002264**

**[PROPOSED]**
<u>**ORDER DENYING MOTION TO VACATE ORDER OF DEFAULT**</u>

Upon consideration of Defendant Ryan Dillon-Capps' Motion to Vacate Order of Default and Plaintiff Ohana Growth Partners, LLC's Opposition thereto, it is this _____ day of _____, 2024, hereby:

ORDERED that Defendant's Motion to Vacate Order of Default be, and hereby is DENIED.

_____
Judge, Circuit Court for Baltimore County

| OHANA GROWTH PARTNERS, LLC | IN THE |
| --- | --- |
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | FILE NO.: C-03-CV-24-002264 |

## OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE ORDER OF DEFAULT

Plaintiff, Ohana Growth Partners, LLC. ("Plaintiff" or the "Ohana"), by its undersigned attorneys, hereby responds in opposition to the Motion to Strike Plaintiff's Opposition to Motion to Vacate Order of Default (the "Motion to Strike Opposition") filed by Defendant Ryan Dillon-Capps ("Defendant") and states as follows:

1. Defendant's primary basis for seeking to strike Plaintiff's Opposition to Defendant's Motion to Vacate Order of Default is Defendant's misreading of Maryland Rules 2-321 and 2-322 and misapplication of those Rules to the procedural history of this matter.

2. As its terms reflect, Maryland Rule 2-322(e) only contemplates, references and relates to motion strike <u>pleadings</u> or portions of pleadings.

3. The only filings recognized by Maryland Rules as pleadings are complaints, counterclaim, cross-claims, third-party complaints and answers to complaints, counterclaims, cross-claims and third-party complaints. Maryland Rule 2-302.

4. The only pleading that has been filed in this matter is Plaintiff's Complaint.

5. While Defendant filed a number of unsuccessful motions to strike in this matter, none of them were directed at Plaintiffs' Complaint. Thus, <u>none</u> of those motions, including Defendant's Motion to Strike Opposition, has legitimately been filed pursuant to Rule 2-322(e).

1

Thus, contrary Defendant's mistaken belief, none of Defendant's motions to strike triggered an automatic extension, pursuant to Maryland Rule 2-321(c), of time within which Defendant was required to file a response to the Complaint: July 17, 2024.

6.      Defendant's unsuccessful Motion to Dismiss the Complaint was not filed until August 26, 2024, well more than 30 days after the passing of the deadline for Defendant to file a response to the Complaint, and six days after the Order of Default had been entered. An untimely effort to file a motion pursuant to Maryland Rule 2-322(a) or (b) cannot extend a response deadline that has already expired.

WHEREFORE, for the reasons set forth above, Defendant's Motion to Strike Plaintiff's Opposition to Defendant's Motion to Vacate should be denied.

September 26, 2024                                    Respectfully submitted,


                                                     _/s/ Robert S. Brennen_
                                                     Robert S. Brennen (AIS # 8712010068)
                                                     e-mail: RBrennen@milesstockbridge.com
                                                     Stephen D. Frenkil (AIS # 7712010110)
                                                     e-mail: SFrenkil@milesstockbridge.com
                                                     Victoria K. Hoffberger (AIS # 1912170195)
                                                     e-mail: VHoffberger@milesstockbridge.com
                                                     Jessica L. Duvall (AIS # 1812110110)
                                                     e-mail: JDuvall@milesstockbridge.com
                                                     MILES & STOCKBRIDGE P.C.
                                                     100 Light Street
                                                     Baltimore, Maryland 21202
                                                     Telephone:    (410) 727-6464
                                                     Facsimile:    (410) 385-3700

                                                     _Counsel for Plaintiff Ohana Growth_
                                                     _Partners, LLC_

119447\000004\4893-5348-2729.v1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 26, 2024, a copy of the foregoing was sent via

email to ryan@mxt3.com and served on via first-class mail, postage prepaid on:

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)

119447\000004\4893-5348-2729.v1

**OHANA GROWTH PARTNERS, LLC**

        *Plaintiff,*

vs.

**RYAN DILLON-CAPPS**

        *Defendant.*

| | |
|---|---|
| **IN THE** | |
| **CIRCUIT COURT** | |
| **FOR** | |
| **BALTIMORE COUNTY** | |
| **CASE NO.: C-03-CV-24-002264** | |

**[PROPOSED]**
**ORDER DENYING MOTION STRIKE OPPOSITION TO MOTION TO VACATE ORDER OF DEFAULT**

      Upon consideration of Defendant Ryan Dillon-Capps' Motion to Strike Plaintiff's Opposition to Defendant's Motion to Vacate Order of Default and Plaintiff Ohana Growth Partners, LLC's Opposition thereto, it is this _____ day of _____, 2024, hereby:

      ORDERED that Defendant's Motion to Strike Opposition to Motion to Vacate Order of Default be, and hereby is DENIED.

                               _____
                               Judge, Circuit Court for Baltimore County

| OHANA GROWTH PARTNERS, LLC | IN THE |
| --- | --- |
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | FILE NO.: C-03-CV-24-002264 |

## OPPOSITION TO DEFENDANT'S
## MOTION TO ADD COUNSEL OF RECORD

Plaintiff, Ohana Growth Partners, LLC. ("Plaintiff" or the "Ohana"), by its undersigned attorneys, hereby responds in opposition to Defendant Ryan Dillon-Capps' ("Defendant" or "Dillon-Capps") Motion to Add Counsel of Record and states as follows:

1.       Ohana incorporates and adopts by reference herein the factual averments and arguments contained in its Opposition to Defendant's Motion to Assert Rights and Request Immediate Rulings. *See* Md. Rule 2-303(d) ("Statements in a pleading or other paper of record may be adopted by reference in a different part of the same pleading or paper of record or in another pleading or paper of record.").

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that Order:

A.  Denying Defendant's "Motion to Assert Rights and Request for Immediate Rulings;"

B.  Denying Defendant's "Motion to Add Counsel of Record;"

C.  Denying Defendant's "Motion to Compel;" and

D.  Granting to Plaintiff such other and further relief as justice and equity may require.

October 11, 2024

Respectfully submitted,

*/s/ Robert S. Brennen*

Robert S. Brennen (AIS # 8712010068)
e-mail: RBrennen@milesstockbridge.com
Steven D. Frenkil (AIS # 7712010110)
e-mail: SFrenkil@milesstockbridge.com
Victoria K. Hoffberger (AIS # 1912170195)
e-mail: VHoffberger@milesstockbridge.com
Jessica L. Duvall (AIS # 1812110110)
e-mail: JDuvall@milesstockbridge.com
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Telephone:     (410) 727-6464
Facsimile:      (410) 385-3700

*Counsel for Plaintiff Ohana Growth
Partners, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 11, 2024, a copy of the foregoing was sent via

email to ryan@mxt3.com and served via first-class mail, postage prepaid on:

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)

2

| OHANA GROWTH PARTNERS, LLC | IN THE |
|---|---|
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | FILE NO.: C-03-CV-24-002264 |

## OPPOSITION TO DEFENDANT'S
## MOTION TO ASSERT RIGHTS AND REQUEST IMMEDIATE RULINGS

Plaintiff, Ohana Growth Partners, LLC. ("Plaintiff" or the "Ohana"), by its undersigned attorneys, hereby responds in opposition to Defendant Ryan Dillon-Capps' ("Defendant" or "Dillon-Capps"): (1) Motion to Assert Rights and Request Immediate Rulings. This Opposition also addresses Dilon-Capps' (2) Motion to Add Counsel of Record, and (3) Motion to Compel (collectively "Defendants' Motions"). Ohana will separately file opposition papers to the (2) Motion to Add Counsel of Record, and (3) Motion to Compel, which will incorporate and adopt by reference the arguments contained in this Opposition. Ohana states as follows in support of its Opposition:

1.      Each of Defendant's Motions is substantively and procedurally flawed and does not seek any relief permitted under any provision of the Maryland Rules, Maryland statutes or common law.

2.      Defendant's rambling 42-page "**Motion to Assert Rights and Request for Immediate Rulings**" simply rehashes arguments from Dillon-Capps' Motion to Vacate Order of Default and Motion for Sanctions. Generously viewed, Dillon-Capps seems to be asking this Court to reconsider its order granting Ohana's Motion for Preliminary Injunction by repeating already rejected, and unsupported, assertions. Indeed, the only relief Dillon-Capps request is a demand

that the "court promptly correct these violations and protect the public's trust in a judicial system that adheres to fairness, ethical conduct and the rule of law."

3.    Defendant's similarly rambling 24-page "**Motion to Add Counsel of Record**" seeks an order from this Court compelling Plaintiff to add Steven Frenkil, Esq. and Holly Drumheller Butler, Esq. as counsel of record on behalf of Ohana in this matter. Defendant has no right or standing to mandate Ohana's counsel of record and this Court lacks the authority under Maryland law to compel Ohana to do so

4.    Like Dillon-Capps' Motion to Assert Rights and Request for Immediate Rulings, the 45-page "**Motion to Compel**" attempts to collaterally attack the Court's rulings on Ohana's Motion for Temporary Restraining Order and Preliminary Injunction. But it goes further, accusing seven Judges of this Court of acting with gross negligence, exceeding their discretion in connection with various other rulings, and conspiring to defraud Dillon-Capps, and each of the remaining Judges of this Court of dereliction of duty. Dillon-Capps repeats (and repeats) his complaint about perceived delays in the Court's ruling on mis many (many) motions, and accuses the Court of acting as an accessory to false imprisonment, human trafficking, and obstruction of justice. As relief Defendant asks that every Judge of this Court "be joined as Plaintiffs to accurately reflect their involvement in the fraudulent actions that have obstructed proper judicial review." To the extent that Dillon-Capps may be asking that the entire bench of the Circuit Court for Baltimore County be recused from hearing this case, Dillon-Capps has fallen far short of the affirmative showing of bias or prejudice necessary to require <u>any</u> of the judges to recuse his or herself, and no single judge has the authority to disqualify the entire bench. *See Perlstein v. Maryland Deposit Insurance Fund*, 78 Md. App. 8, 20-22 (1989).

