## IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

| | |
|---|---|
| RYAN DILLON-CAPPS<br><br>*Plaintiff-Appellant,*<br><br>vs.<br><br>OHANA GROWTH PARTNERS, LLC *et al*<br><br>*Defendants-Appellees.* | No. **25-1162**<br><br>On Appeal from the U.S. District Court<br>Northern District of Maryland<br>No. 1:24-CV-3744 |

## AFFIDAVIT OF RYAN DILLON-CAPPS IN SUPPORT OF COURT RECORD TAMPERING AND OBSTRUCTION

I, Ryan Dillon-Capps (née Wagner), the Appellant, being over the age of eighteen (18), competent to testify, and having personal knowledge of the facts contained herein, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

### Documents Retrieved from the Trash

### District ECF 3-3: Complaint Integrated Appendix: State-Level Negotiations and Systemic Oversight Relief

District ECF 3-3 (Exhibit 303-3) is a version of Complaint Integrated Appendix: State-Level Negotiations and Systemic Oversight Relief, printed shortly after 13:46:56 on December 23, 2024. On December 27, 2024, this document was deliberately placed in the trash bin located in the Clerk's Office at the United

States District Court for the District of Maryland, Northern Division, 101 West

Lombard Street, Baltimore, Maryland 21201.

| District ECF 3-3 (Exhibit 303-3) | Original Filing |
|---|---|
| The fourth and final page has a Digital Signed Certificate Signature that is date and time stamped as 2024.12.23 and 13:46:56 | The fourth and final page has a Digital Signed Certificate Signature that is date and time stamped as 2024.12.23 and 13:37:39 |
| Each of the document's four pages contains red text saying "State-Level Negotiations and Systemic Oversight Relief" at the bottom right corner. | Each of the document's four pages contains red text saying "**Order Granting** State-Level Negotiations and Systemic Oversight Relief" at the bottom right corner. |
| The first page bears a court stamp dated December 27, 2027, at 1:20 PM, along with the judge's case designation "BAH 24-CV-3744" and the court clerk stamp "HD AV." | The receiving clerk ("AV") scanned the filing on December 27, 2024, between 12:22 PM and roughly 1:03 PM |
| The fourth and final page lacks a "wet signature" | The fourth and final page was ink signed at the courthouse, and it was verified by the receiving clerk ("AV") |
| The document was never saved, and the only way it could have appeared on the District Court docket was if it was retrieved from the trash bin | There is no reasonable excuse for the electronic docket missing the original signed filing. |

Attached is District ECF 3-3 as Exhibit 303-3, original documents, and

Exhibit 205, the docket history retrieved from PACER after I filed the amended

informal brief to this Court on April 21, 2025. Circuit ECF 20-1(informal brief).

Page 1 of Exhibit 205 shows that District ECF 3 was added to the electronic docket

as a "Motion for Other Relief", filed on December 27, 2024, entered on December

30, 2024, and terminated on January 8, 2025. The docket text on page 2 reads:

> "MOTION (Complaint Integrated Appendix: State Level Negotiations
> and Systemic Oversight Relief) for Other Relief by Ryan Dillon-
> Capps (Attachments: # (1) Meet and Confer Letter to Attorney
> General Anthony Brown, #(2) Text of Proposed Order)(bw5s, Deputy

> Clerk) (Additional attachment(s) added on 12/31/2024: # (3)
> Corrected Main Document) (bw5s)."

District ECF 4-2 and 4-3: Complaint Integrated Appendix: Interlocutory Partial Summary Judgement

District ECF 4-3 is a version of the Complaint Integrated Appendix: Interlocutory Partial Summary Judgement printed shortly after 01:42:45 on December 24, 2024. On December 27, 2024, this document was deliberately placed in the trash bin located in the Clerk's Office at the United States District Court for the District of Maryland, Northern Division, 101 West Lombard Street, Baltimore, Maryland 21201.

| District ECF 4-3 (Exhibit 304-3) | District ECF 4-2 (Exhibit 304-2) |
|---|---|
| The nineteenth and final page contains a Digital Signed Certificate Signature that is date and time stamped as 2024.12.24 and 01:42:45 | The nineteenth and final page contains a Digital Signed Certificate Signature that is date and time stamped as 2024.12.25 and 03:30:02 |
| Each of the document's nineteen pages contains red text saying "Interlocutory Partial Summary Judgement" on the bottom right corner | Each of the document's nineteen pages contains no red text on the bottom right corner |
| Each of the document's nineteen pages contains red text saying "2024-12-24" on the bottom left corner | Each of the document's nineteen pages contains red text saying "2024-12-25" on the bottom left corner |
| Each of the document's nineteen pages contains no black text on the bottom center | Each of the document's nineteen pages contains black text saying "Complaint Integrated Appendix: Interlocutory Partial Summary Judgement" on the bottom center |
| On page 1 the title of the document reads "Interlocutory Partial Summary Judgement" | On page 1 the title of the document reads "Complaint Integrated Appendix: |

Affidavit of Ryan Dillon-Capps in Support of Court Record Tampering and Obstruction

3

|  | Interlocutory Partial Summary Judgement" |
|---|---|
| The first page <u>does not bear a court date/time stamp, nor does it contain the clerk's stamp</u>, but it does contain the judge's case designation "BAH 24-CV-3744" | The first page does bear a court date/time stamp of <u>"24 Dec 27 PM 1:22"</u>, does contain the clerk's stamp <u>"HD AV"</u>, and does contain the judge's case designation "BAH 24-CV-3744" |
| The final nineteenth page does contain a "wet signature" | The final nineteenth page does contain a "wet signature" |
| The only way it could have appeared on the District Court docket was if it was retrieved from the trash bin | This appears to be an original document, but where is the black and white scan made by the clerk |

Attached is District ECF 4-3 as Exhibit 304-3, District ECF 4-2 as Exhibit 304-2, original documents, and Exhibit 205, the docket history retrieved from PACER after I filed the amended informal brief to this Court on April 21, 2025. Circuit ECF 20-1(informal brief). Page 2 of Exhibit 205 shows that District ECF 3 was added to the electronic docket as a Motion for Other Relief, filed on December 27, 2024, entered on December 30, 2024, and terminated on January 8, 2025. The docket text on page 2 reads:

> "MOTION (Complaint Integrated Appendix: Interlocutory Partial Summary Judgement) for Other Relief by Ryan Dillon-Capps (Attachments: # (1)Memorandum in Support of the Interlocutory Partial Summary Judgement)(bw5s, Deputy Clerk) (Additional attachment(s) added on 12/31/2024: # (2) Corrected Main Document, # (3)[STRICKEN] Attachment) (bw5s). Modified on 1/30/2025 (bw5s)."

Affidavit of Ryan Dillon-Capps in Support of Court Record Tampering and Obstruction

4

<u>Missing Original Documents</u>

<u>District ECF 1 and 3-8</u>

On December 27, 2024, I appeared in person at the United States District Court for the District of Maryland and submitted the complete printed versions of:

(1) **<u>Proposed Summons:</u>** 29 proposed summonses, each consisting of two pages. The document appearing as District ECF 1-2 does not show the distinct holes in the top left corner from where the original was stapled because it was generated from the accompanying signed physical CD.

