UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| In the Matter of a | * | |
| Judicial Complaint | * | No. 04-25-90049 |
| Under 28 U.S.C. § 351 | * | |

MEMORANDUM AND ORDER

Complainant brings this judicial complaint against a district judge pursuant to the Judicial Conduct and Disability Act, 28 U.S.C. §§ 351-364. The Act provides an administrative remedy for judicial conduct that is "prejudicial to the effective and expeditious administration of the business of the courts." 28 U.S.C. § 351(a).

Complainant filed a pro se civil complaint alleging wrongful termination and various violations of federal law. He named as defendants his former employer and its attorneys as well as several state judges, court employees, and other individuals and organizations. The subject judge granted complainant leave to proceed without prepayment of fees, dismissed some of complainant's claims on various grounds, and directed complainant to file an amended complaint. The subject judge denied complainant's motions for reconsideration, to expedite, and for a temporary restraining order and preliminary injunction. Complainant filed an interlocutory appeal, and the subject judge stayed the proceedings in the district court. Complainant's appeal remains pending before the Fourth Circuit.

In his judicial complaint, complainant alleges that the subject judge "tamper[ed]" with the court record by instructing an employee to stop entering information on the docket

about the contents of a physical CD-ROM that complainant filed with his lawsuit. Complainant further alleges that the subject judge's "rulings are facially irreconcilable and internally inconsistent." He contends the judge "has undertaken actions wholly outside the scope of any judicial function" and that the judge's "sua sponte reversal of a properly vitiated state court action—while simultaneously asserting a lack of subject-matter jurisdiction—was a direct act to protect the defendants from liability."

Complainant claims that the subject judge's attendance and subsequent employment at a law school overlapped with a defendant's attendance and employment at the same law school. Similarly, complainant claims that the subject judge actively participated in a professional association that was under the leadership of another defendant. Finally, complainant contends that the subject judge "failed to disclose a seven-figure amount in his Annual Financial Disclosure Report."

Complainant may not pursue his disagreement with the subject judge's rulings through a complaint of judicial misconduct. Pursuant to 28 U.S.C. § 352(b)(1)(A)(ii), a chief judge may dismiss a judicial complaint upon a finding that the complaint is "directly related to the merits of a decision or procedural ruling." The procedure that has been established to consider misconduct complaints "is not designed as a substitute for, or supplement to, appeals or motions for reconsideration. Nor is it designed to provide an avenue for collateral attacks or other challenges to judges' rulings." *In re Memorandum of Decision,* 517 F.3d 558, 561 (U.S. Jud. Conf. 2008). It would be "entirely contrary" to the purpose of the Judicial Conduct and Disability Act "to use a misconduct proceeding to obtain redress for—or even criticism of—the merits of a decision with which a litigant or

misconduct complainant disagrees." *Id*. To allow "judicial decisions to be questioned in misconduct proceedings would inevitably begin to affect the nature of those decisions and would raise serious constitutional issues regarding judicial independence under Article III of the Constitution." *Id.* Complainant's challenges to the subject judge's rulings, including his directions to court staff as to how the contents of a CD-ROM should be docketed, are dismissed pursuant to 28 U.S.C. § 352(b)(1)(A)(ii) as merits-related.

Additionally, a chief judge may dismiss a judicial complaint upon a finding that it "lack[s] sufficient evidence to raise an inference that misconduct has occurred." 28 U.S.C. § 352(b)(1)(A)(iii). A complainant must "detail[] the specific facts on which [his] claim[s] of misconduct . . . [are] based." Rule 6(b), Rules for Judicial-Conduct and Judicial-Disability Proceedings; *see In re Complaint of Jud. Misconduct*, 591 F.3d 638, 646 (U.S. Jud. Conf. Oct. 26, 2009) ("[Judicial-Conduct] Rule 6(b) makes clear that the complaint must be more than a suggestion to a Chief Judge that, if he opens an investigation and . . . looks hard enough in a particular direction, he might uncover misconduct. It must contain a specific allegation of misconduct supported by sufficient factual detail to render the allegation credible."). Allegations of misconduct should be supported by "objectively verifiable proof (for example, names of witnesses, recorded documents or transcripts) . . . , and adverse rulings alone do not constitute proof of bias" or other misconduct. *In re Complaint of Jud. Misconduct*, 583 F.3d 598, 598 (9th Cir. 2009); *see also In re Doe*, 2 F.3d 308, 311 (8th Cir. Jud. Council 1993) (providing that judicial complaint process may not be used to pursue speculative claims). Complainant's allegations regarding the subject judge's financial disclosure reports and his claims of bias, partiality, tampering, or other

3

misconduct "lack[] sufficient evidence to raise an inference that misconduct has occurred." 28 U.S.C. § 352(b)(1)(A)(iii). These allegations are unsupported, speculative, and lacking in "objectively verifiable proof." *In re Complaint of Jud. Misconduct*, 583 F.3d at 598.

To the extent that complainant is alleging that the subject judge knew two of the defendants personally and, therefore, should have recused himself, an allegation that a judge should have recused himself generally "relates directly to the merits of the judge's rulings and must be dismissed." *In re Complaint of Jud. Misconduct*, 570 F.3d 1144, 1144 (9th Cir. 2009). "A failure to recuse may constitute misconduct only if the judge failed to recuse for an improper purpose." *In re Complaint of Jud. Misconduct*, 605 F.3d 1060, 1062 (9th Cir. 2010); *cf. In re Cudahy*, 294 F.3d 947, 953 (7th Cir. Jud. Council 2002) ("[A]n erroneous failure to recuse oneself from considering a particular matter is a legal error rather than judicial misconduct."). Any assertion that the subject judge had personal relationships with the defendants such that recusal was required[*] or that the subject judge "act[ed] to protect the defendants from liability" is wholly speculative. Because complainant fails to establish evidence of an improper purpose, his recusal claim is dismissed as merits-related.

---

[*] Although Canon 3C(1), Code of Conduct for United States Judges, requires recusal when "the judge's impartiality might reasonably be questioned," the Committee on Codes of Conduct has held that "a friendly relationship is not sufficient reason in itself." Advisory Op. No. 11 (June 2009).

Accordingly, this judicial complaint is dismissed as merits-related and lacking in evidentiary support pursuant to 28 U.S.C. § 352(b)(1)(A)(ii), (iii).

IT IS SO ORDERED.

_____
Albert Diaz
Chief Judge

5

Judicial Complaint - May 27, 2025 Memorandum and Order	Exhibit Page # 5 of 5	EXHIBIT 205-A