No. 25-1162

IN THE

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

Ryan Dillon-Capps

*Plaintiff-Appellant,*

v.

Ohana Growth Partners, LLC et al.,

*Defendants-Appellees.*

_____

On Appeal from
the U.S. District Court
for the District of Maryland

No. 1:24-CV-3744

_____

Ryan Dillon-Capps Motion to Disqualify Chief Judge Diaz

_____

Ryan Dillon-Capps
1334 Maple Avenue
Essex Maryland 21221
ryan@mxt3.com
703-303-1113

# Table of Contents

Introduction .................................................................................................. 3
   I STATEMENT OF GROUNDS FOR DISQUALIFICATION ......................................... 3
   II DISQUALIFICATION IS MANDATORY UNDER 28 U.S.C. § 455 ....................... 4
   III REQUEST FOR IMMEDIATE RELIEF ............................................................. 6
CONCLUSION ............................................................................................... 6
Respectfully Submitted ................................................................................ 7

C<span></span>ASES

Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) ---------------------------------------------------------- 5, 7

In re Murchison, 349 U.S. 133 (1955) ------------------------------------------------------------------------------ 6, 7

Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988) --------------------------------------------- 6, 7

S<span></span>TATUTES

28 U.S.C. § 455 ------------------------------------------------------------------------------------------------------- 3, 4, 5, 7

E<span></span>XHIBITS

Circuit ECF 34-1 ----------------------------------------------------------------------------------------------------------- 3, 7

Circuit ECF 34-2 ----------------------------------------------------------------------------------------------------------- 3, 7

## Introduction

I, Ryan Dillon-Capps (née Wagner), the Plaintiff-Appellant-Petitioner, Pursuant to 28 U.S.C. § 455, respectfully move to disqualify all Chief Judge Albert Diaz from all further participation in this appeal and any related judicial or administrative proceedings, on the ground that Chief Judge Diaz is a material witness to Brendan Abel Hurson's directive to Baylee Wilson and the altered District Court record.

I  Statement of Grounds for Disqualification

On May 27, 2025, Chief Judge Albert Diaz issued a memorandum and order in response to Plaintiff's judicial misconduct complaint against District Judge Brendan A. Hurson. That order is now filed in the appellate record as Circuit ECF 34-2, attached to the affidavit filed as Circuit ECF 34-1, and is hereby incorporated by reference into this motion.

On page 3 of that order, Chief Judge Diaz stated:

> "Complainant's challenges to the subject judge's rulings, including his directions to court staff as to how the contents of a CD-ROM should be docketed, are dismissed pursuant to 28 U.S.C. § 352(b)(1)(A)(ii) as merits-related."

This statement constitutes a material admission that the docketing of CD-ROM contents—previously understood only through indirect communications with court personnel—originated from Judge Hurson's own directives. The Chief Judge of the Fourth Circuit has now

formally acknowledged and validated the allegation that Judge Hurson issued instructions to alter or affect the docketing of evidentiary material, thereby rendering Judge Hurson's directive to Baylee Wilson a judicially established fact.

This directly implicates both due process and structural error, as well as judicial misconduct and criminal activity involving alteration of the judicial record. Chief Judge Diaz is a critical witness for both civil and criminal proceedings, capable of testifying as to how he confirmed the allegations, the means of communication through which the directive was issued, and other critical facts relevant to discovery and investigation.

II  Disqualification is Mandatory Under 28 U.S.C. § 455

Under 28 U.S.C. § 455(b)(1), a judge "shall disqualify himself" where he has "personal knowledge of disputed evidentiary facts concerning the proceeding." Chief Judge Diaz is the only known third party capable of providing independent testimony to the material facts which previously were only known through Baylee Wilson's statements and only understood to be from Judge Hurson by context. The Chief Judge was clear and decisive, prompting a formal declaration that Judge Hurson, as the "subject judge," did direct Baylee Wilson specifically about the signed physical CD-ROM—a level of specificity

that goes beyond the complaint or court filings which did not explicitly state that Judge Hurson's statement to Baylee Wilson was phrased explicitly about the CD-ROM.

Further, under 28 U.S.C. § 455(b)(5)(iv), disqualification is also required where a judge is "likely to be a material witness in the proceeding." Here, Chief Judge Diaz's involvement in verifying the conduct of Judge Hurson, and his confirmation of those facts in an official administrative order, renders him incapable of impartial adjudication of the underlying dispute.

Even if disqualification were not mandatory under 28 U.S.C. § 455(b), recusal is independently warranted under 28 U.S.C. § 455(a), which provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard is an objective one. See *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009).

Additionally, if any Circuit Court Judge has spoken to Chief Judge Diaz about the appeal or other portions of the case, then I respectfully request that they similarly recuse themselves because Chief Judge Diaz

may have inadvertently disclosed information that is not part of the court record.

### III  Request for Immediate Relief

I respectfully request that Chief Judge Diaz be disqualified, and anyone else who has spoken to Chief Judge Diaz about the case recuse themselves from further participation in the appeal and all other related proceedings. This includes, but is not limited to, the appellate panel, disqualification motions, and the other forthcoming motions to preserve judicial integrity and remove any appearance of potential or actual bias because "justice must satisfy the appearance of justice." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (citing *In re Murchison*, 349 U.S. 133, 136 (1955).

I do not concede any rights to ensure that my constitutional rights are restored and protected.

## CONCLUSION

For the foregoing reasons, Chief Judge Albert Diaz, as well as anyone else with information from outside of the judicial proceedings, must be disqualified from further proceedings under 28 U.S.C. § 455. Continued involvement violates mandatory recusal provisions and compromises the fairness, integrity, and legality of these proceedings.

> - Circuit ECF 34-1 (affidavit—judicial misconduct complaint)
>
> - Circuit ECF 34-2, at 3 (Exhibit 205-A—Chief Judge Albert Diaz's Order Dismissing Judicial Misconduct Complaint (May 27, 2025)—confirmation of Hurson's Directive to Baylee Wilson)
>
> - Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988) (citing In re Murchison, 349 U.S. 133, 136 (1955) ("[J]ustice must satisfy the appearance of justice")
>
> - *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009) ("The inquiry is an objective one. The Court asks not whether the judge is actually, subjectively biased, but whether the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias")
>
> - 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned").
>
> - 28 U.S.C. § 455(b)(1)("He shall also disqualify himself in the following circumstances: Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding")
>
> - 28 U.S.C. § 455(b)(5)(iv)("He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: Is to the judge's knowledge likely to be a material witness in the proceeding")

## Respectfully Submitted

**June 2, 2025**

/s/ Ryan Dillon-Capps
**Ryan Dillon-Capps**

1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com
703-303-1113