IN THE

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

Ryan Dillon-Capps

*Plaintiff-Appellant,*

v.


Ohana Growth Partners, LLC et al.,

*Defendants-Appellees.*

————————————

On Appeal from
the U.S. District Court
for the District of Maryland

No. 1:24-CV-3744

————————————————

Ryan Dillon-Capps Motion for Ruling to Disqualify and
Reassign

————————————————


Ryan Dillon-Capps
1334 Maple Avenue
Essex Maryland 21221
ryan@mxt3.com
703-303-1113

# **Table of Contents**

Introduction................................................................... 1

  I Grounds for Disqualification ...................................... 1

    A Court Record ....................................................... 1

    B Relationship and Pecuniary Interest .................... 12

    C Pending Party and Witness ................................. 15

  II Grounds for Reassignment out of the Fourth Circuit............ 16

Conclusion .................................................................. 19

Prayer for Relief ......................................................... 23

Respectfully Submitted ................................................ 24

<u>CASES</u>

Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813 (1986) ---------------------------------- 19
Atlantic Richfield Co. v. Monarch Leasing Co., 84 F.3d 204 (6th Cir. 1996) ---9
Belue v. Leventhal, 640 F.3d 567 (4th Cir. 2011)---------------------------------- 26
Berger v. United States, 255 U.S. 22 (1921)--------------------------------- 25, 28
Bond v. Floyd, 385 U.S. 116 (1966)---------------------------------------------- 12
Brown v. United States, 225 F.2d 861 (8th Cir. 1955) -------------------------------9
Brown v. United States, 411 U.S. 223 (1973) ----------------------------------- 14
California Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508 (1972) --- 14
Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) --------------------------- 24
Chambers v. Baltimore & Ohio R.R. Co., 207 U.S. 142 (1907)------------------- 14
Chapman v. California, 386 U.S. 18 (1967)---------------------------------- 13, 14
Christopher v. Harbury, 536 U.S. 403 (2002) ---------------------------------- 15
Collins v. Illinois, 554 F.3d 693 (7th Cir. 2009) ---------------------------------- 26
Cordoza v. Pacific States Steel Corp., 320 F.3d 989 (9th Cir. 2003) ------------ 26
Eastern R.R. Presidents Conf. v. Noerr Motor Freight, Inc., 365 U.S. 127
(1961) ---------------------------------------------------------------------------- 14
Ethicon Endo-Surgery, Inc. v. Covidien LP, 812 F.3d 1023 (Fed. Cir. 2016) - 26
Ex parte Hull, 312 U.S. 546 (1941)----------------------------------------------- 12
Fahy v. State of Conn., 375 U.S. 85 (1963)-------------------------------------- 13
FTC v. Cement Institute, 333 U.S. 683 (1948)--------------------------------- 16
Hale v. Firestone Tire & Rubber Co., 756 F.2d 1322 (8th Cir. 1985) ----------- 26
Harbury v. Deutch, 233 F.3d 596 (D.C.Cir. 2000) ----------------------------- 15
Harrington v. California, 395 U.S. 250 (1969) ---------------------------------- 14
Hook v. McDade, 89 F.3d 350 (7th Cir. 1996)----------------------------------- 26
In re American Ready Mix, Inc., 14 F.3d 1497 (10th Cir. 1994)----------------- 26
In re Barry, 946 F.2d 913 (D.C. Cir. 1991)------------------------------------- 26
In re Community Bank of N. Va., 418 F.3d 277 (3d Cir. 2005) ------------------ 26
In re Murchison, 349 U.S. 133 (1955) ------------------------------- 20, 26, 28
Jenkins v. United States, 325 F.2d 942 (3d Cir. 1963)-------------------------------9
Ligon v. City of New York, 736 F.3d 166 (2d Cir. 2013) ---------------------- 23, 28
Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988) ------------- 28
Marshall v. Jerrico, Inc., 446 U.S. 238 (1980)------------------------------------ 27
Milton v. Wainwright, 407 U.S. 371 (1972) ----------------------------------- 14
Nat'l Sav. Bank of Albany v. Jefferson Bank, 127 F.R.D. 218 (S.D. Fla. 1989)8
Ocasio v. Fashion Inst. of Tech., 9 F. App'x 66 (2d Cir. 2001)-------------------- 26
Patterson v. New York, 432 U.S. 197 (1977) ----------------------------------- 16
Potashnick v. Port City Const. Co., 609 F.2d 1101 (5th Cir.1980)-------------- 25
Puckett v. United States, 556 U.S. 129 (2009)--------------------------------- 27
Thomas v. Collins, 323 U.S. 516 (1945) ----------------------------------------- 15
Tumey v. Ohio, 273 U.S. 510 (1927)----------------------------------------- 27

