No. 25-1162

IN THE

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

Ryan Dillon-Capps

*Plaintiff-Appellant*,

v.

Ohana Growth Partners, LLC et al.,

*Defendants-Appellees*.

_____

On Appeal from
the U.S. District Court
for the District of Maryland

No. 1:24-CV-3744

_____

Ryan Dillon-Capps Amended Affidavit of Fourth Circuit Court Record

_____

Ryan Dillon-Capps
1334 Maple Avenue
Essex Maryland 21221
ryan@mxt3.com
703-303-1113

# Table of Contents

Introduction..................................................................................................................... 2
   I EXHIBIT 401A ........................................................................................................ 2
   II EXHIBIT 401C....................................................................................................... 6
   III EXHIBIT 401D ..................................................................................................... 8
Declaration of Affirmation ................................................................................ 12

## Introduction

I, Ryan Dillon-Capps (née Wagner), the Plaintiff-Appellant-Petitioner, being over the age of eighteen (18), competent to testify, and having personal knowledge of the facts contained herein, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

### I  Exhibit 401A

As shown in Exhibit 401A, at 1, the screenshot taken on Friday June 6, 2025, at 2:19 a.m. shows what I discovered upon logging into PACER for the Fourth Circuit Court of Appeals and viewing Court of Appeals Case No. 25-1162. The following filings are missing a hyperlink to their respective court record entries:

1. Circuit ECF 34-1: Affidavit of Judicial Complaint and Chief Judge Diaz's May 27, 2025, Order Confirming Docketing Directives and Incomplete Court Record;
2. Circuit ECF 34-2: Exhibit 205A—Judicial Complaint: May 27, 2025, Memorandum and Order from the Fourth Circuit Court of Appeals' Chief Judge;
3. Circuit ECF 34-3: Exhibit 205B—Judicial Complaint: April 30, 2025, Submission Email;
4. Circuit ECF 35: Motion to disqualify Chief Judge Diaz on the basis that he is a material witness who will be deposed and likely called to testify;

Ryan Dillon-Capps Amended Affidavit of Fourth Circuit Court Record

2

. 2025-06-13 || 3/13 .......Amended.................................................................................................

5. Circuit ECF 36: Motion requesting the Fourth Circuit Court to direct the District Court to correct the court record.

   As shown in Exhibit 401A, at 2, the screenshot taken on Saturday June 7, 2025, at 1:59 a.m. shows the PACER record for the Fourth Circuit Court of Appeals for Court of Appeals Case No. 25-1162, after I filed my motion seeking a ruling to disqualify District Court Judge Brendan A. Hurson and reassign the case outside the Fourth Circuit on June 7, 2025, at 1:54 a.m. The motion was docketed in the Fourth Circuit Court as Circuit ECF 37, and the hyperlink was available and worked.

   As shown in Exhibit 401A, at 3, the screenshot taken on Monday June 9, 2025, at 11:44 a.m. shows what I discovered upon logging into PACER for the Fourth Circuit Court of Appeals and viewing Court of Appeals Case No. 25-1162. The hyperlink for Circuit ECF 37 is missing.

   As shown in Exhibit 401A, at 4, the screenshot taken on Monday June 9, 2025, at 5:47 p.m. shows the PACER record for the Fourth Circuit Court of Appeals for Court of Appeals Case No. 25-1162, after I filed my motion seeking to vacate under FRCP 60(b)(4) on June 9, 2025, at 5:45 p.m. The motion was docketed in the Fourth Circuit Court as Circuit ECF 38, and the hyperlink was available and worked.

As shown in Exhibit 401A, at 5, the screenshot taken on Tuesday June 10, 2025, at 3:50 a.m. shows the PACER record for the Fourth Circuit Court of Appeals for Court of Appeals Case No. 25-1162, after I filed my formal notice to Ohana Growth Partners, LLC, Miles & Stockbridge P.C., the State of Maryland, and the U.S. Government on June 10, 2025, at 3:49 a.m. The notice was docketed in the Fourth Circuit Court as Circuit ECF 39, and the hyperlink was available and worked.

As shown in Exhibit 401A, at 6, the screenshot taken on Tuesday June 10, 2025, at 2:11 p.m. shows what I discovered upon logging into PACER for the Fourth Circuit Court of Appeals and viewing Court of Appeals Case No. 25-1162. The hyperlink for Circuit ECF 38 is missing, but the hyperlink for Circuit ECF 29 was available and worked.