2

5. Because each of Defendant's Motions are both procedurally and substantively improper, they should be denied.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that Order:

A. Denying Defendant's "Motion to Assert Rights and Request for Immediate Rulings;"

B. Denying Defendant's "Motion to Add Counsel of Record;"

C. Denying Defendant's "Motion to Compel;" and

D. Granting to Plaintiff such other and further relief as justice and equity may require.

October 11, 2024

Respectfully submitted,

/s/ Robert S. Brennen
Robert S. Brennen (AIS # 8712010068)
e-mail: RBrennen@milesstockbridge.com
Steven D. Frenkil (AIS # 7712010110)
e-mail: SFrenkil@milesstockbridge.com
Victoria K. Hoffberger (AIS # 1912170195)
e-mail: VHoffberger@milesstockbridge.com
Jessica L. Duvall (AIS # 1812110110)
e-mail: JDuvall@milesstockbridge.com
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Telephone:    (410) 727-6464
Facsimile:    (410) 385-3700

*Counsel for Plaintiff Ohana Growth
Partners, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 11, 2024, a copy of the foregoing was sent via email to ryan@mxt3.com and served via first-class mail, postage prepaid on:

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

/s/ Robert S. Brennen
Robert S. Brennen (AIS # 8712010068)

3

**OHANA GROWTH PARTNERS, LLC**

*Plaintiff,*

vs.

**RYAN DILLON-CAPPS**

*Defendant.*

**IN THE**

**CIRCUIT COURT**

**FOR**

**BALTIMORE COUNTY**

**FILE NO.: C-03-CV-24-002264**

## OPPOSITION TO DEFENDANT'S
## MOTION TO COMPEL

Plaintiff, Ohana Growth Partners, LLC. ("Plaintiff" or the "Ohana"), by its undersigned attorneys, hereby responds in opposition to Defendant Ryan Dillon-Capps' ("Defendant" or "Dillon-Capps") Motion to Compel and states as follows:

1.      Ohana incorporates and adopts by reference herein the factual averments and arguments contained in its Opposition to Defendant's Motion to Assert Rights and Request Immediate Rulings. *See* Md. Rule 2-303(d) ("Statements in a pleading or other paper of record may be adopted by reference in a different part of the same pleading or paper of record or in another pleading or paper of record.").

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that Order:

A.  Denying Defendant's "Motion to Assert Rights and Request for Immediate Rulings;"

B.  Denying Defendant's "Motion to Add Counsel of Record;"

C.  Denying Defendant's "Motion to Compel;" and

D.  Granting to Plaintiff such other and further relief as justice and equity may require.

October 11, 2024                              Respectfully submitted,

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)
e-mail: RBrennen@milesstockbridge.com
Steven D. Frenkil (AIS # 7712010110)
e-mail: SFrenkil@milesstockbridge.com
Victoria K. Hoffberger (AIS # 1912170195)
e-mail: VHoffberger@milesstockbridge.com
Jessica L. Duvall (AIS # 1812110110)
e-mail: JDuvall@milesstockbridge.com
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Telephone:     (410) 727-6464
Facsimile:      (410) 385-3700

*Counsel for Plaintiff Ohana Growth
Partners, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 11, 2024, a copy of the foregoing was sent via

email to ryan@mxt3.com and served via first-class mail, postage prepaid on:

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)

2

**OHANA GROWTH PARTNERS, LLC**

<div style="text-align:center">*Plaintiff,*</div>

vs.

**RYAN DILLON-CAPPS**

<div style="text-align:center">*Defendant.*</div>

**IN THE**

**CIRCUIT COURT**

**FOR**

**BALTIMORE COUNTY**

**CASE NO.: C-03-CV-24-002264**

<div style="text-align:center">

**[PROPOSED]**
**ORDER DENYING**
**MOTION TO ASSERT RIGHTS AND REQUEST IMMEDIATE RULINGS,**
**MOTION TO ADD COUNSEL OF RECORD,**
**AND**
**MOTION TO COMPEL**

</div>

Upon consideration of Defendant Ryan Dillon-Capps' Motion to Assert Rights and Request Immediate Rulings, Motion to Add Counsel of Record, and Motion to Compel (collectively "Defendants' Motions") and Plaintiff Ohana Growth Partners, LLC's Oppositions thereto, it is this _____ day of _____, 2024, hereby:

1.  **ORDERED** that Defendant's Motion to Assert Rights and Request for Immediate Rulings is hereby DENIED; and it is further

2.  **ORDERED** that Defendant's Motion to Add Counsel of Record is hereby DENIED; and it is further

3.  **ORDERED** that Defendant's Motion to Compel is hereby DENIED.


_____
Judge, Circuit Court for Baltimore County

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO.: C-03-CV-24-002264** |

**[Proposed]**
<u>**ORDER**</u>

Upon receipt and review of Plaintiff's Request for Special Assignment and review of the Court's file, it is this ___ day of _____, 2024.

**ORDERED,** that the above captioned matter be specially assigned to Judge _____ for all further issues and trial:

_____

Judge, Circuit Court for Baltimore County

**OHANA GROWTH PARTNERS, LLC**

*Plaintiff,*

vs.

**RYAN DILLON-CAPPS**

*Defendant.*

| | |
|---|---|
| **IN THE** |
| **CIRCUIT COURT** |
| **FOR** |
| **BALTIMORE COUNTY** |
| **FILE NO.: C-03-CV-24-002264** |

## REQUEST FOR SPECIAL ASSIGNMENT

Plaintiff, Ohana Growth Partners, LLC. ("Plaintiff" or the "Ohana"), by its undersigned attorneys, hereby requests that the above captioned case be assigned to a specific judge of this Court for all further proceedings before this Court, and states as follows:

1. Since June 14, 2024, when Ohana sued Ryan Dillon-Capps ("Defendant" or "Dillon-Capps"), Ohana's former Vice President of Information Technology, the Defendant has filed, as a *pro se* party, more than 64 motions and other papers, with 17 filed within the last two weeks, alone. Many request this Court to rule on earlier filed motions or requests and nearly all are accompanied by numerous and repetitive exhibits. For the reasons stated below, Ohana believes the efficient administration of justice would be served by assigning this case to a single judge for all purposes.

2. Ohana sued Ryan Dillon-Capps asserting causes of action for (i) breach of contract; (ii) breach of common law employee's duty of loyalty, and (iii) under MD. CODE ANN., CRIM. LAW., §7-302(g) based on Defendant's violation of MD. CODE ANN., CRIM. LAW., §7-302(c).[1] All

---

[1] MD. CODE ANN., CRIM. LAW., §7-302(c)(2) makes it a crime for a person to commit an act prohibited by §7-302(c)(1) with the intent to:

> (i) cause the malfunction or interrupt the operation of all or any part of a computer, computer network, computer control language, computer software, computer system, computer service, or computer data; or

three claims are based upon the Defendant's locking Plaintiff out of administrative control of Plaintiff's Microsoft 365 software account and GoDaddy.com domain name registrations and refusal to comply with repeated directives to extend such administrative control to Plaintiff's officers and outside IT consultants. In short, Defendant had locked Plaintiff out of control over its email and document management systems and websites.

3.      On June 14, 2024, Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for TRO/PI") and Memorandum in Support of that motion.

4.      Defendant was served by private process with the Complaint, Summons, Motion for TRO/PI and Memorandum in Support on June 17, 2024.

5.      On June 17, 2024, this Court (Di Simone, J.) granted Plaintiff's Motion for TRO and entered a temporary restraining order directing Defendant to take action to extend, to Plaintiff and its consultants, administrative control over Plaintiff's Microsoft 365 software account and GoDaddy.com domain name registrations.

6.      On June 26, 2024, this Court (Barranco, J), after a hearing at which Defendant appeared, *pro se*, and testified, granted Plaintiff's Motion for PI and issued a preliminary injunction directing Defendant to take action to extend, to Plaintiff and its consultants, administrative control over Plaintiff's Microsoft 365 software account and GoDaddy.com domain name registrations (the "Preliminary Injunction").

---

(ii) alter, damage, or destroy all or any part of data or a computer program stored, maintained, or produced by a computer, computer network, computer software, computer system, computer service, or computer database.

.

2

7.  On June 27, 2024, this Court (Barranco, J.), after a hearing at which Defendant again appeared, *pro se*, and testified under oath, issued an Order finding Dillon-Capps in contempt of the Preliminary Injunction and fining Defendant $2,500 for each ensuing day that passed without Defendant's compliance with the Preliminary Injunction.