(2) **<u>Complaint Integrated Appendix: Pretext:</u>** The final sixth (6) page of that document was signed in person at the courthouse. The document appearing as District ECF 1-4 does not show the distinct holes in the top left corner from where the original was stapled, the wet signature, and does not bear a court-issued stamp, Clerk stamp, or the judge's case designation stamp because it was generated from the accompanying signed physical CD.

(3) **<u>Complaint Integrated Appendix: Parties:</u>** The final twenty-seventh (27) page of that document was signed in person at the courthouse. The document appearing as District ECF 1-5 does not show the distinct holes in the top left corner from where the original was stapled, the wet signature, and does not bear a court-issued stamp, Clerk stamp, or the judge's case designation stamp because it was generated from the accompanying signed physical CD.

(4)  **Complaint Integrated Appendix: Coverup:** The final fifth (5) page of that document was signed in person at the courthouse. The document appearing as District ECF 1-6 does not show the distinct holes in the top left corner from where the original was stapled, the wet signature, and does not bear a court-issued stamp, Clerk stamp, or the judge's case designation stamp because it was generated from the accompanying signed physical CD.

(5)  **Complaint Integrated Appendix: Counts:** The final seventy-fourth (74) page of that document was signed in person at the courthouse. The document appearing as District ECF 1-7 does not show the distinct holes in the top left corner from where the original was stapled, the wet signature, and does not bear a court-issued stamp, Clerk stamp, or the judge's case designation stamp because it was generated from the accompanying signed physical CD.

**(6)  Prefatory Appendix A: Table of Defendants:** The final third (3) page of that document was signed in person at the courthouse. The document appearing as District ECF 1-8 does not show the distinct holes in the top left corner from where the original was stapled, the wet signature, and does not bear a court-issued stamp, Clerk stamp, or the judge's case designation stamp because it was generated from the accompanying signed physical CD.

**(7)  Prefatory Appendix B: Cause of Action Table:** The final second (2) page of that document was signed in person at the courthouse. The document

appearing as District ECF 1-9 does not show the distinct holes in the top left

corner from where the original was stapled, the wet signature, and does not bear

a court-issued stamp, Clerk stamp, or the judge's case designation stamp

because it was generated from the accompanying signed physical CD.

**(8)**  **Memorandum of law in Opposition to Immunity:** The final twenty-

fourth (24) page of that document was signed in person at the courthouse. The

document appearing as District ECF 1-10 does not show the distinct holes in the

top left corner from where the original was stapled, the wet signature, and does

not bear a court-issued stamp, Clerk stamp, or the judge's case designation

stamp because it was generated from the accompanying signed physical CD.

(9)  **Resume for Timony Allen:** The three (3) page LinkedIn resume for

Timony Allen.  The document appearing as District ECF 1-11 does not show

the distinct holes in the top left corner from where the original was stapled

because it was generated from the accompanying signed physical CD.

**(10)**  **Table of Exhibits:** The final fifth (5) page of that document was signed in

person at the courthouse. The document appearing as District ECF 1-12 does

not show the distinct holes in the top left corner from where the original was

stapled, the wet signature, and does not bear a court-issued stamp, Clerk stamp,

or the judge's case designation stamp because it was generated from the

accompanying signed physical CD.

Affidavit of Ryan Dillon-Capps in Support of Court Record Tampering and Obstruction

**(11)** **Meet and Confer Letter to Attorney General Anthony Brown:** The final third (3) page of that document was signed in person at the courthouse. The document appearing as District ECF 3-1 does not show the distinct holes in the top left corner from where the original was stapled, the wet signature, and does not bear a court-issued stamp, Clerk stamp, or the judge's case designation stamp because it was generated from the accompanying signed physical CD.

**(12)** **Proposed Order for State-Level Negotiations and Systemic Oversight Relief:** Two (2) page proposed order. The document appearing as District ECF 3-2 does not show the distinct holes in the top left corner from where the original was stapled because it was generated from the accompanying signed physical CD.

**(13)** **Memorandum of Law in Support of the Interlocutory Partial Summary Judgement:** The final fourteenth (14) page of that document was signed in person at the courthouse. The document appearing as District ECF 4-1 does not show the distinct holes in the top left corner from where the original was stapled, the wet signature, and does not bear a court-issued stamp, Clerk stamp, or the judge's case designation stamp because it was generated from the accompanying signed physical CD.

**(14)** **Proposed Order for Conditional Permissive Joinder:** Two (2) page proposed order. The document appearing as District ECF 5-1 does not show the

distinct holes in the top left corner from where the original was stapled because it was generated from the accompanying signed physical CD.

**(15)  Affidavit of Caroline Dillon-Capps** The first six (6) pages of District ECF 7-1 (Exhibit 307-1) show the distinct holes in the top left corner from where the original was stapled, but pages 7, 8, and 9 do not show the staple holes because it was generated from the accompanying signed physical CD.

**(16)  Affidavit of Ryan Dillon-Capps Financial Harm** The final eighth (8) page of that document was signed in person at the courthouse. The document appearing as District ECF 7-2 does not show the distinct holes in the top left corner from where the original was stapled, the wet signature, and does not bear a court-issued stamp, Clerk stamp, or the judge's case designation stamp because it was generated from the accompanying signed physical CD.

Before accepting the submission for docketing, the Court Clerk confirmed that all documents requiring a wet signature contained one. The Clerk began scanning and docketing the filings between approximately 12:22 PM and 1:03 PM on December 27, 2024. I personally observed the Clerk handling and scanning the documents during that time. At the conclusion of the process, the Clerk indicated that all submitted documents were accepted and had been fully docketed.

Attached to this affidavit are digital copies of the original filing that represented in District series 1, 3 through 6, and 8 through 13. District Court ECF

series 2 and 7, along with District ECF 16-7 (Exhibit 106), were previously

docketed to this Court as part of the motion for PACER exemption, docketed as

Circuit ECF series 22.

Docket History

Additionally, attached to this affidavit is Exhibit 205, the docket history

retrieved from PACER after I filed the amended informal brief to this Court on

April 21, 2025 (Circuit ECF 20-1).