Tumey v. State of Ohio, 273 U.S. 510 (1927) --------------------------------------- 20
United States v. Amedeo, 487 F.3d 823 (11th Cir. 2007) ------------------------- 26
United States v. Corr, 434 F.Supp. 408 (S.D.N.Y.1977) -------------------------- 26
United States v. Cruikshank, 92 U.S. 542 (1876) ------------------------------------ 14
United States v. Haldeman, 181 U.S.App.D.C. 254 (D.C.Cir.1976) ------------ 27
United States v. Hasting, 461 U.S. 499 (1983) ---------------------------------------- 14
United States v. Int'l Bus. Machines Corp., 475 F. Supp. 1372 (S.D.N.Y. 1979)
-------------------------------------------------------------------------------------------------- 26
United States v. Jamieson, 427 F.3d 394 (6th Cir. 2005) ------------------------- 26
United States v. Kelley, 712 F.2d 884 (1st Cir. 1983) ------------------------------ 26
United States v. Lentz, 383 F.3d 191 (4th Cir. 2004) ------------------------------ 23
United States v. Poludniak, 657 F.2d 948 (8th Cir.1981) ------------------------- 25
Ward v. Vill. of Monroeville, Ohio, 409 U.S. 57 (1972) ---------------------------- 19
Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir. 1997) ------------------------------- 9

## S<span>TATUTES</span>

28 U.S.C. § 352 -------------------------------------------------------------------------------------- 8
28 U.S.C. § 455 --------------------------------------------------------------------------- passim

## O<span>THER</span> A<span>UTHORITIES</span>

4 Fed. Prac. & Proc. Civ. § 1052 (4th ed. 2022) -------------------------------------- 6

## R<span>ULES</span>

D. Md. Local R. 113.1.a ------------------------------------------------------------------------- 7
D. Md. Local R. 507.2 ---------------------------------------------------------------------------- 7
FRAP 27 ------------------------------------------------------------------------------------------------ 6
FRAP 4 -------------------------------------------------------------------------------------------------- 7
FRCP 3 -------------------------------------------------------------------------------------------------- 6
FRCP 5 -------------------------------------------------------------------------------------------------- 6
FRCP 79 ------------------------------------------------------------------------------------------------ 7

## E<span>XHIBITS</span>

Circuit ECF 20-1 ------------------------------------------------------------------------------------ 20
Circuit ECF 24-1 ------------------------------------------------------------------------------- 18, 24
Circuit ECF 24-2 -------------------------------------------------------------------------- 17, 19, 21
Circuit ECF 31-1 ------------------------------------------------------------------------- 10, 11, 12
Circuit ECF 34-1 -------------------------------------------------------------------------------------- 8
Circuit ECF 34-2 ----------------------------------------------------------------------- 8, 17, 18, 22
Circuit ECF 36-------------------------------------------------------------------------------------- 7, 16
Circuit ECF 42-2 ------------------------------------------------------------------------------------ 19
District ECF 1-10 ----------------------------------------------------------------------------------- 10
District ECF 1-11 ----------------------------------------------------------------------------------- 10
District ECF 1-12 ----------------------------------------------------------------------------------- 10
District ECF 1-2------------------------------------------------------------------------------------- 10

District ECF 1-4 ------------------------------------------------------------------ 10

District ECF 1-5 ------------------------------------------------------------------ 10

District ECF 1-6 ------------------------------------------------------------------ 10

District ECF 16-0 ---------------------------------------------------------------- 11

District ECF 16-12 -------------------------------------------------------------- 11

District ECF 16-13 -------------------------------------------------------------- 11

District ECF 16-14 -------------------------------------------------------------- 11

District ECF 16-8 ---------------------------------------------------------------- 11

District ECF 1-7 ------------------------------------------------------------------ 10

District ECF 1-8 ------------------------------------------------------------------ 10

District ECF 1-9 ------------------------------------------------------------------ 10

District ECF 3-1 ------------------------------------------------------------------ 10

District ECF 3-2 ------------------------------------------------------------------ 10

District ECF 4-1 ------------------------------------------------------------------ 10

District ECF 5-1 ------------------------------------------------------------------ 10

District ECF 7-1 ------------------------------------------------------------------ 10

District ECF 7-2 ------------------------------------------------------------------ 10

# Introduction

I, Ryan Dillon-Capps (née Wagner), the Plaintiff-Appellant-Petitioner, pursuant to FRAP 27 and 28 U.S.C. § 455, respectfully move for an order disqualifying Brendan Abel Hurson and reassigning my case to a constitutionally qualified and impartial district court, in accordance with due process and structural judicial neutrality requirements.