As shown in Exhibit 401A, at 7, the screenshot taken on Tuesday, June 10, 2025, at 10:35 p.m. shows the call log for Tuesday June 10, 2025, to (804) 916-2704—the Clerk's Office for the Fourth Circuit Court of Appeals.

During my first call at 2:11 p.m., lasting 31 seconds, I asked for Karen Stump, my case manager, and was transferred to her voicemail, which stated that she would be out of the office until Wednesday, June 11, 2025.

During my second call at 2:12 p.m., lasting 9 minutes and 23 seconds, I spoke with "Kierstan," and during this call she stated, "they are not deleted."

Kierstan confirmed that no order was docketed and that the public record also did not have something to click. She suggested that I speak with her supervisor, but after a brief hold, she said she was going to instead transfer me to the Help Desk to see if they could fix the permissions issue. I left a voicemail with the Help Desk and have not received a call or email from them.

During my third call at 2:21 p.m., lasting 5 minutes and 26 seconds, I spoke with "Ameisha," and during this call she stated, "they are restricted." When I inquired about the absence of a court order, she said that sometimes court records are restricted for other reasons. Ameisha stated that I would need to wait to speak with my case manager, Karen Stump, when she returned tomorrow. She added that the Help Desk would likely tell me there is nothing they can do. I asked to speak with her supervisor, and Ameisha transferred me to the voicemail of what I believe was identified as belonging to the Section 2 supervisor. I left a voicemail and have not received a call or email from them.

> Exhibit 401A – Restricted Fourth Circuit Court Record (June 10, 2025):
> pp. 1–6: Screenshots of restricted docket entries in Court of Appeals Case No. 25-1162:
> - Circuit ECF 34-1 (Affidavit);
> - Circuit ECF 34-2 (Exhibit 205A – May 27, 2025, Memorandum and Order);
> - Circuit ECF 34-3 (Exhibit 205B – April 30, 2025, Judicial Complaint Email);
> - Circuit ECF 35 (Motion to Disqualify Chief Judge Diaz – Material Witness);
> - Circuit ECF 36 (Motion to Correct Court Record);
> - Circuit ECF 37 (Motion to Disqualify Judge Hurson and Reassign);

> • Circuit ECF 38 (Motion to Vacate).
> p. 7: Call log dated June 10, 2025, documenting communications with the Clerk's Office for the Fourth Circuit Court of Appeals.

## II  Exhibit 401C

As shown in Exhibit 401C, at 1, the screenshot taken on Saturday, June 7, 2025, at 2:26 a.m. depicts the PACER docket for the Fourth Circuit Court of Appeals in *Court of Appeals Case No. 25-1614*. Entry No. 4 is labeled "(ENTRY RESTRICTED)" and has a lock icon next to it. Entry No. 5 states: "Docket correction requested from Kenneth F. Klein… Access to brief has been restricted to case participants." All entries have a hyperlink to the document.

As shown in Exhibit 401C, at 2, the screenshot taken on Saturday, June 7, 2025, at 2:28 a.m. depicts the PACER docket for the Fourth Circuit Court of Appeals in *Court of Appeals Case No. 25-1616*. The case originates from IRS-1. Entry No. 2 states: "IFP-APPLICATION… (court access only) by Leroy Commander, Sr." and does not have a hyperlink. Entry No. 6 states: "US TAX COURT RECORD" and includes both a hyperlink and a lock icon.

As shown in Exhibit 401C, at 3, the screenshot taken on Saturday, June 7, 2025, at 2:33 a.m. depicts the PACER docket for the Fourth Circuit Court of Appeals in *Court of Appeals Case No. 25-1632*. The case originates from the Board of Immigration Appeals. The first docket entry has no hyperlink but does display a lock icon and states: "Immigration petition for

review case docketed." Entries Nos. 1–3 and 6–7 all include hyperlinks and lock icons. The remaining entries are orders from the court.

As shown in Exhibit 401C, at 4, the screenshot taken on Saturday, June 7, 2025, at 2:35 a.m. depicts the PACER docket for the Fourth Circuit Court of Appeals in *Court of Appeals Case No. 25-1635*. The case also originates from the Board of Immigration Appeals. The first docket entry has no hyperlink but displays a lock icon and states: "Immigration petition for review case docketed." Entries Nos. 1–2 and 7–8 all include hyperlinks and lock icons. Entry No. 3 states: "IFP-Application" and does not have a hyperlink. The remaining entries are orders from the court.