8.  As set forth in Plaintiff's July 17, 2024, Notice of Withdrawal of Petition for Constructive Civil Contempt, on July 12, 2024, Plaintiff, without any cooperation by Defendant, and with the assistance of representatives of Microsoft Corporation, regained administrative control of Plaintiff's MS 365 account and, on July 17, 2024, with Defendant's cooperation, regained administrative control over Plaintiff's GoDaddy Account and internet domain name registrations. Plaintiff reserved its right to seek judgment against Dillon-Capps in an amount equal to the contempt fines accrued against him, as well as legal fees, consultant fees and other expenses Plaintiff incurred as a result of Defendant's breaches of contract and duty of loyalty and Defendant's violation of MD. CODE ANN., CRIM. LAW., §7-302(C), as well as the attorneys' fees and expenses Plaintiff has incurred since July 17th under MD. CODE ANN., CRIM. LAW., §7-302(g).

9.  On August 20, 2024, Plaintiff filed a Request for Entry of Default, and that same day, this Court (Battista, J.) entered an Order of Default.

10. On September 20, 2024, Defendant, acting *pro se*, filed a Motion to Vacate the Order of Default, which Ohana opposed on September 23, 2024. Defendant's Motion to Vacate the Order of Default and Defendant's separate Motion to Strike Plaintiff's Opposition to Defendant's Motion to Vacate the Order of Default remain pending before this Court.

11. In addition to the filings referenced above, Defendant, continuing to appear *pro se*, has filed no fewer ten (10) requests or motions (some with hundreds of pages of exhibits and numerous copies of the same documents) that have been denied by the Court.

3

12. In just the last two weeks, Dillon-Capps, continuing to act *pro se*, has filed over ten *additional* papers and motions, including:

- September 27, 2024---**Motion for Sanctions** against Plaintiff and Plaintiff's Counsel, comprising 82 pages, plus an eleven-page affidavit and 22 pages of exhibits.

- September 30, 2024---**Motion to Assert Rights and Request Immediate Rulings** comprising 42 pages.[2]

- October 3, 2024---**Motion to Add Counsel of Record**, comprising 24 pages, through which Defendant seeks an order adding, as counsel of record for Plaintiff, two lawyers.

- October 4, 2024---**Affidavit of Harm**, accompanied by 690 pages of exhibits.

- October 5, 2024---**Notice of Hypothesis of Crayons**, in which, among other things, Defendant accuses the following seven (7) Judges of this Court of conspiring with Plaintiff to defraud Defendant:

  - Jan Marshall Alexander
  - Keith R. Truffer
  - Andrew M. Battista
  - Stacy A. Mayer
  - Michael S. Barranco
  - Marc A. DeSimone, Jr.
  - H. Patrick Stringer[3]

- October 7, 2024---**Affidavit of Financial Urgency**, which included a redacted exhibit whose filing the Clerk has rejected.

- October 8, 2024---**Motion for Urgent Hearing to Address Violation of Constitutional Rights and Rule 1-201** in connection with the Clerk's rejection of Defendant's exhibit.

- October 9, 2024---**Motion to Compel** the Court to take action on Defendant's pending motions, in which Defendant has accused every Judge of this Court of dereliction of duty in failing to rule on Defendant's outstanding motions.

---

[2] On October 2, 2024 Defendant purported to file a "Motion to Correct Record" via the MDEC system, but the document Defendant filed was another copy of Defendant's Motion to Assert Rights and Request Immediate Rulings.

[3] Exhibits attached to Defendant's Affidavit of Financial Urgency suggest that Defendant has attempted to contact each of these judges via emails to mdmanual@maryland.gov.

4

- October 9, 2024---a second **Request for Hearing** in connection with the Clerk's rejection of Defendant's exhibit.

- October 10, 2024---a third **Request for Hearing** in connection with the Clerk's rejection of Defendant's exhibit.

13.     Ohana has filed Oppositions to Defendant's Motion to Assert Rights and Request for Immediate Rulings, Motion to Add Counsel of Record, and Motion to Compel noting that they are not countenanced by the Maryland Rules. Ohana will shortly be filing its Opposition to Defendant's Motion for Sanctions.

14.     Defendant's filings have acknowledged Defendant's reliance upon artificial intelligence (AI) and Plaintiff submits that several of Defendant's submissions reflect Defendant's use of AI in drafting.

15.     Given the nature of the matter, Defendant's unrestrained proclivity for filing lengthy and frequently improper motions and requests, and Defendants' direct accusations of misconduct directed to seven (7) of the Court's Judges and threats to join them as parties to the matter, Plaintiff submits that it would be in the best interests of all parties and the Court that the matter be specially assigned to a single judge for all purposes, including consideration of the pending Motion to Vacate Order of Default.

16.     To the extent that any of Defendants' filings could construed as a motion that the entire bench of the Circuit Court for Baltimore County be recused from hearing this case, Defendant has fallen far short of the affirmative showing of bias or prejudice necessary to require any of the judges to recuse his or herself, and no single judge has the authority to disqualify the entire bench. *See Perlstein v. Maryland Deposit Insurance Fund*, 78 Md. App. 8, 20-22 (1989).

WHEREFORE, because, for the reasons set forth above, Plaintiff respectfully requests that the above captioned case be assigned to a specific judge of this Court for all further proceedings before this Court.

October 11, 2024

Respectfully submitted,

*/s/ Robert S. Brennen*

Robert S. Brennen (AIS # 8712010068)
e-mail: RBrennen@milesstockbridge.com
Steven D. Frenkil (AIS # 7712010110)
e-mail: SFrenkil@milesstockbridge.com
Victoria K. Hoffberger (AIS # 1912170195)
e-mail: VHoffberger@milesstockbridge.com
Jessica L. Duvall (AIS # 1812110110)
e-mail: JDuvall@milesstockbridge.com
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Telephone:    (410) 727-6464
Facsimile:    (410) 385-3700

*Counsel for Plaintiff Ohana Growth Partners, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 11, 2024, a copy of the foregoing was sent via email to ryan@mxt3.com and served on via first-class mail, postage prepaid on:

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

*/s/ Robert S. Brennen*

Robert S. Brennen (AIS # 8712010068)

6

| OHANA GROWTH PARTNERS, LLC | IN THE |
|---|---|
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | CASE NO.: C-03-CV-24-002264 |

**[PROPOSED]**
**ORDER DENYING MOTION TO ADD COUNSEL OF RECORD**

Upon consideration of Defendant Ryan Dillon-Capps' Motion to Add Counsel of Record and Plaintiff Ohana Growth Partners, LLC's Oppositions thereto, it is this _____ day of _____, 2024, hereby:

**ORDERED** that Defendant's Motion to Add Counsel of Record is hereby DENIED.

_____
Judge, Circuit Court for Baltimore County

**OHANA GROWTH PARTNERS, LLC**

         *Plaintiff,*

vs.

**RYAN DILLON-CAPPS**

         *Defendant.*

**IN THE**

**CIRCUIT COURT**

**FOR**

**BALTIMORE COUNTY**

**CASE NO.: C-03-CV-24-002264**

---

**[PROPOSED]**
**ORDER DENYING MOTION TO COMPEL**

Upon consideration of Defendant Ryan Dillon-Capps' Motion to Compel and Plaintiff Ohana Growth Partners, LLC's Oppositions thereto, it is this ____ day of _____, 2024, hereby:

**ORDERED** that Defendant's Motion to Compel is hereby DENIED.

_____

Judge, Circuit Court for Baltimore County

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **CASE NO.: C-03-CV-24-002264** |

**[PROPOSED]**
**ORDER DENYING**
**MOTION TO ASSERT RIGHTS AND REQUEST IMMEDIATE RULINGS**

   Upon consideration of Defendant Ryan Dillon-Capps' Motion to Assert Rights and

Request Immediate Rulings and Plaintiff Ohana Growth Partners, LLC's Oppositions thereto, it is

this _____ day of _____, 2024, hereby:

   **ORDERED** that Defendant's Motion to Assert Rights and Request for Immediate Rulings

is hereby DENIED.


_____
Judge, Circuit Court for Baltimore County

| OHANA GROWTH PARTNERS, LLC | IN THE |
| --- | --- |
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | FILE NO.: C-03-CV-24-002264 |

<p style="text-align:center">**PLAINTIFF'S**<br>**MOTION FOR PROTECTIVE ORDER**</p>

Plaintiff, Ohana Growth Partners, LLC ("Plaintiff" or "Ohana"), by its undersigned attorneys, pursuant to Maryland Rule 2-403, hereby moves the Court to enter a Protective Order barring Defendant Ryan Dillon-Capps ("Defendant" or "Dillon-Capps") from pursuing discovery specifically from the Baltimore Business Journal and generally pending a scheduling conference, and in support thereof, states as follows:

<p style="text-align:center">**INTRODUCTION**</p>

1.      The only causes of action pending before the Court in this matter are the three claims asserted in Ohana's Complaint, all of which arise from Dillon-Capps' actions as Ohana's employee, in violation of Dillon-Capps Employment Agreement and duties of loyalty, to lock Ohana out of administrative control over the software accounts through which Ohana operates its company email, document management and other critical systems. Dillon-Capps' breaches began in May 2024 and Ohana regained administrative control over the accounts as of July 17, 2024. Through a procedurally deficient Notice of Deposition and a document masquerading as a Subpoena Duces Tecum, Dillon-Capps is seeking expedited discovery from the Baltimore Business Journal regarding Ohana President Justin Drummond's October 1, 2024, inclusion into the publication's 2024 class of "40 Under 40" honorees. The requested discovery seeks

information which has nothing whatsoever to do with any facts material to this case, and is clearly only intended to embarrass Mr. Drummond. Thus, not only should the discovery not be expedited, it should not take place at all. Moreover, in light of myriad of motions and requests filed by Defendant that are still pending, the Court should bar Dillon-Capps from efforts to pursue discovery until the Court has convened a scheduling conference.