Page 1 of Exhibit 205 shows that District ECF 1 was added to the electronic

docket as "Complaint", filed on December 27, 2024, entered on December 30,

2024. The docket text on page 1 reads:

> "COMPLAINT against Alexander, Barranco, Battista, Tanya C.
> Bernstein, Robert Brennen, Victor Brick, Charles A. Bryan, Holly
> Butler, Thomas Degonia, II, Desimone, Jr, Justin Drummond, Jessica
> Duvall, Ensor, Stephen Frenkil, Richard Hartman, Victoria
> Hoffberger, Earl Ihle, Daniel Levett, Mayer, Glenn Norris, Ohana
> Growth Partners, LLC, Robinson, Jr, Randall Romes, State of
> Maryland, Stringer, Truffer, Stacey R. Wittelsberger, filed by Ryan
> Dillon-Capps.(bw5s, Deputy Clerk) (Additional attachment(s) added
> on 12/30/2024: # (1) Civil Cover Sheet, # (2) Summons, # (3) USM
> Forms, # (4) Complaint Integrated Appendix: Pretext, # (5) Complaint
> Integrated Appendix: Parties, # (6) Complaint Integrated Appendix:
> Cover Up, # (7) Complaint Integrated Appendix: Counts, #
> (8)Prefatory Appendix A: Table of Defendants, # (9) Prefatory
> Appendix: Cause of Action Table, # (10) Memorandum of Law in
> Opposition to Immunity, # (11)Resume of Timothy Allen, # (12)
> Table of Exhibits) (bw5s)"

Page 1 of Exhibit 205 shows that District ECF 3 was added to the electronic

docket as "Motion for Other Relief", filed on December 27, 2024, entered on

December 30, 2024, and terminated on January 8, 2025. The docket text on page 2

reads:

> "MOTION (Complaint Integrated Appendix: State Level Negotiations
> and Systemic Oversight Relief) for Other Relief by Ryan Dillon-
> Capps(Attachments: # (1) Meet and Confer Letter to Attorney General
> Anthony Brown, #(2) Text of Proposed Order)(bw5s, Deputy Clerk)
> (Additional attachment(s) added on 12/31/2024: # (3) Corrected Main
> Document) (bw5s)."

Page 2 of Exhibit 205 shows that District ECF 4 was added to the electronic

docket as "Motion for Other Relief", filed on December 27, 2024, entered on

December 30, 2024, and terminated on January 8, 2025. The docket text on page 2

reads:

> "MOTION (Complaint Integrated Appendix: Interlocutory Partial
> Summary Judgement) for Other Relief by Ryan Dillon-Capps
> (Attachments: # (1)Memorandum in Support of the Interlocutory
> Partial Summary Judgement)(bw5s,Deputy Clerk) (Additional
> attachment(s) added on 12/31/2024: # (2) Corrected Main Document,
> # (3)[STRICKEN] Attachment) (bw5s). Modified on
> 1/30/2025(bw5s)."

Page 2 of Exhibit 205 shows that District ECF 5 was added to the electronic

docket as "Motion for Other Relief", filed on December 27, 2024, entered on

December 30, 2024, and terminated on January 8, 2025. The docket text on page 2

reads:

> "MOTION (Complaint Integrated Appendix: Conditional Permissive
> Joinder) for Other Relief by Ryan Dillon-Capps (Attachments: # (1)
> Text of Proposed Order)(bw5s, Deputy Clerk) (Additional
> attachment(s) added on12/31/2024: # (2) Corrected Main Document)
> (bw5s)."

Page 2 of Exhibit 205 shows that District ECF 6 was added to the electronic docket as "Motion for Other Relief", filed on December 27, 2024, entered on December 30, 2024, and terminated on January 8, 2025. The docket text on page 2 reads:

> "MOTION (Complaint Integrated Appendix: Emergency Ex Parte Hearing) for Other Relief by Ryan Dillon-Capps (Attachments: # (1) Text of Proposed Order)(bw5s, Deputy Clerk)"

Page 3 of Exhibit 205 shows that District ECF 7 was added to the electronic docket as "Notice (Other)", filed on December 27, 2024, and entered on December 30, 2024. The docket text on page 3 reads:

> "NOTICE of Filing of Affidavit in Support of Pleading Motions by Ryan Dillon-Caps (Attachments: # (1) Affidavit of Caroline Dillon-Capps, # (2) Affidavit of Ryan Dillon-Capps Financial Harm)(bw5s, Deputy Clerk) (Additional attachment(s)added on 12/31/2024: # (3) Corrected Main Document) (bw5s)."

Page 3 of Exhibit 205 shows that District ECF 8 was added to the electronic docket as "Consent to Receive Electronic Notice", filed on December 27, 2024, and entered on December 30, 2024. The docket text on page 3 reads:

> "Consent to receive notice and service electronically by Ryan Dillon-Capps. The Court recommends that all documents received electronically be printed or saved for future reference.(bw5s, Deputy Clerk)"

Analysis

Every docket entry in District ECF series 1 and 3 through 8 has been individually analyzed and categorized into four columns, representing the method by which each document was added to the Court record.

Supported by the Exhibit 205 pages 1 to 3, Ms. Baylee Wilson:

(1) entered District ECF 2-0 with District ECF 2-1 on December 30, 2024;

(2) entered District ECF 3-0 on December 30, 2024, with District ECF 3-1 and 3-2, corrected main document entered as ECF 3-3 on December 31, 2024;

(3) entered District ECF 4-0 with District ECF 4-1 on December 30, 2024, corrected main document entered as District ECF 4-2 with ECF 4-3 on December 31, 2024;

(4) entered District ECF 5-0 on December 30, 2024, corrected main document entered as District ECF 5-2 with ECF 5-1 on December 31, 2024;

(5) entered District ECF 6-0 with 6-1 on December 30, 2024, corrected main document entered as District ECF 6-2 on December 31, 2024.

After the docketing process, the Court Clerk returned to his desk while I waited for a hearing. At approximately the same time, we both stood up. The Clerk, unprompted, told me that he was "working on it" as he moved briskly toward the right exit. However, after the Clerk returned, the earlier sense of

urgency and reassurance had vanished. Instead, his tone shifted, and he stated that he did not know if—or when—a hearing would take place that day.

Categories

Category 1: Clerk's Office Black and White Scans

      The District of Maryland Clerk's Office is located on the 4th Floor of the Northern Division's courthouse at 101 West Lombard Street, Baltimore, Maryland 21201. The public entrance door opens into a waiting area with seating located to the right of the door and public-access computers positioned against the far-right wall. Immediately upon entering the waiting area, the Clerk's Office is visible directly ahead, separated from the waiting area by a small counter and a glass window barrier. To the right of the counter is a secure access door ("access door") used by the Clerk's Office staff.

      From the visitor's position at the counter, the interior of the Clerk's Office is visible, and behind the counter are multiple cubicles used by court clerks. To the left of the counter area is a door frame ("left exit") that leads into another room, and to the right of the clerk's workspace is another doorway ("right exit"), although the right exit would not be considered typically visible by someone standing at a service station of the counter. Positioned next to the left exit is a black-and-white multifunction copier/scanner, which is regularly used by Clerk's Office staff to scan and docket in-paper filings submitted by litigants and attorneys.

The black-and-white docketing timestamps range from 12:22 PM to 1:03 PM. This aligns with my direct observation of the receiving clerk scanning and docketing all items at that time.

The 2:29 PM timestamp on the Consent by Self-Represented Litigant to Receive Notices of Electronic Filing (District ECF 8) corresponds with a subsequent conversation between myself and the Court Clerk, during which the form was provided, completed, signed, and separately docketed.