## I  Grounds for Disqualification

### A  Court Record

FRCP 3 provides that "[a] civil action is commenced by filing a complaint with the court." FRCP 5(d)(2)(A) further defines that the "filing" of a paper not filed electronically is accomplished "by delivering it to the clerk," while FRCP 5(d)(4) mandates that "[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." FRCP 5(d)(3)(B)(ii) also provides that an unrepresented person may be required to file electronically "only by court order, or by a local rule that includes reasonable exceptions".

As explained in Wright & Miller, "[t]he first step in a civil action in a United States district court is the filing of the complaint with the clerk or the judge. Filing a complaint requires nothing more than the delivery of the document to a court officer authorized to receive it." *4 Fed. Prac. & Proc. Civ.* § 1052 (4th ed. 2022).

The Court Clerk's duties are governed by FRCP 79(a)(2), which requires that filings "must be marked with the file number and entered chronologically in the docket including (A) papers filed with the clerk and (C) appearances, orders, verdicts, and judgments.

The prohibition of removing original papers under D. Md. Local R. 507.2 allows authorized court personnel to carry court records to the "courtroom or the chambers of a district judge or magistrate judge". Otherwise, a court order is required. D. Md. Local R. 507.2 ("Unless otherwise ordered by the Court, no court paper or any paper connected with the business of the Clerk shall be taken out of the Clerk's Office"); See also D. Md. Local R. 113.1.a (pending appeal—"the Clerk shall return all exhibits to counsel who submitted them. . . Upon request by counsel for another party or the Court, counsel having custody of the exhibits must make them available for inspection"); FRAP 4(a)(7) (court record entry defined); FRCP 58 (entering judgment); and FRCP 79 (civil records kept by the clerk).

My prior motion seeking a complete and accurate court record from June 2, 2025, was docketed with the Fourth Circuit Court as Circuit ECF 36 and is hereby incorporated by reference into this motion.

Chief Judge Albert Diaz's May 27, 2025, memorandum and order, issued in response to my judicial misconduct complaint against District

Judge Brendan Abel Hurson. That order appears in the appellate record as Circuit ECF 34-2, attached to the affidavit filed as Circuit ECF 34-1, and is hereby incorporated by reference into this motion.

On page 3 of that order, Chief Judge Diaz stated:

> "Complainant's challenges to the subject judge's rulings, including his directions to court staff as to how the contents of a CD-ROM should be docketed, are dismissed pursuant to 28 U.S.C. § 352(b)(1)(A)(ii) as merits-related."

This statement constitutes a material admission that the docketing of the CD-ROM contents—previously understood only through indirect communication with court personnel—originated from Judge Hurson's directive. The Chief Judge of the Fourth Circuit has now formally acknowledged and validated the allegation that Judge Hurson issued instructions to alter or otherwise affect the docketing of evidentiary material, thereby rendering Judge Hurson's directive to Baylee Wilson a judicially established fact.

However, the District Court record lacks any order reflecting the directive. This is a structural error because the "entered-on-docket" date is the legally operative date from which a party must take some action from the entry of an order. *Nat'l Sav. Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218, 222 (S.D. Fla. 1989). I have less than no notice—I do not even have a docketed order from which notice could be given. It is a structural error that

prevented me from having any opportunity to act—nor can it reasonably be expected that I act before an order is docketed in response to the alteration of my pleading. See *Brown v. United States*, 225 F.2d 861, 863 (8th Cir. 1955) ("with nothing more stated, could reasonably be expected to regard this as a judgment entry or even to suspect it of possibly having been so intended"); *Atlantic Richfield Co. v. Monarch Leasing Co.*, 84 F.3d 204, 207 (6th Cir. 1996) ("[U]nder federal procedural law, a federal court judgment is 'rendered' only when it is set forth in writing on a separate, discrete document and entered on the civil docket").

Without a docketed order, there is nothing for a party to act on to preserve an error, nor is there any basis for appellate jurisdiction. See *Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[W]ithin ten days of receiving a copy of the order," a party must act to preserve a claim of error, and "[s]everal courts have held that a party must comply with this statutory provision in order to preserve a claim of error"); *Jenkins v. United States*, 325 F.2d 942, 945 (3d Cir. 1963) ("the record reveals no order entered on the motion as from a final judgment, we are without jurisdiction").

My motion to disqualify was filed with dozens of exhibits (Circuit ECF 24-5 to 25-9; Circuit ECF Series 25 to 29) attached to three affidavits. This includes my affidavit in support of Court Record Tampering and Obstruction,

which was amended a day later to correct a typographical error. See Circuit ECF 31-1. It is hereby incorporated by reference into this motion.