As shown in Exhibit 401C, at 5, the screenshot taken on Saturday, June 7, 2025, at 2:36 a.m. depicts the PACER docket for the Fourth Circuit Court of Appeals in *Court of Appeals Case No. 25-1638*. Entry No. 5 states: "IFP-Application" and does not have a hyperlink. All other entries include hyperlinks.

As shown in Exhibit 401C, at 6, the screenshot taken on Saturday, June 7, 2025, at 2:37 a.m. depicts the PACER docket for the Fourth Circuit Court of Appeals in *Court of Appeals Case No. 25-1642*. The case originates from the Board of Immigration Appeals. The second docket entry has no hyperlink but does display a lock icon and states: "Immigration petition for

review case docketed." Entries Nos. 1 and 3–5 all include hyperlinks and lock icons. Entry No. 2 states: "Electronic filing fee paid."

> Exhibit 401C—Other Fourth Circuit Court Case Records
> p.1: Case No. 25-1614: Entry No. 4 labeled "(ENTRY RESTRICTED)" with lock icon; Entry No. 5 reflects restricted access to brief per Kenneth F. Klein.
> p.2: Case No. 25-1616: Entry No. 2 ("IFP-APPLICATION… (court access only)") lacks hyperlink; Entry No. 6 labeled "US TAX COURT RECORD" includes lock icon and hyperlink.
> p.3: Case No. 25-1632: Second docket entry ("Immigration petition for review case docketed") lacks hyperlink, includes lock icon; Entries Nos. 1–3, 6–7 display hyperlinks and locks.
> p.4: Case No. 25-1635: First docket entry ("Immigration petition for review case docketed") lacks hyperlink and includes lock icon; Entries Nos. 1–2, 7–8 display hyperlinks and locks; Entry No. 3 ("IFP-Application") has no hyperlink.
> p.5: Case No. 25-1638: Entry No. 5 ("IFP-Application") has no hyperlink; all other entries are accessible.
> p.6: Case No. 25-1642: Second docket entry ("Immigration petition for review case docketed") lacks hyperlink and includes lock icon; Entry No. 2 ("Electronic filing fee paid") included; Entries Nos. 1, 3–5 include hyperlinks and lock icons.

### III  Exhibit 401D

As shown in Exhibit 401D, at 1, the screenshots taken on Tuesday, June 12, 2025, at 6:28 p.m. shows the CM/ECF portal for the Fourth Circuit Court of Appeals, Appeals Case No. 25-1162, after selecting to amend pleading/motion. The following have a lock icon, reflecting restricted, next to their entry:

> - The First—Circuit ECF 41-1(June 11—affidavit on fourth circuit court record (this affidavit's original));
> - Fourth—Circuit ECF 38 (June 9—Motion to vacate under FRCP 60(b)(4));
> - Fifth—Circuit ECF 37 (June 7—motion for ruling on motion to disqualify Hurson with reassignment out of the 4th Circuit);
> -  Sixth—Circuit ECF 36 (June 2—motion to correct the court record FRAP 10e);
> - Seventh—Circuit ECF 35 (June 2—motion to disqualify Chief Judge Diaz);

> • Eighth—Circuit ECF 34-1(June 2—affidavit on Chief Judge Diaz May 27, 2025 Memo/Order).

As shown in Exhibit 401D, at 5, the screenshot taken on Tuesday June 12, 2025, at 6:41 p.m. shows the expanded PACER docket for the Fourth Circuit Court of Appeals in *Court of Appeals Case No. 25-1638*. Circuit ECF 41-1 states there are 13 pages for 2.13 MB, and the document breakdown lists two files Exhibit 401A (Circuit ECF 41-2) with 7 pages as document 1 for 1.2 MB and Exhibit 401C (Circuit ECF 41-3) with 6 pages as document 2 for 950.03 KB. The original version of this affidavit (Circuit ECF 41-1) does not appear on the docket. Similarly, Circuit ECF 34, Circuit ECF 35, Circuit ECF 36, Circuit ECF 37, Circuit ECF 38 also show zero pages and file size.

As shown in Exhibit 401D, at 3–4, the screenshots taken on Tuesday, June 12, 2025, at 6:32 p.m.& 6:33 p.m. show the call log for Tuesday June 12, 2025, to (804) 916-2704—the Clerk's Office for the Fourth Circuit Court of Appeals.

During my first call at 2:29 p.m., lasting 8 seconds, no one answered.