## FACTUAL AND PROCEDURAL BACKGROUND

2.     Dillon-Capps is Ohana's former Vice President of Information Technology.

3.     Ohana sued Dillon-Capps on June 14, 2024, asserting causes of action for (i) breach of contract; (ii) breach of common law employee's duty of loyalty, and (iii) under MD. CODE ANN., CRIM. LAW., §7-302(g) based on Dillon-Capps' violation of MD. CODE ANN., CRIM. LAW., §7-302(c) (which include, in summary, actions causing the malfunction or interruption of computers or networks or computer data, and actions altering, damaging, or destroying computers, or networks or computer data).

4.     All three of Ohana's claims are based upon the Dillon-Capps' actions to lock Ohana out of administrative control of its  Microsoft 365 software account---which includes Ohana's company email accounts and document management system,  and GoDaddy.com domain name registrations---which control access to and administration of Ohana's websites, and upon Dillon-Capps' alleged refusal to comply with repeated directives to extend such administrative control to Ohana's officers and outside IT consultants.

5.     Dillon-Capps is and always has been self-represented in this matter.

6.     Ohana also filed a Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for TRO/PI") along with the filing of its Complaint on June 14, 2024. Dillon-Capps was served with the Complaint, Summons, and Motion for TRO/PI on June 17, 2024.

7. The Court entered Ohana's requested TRO on June 17, 2024, directing Dillon-Capps to provide Ohana and its consultants administrative control over Ohana's Microsoft 365 software account and GoDaddy.com domain name registrations.

8. Dillon-Capps was served with the TRO. He knowingly and intentionally did not comply with the requirements of the TRO.

9. On June 26, 2024, the Court held a hearing on Ohana's Motion for PI. Dillon-Capps appeared and testified at the PI hearing. After the hearing, the Court granted Ohana's Motion for PI and issued a preliminary injunction. The Preliminary Injunction contained the same requirements as the TRO—it directed Dillon-Capps to provide Ohana and its consultants administrative control over Ohana's Microsoft 365 software account and GoDaddy.com domain name registrations.

10. Dillon-Capps again knowingly and intentionally failed to comply with the Court's orders. He did not provide Ohana or its consultants administrative control over Ohana's Microsoft 365 software account and GoDaddy.com domain name registrations.

11. The Court held another hearing the very next day. Dillon-Capps again appeared and testified at the hearing. At the conclusion of the hearing, the Court entered an order finding Dillon-Capps in contempt of the Preliminary Injunction and fining him $2,500 for each ensuing day that passed without his compliance with the Preliminary Injunction.[1]

---

[1]The Court rejected as not credible Dillon-Capps' sworn testimony that he was unable to access the Microsoft 365 and GoDaddy accounts because Dillon-Capps could not locate "key fobs" Dillon-Capps testified were needed for multifactor authentication in logging into the accounts. As explained in the later filed July 3, 2024, Affidavit of Daniel J. Levitt, after Ohana finally regained administrative control of the accounts Ohana confirmed that Court had correctly seen through Dillon-Capps' perjury: all Dillon-Capps needed to access the accounts was Dillon-Capps' cell phone, which Dillon-Capps had in the courtroom on June 26th and 27th. Dillon-Capps could have complied with the Preliminary Injunction then and there, but intentionally chose to lie, under oath, about key fobs and be found in contempt of the Preliminary Injunction.

3

12. Dillon-Capps still did not comply with the Preliminary Injunction.

13. On July 12, 2024, Ohana was able to regain administrative control of its MS 365 account with the assistance of representatives of Microsoft Corporation, even without the cooperation of Dillon-Capps. On July 17, 2024, Dillon-Capps cooperated with Ohana for the first time, and took action that allowed Ohana to regain administrative control over Ohana's GoDaddy Account and internet domain name registrations.

14. On July 17, 2024, Ohana therefore filed a Notice of Withdrawal of Petition for Constructive Civil Contempt that it had filed against Dillon-Capps. But Ohana reserved its right to seek judgment against Dillon-Capps in an amount equal to the contempt fines accrued against him, as well as the legal fees, consultant fees and other expenses relating to Ohana's claims against Dillon-Capps.

15. In addition to the pleadings and papers described above, Dillon-Capps has filed approximately 18 other motions and requests. The Court has denied each and every such motion or request as each became ripe for review. As of this filing there are approximately 15 pending requests or motions that Dillon-Capps has filed with the Court.

16. All fifteen of Dillon-Capps' motions or requests, including his Motion for Sanctions, have been filed since September 27, 2024, and are not yet ripe for review. In his various pending motions and requests, Dillon-Capps makes unfounded allegations against Ohana, M&S, and even against the judges of this Court. He accuses every judge of this court of "dereliction of duty" for not yet ruling on his pending motions and requests, and he accuses seven judges of this Court of being engaged in a conspiracy with Ohana.

17. Ohana has filed oppositions to Dillon-Capps' motions and requests. Ohana has also requested that this matter be specially assigned to a single judge of this Court, given the frequency,

4

length, and nature of Dillon-Capps' filings, including his accusations against the judges of this Court.

**DEFENDANT'S ATTEMPTED MISUSE OF DISCOVERY PROCEDURES**

18.     On Friday, October 11, 2024, a private process server retained by Dillon-Capps served Ohana's counsel with a "Notice of Deposition of Third Parties of Baltimore Business Journal" (the "Notice") in which Dillon-Capps stated that

> Defendant seeks to depose representatives of the Baltimore Business Journal, specifically managing editor Jessica Iannetta, regarding the nomination and selection of Justin Drummond, President of Ohana Growth Partners, LLC, to the Journal's "40 Under 40" list published on October 1, 2024. This deposition is critical to uncovering whether any external influence, particularly from the Plaintiff or its legal counsel, Miles & Stockbridge, played any role in Drummond's nomination during the ongoing litigation concerning fraud, perjury and judicial delay.

The "Notice" further asserts that the information sought "directly relates to Plaintiff's credibility and potential manipulation of public perception during this ongoing legal matter." The "Notice" indicates that the deposition "will be recorded via Microsoft Teams." There is no indication in the "Notice" that the proposed deposition will be conducted in accordance with Maryland Rules 2-414(a), 2-415(a) or 2-416(f). While its content implies that a copy of the "Notice" was also served upon the Baltimore Business Journal, there is no indication in the "Notice" or otherwise, that it was accompanied by a properly issued subpoena compelling a representative of the Baltimore Business Journal to appear on October 25, 2024 as directed. A copy of the "Notice" is filed herewith as **Exhibit A** hereto.

19.     Served with the "Notice" was a 12-page document entitled "SUBPOENA DUCES TECUM FOR DOCUMENTS" (the "Subpoena") through which Dillon-Capps seeks "documents that are readily accessible and specific to Drummond's nomination and selection for the '40 Under 40' list." The "Subpoena" purports to direct the Baltimore Business Journal to produce the

requested documents on October 25, 2024, or approximately half the time that would be required under Maryland Rule 2-412(c). However, the "Subpoena" is not on the Court's form and was not issued by the Clerk or otherwise in accordance with Maryland Rule 2-510(b). A copy of the "Subpoena" is filed herewith as **Exhibit B** hereto.

20.     Because both the "Notice" and the "Subpoena" suffer from numerous procedural flaws, and because the discovery sought bears no rational relationship to the issues presented in the matter, Ohana' Motion for Protective Order barring Dillon-Capps from attempting to pursue the requested discovery, and any discovery pending a scheduling conference.

## ARGUMENT

21.     Pursuant to Md. Rules 2-403(a), "[F]or good cause shown, the court may enter any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had, (2) that the discovery not be had until other designated discovery has been completed, a pretrial conference has taken place, or some other event or proceeding has occurred, (3) that the discovery may be had only on specified terms and conditions, including an allocation of the expenses or a designation of the time or place, … (5) that certain matters not be inquired into or that the scope of the discovery be limited to certain matters, …"

22.     "[] MD. RULE 2–403(a) is based in large part on Federal Rule of Civil Procedure (F.R.C.P.) 26(c). … [W]hen interpreting a Maryland Rule that is similar to a Federal Rule of Civil Procedure[, a] Court may look for guidance to federal decisions construing the corresponding federal rule" and "may examine the interpretation federal courts have lent to F.R.C.P. 26(c) when [considering] MD. RULE 2–403(a)." *Tanis v. Crocker*, 110 Md. App. 559, 574 (1996).

23.     Similar to FRCP 26(c), a person seeking a protective order under MD. Rule 2-403(a) "'has the burden of making a particular and specific demonstration of fact, as distinguished from general, conclusory statements, revealing some injustice, prejudice, or consequential harm that will result if protection is denied.'" *Forensic Advisors, Inc. v. Matrixx Initiatives, Inc.*, 170 Md. App. 520, 530 (2006) (*citing Tanis*, 110 Md.App. at 574).

24.     The movant must demonstrate that the discovery sought lacks relevance "to the extent that the likelihood and severity of the harm or injury caused by the deposition outweighs any need for the information." *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (further citations omitted). "Indeed, 'even very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it.'" *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 377 (D. Md. 2014) (*citing* Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 2036.

I.      **THE NOTICE AND SUBPOENA SEEK DISCOVERY OF INFORMATION THAT HAS NO RELEVANCE TO THE CLAIMS IN SUIT.**

25.     The "Subpoena" allegedly seeks documents and information from the Baltimore Business Journal related to the selection process for Justin Drummond's inclusion on the "40 Under 40" list. The "Notice" similarly seeks to require the Baltimore Business Journal to present a designee, specifically Jessica Iannetta,[2] to provide testimony regarding that selection process.