Category 2: Color Scans

Based on my understanding of the policies of the United States District Court for the District of Maryland, the Clerk's Office provides a paper copy of filed documents to the assigned District Court judge. The District Court's electronic docket contains several documents that were created by scanning printed color documents originally filed with the Clerk's Office on December 27, 2024, using a color multifunction copier/scanner that is not located in the Clerk's Office.

The color-scanned docketing timestamps appear approximately 20 minutes after the initial black-and-white docketing was completed. These include documents submitted to the Court Clerk and others that were discarded in the Clerk's Office trash can.

Category 3: Entered by Baylee Wilson from the signed physical CD

Documents uploaded by Baylee Wilson on December 30, 2024, originated from the signed physical CD that was accepted by the Clerk's Office as part of the original December 27, 2024, filing.

Category 4: Documents Retrieved from the Trash

Located on the waiting room side of the Court Clerk's counter is a small trash can. Documents retrieved from that trash can were subsequently scanned using a color multifunction copier/scanner and entered onto the electronic docket.

The items retrieved from the trash can were nearly docketed during the process of providing "wet signatures." District ECF 3-3 bears no signature but does show a Court Clerk mark, while ECF 4-3 has a signature but no such mark. This supports my recollection of the receiving clerk and I recognizing that older versions were about to be signed and docketed in place of their updated counterparts—prompting the decision to discard the outdated versions. Both discarded documents, ECF 3-3 and 4-3, bear Judge Hurson's case stamp ("BAH"), and the docket text shows that both were added on December 31, 2024.

Matrix

The amended informal brief (Circuit ECF 20-1, at 36) stated that District ECF 6-1 contained a time stamp of 1:03 PM. This was an error. The proposed order does not contain a court date/time stamp or Clerk stamp but does contain the

BAH stamp. District ECF 7-3 shows the holes from two separate staples attached to the single page. I intentionally stapled this single page, unattached to any other pages, twice. Exhibit

| | ECF | Paper B/W Scanned | Paper Color Scanned | From CD | From Trash |
|---|---|---|---|---|---|
| Complaint | 1-0 | Stamp: 12:22 PM BAH & AV Entered: Dec 27 | | | |
| Cover Sheet | 1-1 | Stamp: 12:22 PM BAH & AV Entered: Dec 30 | | | |
| Summons | 1-2 | | | Stamp: NONE Entered: Dec. 30 | |
| USM Personal Service | 1-3 | Stamp: NONE Entered: Dec. 30 | | | |
| Pretext | 1-4 | | | Stamp: NONE Entered: Dec. 30 | |
| Parties | 1-5 | | | Stamp: NONE Entered: Dec. 30 | |
| Coverup | 1-6 | | | Stamp: NONE Entered: Dec. 30 | |
| Counts | 1-7 | | | Stamp: NONE Entered: Dec. 30 | |
| Defendants | 1-8 | | | Stamp: NONE Entered: Dec. 30 | |
| Causes of Action | 1-9 | | | Stamp: NONE Entered: Dec. 30 | |
| M.Oppose Immunity | 1-10 | | | Stamp: NONE Entered: Dec. 30 | |
| Timonthy Allen | 1-11 | | | Stamp: NONE Entered: Dec. 30 | |
| Table Exhibits | 1-12 | | | Stamp: NONE Entered: Dec. 30 | |
| Meet & Confer | 3-1 | | | Stamp: NONE Entered: Dec. 30 | |
| Negotiate PO | 3-2 | | | Stamp: NONE Entered: Dec. 30 | |
| Negotiate (OLD) | 3-3 | | | | Stamp: 1:20 PM BAH & AV Entered: Dec. 31 |
| M.Support Judgement | 4-1 | | | Stamp: NONE Entered: Dec. 30 | |
| Judgement | 4-2 | | Stamp:1:22 PM Entered: Dec. 31 | | |

Affidavit of Ryan Dillon-Capps in Support of Court Record Tampering and Obstruction

17

| | | | | | |
|---|---|---|---|---|---|
| Judgement (OLD) STRIKEN | 4-3 | | | | Stamp: NONE BAH Entered: Dec. 31 |
| Joinder PO | 5-1 | | | Stamp: NONE Entered: Dec. 30 | |
| Joinder | 5-2 | | Stamp: 1:21 PM Entered: Dec. 31 | | |
| Hearing | 6-0 | Stamp: 1:03 PM BAH & AV Entered: Dec 30 | | | |
| Hearing PO | 6-1 | Stamp: None BAH Entered: Dec 30 | | | |
| Affidavit CDC | 7-1 | | Stamp: None Pages 1-6 Entered: Dec 30 | Pages 7-9 Entered: Dec 30 | |
| Affidavit RDC | 7-2 | | | Entered: Dec 30 | |
| Affidavit Notice | 7-3 | | Stamp: None Entered: Dec 31 | | |
| Electronic Notice | 8-0 | Stamp: 2:29 PM AV Entered: Dec. 30 | | | |

## False Deficiencies: Wet Signatures

## U.S. Marshall's Form for Victoria Hoffberger

As shown in Figure 1, On Monday, December 30, 2024, I called Baylee Wilson, Case Administrator for the United States District Court for the District of Maryland, at approximately 10:21 AM. The call lasted 11 minutes and 39 seconds and included Ms. Wilson stating that she was working on the filing, and that "the judge has everything".

At approximately 12:40 PM, I placed a second call to Ms. Wilson following the issuance of five deficiency notices. Four of the notices cited a lack of a wet signature. The call lasted 14 minutes and 16 seconds. During the call, I informed Ms. Wilson that I had signed the documents in the Clerk's Office and that they

were verified by the receiving clerk. Ms. Wilson placed me on a brief hold, then returned and confirmed that the documents had been signed. She stated that she would void the four deficiencies based on that confirmation.

The fifth deficiency was a missing U.S. Marshals personal service form for defendant Victoria Hoffberger, and I informed Ms. Wilson that I would submit it. However, I mistakenly thought she said the proposed summons, which I submitted. I then called Ms. Wilson at approximately 1:00 PM. The 1 minute and 48 second phone call included Ms. Wilson notifying me that she was waiting to receive it from someone else.

After that phone call, I checked the docket and realized my error. I completed and signed the U.S. Marshals form for defendant Hoffberger at approximately 1:26 PM and submitted it.

At approximately 3:52 PM, Ms. Wilson called me. The call lasted 5 minutes and 19 seconds. She stated that she had been informed that the submitted U.S. Marshals personal service form for defendant Hoffberger was being rejected due to an alleged lack of signature. I informed her that the form had been signed. Ms. Wilson placed me on hold to confirm and returned to state that the signature was present. The document was docketed as District ECF 15-1 and is being docketed to this Court with this affidavit.