The affidavit provides detailed information about missing wet signatures, staple marks, court-issued stamps, clerk's stamps, judge-assigned case designation stamps, and other elements which were present on the original documents—one or more of which are missing from District ECF 1-2 (29 proposed summons); District ECF 1-4 (complaint integrated appendix: pretext); District ECF 1-5 (complaint integrated appendix: parties); District ECF 1-6 (complaint integrated appendix: coverup); District ECF 1-7 (complaint integrated appendix: counts); District ECF 1-8 (prefatory appendix A: table of defendants); District ECF 1-9 (prefatory appendix B: cause of action table); District ECF 1-10 (memorandum of law in opposition to immunity); District ECF 1-11 (resume for Timothy Allen); District ECF 1-12 (table of exhibits); District ECF 3-1 (meet and confer letter to attorney general Anthony Brown); District ECF 3-2 (proposed order for state-level negotiations and systemic oversight relief); District ECF 4-1 (memorandum of law in support of interlocutory partial summary judgment); District ECF 5-1 (proposed order for conditional permissive joinder); District ECF 7-1 (affidavit of Caroline Dillon-Capps); District ECF 7-2 (affidavit of Ryan Dillon-Capps financial harm). See Circuit ECF 31-1, at 5–10, 14–18.

The Docket History clearly establishes that I filed these documents with the original filing on December 27, 2024. However, the docket text reflects alterations to the court record on December 30 and December 31, 2024, without a court order, stating "additional attachment(s) added" and "corrected main documents". See Circuit ECF 31-1, at 10–14.

Two documents that were never filed, but instead placed in the trash bin inside the Clerk's Office, were also added to the District Court record. See Circuit ECF 31-1, at 1–4.

On January 3, 2025, portions of the exhibits originally submitted on December 27, 2024, and later entered into the District Court record as District ECF 16-0 through 16-15, were formally docketed as supplemental filings with a filing and entry date of January 3, 2025. However, court staff member Baylee Wilson preserved the original "received" date of December 27, 2024, in the docket text. See Circuit ECF 31-1, at 24–25. Unfortunately, pages are missing from District ECF 16-0 (missing 1 page—160/161); District ECF 16-8 (missing 42 pages—226/268);  District ECF 16-12 (missing 5 pages—115/120); District ECF 16-14 (missing 2 pages—89/91). Circuit ECF 31-1, at 25–27. See also Circuit ECF 31-1, at 28–34 (expanded details of missing pages). Additionally, pages were shuffled out of order, which obfuscated critical notice text on page 1 in District ECF 16-13. See Circuit

ECF 31-1, at 27. See also Circuit ECF 31-1, at 30 (expanded details of shuffled pages).

The Court docket reflects the in forma pauperis filing from December 27, 2024, as District ECF Series 2, but is missing part of the original submission. See Circuit ECF 31-1, at 28.

The original physical exhibit—a signed CD—and the thousands of pages of hybrid exhibits it contained needed to be docketed traditionally and preserved in physical form to ensure that metadata and embedded content would not be altered through standard docketing procedures. See Circuit ECF 31-1, at 34–36.

Tampering with, altering, or suppressing a litigant's filings is not merely a procedural irregularity—it constitutes direct interference with my freedom of speech, as court filings are protected forms of legal expression. This is a violation of my Due Process and First Amendment rights. No court may abridge or impair my right to petition or to be heard through procedural rules, policies, rulings, or record manipulation. *See Ex parte Hull*, 312 U.S. 546, 549 (1941) ("the state and its officers may not abridge or impair petitioner's right to apply to a federal court for a writ of habeas corpus"); *Bond v. Floyd*, 385 U.S. 116 (1966) (First Amendment of the Federal Constitution forbids abridgement of freedom of speech).

In the same manner that the erroneous admission of prejudicial, unconstitutionally obtained evidence is not harmless error that requires automatic reversal; abridging my freedom of speech by altering the court record and directing others to do the same is also not harmless error that requires automatic reversal. See *Fahy v. State of Conn.*, 375 U.S. 85, 86 (1963) ("We find that the erroneous admission of this unconstitutionally obtained evidence at this petitioner's trial was prejudicial; therefore, the error was not harmless, and the conviction must be reversed").

The burden to prove harmlessness is placed on someone other than the person prejudiced by the error: "It is for that reason that the original common-law harmless-error rule put the burden on the beneficiary of the error either to prove that there was no injury or to suffer a reversal of his erroneously obtained judgment". *Chapman v. California*, 386 U.S. 18, 23–24 (1967).

The right to an impartial judge was one of three rights designated as so basic to a fair trial that its infringement [through the erroneous admission of unconstitutionally obtained evidence] could never be treated as harmless error". Chapman v. California, 386 U.S. 18, 24 (1967). The Chapman Court recognized that "harmless-error rules can work very unfair and mischievous results" and that "harmless-error rules all aim at is a rule that will save the

good in harmless-error practices while avoiding the bad, so far as possible".
*Chapman v. California*, 386 U.S. 18, 23 (1967).