During my second call at 2:31 p.m., which lasted 10 minutes and 59 seconds, I used *67 to block caller ID and asked to speak with Karen Stump. After being transferred, Mrs. Stump began the conversation by stating that she had been informed of my inquiry from the previous day and had no new information to provide—the court record had been restricted. When I asked

who had made the decision to restrict the record, she evaded the question, stating only that it might be unrestricted in the future but was restricted at present. When I followed up by asking whether she could not tell me or did not know, she again gave a noncommittal response.

In a legal context, the doctrines of Adverse Inference from Silence or Evasion and the Principle of Exclusive Knowledge and Control apply directly. These principles are further supported by established psychological constructs, including Grice's Maxims—particularly the Maxims of Quantity and Relation—which presuppose cooperative communication. My questions were structured to offer the lowest-conflict truthful response, which was not provided. Instead, her persistent use of strategic ambiguity indicates an effort to avoid the potential consequences of affirmatively revealing the existence of a nondisclosure directive.

During the same call, Mrs. Stump sought to direct me to leave a voicemail with the Court's Access Coordinator, Mark O'Brien, Chief Deputy Clerk. Rather than asking whether I wished to speak with Mr. O'Brien directly—as would be typical—she specifically asked if I wanted to leave him a voicemail. When I expressed concern about not being able to speak with the Deputy Clerk in person, she offered an unusual and extended explanation

disclaiming any control over whether Mr. O'Brien was at his desk or would answer the call.

This combination—the urgency with which she attempted to transfer me, the atypical framing of her question, and the verbose distancing language—occurred in the context of a call that began with her stating she had been informed about my previous day's inquiries and that I had been directed to her. Taken together, these facts support the reasonable inference that Mrs. Stump had been instructed to transfer me to Mr. O'Brien's voicemail rather than facilitate a live conversation. Mr. O'Brien has not called or emailed me in response to the voice mail I left.

Before transferring to Mr. O'Brien's voicemail, I asked if there was a number that I could use to contact him directly, and without being it being promoted as a possible answer Mrs. Stump stated she was unable to provide that information to me. Demonstrating that, absent an affirmative prohibition, people will eagerly opt for a low-conflict answer—even when not explicitly offered as an option.

Mr. O'Brien's number is publicly listed on the Fourth Circuit's website as (804) 916-2760. Mrs. Stump's unwillingness to disclose this publicly available information is not a neutral act. The easier and less confrontational response would have been to provide the number, especially given its public

availability. Her refusal instead is additional support of an affirmative directive for her to not give me any information, and without certainty that the directive did not include the Deputy's information the easier answer is the denial.

> Exhibit 401D – Restricted Fourth Circuit Court Record 2 (June 12, 2025):
> pp.1–2: Case No. 25-1614:
> • June 11, 2025—Docket No.1001785386 (Circuit ECF 41): affidavit on fourth circuit court record (this affidavit's original) is restricted (lock icon);
> • June 9, 2025—Docket No. 1001784392 (Circuit ECF 38): Motion to vacate under FRCP 60(b)(4) is restricted (lock icon);
> • June 7, 2025—Docket No. 1001783345 (Circuit ECF 37): motion for ruling on motion to disqualify Hurson with reassignment out of the 4th Circuit is restricted (lock icon);
> • June 2, 2025—Docket No. 1001780608 (Circuit ECF 36): motion to correct the court record FRAP 10e is restricted (lock icon);
> • June 2, 2025—Docket No. 1001779673 (Circuit ECF 35): motion to disqualify Chief Judge Diaz is restricted (lock icon);
> • June 2, 2025—Docket No. 10017799869 (Circuit ECF 34): affidavit on Chief Judge Diaz May 27, 2025, Memo/Order is restricted (lock icon).
> pp.3–4: Call log dated June 12, 2025, documenting communications with the Clerk's Office for the Fourth Circuit Court of Appeals.
> p.5: Case No. 25-1614: Circuit ECF 41-1 (Affidavit for Fourth Circuit Court Record is missing from the list—restricted).

## Declaration of Affirmation

I solemnly declare and affirm under penalty of perjury, based on my personal knowledge, that the contents of the foregoing affidavit and all accompanying exhibits are true and correct to the best of my knowledge.

| | | |
|---|---|---|
| **June 13, 2025** | | 1334 Maple Avenue Essex, Maryland 21221 |
| | /s/ Ryan Dillon-Capps | |
| | **Ryan Dillon-Capps** | ryan@mxt3.com 703-303-1113 |