26.     The Defendant argues that "these documents are material to proving a scheme to manipulate public perception, bolstering Drummond's credibility while undermining the Defendant's position in this case" but provides no rationale for why these documents are necessary or relevant to the case beyond stating that they are necessary for proving fraud,

---

[2]Defendant has provided no indication whether the deficient "Notice" or "Subpoena" documents were personally served on Ms. Iannetta.

misrepresentation, perjury, judicial delay, or public manipulation as part of Dillon-Capps'
defense.

27.     The information sought by Dillon-Capps lacks any material, substantive relevance
to Ohana's claims. As noted above, Ohana's lawsuit asserts three legal claims against Dillon-
Capps: (i) breach of Dillon-Capps' employment agreement; (ii) breach of Dillon-Capps' legal
duties as an employee; and (iii) violation of MD. CODE ANN., CRIM. LAW., §7-302(g) based
on Dillon-Capps' violation of MD. CODE ANN., CRIM. LAW., §7-302(c) (which include, in
summary, actions causing the malfunction or interruption of computers or networks or computer
data, and actions altering, damaging, or destroying computers, or networks or computer data).
None of the claims relate to fraud, misrepresentation, perjury, judicial delay, or public
manipulation.

28.     The information sought likewise lacks any temporal nexus to the litigation. The
Baltimore Business Journal's "40 Under 40" list was published on October 1, 2024, almost four
months after Ohana filed its complaint on June 14, 2024.

29.     Moreover, permitting Dillon-Capps to pursue frivolous discovery will result in
harm to both Ohana and the Baltimore Business Journal by requiring them to devote time and
expense to responding to the subpoena, producing the records, and attending a deposition when
none of the resulting material will be relevant or admissible.

30.     Simply put, none of the potential grounds raised by Dillon-Capps are actually at
issue in this matter, and thus the materials sought by Dillon-Capps are entirely irrelevant. The
Court should not countenance such an abuse of the discovery process and should issue a Protective
Order barring Dillon-Capps from seeking the proposed discovery from the Baltimore Business
Journal via the deficient "Notice" and "Subpoena" documents.

## II. THE NOTICE AND SUBPOENA DO NOT COMPLY WITH THE MARYLAND RULES

31.     Even if either the "Notice" or "Subpoena" sought information relevant to the claims in suit, neither document complies with the applicable Maryland Rules.

32.     Md. Rule 2-510(a)(1)(B) states that a "subpoena is **required** … to compel a **nonparty** to attend, give testimony, and produce and permit inspection, copying, testing, or sampling of designated documents, electronically stored information, or tangible things at a deposition." (emphasis added). The Baltimore Business Journal is a nonparty and thus a valid subpoena is required if Dillon-Capps intends to seek discovery from it.

33.     The "Notice" and "Subpoena" allegedly issued by Dillon-Capps are not valid and do not conform with Maryland law.

34.     The "Notice" indicates that the deposition "will be recorded via Microsoft Teams." There is no indication in the "Notice" that the proposed deposition will be conducted in accordance with Maryland Rules 2-414(a) (requiring the deposition to be taken before an officer who is not a relative or employee or attorney of a party and who is not financially interested in the action), 2-415(a) (requiring testimony under oath and a transcription of the recording) or 2-416(f) (setting forth the general procedure for conducting a deposition). While the "Notice" implies that a copy was also served upon the Baltimore Business Journal, there is no indication in the "Notice" or otherwise, that it was accompanied by a properly issued subpoena as required by Md. Rule 2-510(a)(1)(B).

35.     The "Subpoena" purports to direct the Baltimore Business Journal to produce the requested documents on October 25, 2024, or approximately half the time that would be required under Maryland Rule 2-412(c). However, the "Subpoena" is not on the Court's form as required by Maryland Rule 2-510(c) and was not issued by the Clerk or otherwise in accordance with

9

Maryland Rule 2-510(b). Under Md. Rule 2-510(a)(3), the court may impose a sanction for attempted misuse of a subpoena for any purpose, "including an award of a reasonable attorney's fee and costs, the exclusion of evidence obtained as a result of the violation, and reimbursement of any person inconvenienced for time and expenses incurred."

36.     Ohana respectfully submits that the "Notice" and "Subpoena" served by Dillon-Capps violate the Maryland Rules and should deemed to have no effect.

## III.     DISCOVERY SHOULD BE STAYED PENDING A SCHEDULING CONFERENCE AND THE ISSUANCE OF A SCHEDULING ORDER

37.     To avoid the annoyance, undue burden, and expense of engaging in frivolous discovery, Ohana requests that the court stay all discovery until a scheduling conference has been held and a scheduling order has been issued in accordance with Md. Rule 2-403(a)(2).

38.     Holding a scheduling conference will permit the parties to meet and agree on the length of discovery to be conducted, thus reducing the need for extensive discovery motions.

## <u>CONCLUSION</u>

WHEREFORE, because, for the reasons set forth above, Ohana respectfully requests the Court issue an Order:

A.  Barring Defendant Ryan Dillon-Capps from pursuing discovery from the Baltimore Business Journal as contemplated by Dillon-Capps' "Notice" and "Subpoena;"

B.  Staying all discovery pending a scheduling conference and the issuance of a scheduling order; and

C.  Granting such further and other relief to Ohana as justice and equity warrant.

10

October 18, 2024                                    Respectfully submitted,

                                                    */s/ Robert S. Brennen*
                                                    Robert S. Brennen (AIS # 8712010068)
                                                    e-mail: RBrennen@milesstockbridge.com
                                                    Steven D. Frenkil (AIS # 7712010110)
                                                    e-mail: SFrenkil@milesstockbridge.com
                                                    Victoria K. Hoffberger (AIS # 1912170195)
                                                    e-mail: VHoffberger@milesstockbridge.com
                                                    Jessica L. Duvall (AIS # 1812110110)
                                                    e-mail: JDuvall@milesstockbridge.com
                                                    MILES & STOCKBRIDGE P.C.
                                                    100 Light Street
                                                    Baltimore, Maryland 21202
                                                    Telephone:    (410) 727-6464
                                                    Facsimile:    (410) 385-3700

                                                    *Counsel for Plaintiff Ohana Growth
                                                    Partners, LLC*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18, 2024, a copy of the foregoing was sent via

email to ryan@mxt3.com and served on via first-class mail, postage prepaid on:

            Ryan Dillon-Capps
            1334 Maple Avenue
            Essex, Maryland 21221
                                                    */s/ Robert S. Brennen*
                                                    Robert S. Brennen (AIS # 8712010068)

11

**OHANA GROWTH PARTNERS, LLC**

*Plaintiff,*

vs.

**RYAN DILLON-CAPPS**

*Defendant.*

**IN THE**

**CIRCUIT COURT**

**FOR**

**BALTIMORE COUNTY**

**FILE NO.: C-03-CV-24-002264**

<div align="center">

**OPPOSITION TO DEFENDANT'S
MOTION FOR EXPEDITED DISCOVERY**

</div>

Plaintiff, Ohana Growth Partners, LLC. ("Plaintiff" or the "Ohana"), by its undersigned attorneys, hereby responds in opposition to the Motion for Expedited Discovery (the "Motion") filed by Defendant Ryan Dillon-Capps ("Defendant" or "Dillon-Capps") and states as follows:

<div align="center">

**INTRODUCTION**

</div>

1.     Since the commencement of this matter on June 14, 2024 Dillon-Capps, appearing *pro se*, has filed numerous lengthy and rambling motions and other papers reflecting both (i) Dillon-Capps' failure to focus on the actual substance of the matter properly before the Court; and (ii) Dillon-Capps' apparent frustration regarding and undisguised contempt for the Court and its civil procedures. The prime example is Dillon-Capps' 39-page "Notice for Hypothesis of Crayons" in which, flouting a misperceived power to abuse filing privileges, Dillon-Capps quips:

> I am in a unique position where I can place this on the court record and it is nearly impossible for anyone to stop it from being added.

(*See* page 23.). Dillon-Capps' Motion for Expedited Discovery is cut from the same cloth. In it Dillon-Capps asks the Court to grant expedited discovery into matters that have nothing to do with these proceedings.

2.     The only causes of action pending before the Court in this matter are the three claims asserted in Ohana's Complaint, all of which arise from Dillon-Capps' actions as Ohana's

employee, in violation of Dillon-Capps Employment Agreement and duties of loyalty, to lock Ohana out of administrative control over the software accounts through which Ohana operates its company email, document management and other critical systems. Dillon-Capps' breaches began in May 2024 and Ohana regained administrative control over the accounts as of July 17, 2024. Dillon-Capps is seeking expedited discovery from the Baltimore Business Journal regarding Ohana President Justin Leonard's October 1, 2024 inclusion into the publication's 2024 class of "40 Under 40" honorees. The requested discovery seeks information which has nothing whatsoever to do with any facts material to this case. Thus, not only should the discovery not be expedited, it should not take place at all.

## FACTUAL AND PROCEDURAL BACKGROUND

3.      Dillon-Capps is Ohana's former Vice President of Information Technology.

4.      Ohana sued Dillon-Capps on June 14, 2024, asserting causes of action for (i) breach of contract; (ii) breach of common law employee's duty of loyalty, and (iii) under MD. CODE ANN., CRIM. LAW., §7-302(g) based on Dillon-Capps' violation of MD. CODE ANN., CRIM. LAW., §7-302(c) (which include, in summary, actions causing the malfunction or interruption of computers or networks or computer data, and actions altering, damaging, or destroying computers, or networks or computer data).