**Figure 1:** December 30, 2024, call log for Ms. Wilson and Mr. Dillon-Capps.



Notice of Urgency

      As shown in Figure 2, I called Ms. Baylee Wilson on December 31, 2024, at approximately 1:56 PM. The phone call lasted 7 minutes and 38 seconds and was made to obtain information regarding the emergency ex parte hearing request that had been pending for four days. The hearing request was filed pursuant to FRCP 65(b), FRCP 26(c), and FRCP 6(c)(1)(C), and sought the following:

(1) "an [in-camera review] to secure testimony and evidence under seal [with a Magistrate Judge] due to the sensitive nature of the information involved";

(2) appointment of a special master, proposed "Timony E. Allen," to "investigate systemic misconduct and ensure transparency," and who "should meet with [Ryan Dillon-Capps] and a Magistrate Judge" within 48 hours to "review a proposed investigative process [and] facilitate necessary orders to support the investigation";

(3) a temporary restraining order:

(a) "notifying all Maryland courts, clerks, and the Judicial Information Systems (JIS) department to halt all non-emergency maintenance and preserve all records [to] ensure comprehensive discovery and prevent inadvertent destruction of evidence",

(b) "Removing [court record] access for [judge, clerk, DeGonia II, and Bernstein defendants to] preserve all related records", and

(c) "bar [judge, clerk, DeGonia II, and Bernstein defendants] from acting under color of state authority"; and

(4) the initiation of "State-level negotiations to address and rectify systemic injustices, ensuring collaborative good faith efforts to restore rule of law".

See District ECF 6-0; District ECF 3-3; see also District ECF 1-11 (Timony E. Allen); 3-1 (meet & confer letter).



**Figure 2:** December 31, 2024, call log for Ms. Wilson and Mr. Dillon-Capps.

> Tuesday, 31 Dec 2024
>
> 1:56 PM          7m 38s
> Outgoing · (301) 344-3225

Ms. Wilson stated that "the judge has everything" and indicated that there was no further action that she could take at this time.

As shown in Figure 3, On January 2, 2024, at approximately 2:57 PM, I followed up with Ms. Wilson asking whether there was anything he—or anyone else—could do to move the matter forward. Ms. Wilson said that the "judge has everything" and that I "could file something" but that there wasn't anything else anyone else could do. Acting on that advice, I filed a "Notice of Urgency" on Friday, January 3, 2025 (District ECF 17-0).

**Figure 3:** January 2, 2025, call log for Ms. Wilson and Mr. Dillon-Capps.



As shown in Figure 4, I was unable to reach Ms. Wilson at 11:41 AM and 1:20 PM on January 3, 2025.  When I reached her at 3:07 PM, she informed me that the Notice of Urgency was being rejected because it didn't have a signature. As we discussed the repeating issue with the signatures and the missing exhibits, including those filed in-paper form, she suggested that I speak with her supervisor. The call was transferred to the Clerk's supervisor, who confirmed that the document had, in fact, been properly signed.

Affidavit of Ryan Dillon-Capps in Support of Court Record Tampering and Obstruction

**Figure 4:** January 3, 2025, call log for Ms. Wilson and Mr. Dillon-Capps.



Docket History

     The deficiency notices were later docketed as District ECF 9 through 13. District Court ECF series 1, 3 through 6, and 8 through 13 are being docketed to this Court with this affidavit. District Court ECF series 2 and 7, along with District ECF 16-7 (Exhibit 106), were previously docketed to this Court as part of the motion for PACER exemption, docketed as Circuit ECF series 22.

     Attached to this affidavit is Exhibit 205, the docket history retrieved from PACER after I filed the amended informal brief to this Court on April 21, 2025 (Circuit ECF 20-1). Pages 3 to 4 of Exhibit 205 shows that District ECF 9 to 13 were added to the electronic docket as a "Deficiency Notice-Non-Prisoner", filed and entered on December 30, 2024.

     The docket text on page 3 for District ECF 9 reads:

> "Deficiency Notice for Ryan Dillon-Capps re: (ECF No. [1]
> Complaint, filed by Ryan Dillon-Capps ); must be corrected by
> 1/13/2025 (c/m 12/30/2024 -bw5s, Deputy Clerk)"

The docket text on page 3 for District ECF 10 reads:

> "[FILED IN ERROR] Deficiency Notice for Ryan Dillon-Capps re:
> (ECF No. [3] Motion for Other Relief, filed by Ryan Dillon-Capps );
> must be corrected by1/13/2025 (c/m w/ copy of filing 12/20/2024 -
> bw5s, Deputy Clerk) Modified on12/30/2024 (bw5s)."

The docket text on page 4 for District ECF 11 reads:

> "[FILED IN ERROR] Deficiency Notice for Ryan Dillon-Capps re:
> (ECF No. [4] Motion for Other Relief filed by Ryan Dillon-Capps );
> must be corrected by1/13/2025 (c/m w/ copy of filing - 12/30/2024 -
> bw5s, Deputy Clerk) Modified on12/30/2024 (bw5s)."

The docket text on page 4 for District ECF 12 reads:

> "[FILED IN ERROR] Deficiency Notice for Ryan Dillon-Capps re:
> (ECF No. [5] Motion for Other Relief filed by Ryan Dillon-Capps );
> must be corrected by1/13/2025 (c/m w/ copy of filing 12/30/2024 -
> bw5s, Deputy Clerk) Modified on12/30/2024 (bw5s)."

The docket text on page 4 for District ECF 13 reads:

> "[FILED IN ERROR] Deficiency Notice for Ryan Dillon-Capps re:
> (ECF No. [7] Notice (Other) filed by Ryan Dillon-Capps ); must be
> corrected by 1/13/2025(c/m w/ copy of filing 12/30/2024 - bw5s,
> Deputy Clerk) Modified on 12/30/2024(bw5s)."

## Original Exhibits Entered as Supplemental with Incorrect Filing & Entered Date

After speaking to Ms. Baylee Wilson's supervisor on January 3, 2025, I

logged into PACER to verify that the Notice of Urgency had been docketed. The

Notice of Urgency appeared on the docket as District ECF 17, and the printed

exhibits that the Clerk accepted on December 27, 2024, were added to the

electronic court record as District ECF 16-0 through 16-15, each incorrectly bearing the filing date of January 3, 2025.

Attached to this affidavit is Exhibit 205, the docket history retrieved from PACER on April 24, 2025. Page 4 of Exhibit 205 shows that District ECF series 16 was added to the electronic docket as a "Supplement" filed & entered on 01/03/2025. The docket text on page 5 reads:

> "Supplement (Exhibits) to [1] Complaint, filed by Ryan Dillon-Capps(Attachments: # (1) Exhibit 101, # (2) Exhibit 101B, # (3) Exhibit 102, # (4) Exhibit103, # (5) Exhibit 104, # (6) Exhibit 105, # (7) Exhibit 106, # (8) Exhibit 107, # (9)Exhibit 108, # (10) Exhibit 108 Part 2, # (11) Exhibit 108 Part 3, # (12) Exhibit 109,# (13) Exhibit 110, # (14) Exhibit 164, # (15) Exhibit 165)(Originally rec'd12/27/2024 - bw5s, Deputy Clerk)"

Altered Court Records

District ECF 16: Exhibits

Summary of District ECF is page 22 of Exhibit 205. District ECF 16-0 to 16-15 are attached as exhibits 316-0 to 316-15 are attached with the digital copies of the original filing.