After Chapman, the Supreme Court has consistently made it clear that the duty of a reviewing court is to consider the trial record **<u>as a whole</u>** and to ignore errors that are harmless. *United States v. Hasting*, 461 U.S. 499, 509 (1983); see e.g., *Brown v. United States*, 411 U.S. 223, 230–232 (1973); *Harrington v. California*, 395 U.S. 250 (1969); *Milton v. Wainwright*, 407 U.S. 371 (1972).

In my case, Judge Hurson has unconstitutionally impeded the exercise of my fundamental right to petition the government. *See United States v. Cruikshank*, 92 U.S. 542, 554–55 (1876). My "right of petition is one of the freedoms protected by the Bill of Rights." *Eastern R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 138 (1961). My right to petition includes my right of access to the courts. See *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972) ("[t]he right of access to the courts is indeed but one aspect of the right of petition"); *Chambers v. Baltimore & Ohio R.R. Co.*, 207 U.S. 142 (1907) ("[T]he right to sue and defend in the courts is the alternative of force. In an organized society it is the right conservative of all other rights and lies at the foundation of orderly

government. It is one of the highest and most essential privileges of citizenship....").

The Supreme Court has grounded the right at various times in different provisions of the Constitution: the "Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses." *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) ("Harbury III") (citations omitted). "It was not by accident or coincidence that the rights to freedom in speech and press were coupled in a single guaranty with the rights of the people peaceably to assemble and to petition for redress of grievances. All these, though not identical, are inseparable. They are cognate rights." *Thomas v. Collins*, 323 U.S. 516, 530 (1945).

Furthermore, "[t]he right not only protects the ability to get into court, but also ensures that such access be adequate, effective, and meaningful." *Harbury v. Deutch*, 233 F.3d 596, 607 (D.C.Cir. 2000) ("Harbury I") (quotation marks and citations omitted), reh'g denied, 244 F.3d 956 (D.C.Cir. 2001) (per curiam) ("Harbury II").

The standard established by the Supreme Court requires that the Fourth Circuit Court review the entire court record—legally defined to

include everything I filed because there is no order entered onto the court record which lawfully abridges what I filed.

However, the Court record does not currently reflect the entirety of my original filings for the Fourth Circuit Court to review, and the benefiting parties remain unsummoned to explain how the missing portions of the court record does not represent an injury to me that demands automatic reversal.

This is not about merits—this is about the ongoing deprivation of my fundamental constitutional rights. Where "most matters relating to judicial disqualification [do] not rise to a constitutional level"; *FTC v. Cement Institute*, 333 U.S. 683, 702 (1948). Here, the judicially established fact is one that has established the violation of multiple fundamental rights, including my right to petition the government for redress of grievances, freedom of speech, and due process. See generally Circuit ECF 36; *Patterson v. New York*, 432 U.S. 197, 201–202 (1977) ("it is normally within the power of the State to regulate procedures under which its laws are carried out ... and its decision in this regard is not subject to proscription under the Due Process Clause unless it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental").

## B  Relationship and Pecuniary Interest

The April 30, 2025, motion to disqualify Brendan Abel Hurson was filed with my affidavit in support of his disqualification (Circuit ECF 24-2) and is incorporated by reference into this motion. My affidavit, and its attached exhibits, detail Mr. Hurson's relationships with defendants Marc A. DeSimone Jr., Holly Drumheller Butler, Miles & Stockbridge P.C., and Robert Brennen.

The Chief Judge's memorandum and order incorrectly asserted that "complainant is alleging that the subject judge knew two of the defendants personally". See Circuit ECF 34-2. The two referenced by the Chief Judge are inferred to be Marc A. DeSimone Jr. and Holly Drumheller Butler, where defendant DeSimone Jr. and pending defendant Hurson attended the University of Maryland Francis King Carey School of Law at the same time. All three of them served as adjunct professors at the school with overlapping years, and Mr. Hurson was the commencement keynote speaker in 2024. See Circuit ECF 24-2, at 7–9. This connection is sufficient to warrant further inquiry—and at a minimum, a formal response from Mr. Hurson declaring in a sworn statement that he does not have a relationship with them— particularly given that the memorandum's dismissal of the allegations as "wholly speculative" was made without addressing the particulars presented. See Circuit ECF 34-2, at 4.

The Chief Judge's accounting for the more critical relationship is concerning: "Similarly, complainant claims that the subject judge actively participated in a professional association that was under the leadership of another defendant". See Circuit ECF 34-2, at 2.