5.      All three of Ohana's claims are based upon the Dillon-Capps' actions to lock Ohana out of administrative control of its  Microsoft 365 software account---which includes Ohana's company email accounts and document management system,  and GoDaddy.com domain name registrations---which control access to and administration of Ohana's websites, and upon Dillon-Capps' alleged refusal to comply with repeated directives to extend such administrative control to Ohana's officers and outside IT consultants.

2

6. Dillon-Capps is and always has been self-represented in this matter.

7. Ohana also filed a Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for TRO/PI") along with the filing of its Complaint on June 14, 2024. Dillon-Capps was served with the Complaint, Summons, and Motion for TRO/PI on June 17, 2024.

8. The Court entered Ohana's requested TRO on June 17, 2024, directing Dillon-Capps to provide Ohana and its consultants administrative control over Ohana's Microsoft 365 software account and GoDaddy.com domain name registrations.

9. Dillon-Capps was served with the TRO. He knowingly and intentionally did not comply with the requirements of the TRO.

10. On June 26, 2024, the Court held a hearing on Ohana's Motion for PI. Dillon-Capps appeared and testified at the PI hearing. After the hearing, the Court granted Ohana's Motion for PI and issued a preliminary injunction. The Preliminary Injunction contained the same requirements as the TRO—it directed Dillon-Capps to provide Ohana and its consultants administrative control over Ohana's Microsoft 365 software account and GoDaddy.com domain name registrations.

11. Dillon-Capps again knowingly and intentionally failed to comply with the Court's orders. He did not provide Ohana or its consultants administrative control over Ohana's Microsoft 365 software account and GoDaddy.com domain name registrations.

12. The Court held another hearing the very next day. Dillon-Capps again appeared and testified at the hearing. At the conclusion of the hearing, the Court entered an order finding Dillon-

3

Capps in contempt of the Preliminary Injunction and fining him $2,500 for each ensuing day that passed without his compliance with the Preliminary Injunction.[1]

13. Dillon-Capps still did not comply with the Preliminary Injunction.

14. On July 12, 2024, Ohana was able to regain administrative control of its MS 365 account with the assistance of representatives of Microsoft Corporation, even without the cooperation of Dillon-Capps. On July 17, 2024, Dillon-Capps cooperated with Ohana for the first time, and took action that allowed Ohana to regain administrative control over Ohana's GoDaddy Account and internet domain name registrations.

15. On July 17, 2024, Ohana therefore filed a Notice of Withdrawal of Petition for Constructive Civil Contempt that it had filed against Dillon-Capps. But Ohana reserved its right to seek judgment against Dillon-Capps in an amount equal to the contempt fines accrued against him, as well as the legal fees, consultant fees and other expenses relating to Ohana's claims against Dillon-Capps.

16. In addition to the pleadings and papers described above, Dillon-Capps has filed approximately 18 other motions and requests.

17. More than ten of Dillon-Capps' motions or requests, including his Motion for Sanctions, have been filed since September 27, 2024, and are not yet ripe for review. In his various pending motions and requests, Dillon-Capps makes unfounded allegations against Ohana, M&S,

---

[1] The Court rejected as not credible Dillon-Capps' sworn testimony that he was unable to access the Microsoft 365 and GoDaddy accounts because Dillon-Capps could not locate "key fobs" Dillon-Capps testified were needed for multifactor authentication in logging into the accounts. As explained in the later filed July 3, 2024, Affidavit of Daniel J. Levitt, after Ohana finally regained administrative control of the accounts Ohana confirmed that Court had correctly seen through Dillon-Capps' perjury: all Dillon-Capps needed to access the accounts was Dillon-Capps' cell phone, which Dillon-Capps had in the courtroom on June 26th and 27th. Dillon-Capps could have complied with the Preliminary Injunction then and there, but intentionally chose to lie, under oath, about key fobs and be found in contempt of the Preliminary Injunction.

4

and even against the judges of this Court. He accuses every judge of this court of "dereliction of duty" for not yet ruling on his pending motions and requests, and he accuses seven judges of this Court of being engaged in a conspiracy with Ohana.

18.     Ohana has filed, and will continue to file when necessary, oppositions to Dillon-Capps' motions and requests. Ohana has also requested that this matter be specially assigned to a single judge of this Court, given the frequency, length, and nature of Dillon-Capps' filings, including his accusations against the judges of this Court.

## DEFENDANT'S ATTEMPTED MISUSE OF DISCOVERY PROCEDURES

19.     On Friday, October 11, 2024, a private process server retained by Dillon-Capps served Ohana's counsel with a "Notice of Deposition of Third Parties of Baltimore Business Journal" in which Dillon-Capps stated that

> Defendant seeks to depose representatives of the Baltimore Business Journal, specifically managing editor Jessica Iannetta, regarding the nomination and selection of Justin Drummond, President of Ohana Growth Partners, LLC, to the Journal's "40 Under 40" list published on October 1, 2024. This deposition is critical to uncovering whether any external influence, particularly from the Plaintiff or its legal counsel, Miles & Stockbridge, played any role in Drummond's nomination during the ongoing litigation concerning fraud, perjury and judicial delay.

The "Notice" further asserts that the information sought "directly relates to Plaintiff's credibility and potential manipulation of public perception during this ongoing legal matter." The "Notice" indicates that the deposition "will be recorded via Microsoft Teams." There is no indication in the "Notice" that the proposed deposition will be conducted in accordance with Maryland Rules 2-414(a), 2-415(a) or 2-416(f). While its content implies that a copy of the "Notice" was also served upon the Baltimore Business Journal, there is no indication in the "Notice" or otherwise, that it was accompanied by a

properly issued subpoena compelling a representative of the Baltimore Business Journal to appear on October 25, 2024 as directed.

20.     Served with the "Notice" was a 12-page document entitled "SUBPOENA DUCES TECUM FOR DOCUMENTS" (the "Subpoena") through which Dillon-Capps seeks "documents that are readily accessible and specific to Drummond's nomination and selection for the '40 Under 40' list." The "Subpoena" purports to direct the Baltimore Business Journal to produce the requested documents on October 25, 2024, or approximately half the time that would be required under Maryland Rule 2-412(c). However, the "Subpoena" is not on the Court's form and was not issued by the Clerk or otherwise in accordance with Maryland Rule 2-510(b).

21.     Because both the "Notice" and the "Subpoena" suffer from numerous procedural flaws, and because the discovery sought bears no rational relationship to the issues presented in the matter, Ohana has filed a Motion for Protective Order barring Dillon-Capps from attempting to pursue the requested discovery and staying all discovery pending a scheduling conference (which Ohana has requested) and the issuance of a Scheduling Order. Ohana's Motion for Protective Order is incorporated herein by reference.

22.     Contemporaneous with the service of the "Notice" and "Subpoena" Dillon-Capps filed a Motion to Expedite the discovery they are purportedly seeking through those documents. As Dillon-Capps' "Notice" is not a proper notice to take deposition and is not accompanied by a proper deposition subpoena, and the "Subpoena" is not a properly issued subpoena, neither document creates any obligation on the part of the Baltimore Business Journal to appear for a deposition or to produce any documents. And, especially if Ohana's Motion for Protective Order is granted, there will be no discovery to be expedited. Even if Dillon-Capps had properly served

6

legitimate discovery requests they have not established any basis for why any discovery should be expedited.

## **ARGUMENT**

23.     Maryland Rule 2-401 sets forth general discovery guidelines and is patterned after Federal Rule of Civil Procedure 26. Maryland Rule 2–401(b) specifically permits the Court to order that discovery be completed by a specified date or time but does not provide any test or measure for courts to utilize when weighing a request to expedite discovery.

24.     "[W]hen interpreting a Maryland Rule that is similar to a Federal Rule of Civil Procedure[, a] Court may look for guidance to federal decisions construing the corresponding federal rule[.]" *Tanis v. Crocker*, 110 Md. App. 559, 574 (1996).

25.     In the expedited discovery context, federal courts "have adopted a reasonableness standard, ... determining whether the request is supported by good cause, considering the totality of the circumstances." *Brightview Grp., LP v. Teeters*, Civ. No. SAG-19-2774, 2019 WL 11660174, at *1 (D. Md. Nov. 6, 2019). Relevant factors include:

a.  the breadth of the requested expedited discovery;
b.  the reasons the moving party is requesting expedited discovery;
c.  the burden on the opponent to comply with the request for expedited discovery;
d.  whether the information sought expeditiously could be obtained more efficiently from some other source; and
e.  the extent to which the discovery process would be expedited.

*Courthouse News Serv. v. Harris*, No. CV ELH-22-548, 2022 WL 3577255, at *4 (D. Md. Aug. 18, 2022) (citing *Mullane v. Almon*, 339 F.R.D. 659, 662 (N.D. Fla. 2021)).

26.     Dillon-Capps has not demonstrated how the discovery sought would ever be admissible in evidence in this matter. Dillon-Capps has also failed to demonstrate why the discovery should be obtained on an expedited, emergency basis. Dillon-Capps' Motion for Expedited Discovery is unsupported by any affidavits or case law. There is no preliminary

injection, motion to dismiss, or other time-sensitive motion pending or hearing or other proceeding scheduled that would require the requested information on an expedited basis. Moreover, the burden on the Baltimore Business Journal to comply with the discovery requests is substantial given that Defendant is demanding that the newspaper respond to all discovery requests within 14 days of service.