(1) **District ECF 16-0 (Exhibit 100):** Original is 161 pages, electronic docket contains 160 pages with page 119 missing, and page 118 is largely illegible;

(2) **District ECF 16-8 (Exhibit 107):** Exhibit 107 are seven filings with exhibits that were filed to the state court. On page 3 of the Table of Exhibits (District ECF 1-12), Exhibit 107 is shown to have 268 pages, but the electronic

docket for Exhibit 107 (District ECF 16-8) only contains 226 pages. The Table

of Exhibits describes Exhibit 107 as:

> "Zero Evidence Only Judicial Abuse
> 1-36 Amended Affidavit of Plaintiff's Abusive Use of the Judicial System
> 37-48 Exhibit B: Summary of Comments for Plaintiff's Complaint
> 49-84 Affidavit of Unauthorized Contractual Modifications
> 85-145 Affidavit of Bad Faith
> 146-159 Amended Affidavit for Motion to Assert Rights and Request for Immediate Rulings
> 160-203 Motion to Assert Rights and Request for Immediate Rulings
> 204-214 Affidavit for Sanctions
> 215-231 Exhibit 1-5 Emails and Letter to Miles & Stockbridge, P.C.
> 232-268 Deposition Request for Agents of Ohana Growth Partners"

The amended informal brief pages 37 and 38 do not list a page missing from

the Affidavit of Unauthorized Contractual Modifications.  This was an error

because document page 32 is missing. The District Court electronic court

record:

(a) <u>Amended Affidavit of Plaintiff's Abusive Use of the Judicial System:</u>
　　(01) Original [48 pages]: pp. 1–36; Exhibit B: pp. 37–48
　　(02) Docketed [48 pages]: pp. 58–93; Exhibit B: pp. 215–226
(b) <u>Affidavit of Unauthorized Contractual Modifications:</u>
　　(01) Original [36 pages]: pp. 49–84
　　(02) Docketed [35 pages]: pp. 180–214 (missing document p. 32)
(c) <u>Affidavit of Bad Faith:</u>
　　(01) Original [61 pages]: pp. 85–145
　　(02) Docketed [57 pages]: pp. 1–57 (missing document pp. 34, 54, and
　　57–58)
(d) <u>Amended Affidavit for Motion to Assert Rights and Request for</u>
<u>Immediate Rulings:</u>

Affidavit of Ryan Dillon-Capps in Support of Court Record Tampering and Obstruction

26

(01)  Original [14 pages]: pp. 146–159
(02)  Docketed [14 pages]: pp. 166–179
(e)  <u>Motion to Assert Rights and Request for Immediate Rulings:</u>
(01)  Original [44 pages]: pp. 160–203
(02)  Docketed [44 pages]: pp. 122–165
(f)  <u>Affidavit for Sanctions with Exhibits 1–5:</u>
(01)  Original [28 pages]: pp. 204–231
(02)  Docketed [28 pages]: pp. 94–121
(g)  <u>Deposition Request for Agents of Ohana Growth Partners:</u>
(01)  Original [37 pages]: pp. 232–268
(02)  Docket: [0 pages];

(3)  **District ECF 16-12 (Exhibit 109):** Exhibit 109 is the Affidavit of Legal Obligations that was filed to the state court in September 2024. Original contains 120 pages, but the electronic docket only contains 115 pages with pages 71, 116, 117, 118, and 119 missing. This exhibit was refiled as District ECF 31-2 on February 13, 2025;

(4)  **District ECF 16-13 (Exhibit 110):** Exhibit 110 are six filings from the state court proceedings. The original electronic filing of District ECF 16-13 was altered by placing pages 29–65 at the front, renumbering them as pages 1–37. This error was corrected and refiled as District ECF 32-2 on February 13, 2025; and

(5)  **District ECF 16-14 (Exhibit 164):** Miles & Stockbridge emails extracted through automation. The original contains 91 pages,  but the electronic docket only contains 89 with pages 39 and 40 missing.

Affidavit of Ryan Dillon-Capps in Support of Court Record Tampering and Obstruction

District ECF 2: In Forma Pauperis

Originally filed in-person on December 27, 2024, with the District Court Clerk's Office, and filed to this Court on April 22, 2025 is Circuit ECF 22-2: Complaint Integrated Appendix: In Forma Pauperis Relief with Limited Attorney Designation; Circuit ECF 22-3: Proposed Order; and Circuit ECF 22-4: Completed AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

Attached to this affidavit is Exhibit 205, the docket history retrieved from PACER after I filed the Motion for PACER Exemption (Circuit ECF 22-1). Page 1 of Exhibit 205 shows that District ECF 2 was added to the electronic docket as a "Motion for Leave to Proceed in forma pauperis" and is listed as two documents, filed on December 27, 2024, entered on December 30, 2024, and terminated on January 8, 2025. There is no mention of the proposed order. The docket text on page 2 reads:

> "MOTION for Leave to Proceed in forma pauperis by Ryan Dillon-Capps (Attachments: # (1) Complaint Integrated Appendix: Informa Pauperis Relief with Limited Attorney Designation)(bw5s, Deputy Clerk)"

Avoiding Accountability

The state court filing titled "Deposition Request for Agents of Ohana Growth Partners" was removed from Exhibit 107 (District ECF 16-8) in the electronic court docket. The omission is corroborated by the Table of Exhibits,

which lists the document as part of Exhibit 107 but does not appear in the electronically filed version. See District ECF 1-12, at 3.

Pages 34 of the "Affidavit of Bad Faith" was removed from Exhibit 107 in the electronic court docket. See District ECF 16-8, at 33-34 (skipping document page 34). Paragraph 98 reads:

> "Ohana's Opposition to my Motion to Vacate does not address the core issue—their lack of a claim for relief or any legitimate basis for their lawsuit. As I argued in my Motion to Strike their Opposition, Ohana has made no effort to address the fundamental deficiencies in their complaint, including the failure to meet the prima facie requirements for relief. This is not a procedural oversight, but a critical flaw in their entire case, which they have ignored even in their most recent filings on Friday, October 11, 2024."

Injunctive Relief & Irreparable Harm

Page 32 of "Affidavit of Unauthorized Contractual Modifications" was removed from the electronic court docket. See District ECF 16-8, at 210-211 (skipping document page 32).

In paragraph 96, I stated:

> "I do not pursue this out of vengeance or anger, but because their actions require a decisive resolution. Their lack of accountability is not just damaging to me, but to others who may fall victim to their unethical behavior."