The Federal Bar Association, celebrated the Maryland Chapter in 2021 and Robert Brennen's work in the FBA's Maryland Chapter. From 2021 to 2024, Robert Brennen, principal of Miles & Stockbridge P.C., was Newsletter Editor, President Elect, President, and Immediate Past President during the period when Brendan Hurson presided over swearing in ceremonies, speaker on judicial panels, luncheon honoree, served on committees, and participant in other FBA programming. Robert Brennen's roles placed him as the decider and key influencer that is responsible for Mr. Hurson's selection, and then directly working with Brendan Hurson. See Circuit ECF 24-1, at 1–7.

During this same period, Mr. Hurson's financials transformed while he went from federal attorney to magistrate judge to Article III judge. Mr. Hurson paid off somewhere between $45,003 and $150,000 of his liabilities, and after he was sworn in as an Article III judge, his reported investments reflect an impossible gain falling between 964% and 1,161%—for an amount between $2,128,024 and $2,157,000. The only reasonable conclusion from the objective and verifiable facts, rooted in the mathematical calculations

provided in the affidavit, is that Mr. Hurson received at least a seven-figure amount that is not disclosed. To clarify, the affidavit does not assert that he only received a seven-figure amount—the objective data establishes that he received at least that much. The calculations take into account both his salary and his wife's salary, with the attached exhibits supporting those numbers as well. See Circuit ECF 42-2, at 9–17.

Additionally, the affidavit demonstrates that Adam B. Abelson's participation in the Maryland Chapter of the FBA similarly resulted in his elevation to an Article III judge. See Circuit ECF 24-2, at 6–7.

No assertion has been made against any other district court judge or circuit court judge that they similarly received a substantial amount of money, nor has an assertion been made that they did not, because their inclusion in the affidavit is intended only to support the claims against Brendan Abel Hurson.

In *Ward v. Vill. of Monroeville, Ohio*, 409 U.S. 57, 59–60 (1972), the Supreme Court determined a reasonable formulation of the issue is whether the "situation is one which would offer a possible temptation to the average ... judge to ... lead him not to hold the balance nice, clear and true". See also *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813 (1986) (holding that *Tumey*, *Ward*, and *Murchison* established precedents for finding that the Justice's

participation violated the appellant's due process rights—"The Due Process Clause demarks only the outer boundaries of judicial disqualifications").

Prior to depositions, discovery, and additional information, there is no way to establish beyond a reasonable doubt that such a temptation did not, and does not, continue to exist. The evidence of misconduct strongly compels a determination that it could constitute a material element requiring mandatory disqualification.

## C  Pending Party and Witness

On April 21, 2025, my notice of formal allegations was included in the first amended informal brief, docketed as Circuit ECF 20-1. In the first paragraph, I asserted: "Upon remand, Mr. Dillon-Capps intends to amend the complaint to include Brendan A. Hurson as a named defendant". Circuit ECF 20-1, at 24.

"[I]t certainly violates [Due Process] ... to subject [a person's] liberty or property to the judgment of a court the judge of which has a direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case". *Tumey v. State of Ohio*, 273 U.S. 510, 523 (1927); see also *In re Murchison,* 349 U.S. 133, 136 (1955) (under the Due Process Clause no judge "can be a judge in his own case [or be] permitted to try cases where he has an interest in the outcome").

As a pending defendant in the proceedings, Brendan Abel Hurson's disqualification is constitutionally mandated, in addition to being mandated under 28 U.S.C. § 455(b)(5)(i), which requires recusal where a judge "is a party to the proceeding". Judge Hurson is expected to be deposed prior to trial and called to testify during the trial, which disqualifies him under 28 U.S.C. § 455(b)(5)(iv). Additionally, if the District Court is unable to produce the originals of everything filed since December 27, 2024, Judge Hurson will likely face criminal charges. These circumstances give rise to a direct and substantial personal interest in the outcome of the proceedings, thereby further requiring his disqualification under 28 U.S.C. § 455(b)(4) and 28 U.S.C. § 455(b)(5)(iii).

## II  Grounds for Reassignment out of the Fourth Circuit

Miles & Stockbridge P.C.'s involvement in the national and Maryland chapter of the Federal Bar Association is extensive, although I have made substantial efforts to limit the focus to the Maryland Chapter. The affidavit includes some examples of attorneys and employees from defendant Miles & Stockbridge P.C. serving as moderators, providing technical assistance, and otherwise supporting the Maryland Chapter of the FBA's mission. See Circuit ECF 24-2, at 3–4. Every member of the judiciary knows about the Federal Bar Association, its unique non-profit status, and how its mission is itself a pecuniary interest for all district and circuit court judges. However, I have

hope in the belief that, despite the binding precedent on pecuniary interest, it is possible for a district or circuit court judge to be impartial if this is their only conflict of interest. But I have been wrong before, and the doctrine used to prevent overly broad disqualification ceases to be applicable if it improperly immunizes wrongdoing.[1]