## **CONCLUSION**

WHEREFORE, because, for the reasons set forth above, Ohana respectfully requests that Dillon-Capps' Motion for Expedited Discovery be denied.

October 18, 2024                                        Respectfully submitted,


*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)
e-mail: RBrennen@milesstockbridge.com
Steven D. Frenkil (AIS # 7712010110)
e-mail: SFrenkil@milesstockbridge.com
Victoria K. Hoffberger (AIS # 1912170195)
e-mail: VHoffberger@milesstockbridge.com
Jessica L. Duvall (AIS # 1812110110)
e-mail: JDuvall@milesstockbridge.com
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Telephone:     (410) 727-6464
Facsimile:     (410) 385-3700

*Counsel for Plaintiff Ohana Growth Partners, LLC*

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 18, 2024, a copy of the foregoing was sent via

email to ryan@mxt3.com and served on via first-class mail, postage prepaid on:

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)

9

| OHANA GROWTH PARTNERS, LLC | IN THE |
|---|---|
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | FILE NO.: C-03-CV-24-002264 |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S
## MOTION FOR A PROTECTIVE ORDER

UPON CONSIDERATION of Plaintiff Ohana Growth Partners, LLC's ("Ohana"), Motion for Protective Order ("**Motion**"), and any opposition thereto, and for good cause shown, it is this _____ day of _____, 2024,

**ORDERED** that the Motion be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Ryan Dillon-Capps is barred from pursuing discovery related to the Baltimore Business Journal's "40 Under 40" list; and

**IT IS FURTHER ORDERED** that all discovery in this matter is hereby stayed pending a scheduling conference and the issuance of a scheduling order.

_____
Judge,
Circuit Court for Baltimore County, Maryland

Copies to:

Ryan Dillon-Capps (via  email to ryan@mxt3.com)
Robert S. Brennen (via MDEC and email to rbrennen@milesstockbridge.com)

**OHANA GROWTH PARTNERS, LLC**    |    **IN THE**

                  *Plaintiff,*    |    **CIRCUIT COURT**

vs.    |    **FOR**

**RYAN DILLON-CAPPS**    |    **BALTIMORE COUNTY**

                  *Defendant.*    |    **FILE NO.: C-03-CV-24-002264**

### [PROPOSED] ORDER DENYING DEFENDANT'S
### MOTION FOR EXPEDITED DISCOVERY

UPON CONSIDERATION of the Motion for Expedited Discovery ("**Motion**") filed by Defendant Ryan Dillon-Capps, and the opposition thereto filed by Plaintiff Ohana Growth Partners, LLC, and for good cause shown, it is this _____ day of _____, 2024,

    **ORDERED** that the Motion be and hereby is **DENIED.**


_____

Judge,
Circuit Court for Baltimore County, Maryland

Copies to:

Ryan Dillon-Capps (via  cmail to ryan@mxt3.com)
Robert S. Brennen (via MDEC and email to rbrennen@milesstockbridge.com)

**OHANA GROWTH PARTNERS, LLC**
  *Plaintiff,*

  vs.

**RYAN DILLON-CAPPS**
  *Defendant.*

**IN THE**

**CIRCUIT COURT**

**FOR**

**BALTIMORE COUNTY**

**FILE NO.: C-03-CV-24-002264**

## PLAINTIFF'S REQUEST FOR SCHEDULING CONFERENCE

Plaintiff, Ohana Growth Partners, LLC. ("Plaintiff" or the "Ohana"), by its undersigned attorneys, hereby requests a scheduling conference in the above-captioned matter, and in connection therewith states:

1.      This matter was commenced with Ohana's filing of its Complaint on June 14, 2025.

2.      On August 20, 2024 Ohana filed a Request for Entry of Default and the Court issued an Order of Default.

3.      On September 20, 2024 Defendant Ryan Dillon-Capps ("Defendant" or "Dillon-Capps" filed a Motion to Vacate the Order of Default. On October 10, 2024 the Court granted Dillon-Capps' Motion to Vacate and on October 16, 2024 an Order vacating the Order of Default was entered on the Docket.

4.      Dillon-Capps, who has proceeded *pro se* throughout these proceedings, has filed numerous motions and requests, several of which are currently pending.

5.      Ohana believes that the parties and the Court could benefit from the Court's convening a Scheduling Conference for discussion of how the matter can proceed most efficiently.

WHEREFORE, Plaintiff Ohana Growth Partners, LLC respectfully requests that the Court issue an Order setting a Scheduling Conference to take place at the Court's earliest convenience.

1

October 18, 2024

Respectfully submitted,

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)
e-mail: RBrennen@milesstockbridge.com
Steven D. Frenkil (AIS # 7712010110)
e-mail: SFrenkil@milesstockbridge.com
Victoria K. Hoffberger (AIS # 1912170195)
e-mail: VHoffberger@milesstockbridge.com
Jessica L. Duvall (AIS # 1812110110)
e-mail: JDuvall@milesstockbridge.com
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Telephone:    (410) 727-6464
Facsimile:    (410) 385-3700

*Counsel for Plaintiff Ohana Growth Partners, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18, 2024, a copy of the foregoing was sent via email

to ryan@mxt3.com and served on via first-class mail, postage prepaid on:

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)

2

**OHANA GROWTH PARTNERS, LLC**

        *Plaintiff,*

vs.

**RYAN DILLON-CAPPS**

        *Defendant.*

| |
|---|

**IN THE**

**CIRCUIT COURT**

**FOR**

**BALTIMORE COUNTY**

**FILE NO.: C-03-CV-24-002264**

## <u>NOTICE OF VOLUNTARY DISMISSAL</u>

Plaintiff, Ohana Growth Partners, LLC., by its undersigned attorneys, and pursuant to

MD Rule 2-506(a), hereby gives notice of the dismissal, without prejudice, of the above-

captioned matter.

October 24, 2024

        Respectfully submitted,

        */s/ Robert S. Brennen*

        Robert S. Brennen (AIS # 8712010068)
        e-mail: RBrennen@milesstockbridge.com
        Steven D. Frenkil (AIS # 7712010110)
        e-mail: SFrenkil@milesstockbridge.com
        Victoria K. Hoffberger (AIS # 1912170195)
        e-mail: VHoffberger@milesstockbridge.com
        Jessica L. Duvall (AIS # 1812110110)
        e-mail: JDuvall@milesstockbridge.com
        MILES & STOCKBRIDGE P.C.
        100 Light Street
        Baltimore, Maryland 21202
        Telephone:    (410) 727-6464
        Facsimile:    (410) 385-3700

        *Counsel for Plaintiff Ohana Growth*
        *Partners, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 24, 2024, a copy of the foregoing was sent via

email to ryan@mxt3.com and served on via first-class mail, postage prepaid on:

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)

2

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **FILE NO.: C-03-CV-24-002264** |

<div align="center">

**OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE
<u>NOTICE OF VOLUNTARY DISMISSAL</u>**

</div>

Plaintiff, Ohana Growth Partners, LLC. ("Plaintiff" or the "Ohana"), by its undersigned attorneys, hereby responds in opposition to the Motion to Strike Plaintiff's Notice of Voluntary Dismissal (the "Motion") filed by Defendant Ryan Dillon-Capps ("Defendant" or "Dillon-Capps") and states as follows:

1.     Ohana commenced the above-captioned action on June 14, 2024 by filing its three-count Complaint against Dillon-Capps.

2.     Dillon-Capps has never filed an Answer to the Complaint.

3.     Marland Rule 2-506(a) states:

(a) By Notice of Dismissal or Stipulation. Except as otherwise provided in these rules or by statute, a party who has filed a complaint, counterclaim, cross-claim, or third-party claim may dismiss all or part of the claim without leave of court by filing (1) a notice of dismissal at any time before the adverse party files an answer or (2) a stipulation of dismissal signed by all parties to the claim being dismissed.

MARYLAND RULE 2-506(a).

4.     On October 24, 2024, and prior to Dillon-Capps filing an Answer, Ohana filed a Notice of Voluntary Dismissal of the above-captioned action.

5.     Dillon-Capps does not identify any statute or rule, nor do they cite to any controlling or persuasive authority in their 30-page Motion, his 24-page Affidavit or the 671 pages of exhibits filed therewith, that limits or restricts Ohana's unqualified right under Rule 2-506(a) to voluntarily dismiss this action.

6.     The primary authorities that Dillon-Capps cites to support their Motion are either grossly mischaracterized or invented by Dillon-Capps out of thin air:

- At pages 14 and 18 of the Motion, Dillon-Capps cites the then Court of Special Appeals' opinion in *Unger v. Berger*, 214 Md. App. 426 (2013) as having "emphasized the need for judicial oversight to ensure that dismissals are not utilized to evade the consequences of bad faith litigation." While the procedural history recounted by the Court did include reference to a voluntary dismissal of a petition filed in the Probate Court for Dekalb County, Georgia, the Court did not comment on or analyze that dismissal, nor make any comment on, let alone emphasize, judicial oversight of voluntary dismissals. The words "oversight," "evade," "consequences," "bad," "litigation," "misuse," "integrity," "judicial," "process," and "mechanisms" simply do not appear anywhere in the opinion.