In paragraph 97, I explained the scope of the ongoing harm:

> "This is not an exaggeration. I am standing on the brink of financial ruin, grappling with catatonia and severe memory loss. I cannot recall what happened on Friday night, nor can I distinguish whether certain events occurred on Saturday or Sunday. My wife tells me I had panic attacks all through the night on Tuesday, but I have no memory of that

Affidavit of Ryan Dillon-Capps in Support of Court Record Tampering and Obstruction

29

> either. On a good day, I am operating at less than half my normal self,
> yet they expect me to just walk away from the devastating harm they
> have caused."

District ECF 16-13 is Exhibit 110, which was refiled as District ECF 32-2 to

correct a significant docketing error. The Table of Exhibits filed as District ECF 1-

12 describes Exhibit 110 on page 5 as follows:

> "Ex Parte, Injunctive, Summary/Default Judgement Hearing [with
> Digital Zip]
> 1-7 Request for Prehearing Conference to Discuss Injunctive Relief
> 8-15 Request for Mandatory Judicial Notice Hearing on Material
> Facts
> 16-40 Motion for Directed Verdict
> 41-49 Memorandum of Law in Support of Established Facts and
> Claims
> 50-61 Affidavit of Factual Basis
> 62-65 Motion to Preserve Court Records"

The original electronic filing of District ECF 16-13 was altered by placing

pages 29–65 at the front, renumbering them as pages 1–37. This misordering

concealed the original cover page—the true page 1—which contains the red-text

declarations stating:

> "1) Defendants were notified in advance of our intent to seek
> injunction.
> 2) Defendants had refused numerous attempts for them to produce any
> material evidence to refute our evidence based statements of fact.
> 3) Defendants were notified of our intent and desire for an Ex Parte
> Hearing – to adjudicate our facts and then…
> 4) Seek judgement based on the facts because the Defendants had
> been provided months of opportunity and have failed to offer up any
> material evidence.
> 5) Defendants have explicitly been told the Federal Maryland District
> court was the venue, and they have spent their time fabricating a court
> record to what was the court record.

Affidavit of Ryan Dillon-Capps in Support of Court Record Tampering and Obstruction

30

> RDC has completed the requirements for an Ex Parte Hearing seeking
> injunctive relief and partial judgement on numerous counts."

Pages 7–9 of the Affidavit of Caroline Dillon-Capps were removed from the electronic court docket and subsequently replaced with the digital copy retrieved from the signed physical CD. See District ECF 7-1. The omitted pages contain Caroline Dillon-Capps's professional résumé, which establishes her qualifications as an expert eyewitness. Her affidavit addresses medical and psychological harm, including symptoms consistent with malignant catatonia, and substantiates the existence of a life-threatening emergency.

## Least Privilege, FTC v Wyndham, and No State Jurisdiction

Pages 54 and 57–58 of the Affidavit of Bad Faith were removed from the electronic court docket. See District ECF 18-6, at 52–53 (skipping document page 54); 54–55 (skipping document pages 57–58).

**Page 54** reads:

> **Requirement 7: Least Privilege** – Mandates that businesses enforce strict access controls ensuring that individuals only have the access necessary for their roles.
> **Requirement 8: Authentication** – Requires proper authentication methods for all users, especially administrators.
> **Requirement 10: Logging and Monitoring** – Requires continuous tracking and monitoring of access to systems to prevent unauthorized modifications and breaches.
> Violations Related to Obtaining Access Improperly
> **Misuse of Access: Federal and State Laws:** Gaining access to systems or data through improper channels, even with administrative roles, could lead to violations of federal laws (CFAA) and state data protection laws.

> **Negligence in PCI Compliance:** Neglecting proper authorization and monitoring processes could result in violations of both PCI DSS standards and relevant consumer protection laws, including potential financial and criminal penalties.
>
> Federal Laws
>
> **Computer Fraud and Abuse Act (CFAA) 18 U.S.C. § 1030:** Prohibits unauthorized access to protected systems. It applies when someone gains or misuses access to systems without proper authorization or exceeds authorized access, potentially violating least privileged access.
>
> **Gramm-Leach-Bliley Act (GLBA) 15 U.S.C. §§ 6801-6809:** Requires institutions to protect sensitive data, particularly financial and personal information, including ensuring least privileged access to systems that store such data.

**Pages 57–58** continue the same legal obligations argument presented on page 54 and most notably cite the following federal enforcement and appellate cases:

> FTC v. Wyndham Worldwide Corp. (2015)
> **Court**: U.S. Court of Appeals for the Third Circuit
> **Context**: The Federal Trade Commission (FTC) brought an enforcement action against Wyndham for failing to implement reasonable security measures after data breaches exposed sensitive customer information. The court ruled that failure to comply with **PCI DSS** could be considered an unfair practice under the **FTC Act**.
> **Impact**: This case demonstrated the FTC's broad authority to enforce data security standards and penalized companies for negligence in maintaining secure systems.

Pages 71 and 116–119 of the Affidavit of Legal Obligations were removed from the electronic court docket. I have since refiled the complete document, which is now docketed as District ECF 31-2, restoring the original content from the 707-page exhibit that was previously filed in the state court as District ECF 38-2. The omitted pages contain legal analysis addressing PCI compliance, least

Affidavit of Ryan Dillon-Capps in Support of Court Record Tampering and Obstruction

privilege access standards, and Federal Trade Commission v. Wyndham

Worldwide Corp., 799 F.3d 236 (3d Cir. 2015)—mirroring the themes of the

content also removed from the Affidavit of Bad Faith.

The material relevance is highlighted in the June 26, 2024, hearing. The

transcript is docketed as District ECF 23-11 reads on page 43-44:

> "And this is -- the connection, is that this doesn't says PCI, this says
> you have to follow standards that accomplishes the task as is defined
> in here. PCI is how we accomplish in FTC erm, rule. Erm, on the SEC
> side, you, I'm sorry, 15 USC 45, is about the unfair methods of
> competition, unlawful prevention of commission.
> […] So the cases it's used, 'cause I don't want to speak when I'm not a
> lawyer, I want the law to speak. So in Fed Trade Commission,
> Walmart, in Matters of Lab, Inc., a corporation, against, I don't
> remember, erm, I think it actually went to Commission, like, yeah,
> they went that far. And Federal Trade Commission, Wyndham
> Worldwide, that's three great examples where the Court ruled in these
> situation that it is absolutely a federal jurisdictional issue, I cannot
> remember what it is.
> […] So, for these reasons I say, erm, this is what the case is about,
> however, you slice and dice it, it's federal, it's federal, it's federal, so
> there's no jurisdiction."

Emails

Pages 39 and 40 of Exhibit 164 (District ECF 16-14) were removed from the

electronic court docket. Respectfully, I will reserve the right to engage these emails

during litigation, but I will assert that Judge Hurson has no way to independently

know the significance of these pages.

Judge Hurson's Unlawful Directive

During a follow-up call between Friday, January 3, 2025, and Tuesday,
January 7, 2025, Case Administrator Baylee Wilson informed me that "the
judge"—understood from context to be Judge Hurson—had directed the Clerk's
Office not to add the remainder of the original December 27, 2024, filing to the
electronic court record.