The Chief Judge's footnote also raises concerns because it incorrectly invoked Advisory Op. No. 11 (June 2009), which is properly applied to attorneys in a case not parties and witness. See Circuit ECF 34-2, at 4 *. The statutory language is so explicitly clear that when the judge is a party or a witness, disqualification is mandatory—rendering further inquiry unnecessary. For those who are not parties or witnesses, several other advisory opinions would more appropriately apply to the other district and circuit court judges. The difficulty here is that I have no way of declaring who will be a witness or defendant without first conducting depositions and discovery—rendering the risk of potential witness tampering a substantial factor that requires reassignment out of the Fourth Circuit.

---

[1] I am strongly advising the parties responsible for the procedural abuse to end the delays immediately. My good faith efforts to restrain the scope of litigation appear to be erroneously interpreted as reflecting the highest current level of risk. However, I have been pursuing the lowest level of liability that I am capable of litigating without placing the case at risk of suffering any harm, and my minimus is now approaching a point that will bring with it a substantial increase in liabilities and scope. Once again, I am compelled to warn against the imminent result of continued delay—loss is inevitable, and the futility of resistance is de minimis. It is the result of your chosen path that I continue to warn you about.

As the Second Circuit observed in *Ligon v. City of New York*, 736 F.3d 166, 172 (2d Cir. 2013), "reassignment is an ordinary tool used by our judicial system to maintain and promote the appearance of impartiality across the federal courts".

In *United States v. Lentz*, 383 F.3d 191, 221–22 (4th Cir. 2004), the Fourth Circuit Court held that reassignment "is appropriate in unusual circumstances where both for the judge's sake and the appearance of justice an assignment to a different judge is salutary and in the public interest, especially as it minimizes even a suspicion of partiality," and considered: (1) whether the original judge would reasonably be expected, upon remand, to have substantial difficulty putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected; (2) whether reassignment is advisable to preserve the appearance of justice; and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

At this time, it is beyond reasonable doubt that several District Court Clerks, whose names have been found in connection with the District Court record, will be called for depositions and as witnesses to testify at the civil and criminal trials. Everyone they spoke to will also be called for depositions,

and the likelihood of their involvement is too tentative to determine without knowing what was said. This is not limited to the Court Clerks or the District Court of Maryland, because any related communications between two or more people are within the scope of discovery and depositions. Doctrines like the crime-fraud exemption will prevent unlawful shielding of misconduct and liability.

A constitutionally viable venue requires an impartial tribunal and court employees removed from the previous proceedings so that there is no reasonable risk that I, and others, will inadvertently influence a witness who has not been identified.

## Conclusion

My prior motion seeking disqualification of Brendan Abel Hurson was filed on April 29, 2025, and over a month later, it remains without a ruling. It is docketed with the Fourth Circuit Court as Circuit ECF 24-1 and is hereby incorporated by reference into this motion.

Under 28 U.S.C. § 455(b)(1) (a judge "shall disqualify himself" where he has "personal knowledge of disputed evidentiary facts concerning the proceeding"); 28 U.S.C. § 455(b)(5)(iv) (disqualification is also required where a judge is "likely to be a material witness in the proceeding"); and *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009) (under 28 U.S.C. § 455(a)—a

judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The standard is an objective one").

In *Berger v. United States*, 255 U.S. 22, 32–33 (1921), the Supreme Court held that:

> "Whenever a party to any action or proceeding, civil or criminal, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, such judge shall proceed no further therein, but another judge shall be designated to hear such matter".

28 U.S.C. § 455(a) states "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The use of "might" in the statute "clearly mandates that it would be preferable for a judge to err on the side of caution and disqualify himself in a questionable case". *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1111-1112 (5th Cir.1980), *cert. denied,* 449 U.S. 820 (1980). The 1974 amendment replaced the "duty to sit" standard with the requirement to use reasonableness in a judge's disqualification decision. See *United States v. Poludniak,* 657 F.2d 948, 954 (8th Cir.1981), *cert. denied,* 455 U.S. 940 (1982); *In re Olson,* 20 B.R. 206 (Bkrtcy.D.Neb.1982).

The objective standard under 28 U.S.C. § 455(a) is "whether facts have been presented that, assuming their truth, would lead a reasonable person to

infer that bias or prejudice existed, thereby foreclosing impartiality of judgment". *United States v. Int'l Bus. Machines Corp., 475 F. Supp. 1372, 1389 (S.D.N.Y. 1979), aff'd sub nom. In re Int'l Bus. Machines Corp., 618 F.2d 923 (2d Cir. 1980) (*Citing *United States v. Corr*, 434 F.Supp. 408, 412-13 (S.D.N.Y.1977)).