- At pages 15 and 16 of the Motion, Dillon-Capps cites the then Court of Appeals' opinion in *Ellerin v. Fairfax Sav., F.S.B.*, 337 Md. 216 (1995) as "emphasizing that courts have the authority to impose conditions on voluntary dismissals to prevent unfair prejudice or manipulation of the judicial process." However, there is no reference whatsoever to voluntary dismissal, and, once again, the words "voluntary," "dismissal," "unfair," "prejudice," "manipulation," "judicial," "process," "conditions," "procedural," and "abuse" do not appear anywhere in the opinion.

- At pages 8, 11, 14, 15, 18 and 21 of the Motion Dillon-Capps cites to a "*North Star Marine, Inc. v. M/V ANDA*, 13 F. Supp. 2d 631 (D.Md. 1998) claiming that therein "the U.S. District Court for the District of Maryland highlighted the Court's discretion to impose conditions on voluntary dismissals as a means to prevent procedural abuses." However, **there is no such opinion** of the District of Maryland. There is an opinion of the U.S. District Court for Northern District of Ohio in *Fisher v. Ford Motor Company* at 13 F.Supp. 2d 631, but that matter did not involve a voluntary dismissal, nor did the words "voluntary," "dismissal," "abuse," "safeguard," "improper," "evade," "accountability," "judicial," "scrutiny," "abusive," "conditions," or "manipulate." Ohana's search on Westlaw® and PACER failed to find any case styled as *North Star Marine, Inc. v. M/V ANDA* ever having been pending before the District of Maryland. In fact, a broader PACER search revealed no such case as ever pending before <u>any</u> federal court, and that neither North Star Marine nor the M/V ANDA have <u>ever</u> been parties to <u>any</u> action in the District of Maryland.

2

7. While by no means a legitimate excuse, Ohana is willing to give Dillon-Capps the benefit of the doubt that such mis-citation and mischaracterization of authorities was the result of misuse of and unwise reliance upon hallucinating artificial intelligence tools, rather than a knowing and deliberate attempt on Dillon-Capps' part to mislead the Court. In either event, Dillon-Capps has not identified any legally sufficient basis for the relief sought in his Motion. There is none.

WHEREFORE, for the reasons set forth above, Ohana respectfully requests that Court enter Orders:

A. Denying Dillon-Capps' Motion to Strike Notice of Voluntary Dismissal;

B. Denying all outstanding motions and requests as MOOT in view of the dismissal of the action; and

C. Directing the Clerk to designate the Court's file on this matter closed and disable the use of the MDEC system for further filings.

October 25, 2024                              Respectfully submitted,

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)
e-mail: RBrennen@milesstockbridge.com
Steven D. Frenkil (AIS # 7712010110)
e-mail: SFrenkil@milesstockbridge.com
Victoria K. Hoffberger (AIS # 1912170195)
e-mail: VHoffberger@milesstockbridge.com
Jessica L. Duvall (AIS # 1812110110)
e-mail: JDuvall@milesstockbridge.com
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Telephone:     (410) 727-6464
Facsimile:     (410) 385-3700

*Counsel for Plaintiff Ohana Growth Partners, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 25, 2024, a copy of the foregoing was sent via

email to ryan@mxt3.com and served on via first-class mail, postage prepaid on:

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)

4

| OHANA GROWTH PARTNERS, LLC | IN THE |
|---|---|
| *Plaintiff,* | CIRCUIT COURT |
| vs. | FOR |
| RYAN DILLON-CAPPS | BALTIMORE COUNTY |
| *Defendant.* | CASE NO.: C-03-CV-24-002264 |

**[PROPOSED]**
**ORDER DENYING**
**MOTION TO STRIKE NOTICE OF VOLUNTARY DISMISSAL**

Upon consideration of Defendant Ryan Dillon-Capps' Motion to Strike Notice of Voluntary Dismissal, and Plaintiff Ohana Growth Partners, LLC's Oppositions thereto, it is this _____ day of _____, 2024, hereby:

**ORDERED** that Defendant's Motion to Strike be, and is hereby DENIED; and it is further

**ORDERED** that, in light of the dismissal of the above-captioned matter, all outstanding motions and requests in the matter be, and hereby are DENIED AS MOOT; and it is further

**ORDERED** that, in light of the dismissal of the above-captioned matter, the Clerk shall designate the Court's file on this matter closed and shall disable the use of the MDEC system for further filings.

_____
Judge, Circuit Court for Baltimore County

| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff,* | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant.* | **FILE NO.: C-03-CV-24-002264** |

<div align="center">

**PLAINTIFF'S OPPOSITION**
**TO**
**DEFENDANT'S OCTOBER 25, 2024 MOTION FOR SANCTIONS**

</div>

Plaintiff, Ohana Growth Partners, LLC. ("Plaintiff" or the "Ohana"), by its undersigned attorneys, hereby responds in opposition to the Motion for Sanctions filed on October 25, 2024 (the "Motion") by Defendant Ryan Dillon-Capps ("Defendant" or "Dillon-Capps") and states as follows:

1.      Dillon-Capps once again has filed a Motion for Sanctions against Ohana and its counsel Miles & Stockbridge P.C. ("M&S"), again seeking, *inter alia*, monetary sanctions against Ohana and M&S, referral of M&S to the Attorney Grievance Commission, referral of Ohana and M&S to the Maryland Attorney General, and disqualification of M&S as Ohana's counsel.  Like his earlier filed (and denied) Motion, Dillon-Capps cannot meet his burden to establish he is entitled to this extraordinary remedy, which should be exercised in only rare and exceptional cases. *See Garcia v. Folger Pratt Development, Inc.*, 155 Md. App. 634, 678 (2004).

2.      According to Paragraph 4, the filings that are the subjects of the Motion are:

   a.   Ohana's Opposition to Defendant's Motion to Strike Notice of Voluntary Dismissal filed on October 25, 2024; and

   b.   Ohana's Proposed Order Denying Defendant's Motion to Strike Notice of Voluntary Dismissal, also filed on October 25, 2024.

In that same Paragraph 4 Dillon-Capps asserts that "[t]hese documents, individually and collectively, constitute improper filings, bad faith litigation, or otherwise violate legal and ethical standards." That bald, conclusory, and completely baseless statement is the only statement directed at Ohana's Opposition and Proposed Order in the entire 17-page Motion.

3.     The balance of the Motion is an incomprehensible mish mash of (a) Dillon-Capps' pending Motion to Strike Ohana's Notice of Voluntary Dismissal[1]; and (b) Dillon-Capps' prior Motion for Sanctions filed on September 27, 2024 and denied by Order of this Court on October 21, 2204.

4.     Like Dillon-Capps' earlier Motion for Sanctions that the Court denied, the October 25, 2024 Motion states no basis whatsoever for sanctions to be ordered against Ohana or M&S. The Motion is entirely without merit and should be denied.

5.     Ohana incorporates by reference herein (a) Ohana's Opposition, filed October 14, 2024, to Dillon-Capps' September 27, 2024 Motion for Sanctions: and (b) Ohana's Opposition, filed October 25, 2024, to Dillon-Capps' October 24, 2024 Motion to Strike Notice of Voluntary Dismissal.

WHEREFORE, for the reasons set forth above, Ohana respectfully requests that Dillon-Capps' October 25, 2024 Motion for Sanctions be denied.

---

[1] In addition to arguments Dillon-Capps asserted in the Motion to Strike, Dillon-Capps continues to cite the Court to the non-existent opinion in the non-existent case of "*North Star Marine, Inc. v. M/V ANDA*, 13 F. Supp. 2d 631 (D. Md. 1998)." *See* page 6, Paragraph 21, page 9, Paragraph 35, and page 10, Paragraph 7. This time Dillon-Capps' effort to mislead the Court is clearly knowing and intentional.

October 31, 2024

Respectfully submitted,

/s/ Robert S. Brennen
Robert S. Brennen (AIS # 8712010068)
e-mail: RBrennen@milesstockbridge.com
Steven D. Frenkil (AIS # 7712010110)
e-mail: SFrenkil@milesstockbridge.com
Victoria K. Hoffberger (AIS # 1912170195)
e-mail: VHoffberger@milesstockbridge.com
Jessica L. Duvall (AIS # 1812110110)
e-mail: JDuvall@milesstockbridge.com
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Telephone:     (410) 727-6464
Facsimile:      (410) 385-3700

*Counsel for Plaintiff Ohana Growth Partners, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 31, 2024, a copy of the foregoing was sent via

email to ryan@mxt3.com and served on via first-class mail, postage prepaid on:

Ryan Dillon-Capps
1334 Maple Avenue
Essex, Maryland 21221

/s/ Robert S. Brennen
Robert S. Brennen (AIS # 8712010068)

119447\000004\4880-6171-1347.v2

**OHANA GROWTH PARTNERS, LLC**

       *Plaintiff,*

vs.

**RYAN DILLON-CAPPS**

       *Defendant.*

**IN THE**

**CIRCUIT COURT**

**FOR**

**BALTIMORE COUNTY**

**CASE NO.: C-03-CV-24-002264**

---

**[PROPOSED]**
**ORDER**
**DENYING DEFENDANT'S OCTOBER 25, 2024**
<u>**MOTION FOR SANCTIONS**</u>

Upon consideration of Defendant Ryan Dillon-Capps' Motion for Sanctions and Plaintiff Ohana Growth Partners, LLC's Opposition thereto, it is this \_\_\_\_ day of _____, 2024, hereby:

**ORDERED** that Defendant's October 25, 2024 Motion for Sanctions be, and hereby is DENIED.

_____

Judge, Circuit Court for Baltimore County