This specifically included the signed physical CD and the thousands of
pages of exhibits in PDF format contained on that CD. Ms. Wilson stated that "the
judge has everything" and reiterated that there was nothing further the Clerk's
Office could do. No order has been docketed to the electronic court record
documenting Judge Hurson's directive to omit any portion of the accepted filing
from the electronic court record.

Undocketed signed physical CD

The signed physical CD contained digital files in PDF format that could not
be docketed exclusively through conventional electronic filing procedures without
risking the loss of materially relevant metadata and embedded digital elements.
These digital properties cannot be fully evaluated or preserved simply by opening
or viewing the files; their evidentiary value depends on maintaining the integrity of
the original digital structure.

Because standard docketing procedures inherently alter metadata and may strip embedded content, the materials on the CD must be preserved and treated as a physical exhibit under appropriate evidentiary safeguards. At the time of filing on December 27, 2024, I informed the Court Clerk that the signed physical CD constituted a physical exhibit attached to the complaint. The Clerk accepted the CD as part of the submission.

Undocketed PDF documents

Filed to the District Court as part of the original December 27, 2024, filing and believed to have been docketed as part of District ECF series 2, the document later docketed to this Court as Circuit ECF 22-2 is titled Complaint Integrated Appendix: In Forma Pauperis Relief with Limited Attorney Designation. The section titled Request for Copy Services consists of a single paragraph. Circuit ECF 22-2, at 2 ¶ 4 reads:

> "The Plaintiff further requests access to copy services for any documents not already printed or for copies required for the progression of these proceedings. The Plaintiff's financial affidavit demonstrates that without such assistance, their ability to effectively litigate this case would be significantly impaired."

On January 8, 2024, the District Court ordered "Plaintiff's motion to proceed in forma pauperis and for designation as limited attorney, ECF 2, is GRANTED insofar as Plaintiff seeks waiver of prepayment of the filing fee but otherwise

DENIED" (District ECF 18-0, at 21), but did not explicitly address the copy services request. See District ECF 18-0, at 2.

In my amended informal brief, I stated: "As a result, the exhibits contained on the signed physical CD were not included in the traditional electronic docket, despite being submitted as part of the original filing" (Circuit ECF 20-1, at 19).

At the time of the filing, I informed the Court Clerk that the in forma pauperis motion included a request for copy services. I explained that the signed physical CD contained digital duplicates of the paper-filed materials as well as thousands of additional pages of exhibits in PDF format. I stated that I was unable to financially afford printing the entire submission, and that the request for copy service was to ensure the District Court received a complete paper copy of the filing.

The Court Clerk acknowledged the request, accepted the signed physical CD as a physical exhibit, and accepted the contents of the CD as digital exhibits. Subsequent phone calls with the Clerk's Office further confirmed that the CD had been received and was understood to be both a physical exhibit and that its contents were part of December 27, 2024, original filing.

District of Maryland Staff

Ms. Baylee Wilson is a Greenbelt Case Administrators, and Janet Fletcher is the Greenbelt Case Administration Supervisor. See Exhibit 205, at 25.

Andrew Vincent (AV) is a Baltimore Intake & Records Clerk, and Stephanie Savoy is a Baltimore Case Administrator. See Exhibit 205, at 24.

Logical Conclusions

Mrs. Baylee Wilson appears to have reviewed the contents of the signed physical CD submitted with the original filing. While she likely did not have physical custody of the CD itself—given that she works in the Southern Division—she clearly had access to its contents, which were either exported from the CD by the receiving clerk or transferred via internal court systems. This is consistent with standard internal court procedures and fully reasonable given the routine ability of the U.S. District Court's IT infrastructure to transmit digital files between divisions.

The documents entered into the docket on December 30, 2024, are clearly black-and-white scans produced on the Baltimore Clerk's Office's multifunction copier. These same documents were later entered electronically by Mrs. Wilson, who works in the Southern Division. It is unreasonable to conclude that the only mechanism for transferring these files was physical delivery between courthouses. The more plausible—and procedurally consistent—conclusion is that the Baltimore Clerk scanned the filings, then electronically transmitted them to the Southern Division, where Mrs. Wilson performed the official docketing. This

eliminates the need for any redundant, second physical scan and confirms that electronic transfer was the operational method used.

Had the signed black-and-white versions been available to Mrs. Baylee Wilson, she would have used them. Instead, she filed deficiency notices—indicating that the versions she received and entered into the docket from the CD lacked signatures. If Mrs. Wilson already had access to signed documents, there would have been no need to contact the receiving clerk, and certainly no reason for her to do so if she lacked confidence in the documents' completeness. Her immediate return with confirmation that the documents had, in fact, been signed and filed on December 27, 2024, establishes that she relied on the only other party with access to that information: the receiving clerk.

Critically, if the receiving clerk had intended to withhold or conceal the signed documents, he would not have confirmed that I had signed them prior to verifying and scanning them into the court's black-and-white multifunction copier. His conduct—verifying the signatures and initiating the scanning process—indicates full compliance with standard intake protocol and no intent to suppress the record.

Moreover, Ms. Baylee Wilson learned about the existence of those signatures only after scanning the unsigned copies from the CD. Had she already possessed the signed versions, there would have been no need to raise deficiency

or make an inquiry. That she did so, and then quickly returned with confirmation, reinforces that she learned of the signatures from the receiving clerk—the only party who had access to them at that point.

Finally, if the receiving clerk had intended to suppress or withhold the signed documents, he would not have uploaded the contents of the CD—thereby making them accessible to Ms. Wilson and ultimately available for docketing. These actions, considered together, support the conclusion that both Ms. Wilson and the receiving clerk acted to preserve and docket the complete and accurate filing.

Ms. Wilson referred to Judge Hurson as "the judge" when she stated that Brendan A. Hurson "has everything," and that she was instructed by "the judge" not to add anything further to the electronic docket. Judge Hurson determined which pages of the original paper filings would be provided to Ms. Wilson for docketing. The pages scanned from the color multifunction copier include those that exhibit signs of alteration.

Ms. Wilson added these materials as part of District Series 16, filed as a supplement on January 3, 2025, while simultaneously entering docket text that contradicted the listed filing date by noting that the materials were received on December 27, 2024. This internal contradiction reflects a by-product of duress.

Similar conduct is evident in the obstruction involving the wet signatures, where Ms. Wilson's supervisor ultimately intervened to ensure that District ECF Series 16 was docketed at all. Throughout this process, all three Court Clerks involved have consistently demonstrated that they were lawfully performing their clerical duties. Their antagonist in this sequence of events is Judge Hurson.

## DECLARATION OF AFFIRMATION

I solemnly declare and affirm under penalty of perjury, based on my personal knowledge, that the contents of the foregoing affidavit and all accompanying exhibits are true and correct to the best of my knowledge.

| | |
|---|---|
| **April 30, 2025** | 1334 Maple Avenue |
| | Essex, Maryland 21221 |
| /s/ Ryan Dillon-Capps | ryan@mxt3.com |
| **Ryan Dillon-Capps** | 703-303-1113 |