The standard for determining negative bias or prejudice is "whether a reasonable person would be convinced the judge was biased". *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). See also *Ethicon Endo-Surgery, Inc. v. Covidien LP*, 812 F.3d 1023 (Fed. Cir. 2016); *Belue v. Leventhal*, 640 F.3d 567 (4th Cir. 2011); *Collins v. Illinois*, 554 F.3d 693 (7th Cir. 2009); *United States v. Amedeo*, 487 F.3d 823 (11th Cir. 2007); *United States v. Jamieson*, 427 F.3d 394 (6th Cir. 2005); *In re Community Bank of N. Va.*, 418 F.3d 277 (3d Cir. 2005); *Cordoza v. Pacific States Steel Corp.*, 320 F.3d 989 (9th Cir. 2003); *Ocasio v. Fashion Inst. of Tech.*, 9 F. App'x 66 (2d Cir. 2001); *In re American Ready Mix, Inc.*, 14 F.3d 1497 (10th Cir. 1994); *In re Barry*, 946 F.2d 913 (D.C. Cir. 1991); *Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322 (8th Cir. 1985); *United States v. Kelley*, 712 F.2d 884 (1st Cir. 1983).

The statutory provisions in 28 U.S.C. § 455 are what give life to the due process requirement of a "fair trial (before) a fair tribunal . . . ." *In re Murchison*, 349 U.S. 133, 136 (1955). A claim of bias and prejudice that

survives rigid scrutiny—where the facts alleged must be accepted as true—will necessarily pass constitutional muster as well. See *United States v. Haldeman*, 181 U.S.App.D.C. 254, 353 n. 276 (D.C.Cir.1976) (en banc) (per curiam) ("Since in our view anything impinging on (due process) would have more readily violated s 144 or s 455, we do not consider the constitutional implications Per se."), cert. denied, 431 U.S. 933 (1977).

In both cases, the Supreme Court deemed such conduct inexcusable, emphasizing that fairness, equal protection, and procedural due process require "an opportunity to present [one's] claims to a court unburdened by any 'possible temptation'". *Tumey v. Ohio*, 273 U.S. 510, 532 (1927). Due process further guarantees the right to "a proceeding in which [one] may present [one's] case with assurance that no member of the court is predisposed to find against him." *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980).

The Supreme Court has also made clear that a due process violation arising from the participation of an interested judge is a structural defect "not amenable" to harmless-error review, regardless of whether the judge's vote was dispositive. *Puckett v. United States*, 556 U.S. 129, 141 (2009) (emphasis deleted).

A truly impartial tribunal would have no reason to delay in recusing itself—Mr. Hurson's delay is evidence in support of disqualification. Similarly, there should be no reason for the Fourth Circuit Court to delay in ruling to disqualify and reassign. *Berger v. United States*, 255 U.S. 22, 35 (1921). ("[I]t is his duty to 'proceed no further' in the case… for of what concern is it to a judge to preside in a particular case; of what concern to other parties to have him so preside"); *Ligon v. City of New York*, 736 F.3d 166, 171 (2d Cir. 2013) ("A district judge has no legal interest in a case or its outcome, and, consequently, suffers no legal injury by reassignment").

Additionally, if there are any Circuit Court Judges that have spoken to Chief Judge Diaz about the appeal, judicial complaint, or other portions of the case— potentially introducing external influence—then I respectfully request they recuse themselves to preserve judicial integrity and remove any appearance of potential or actual bias because "justice must satisfy the appearance of justice". *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (citing *In re Murchison*, 349 U.S. 133, 136 (1955)).

## Prayer for Relief

**WHEREFORE**, Plaintiff-Appellant respectfully requests that this Court:

1. GRANT this motion pursuant to 28 U.S.C. § 455 and order the immediate disqualification of Brendan Abel Hurson from any further proceedings in this case;

2. VACATE all proceedings in the District of Maryland that occurred under Judge Hurson's supervision to the extent affected by structural error or misconduct;

3. ORDER reassignment of the underlying civil case to a constitutionally qualified, impartial tribunal entirely outside the United States District Court for the District of Maryland and the Fourth Circuit;

4. Specifically, ORDER reassignment to either:

   • the United States District Court for the Northern District of California (Ninth Circuit), or

   • the United States District Court for the Northern District of Illinois (Seventh Circuit);

5. GRANT such further relief as this Court deems just and proper to preserve the appearance and reality of impartial justice.

## Respectfully Submitted

**June 7, 2025**

/s/ Ryan Dillon-Capps
**Ryan Dillon-Capps**

1334 Maple Avenue
Essex, Maryland
21221
ryan@mxt3.com
703-303-1113